UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF PENNSYLVANNIA

**COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION**
      **Plaintiff,**
      vs.

Civil Action No. 1:12-CU-1567

Thomas E. Proctor Heirs Trust under Declaration of Trust dated October 28, 1980, which is recorded in Sullivan County in Book 1106, at page 879, its successors and assigns;
      **Defendant.**

To: Thomas E. Proctor Heirs Trust under Declaration of Trust dated October 28, 1980, which is recorded in Sullivan County in Book 1106, at page 879, its successors and assigns, **Defendant.**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the Plaintiff's attorneys, Bradley C. Bechtel and Audrey J. Broucek, whose addresses are both 2001 Elmerton Avenue, Harrisburg, PA 17110. If you fail to do so,

1

judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date_____                           _____
                                          Clerk of Court

FILED
HARRISBURG, PA

AUG 1 0 2012

MARY E. D'ANDREA, CLERK
Per ___AAA___

## UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF PENNSYLVANNIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION<br>    Plaintiff,<br>vs.<br><br>Thomas E. Proctor Heirs Trust under Declaration of Trust dated October 28, 1980, which is recorded in Sullivan County in Book 1106, at page 879, its successors and assigns;<br>    **Defendant.** | Civil Action No. _1:12-CU-1567_ |

## COMPLAINT

NOW, this _10th_ day of _August_, 2012, comes the Plaintiff, Commonwealth of Pennsylvania, Pennsylvania Game Commission, by and through its counsel, and makes this Complaint for Action to Quiet Title against the above Defendants and makes the following allegations in support thereof:

3

## THE PARTIES

1. Plaintiff is the Commonwealth of Pennsylvania, Pennsylvania Game Commission, (hereinafter, PGC) an independent Commonwealth administrative agency with its principal offices located at 2001 Elmerton Avenue, Harrisburg, PA 17110.

2. Defendant, its successors, assigns, is a Massachusetts Trust, and unknown persons claiming any right, lien, title or interest by, through or under them, or any of them, are natural persons, not known to be living or dead, and whose whereabouts are unknown to the Plaintiff. The Defendant is named in this litigation due to the fact that the trust believes and has asserted that it has an interest in the real property interests which are the subject of this action.

## JURISDICTION

3. The plaintiff is an independent state commission of the Commonwealth of Pennsylvania existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 2001 Elmerton Avenue, Harrisburg, PA 17110. The Defendant is a Massachusetts trust, of which none of the beneficiaries are citizens of Pennsylvania. The amount in controversy, without interest and costs, exceeds $75,000.00, being the sum or value specified by 28 U.S.C. §1332.

## APPLICABLE LAW

4.  This is a complaint involving title to real property located in Davidson and Laporte Townships, Sullivan County, Pennsylvania, so the applicable substantive law is the real property law of the Commonwealth of Pennsylvania.

## THE PREMISES

5.  The property which is the subject of this dispute (the "Premises") is approximately 2,481 acres, more or less in Davidson and Laporte Townships, Sullivan County, Pennsylvania.

6.  The Premises are comprised of six warrants in the Warrantee names of Robert Irwin, Francis Nichols, John Brady, Thomas Hamilton, Charles Irwin and William Meylert (No. 2).

7.  The Commonwealth of Pennsylvania acquired its ownership interest to the Premises under and by virtue of a certain deed by and between the Central Pennsylvania Lumber Company and the PGC, dated December 31, 1924 and recorded on June 6, 1925 in Sullivan County Deed Book 42, at page 538 which did except, however,

> "from the operation of th[e] covenant of warranty, all liability of the Central Pennsylvania Lumber Company as to any existing or outstanding mineral reservations."

A true and correct copy of this deed, including a description of the

property at issue in this case, is incorporated herein by reference as if fully set forth and marked Exhibit A.

8. The PGC designates the Premises as part of contract number L-44, and it is part of State Game Lands No. 13.

## THE TITLES

9. Abstracts of titles of the Premises from the Land Office and into the Plaintiff and showing Defendant's exception and reservation is attached hereto, incorporated herein by reference as if fully set forth and marked Exhibit B.

10. The PGC claims its interest in, *inter alia*, the coal, oil, gas or petroleum, and minerals, as well as the surface and surface support rights in and to the Premises by virtue of the deed recited in Paragraph 7 hereof.

11. The titles to the aforementioned L-44 contain the following conveyances:

    a. A certain deed by and between Thomas E. Proctor and Emma H. Proctor, his wife, to Union Tanning Company, dated October 30, 1894 and recorded January 23, 1895 in Sullivan County Deed Book 24, at page 53, in which Thomas E. and Emma H. Proctor did,

> "reserve and save to himself, his heirs and assigns all the minerals, coal, oil, gas or petroleum found in or under the surface of the land described in each of the above mentioned divisions."

A true and correct copy of this document is incorporated herein by reference as if fully set forth and marked Exhibit C.

    b.    A quitclaim deed from O. B. Grant and Sarah M. Grant, his wife, dated September 17, 1897 and recorded June 13, 1898 in Sullivan County Deed Book 24, at page 790, to Emma H. Proctor, widow, James H. Proctor, Anne P. Rice, Emily W. Proctor, Thomas E. Proctor, heirs at law of Thomas E. Proctor, deceased, quitclaiming, *inter alia*,

> "all the right, title, interest and estate acquired by the parties of the first part hereto under and by virtue of forty-two several treasurer's Deeds from A. L. Smith, Treasurer of Sullivan County, Pennsylvania to O. B. Grant, dated September 21, 1896, of, in and to the minerals, coal, oil, gas or petroleum found on or under the surface of the lands described in said Treasurer's deeds."

A true and correct copy of this document is incorporated herein by reference as if fully set forth and marked Exhibit D.

    12.    After the reservation and conveyance to the Proctors mentioned in Paragraph 11, the Premises were unseated land sold by Sullivan County Treasurer, Frank H. Farrell to C.H. McCauley, Jr. at Treasurer's sale dated June 8, 1908, as follows:

    a.    Charles Irwin Warrant Treasurer's Sale Book 1, Page 260, acknowledged December 16, 1908, referenced in Minute Book 7, page 242, Treasurer's Deed dated December 1, 1908;

7

b. William Meylert Warrant Treasurer's Sale Book 1, Page 261, acknowledged December 16, 1908, referenced in Minute Book 7, page 244, Treasurer's Deed dated December 1, 1908;

c. John Brady Warrant Treasurer's Sale Book 1, Page 259, acknowledged December 16, 1908, referenced in Minute Book 7, page 242, Treasurer's Deed dated December 1, 1908;

d. Thomas Hamilton Warrant Treasurer's Sale Book 1, Page 260, acknowledged December 16, 1908, referenced in Minute Book 7, page 242, Treasurer's Deed dated December 1, 1908;

e. Frances Nichols Warrant Treasurer's Sale Book 1, Page 261, acknowledged December 16, 1908, referenced in Minute Book 7, page 244, Treasurer's Deed dated December 1, 1908;

f. Robert Irwin Warrant Treasurer's Sale Book 1, Page 260, acknowledged December 16, 1908, referenced in Minute Book 7, page 242, Treasurer's Deed dated December 1, 1908.

13. C.H. McCauley, Jr. and Florence M. McCauley, his wife, by their deed dated December 6, 1910, and recorded in Sullivan County Deed Book 36 at page 223, granted and conveyed the said Premises to Central Pennsylvania Lumber Company.

14. According to Affidavit of Ann P. Hochberg, Esq., recorded on

December 9, 2009 to instrument number 20097573 in Bradford County, Pennsylvania, Thomas E. Proctor, Sr. (named in Paragraph 11) died on or about December 7, 1895, a resident of Boston Massachusetts. A true and correct copy of this Affidavit is hereby incorporated herein by reference, attached hereto and marked Exhibit E.

15. Thomas E. Proctor, Sr. was survived by his widow, Emma Howe Proctor and four children: James Howe Proctor, Anne Steele Proctor Rice, Emily Water Proctor Mandell and Thomas Emerson Proctor, Jr.

16. A close reading of the Affidavit, Exhibit E, sets out the chain of title for the Proctor family and indicates that ultimately, a majority of the heirs of Thomas E. Proctor, Sr., conveyed their allegedly owned mineral interests in Pennsylvania, which derived from Thomas E. Proctor, Sr. to the Thomas E. Proctor Heirs Trust under Declaration of Trust dated October 28, 1980, which is recorded in Sullivan County in Book 1106, at page 879. A true and correct copy of this Declaration of Trust is incorporated herein by reference, attached hereto and marked, Exhibit F.

17. At the time of the sales for unpaid taxes referenced in Paragraph 12, the oil, gas and mineral estates were not separately assessed.

18. At the time of the sale for unpaid taxes, the real property was unseated.

19. Pursuant to the principles espoused in *Hutchinson V. Kline*, 199 Pa. 564 (1901); *F.H. Rockwell & Co. v. Warren County*, 228 Pa. 430 (1910); and *Proctor v. Sagamore Big Game Club*, 155 F.Supp. 465 (W.D. Pa, 1958), a tax sale of the unseated land passed all title of the real estate fairly chargeable with the taxes and not separately assessed.

20. Various Acts of the General Assembly have ratified prior tax sales.

21. The PGC acquired its interests in the Premises from or through the purchasers at the tax sales.

22. The PGC acquired all interests in the Premises including, but not limited to, those rights allegedly severed previously, by the conveyance listed in Paragraph 7.

23. The existence of the documents set out in Paragraph 11 cause a cloud upon the title of the PGC.

24. The Defendant has made claims to ownership or has tried to convey rights, specifically with regard to oil and gas.

WHEREFORE, the PGC respectfully requests this Honorable Court to issue and order against the Defendant that it should bring an appropriate action within thirty days against the PGC and, if no such action is brought, to declare the rights allegedly owned by virtue of the documents referenced

in Paragraph 11 null and void and that the PGC is the indefeasible owner of the fee simple absolute in the Premises.

Respectfully submitted,

PENNSYLVANIA GAME COMMISSION

DATE: 8/10/12

Bradley C. Bechtel, Chief Counsel
I.D. #49681
2001 Elmerton Avenue
Harrisburg, PA 17110-9797
FAX: (717)772-0502
(717)783-6530
brbechtel@pa.gov

DATE: 8/10/12

Audrey J. Broucek, Assistant Counsel
I.D. #208483
2001 Elmerton Avenue
Harrisburg, PA 17110-9797
FAX (717)772-0502
(717)783-4250, ext. 3617
abroucek@pa.gov