IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH of PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, | : : : : : | CIVIL ACTION—LAW |
| Plaintiff | : : | CASE NO.  1:12-CV-1567 |
| vs. | : : | JUDGE: Christopher C. Connor |
| THOMAS E. PROCTOR HEIRS TRUST, | : : : | [ELECTRONICALLY FILED] |
| Defendant | : : | |

# Thomas E. Proctor Heirs Trust's Brief in Support of Motion to Dismiss

# Table of Contents

**Page:**

**1. Statement of the Question Involved.**

    **A. Quiet title action—possession of the property.** Establishing that the plaintiff possessed the property at the time the proceeding was instituted is a jurisdictional prerequisite for and element of a quiet title action seeking an order to compel the defendant to bring an ejectment action. The Pennsylvania Game Commission's *Complaint* lacks any facts establishing that it possessed the premises's coal, oil, gas, petroleum, and mineral rights at the time it filed the *Complaint*. Has the Game Commission established this jurisdictional prerequisite for and element of its quiet title action? ................................................................. 1

**2. Statement of the Case.**

    A. Procedural history. ................................................................. 1

    B. Statement of facts.

        (1) The Parties. ................................................................. 2

        (2) The Premises. ................................................................. 3

        (3) The Trust's claim to the premises's coal, oil, gas, petroleum, and mineral rights. ................................................................. 3

        (4) The Game Commission's claim to the premises's coal, oil, gas, petroleum, and mineral rights. ................................................................. 4

**3. Argument.**

    A. The Game Commission has failed to state a claim upon which relief may be granted, because it has failed to plead sufficient facts establishing a jurisdictional prerequisite for and element of its quiet title action. ........................................5

        (1) To establish its quiet title action, the Game Commission must plead facts demonstrating that it possessed the premises's coal, oil, gas, petroleum, and mineral rights at the time it filed its *Complaint*. ...............................5

        (2) The Game Commission failed to plead any facts demonstrating that it exercised dominion over the premises's coal, oil, gas, petroleum, or mineral rights at the time it filed its *Complaint*. ...............................7

**4. Conclusion.** ........................................................................9

Certificate of Service ...............................................................10

1. **Statement of the Question Involved.**

   **A. Quiet title action—possession of the property.** Establishing that the plaintiff possessed the property at the time the proceeding was instituted is a jurisdictional prerequisite for and element of a quiet title action seeking an order to compel the defendant to bring an ejectment action. The Pennsylvania Game Commission's *Complaint* lacks any facts establishing that it possessed the premises's coal, oil, gas, petroleum, and mineral rights at the time it filed the *Complaint*. Has the Game Commission established this jurisdictional prerequisite for and element of its quiet title action?

2. **Statement of the Case.**

**A.     Procedural history.**

On August 10, 2012, the Commonwealth of Pennsylvania, acting through the Pennsylvania Game Commission, filed a *Complaint* naming the Thomas E. Proctor Heirs Trust as a defendant. The *Complaint* alleged an Action to Quiet Title against the Trust with respect to the coal, oil, gas, petroleum, and mineral rights pertaining to approximately 2,481 acres, more or less, located in Davidson and Laporte Townships, Sullivan County, Pennsylvania. By way of relief, it sought an order from this Court directing the Trust to "bring an appropriate action within thirty days against the [Game Commission] and, if no such action was brought, to declare the Trust's rights to the premises's coal, oil, gas, petroleum, and minerals null and void and that the Game Commission was the "indefeasible owner of the fee simple absolute" in the premises. (Complaint, 10-11).

On August 25, 2012, the Game Commission filed a *Motion for Extension of Time for Defendant to Respond to Complaint*. (Doc. 3). On August 27, 2012, the Court issued an order granting the *Motion*. (Doc. 4). The Court set November 30, 2012 as the deadline for the Trust to file a response to the *Complaint*. (Id.).

On November 30, 2012, the Trust filed a *Motion to Dismiss* with respect to the *Complaint*. (Doc. 6). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Trust sought dismissal of the Game Commission's *Complaint* and all of the claims asserted therein, because the Game Commission failed to state a claim upon which relief may be granted. The Game Commission failed to plead any facts establishing that it possessed the premises's coal, oil, gas, petroleum, and minerals at the time it filed its *Complaint*. This failure means that the Game Commission has failed to establish a jurisdictional prerequisite for and element of its alleged quiet title action.

Pursuant to Middle District L.R. 7.5, the Trust submits this brief in support of its *Motion to Dismiss*.

**B.    Statement of facts.**

The Game Commission has alleged the following facts in its *Complaint*.

*(1)    The Parties.*

The Pennsylvania Game Commission and the Thomas E. Proctor Heirs Trust are the parties to this civil action. The Game Commission is an independent

administrative agency of the Commonwealth of Pennsylvania. (Complaint, ¶ 1). The Trust is a Massachusetts trust. (Id. at ¶¶ 2, 3). Its beneficiaries are the heirs of Thomas E. Proctor, Sr. The heirs claim to own mineral interests in Pennsylvania, which derive from Proctor, Sr. (Id. at ¶ 16). Under a Declaration of Trust dated October 28, 1980, a majority of the Proctor heirs conveyed their Pennsylvania-mineral interests to the Trust. (Id.).

(2)   **The Premises.**

The property at issue is approximately 2,481 acres, more or less, located in Davidson and Laporte Townships, Sullivan County, Pennsylvania. (Complaint, ¶ 5). It is comprised of six warrants in the names of Robert Irwin, Francis Nichols, John Brady, Thomas Hamilton, Charles Irwin, and William Meylert (No. 2). (Id. at ¶ 6). The premises is part of Pennsylvania State Game Lands No. 13, and the Game Commission has designated it as part of contract number L-44. (Id. at ¶ 8).

(3)   ***The Trust's claim to the premises's coal, oil, gas, petroleum, and mineral rights.***

The Trust believes and has asserted that it owns the premises's coal, oil, gas, petroleum, and mineral rights. (Complaint, ¶¶ 2, 24). In line with this belief and assertion, the Trust has tried to convey its oil and gas rights. (Id. at ¶ 24).

The Trust's claim to ownership of and title to the premises's coal, oil, gas, petroleum, and mineral rights relies on two deeds. The first is a deed between Thomas E. Proctor, Sr. and Emma H. Proctor, his wife, and the Union Tanning

3

Company dated October 30, 1894. (Complaint, ¶ 11a). It contained a reservation of the premises's coal, oil, gas, petroleum, and mineral rights. (Id.). It stated that Proctor, Sr. did:

> reserve and save to himself, his heirs and assigns all the minerals, coal, oil, gas or petroleum found in or under the surface of the land described in each of the above mentioned divisions.

(Id.).

The second deed was one dated September 17, 1897 between O.B. Grant and Sarah M. Grant, his wife, and Emma H. Proctor, James H. Proctor, Anne P. Rice, Emily W. Proctor, Thomas E. Proctor, Jr. (Complaint, ¶ 11b). Through it, the Grants quitclaimed their interest in the premises's coal, oil, gas, petroleum, and mineral rights that they acquired through treasurer's deeds. (Id.). The deed stated that the Grants quitclaimed:

> all the right, title, interest and estate acquired by the parties of the first part hereto under and by virtue of forty-two several treasurer's Deeds from A.L. Smith, Treasurer of Sullivan County, Pennsylvania to O.B. Grant, dated September 21, 1896, of, in and to the minerals, coal, oil, gas or petroleum found on or under the surface of the lands described in said Treasurer's deeds.

(Id.).

(4) *The Game Commission's claim to the premises's coal, oil, gas, petroleum, and mineral rights.*

The Game Commission also claims ownership of and title to the premises's coal, oil, gas, petroleum, and mineral rights. (Complaint, ¶¶ 10, 21, 22). Its claim relies on a tax sale and two subsequent conveyances.

4

On June 8, 1908, the premises was sold at a tax sale. (Complaint, ¶ 12). At the time, the premises was unseated, and the oil, gas, and mineral estates were not separately assessed. (Id. at ¶¶ 17, 18). C.H. McCauley purchased the premises at the tax sale. (Id. at ¶ 12). On December 1, 1908, he was issued 6 treasurer's deeds for the six warrants comprising the premises. (Id. at ¶¶ 12a-12f).

In a deed dated December 6, 1910, McCauley and his wife, Florence M. McCauley, conveyed the premises (and the premises's coal, oil, gas, petroleum, and mineral rights) to the Central Pennsylvania Lumber Company. (Complaint, ¶ 13).

In a deed dated December 31, 1924, the Central Pennsylvania Lumber Company conveyed the premises (including its coal, oil, gas, petroleum, and mineral rights) to the Game Commission. (Complaint, ¶ 7).

## 3.  Argument.

### A. The Game Commission has failed to state a claim upon which relief may be granted, because it has failed to plead sufficient facts establishing a jurisdictional prerequisite for and element of its quiet title action.

#### (1) *To establish its quiet title action, the Game Commission must plead facts demonstrating that it possessed the premises's coal, oil, gas, petroleum, and mineral rights at the time it filed its Complaint.*

Pennsylvania law permits a person in possession of property to bring an action against a person that is not in possession of the property, but asserts a claim

to or interest in the property, to compel that person to bring an ejectment action or forever be barred from attacking the possessing person's title. *Siskos v. Britz*, 567 Pa. 689, 699, 790 A.2d 1000, 1006 (2002); *Schimp v. Allaman*, 353 Pa. Super. 232, 235, 509 A.2d 422, 423 (1986); *see also* Pa.R.C.P. No. 1061(b)(1).[1] To establish this type of quiet title action and be entitled to an order compelling the defendant to bring an ejectment action, the plaintiff must prove that: (1) it is in possession of the property; (2) the defendant is out of possession of the property; and (3) there is a dispute as to the property's title. *Seven Springs Farm, Inc. v. King*, 235 Pa. Super. 450, 454, 344 A.2d 641, 644 (1975); *Hoffman v. Bozitsko*, 198 Pa. Super. 553, 557, 182 A.2d 113, 115 (1962). Furthermore, establishing possession of the property by the plaintiff at the time the proceeding is instituted is a jurisdictional prerequisite for a quiet title action seeking to compel a defendant to file an ejectment action. *Siskos*, 567 Pa. at 700, 790 A.2d at 1007. An out-of-possession plaintiff will not be permitted to maintain this type of quiet title action, because doing so would enlarge the plaintiff's substantive rights and exceed the court's jurisdiction. *Id.* at 702, 790 A.2d at 1008.

In order to establish its quiet title action, the Game Commission needed to plead facts demonstrating that it possessed the premises's coal, oil, gas, petroleum,

---

[1] A federal court sitting in diversity must apply state substantive law and federal procedural law. *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 262 (3rd Cir. 2011).

and mineral rights at the time it filed its *Complaint*. As part of its quiet title action, the Game Commission sought an order from this Court directing the Trust to "bring an appropriate action within thirty days against the [Game Commission]" and if no such action was brought, to declare the Trust's rights to the premises's coal, oil, gas, petroleum, and mineral rights null and void and that the Game Commission was the "indefeasible owner of the fee simple absolute" in the premises. (Complaint, 10-11). Thus, the Game Commission is attempting to assert a quiet title action seeking an order to compel the Trust to bring an ejectment action asserting its claim to or interest in the premises's coal, oil, gas, petroleum, and mineral rights or forever be barred from attacking the Game Commission's claim of title to those rights. Therefore, the Game Commission must plead facts establishing that it possessed those rights at the time it filed its *Complaint* in order to satisfy the jurisdictional prerequisite for and element of its quiet title action.

### *(2) The Game Commission failed to plead any facts demonstrating that it exercised dominion over the premises's coal, oil, gas, petroleum, or mineral rights at the time it filed its Complaint.*

To possess property means to exercise dominion over it. *Watkins v. Watkins*, 2001 PA Super. 128, 775 A.2d 841, 846 (2001); *Moore v. Duran*, 455 Pa. Super. 124, 134, 687 A.2d 822, 827 (1996), *app. denied*, 549 Pa. 703, 700 A.2d 442 (1997). Possession is not the equivalent of nor does it require occupancy. *Watkins*, 775 A.2d at 846; *Moore*, 455 Pa. Super. at 134, 687 A.2d at 827. Further,

7

there is no fixed rule for determining possession. *Watkins*, 775 A.2d at 846. Often, it will depend on the facts of the case and, to a large extent, on the property's characteristics. *Id.*; *Moore*, 455 Pa. Super. at 134, 687 A.2d at 827; *see also Shaffer v. O'Toole*, 2009 PA Super. 6, 964 A.2d 420, 424 (2009), *app. denied*, 602 Pa. 679, 981 A.2d 220 (2009) (the requirements for possession will vary based on the property's nature).

The Game Commission has failed to pled facts establishing that it possessed the premises's coal, oil, gas, petroleum, and mineral rights at the time it filed its *Complaint*. The Game Commission's *Complaint* is devoid of any factual allegations demonstrating how the Game Commission exercised dominion over the premises's coal, oil, gas, petroleum, and mineral rights. The *Complaint*, however, does contain factual allegations setting forth the Game Commission's alleged title to these rights. (*See* Complaint, ¶¶ 7, 12, 12a-12f, 13). This fails to establish dominion, because legal title is not equivalent to possession. Therefore, the Game Commission has failed to establish the jurisdictional prerequisite for and element of its quiet title action.

Accordingly, the Game Commission has failed to state a claim upon which relief may be granted.

## 4. Conclusion.

The Court must grant the Trust's *Motion to Dismiss*. To establish its quiet title action, the Game Commission must plead facts demonstrating that it possessed the premises's coal, oil, gas, petroleum, and mineral rights at the time it filed its *Complaint*. The Game Commission has failed to plead any facts demonstrating this. Accordingly, the Game Commission has failed to state a claim upon which relief may be granted, and the Court must dismiss with prejudice the Game Commission's *Complaint* and all of the claims asserted therein.

Respectfully submitted:

RIEDERS, TRAVIS, HUMPHREY, HARRIS, WATERS & WAFFENSCHMIDT

*s/Thomas Waffenschmidt*
Thomas Waffenschmidt, Esquire
PA ID # 59214
Attorney for Defendant
161 W. Third St., PO Box 215
Williamsport, PA 17703-0215
Tel: (570) 323-8711
Fax: (570) 323-4192

Date: December 14, 2012        E-Mail: twaffenschmidt@riederstravis.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH of PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, | : : : : : | CIVIL ACTION—LAW |
| Plaintiff | : : | CASE NO.  1:12-CV-1567 |
| vs. | : : | JUDGE: Christopher C. Conner |
| THOMAS E. PROCTOR HEIRS TRUST, | : : : | [ELECTRONICALLY FILED] |
| Defendant | : | |

## Certificate of Service

I, Thomas Waffenschmidt, Esquire, hereby certify that on December 14, 2012 the foregoing *Thomas E. Proctor Heirs Trust's Brief in Support of Motion to Dismiss* was filed with the Court's ECF System and served via the ECF System.

Respectfully submitted:

RIEDERS, TRAVIS, HUMPHREY, HARRIS,
WATERS & WAFFENSCHMIDT

*s/Thomas Waffenschmidt*
Thomas Waffenschmidt, Esquire
PA ID # 59214
Attorney for Defendant
161 W. Third St., PO Box 215
Williamsport, PA  17703-0215
Tel:  (570) 323-8711
Fax:  (570) 323-4192
Date: December 14, 2012    E-Mail: twaffenschmidt@riederstravis.com