# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION**<br>　　**Plaintiff,**<br><br>　　vs.<br><br>Thomas E. Proctor Heirs Trust under Declaration of Trust dated October 28, 1980, which is recorded in Sullivan County in Book 1106, at page 879, its successors and assigns;<br>　　**Defendant.** | Civil Action No. 1:12-CV-1567<br><br>JUDGE: Christopher C. Conner<br><br>[ELECTRONICALLY FILED] |

## BRIEF OF PLAINTIFF, PENNSYLVANIA GAME COMMISSION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Submitted by:

Bradley C. Bechtel, Chief Counsel
I.D. #49681
2001 Elmerton Avenue
Harrisburg, PA 17110-9797
FAX: (717)772-0502
(717)783-6530
brbechtel@pa.gov

Audrey J. Broucek, Assistant Counsel
I.D. #208483
2001 Elmerton Avenue
Harrisburg, PA 17110-9797
FAX (717)772-050
(717)783-4250, ext. 3617
abroucek@pa.gov

1

# Table of Contents

Table of Citations ...................................................................................................... 3

Counter Statement of the Case .................................................................................. 4

Question Presented .................................................................................................... 5

Summary of Argument .............................................................................................. 6

Argument ................................................................................................................... 7

Certificate of Service ............................................................................................... 11

## Table of Citations

Act of March 8, 1889, P.L. 10, §1, as amended, 12 P.S. §1543 8 ............................ 8

F.R.C.P. 12(b)(6) ............................................................................................ 6

Pa.R.C.P. 1061 ............................................................................................... 8

Pa.R.C.P. 1061(b)(1) ................................................................................... 7,8

Pa.R.C.P. 1061(b)(2) ..................................................................................... 7

Pa R.C.P. 1061 (b) (3) ............................................................................... 6,8,9

Pa.R.C.P. 1061(b) (4) .............................................................................. 6,7,8,9

F.H. Rockwell & Co. v. Warren County, 228 Pa. 430 (1910) .............................. 6,8

Hoffman v. Bozitsko, 198 Pa. Super. 553, 182 A.2d 113 (1962) ............................ 9

Hutchinson V. Kline, 199 Pa. 564 (1901) ........................................................ 6,8

Plauchak v. Boling, 439 Pa.Super. 156, 653 A.2d 671 (1995) ................................ 9

Proctor v. Sagamore Big Game Club, 155 F.Supp. 465 (W.D. Pa, 1958) ............. 6,8

Schimp v. Allaman, 353 Pa.Super. 232, 509 A.2d 422 (1986) ............................... 7

Seven Springs Farm, Inc. v. King, 235 Pa.Super. 450, 344 A.2d 641 (1975) ......... 8

Siskos v. Britz, 567 Pa. 689, 790 A.2d 1006 (2002) ............................................. 7

Stockport Mountain Corporation, LLC v. Norcross Wildlife Foundation, Inc. ... 7,9
    2012 WL 719345 (M.D. Pa.)

## Counter Statement of the Case

The Plaintiff's Statement of the Case is essentially accurate. The Pennsylvania Game Commission (PGC) would like to call the court's attention to the Complaint itself, as the order of the Paragraphs makes it clear the PGC's claim is for coal, oil, gas, petroleum, and minerals the PGC claims by virtue of tax sales. In addition, the PGC believes it important the court recognize that the Prayer for Relief does not request the Defendant be ordered to file an action in ejectment and that it does request a declaration of the rights owned by virtue of the documents referenced to be in the PGC. Finally, Paragraph 22 of the Complaint indicated the PGC acquired all interests in the Premises, a fact which can be fairly read as including the right of possession.

## Question Presented

The sole question is whether the Complaint states a cause of action upon which recovery can be based.

## Summary of Argument

Pursuant to the principles espoused in <u>Hutchinson V. Kline</u>, 199 Pa. 564 (1901); <u>F.H. Rockwell & Co. v. Warren County</u>, 228 Pa. 430 (1910); and <u>Proctor v. Sagamore Big Game Club</u>, 155 F.Supp. 465 (W.D. Pa, 1958), a tax sale of the unseated land passed all title of the real estate fairly chargeable with the taxes and not separately assessed.

Various Acts of the General Assembly have ratified prior tax sales. The PGC acquired its interests in the Premises from or through the purchasers at the tax sales.

Significantly to the Motion to Dismiss, the Complaint alleges that "The PGC acquired all interests in the Premises including, but not limited to, those rights allegedly severed previously, by the conveyance" set out in Paragraph 7 of the Complaint and mentioned in the Counter Statement of the Case. The Complaint pleads all facts necessary to put Defendants on notice of the claim and meet the requirements of either Pa R.C.P. 1061 (b) (3) or (4), neither of which require a Plaintiff to plead possession. In fact, Pa.R.C.P. 1061(b) (4) specifically states an Action to Quiet Title may be brought "to obtain possession of land sold at a judicial or tax sale."

## Argument

The standard of review on a Motion to Dismiss for failure to state a claim (F.R.C.P. 12(b)(6)), is that the plaintiff must describe enough facts to raise a reasonable expectation that discovery will reveal evidence of each necessary element. Stockport Mountain Corporation, LLC v. Norcross Wildlife Foundation, Inc. 2012 WL 719345 (M.D. Pa.). The federal rules require only a short, plain statement of the claim and do not require detailed factual allegations. Id.

Defendant states that "possession" is a fact which must be pled as a jurisdictional prerequisite for Quiet Title under Pennsylvania law. The PGC would submit that is wholly incorrect on its face. Pa.R.C.P. 1061(b)(4) specifically states an action to quiet title may be used "to obtain possession of land sold at a judicial or tax sale." [Emphasis added.] Interestingly, this case involves the PGC's claim that under Pennsylvania law, tax sales of the property operated to divest Defendants of title and to vest title in the PGC's predecessor. The Complaint further alleges the PGC owns all of that title. The cases cited by Plaintiff in support of its objection either do not address this issue, or actually support the fact a claim has been stated. Siskos v. Britz, 567 Pa. 689, 790 A.2d 1006 (2002) does, indeed stand for the proposition that possession is a prerequisite for a Quiet Title Action pursuant to Pa.R.C.P. 1061(b)(1) and (2). It does not, however, discuss Pa.R.C.P. 1061 (b)(3) or (4). Schimp v. Allaman, 353 Pa.Super. 232, 509 A.2d

7

422 (1986) dealt solely with Pa.R.C.P. 1061(b)(1) and the relationship to the prior Act of March 8, 1889, P.L. 10, §1, as amended, 12 P.S. §1543. The court in Schimp did not discuss the other sections of Pa.R.C.P. 1061 at all. Seven Springs Farm, Inc. v. King, 235 Pa.Super. 450, 344 A.2d 641 (1975) likewise only dealt with Pa.R.C.P. 1061(b)(1), with the added wrinkle the Plaintiff in that case based its title, in the alternative, on adverse possession. The rule is somewhat irrelevant, as a Plaintiff must have possession in order to have adverse possession.

It is true the Complaint does not state pursuant to which section of Pa.R.C.P. 1061 the PGC was proceeding. However, the Complaint states a cause of action under either of the Pa.R.C.P. 1061 (b)(3) or (4), neither of which require possession by the Plaintiff and one of which, (Pa.R.C.P. 1061 (b)(4)) presupposes a Plaintiff does not have possession.

The Complaint specifically cites the cases of Hutchinson V. Kline, 199 Pa. 564 (1901); F.H. Rockwell & Co. v. Warren County, 228 Pa. 430 (1910); and Proctor v. Sagamore Big Game Club, 155 F.Supp. 465 (W.D. Pa, 1958), for the proposition that a tax sale of the unseated land passed all title of the real estate fairly chargeable with the taxes and not separately assessed. It is clear the PGC proceeded pursuant to, at least, Pa.R.C.P. 1061(b)(4).

In addition, Pa. R.C.P. 1061 (b)(3) states an action may be brought to compel an adverse party to, inter alia, admit the validity of any document or deed

affecting any right, lien, title or interest in land. This section speaks to documents, admissions, rights and interests in land. It does not speak of possession. The requested relief as stated in the Complaint requests the Defendant to bring an appropriate action and, "if no such action is brought, to declare the right allegedly owned by virtue of the documents referenced in Paragraph 11 null and void..." Complaint, Prayer for Relief [emphasis added]. The Prayer for relief also requests an "appropriate action", as the case of Hoffman v. Bozitsko, 198 Pa. Super. 553, 182 A.2d 113 (1962), (cited by the Defendant, incidentally) states a Defendant has an option of bringing a Quiet Title or an ejectment in a case where tax titles are in question. Accord, Plauchak v. Boling, 439 Pa.Super. 156, 653 A.2d 671 (1995). It would be inappropriate to force a Defendant to file an ejectment under Pa.R.C.P. 1061(b)(3) or (4), as either remedy should be available to them.

In the alternative, if this Honorable Court finds the PGC must show possession, the PGC argues that the allegation that the PGC acquired all interests in the Premises (Complaint, Paragraph 7) includes the right to possession. Further, such an allegation is enough to raise a reasonable expectation that discovery will reveal evidence of possession. Stockport Mountain Corporation, LLC v. Norcross Wildlife Foundation, Inc. 2012 WL 719345 (M.D. Pa.).

WHEREFORE, the PGC respectfully requests this Honorable Court to dismiss Plaintiff's Preliminary Objection and Order an answer within 14 days.

Respectfully submitted,

PENNSYLVANIA GAME COMMISSION

DATE: 12/20/12

*Bradley C. Bechtel* (signature)

Bradley C. Bechtel, Chief Counsel
I.D. #49681
2001 Elmerton Avenue
Harrisburg, PA 17110-9797
FAX: (717)772-0502
(717)783-6530
brbechtel@pa.gov

DATE: 12/20/12

*Audrey J. Broucek* (signature)

Audrey J. Broucek, Assistant Counsel
I.D. #208483
2001 Elmerton Avenue
Harrisburg, PA 17110-9797
FAX (717)772-0502
(717)783-4250, ext. 3617
abroucek@pa.gov

## CERTIFICATE OF SERVICE

I, Bradley C. Bechtel, Esquire, Chief Counsel of the Pennsylvania Game Commission, hereby certify I served a copy of the foregoing BRIEF in accordance with F.R.C.P. 5 upon Plaintiffs by depositing same in the United States First Class Mail, on December 20, 2012, addressed as follows:

        Rieders, Travis, Humphrey, Harris, Waters & Waffenschmidt
            ATTN: Thomas Waffenschmidt, Esquire
                  Attorney for Defendant
              161 W. Third Street, P.O. Box 215
                Williamsport, PA 17703-0215

By: _____
      Bradley C. Bechtel, Esquire