IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH of PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, | CIVIL ACTION—LAW |
| Plaintiff | CASE NO. 1:12-CV-1567 |
| vs. | JUDGE: Christopher C. Connor |
| THOMAS E. PROCTOR HEIRS TRUST, | |
| | [ELECTRONICALLY FILED] |
| Defendant | |

# Thomas E. Proctor Heirs Trust's Reply Brief to Plaintiff's Brief in Opposition to Motion to Dismiss

# Table of Contents

                                                                                    **Page:**

**1. Introduction.** .................................................................................... 1

**2. Reply Argument.**

    A. The Game Commission's quiet title action falls under
       Pa.R.C.P. 1061(b)(1), which required it to plead facts
       that it possessed the premises's coal, oil, gas, petroleum,
       and mineral rights at the time it filed its *Complaint* to establish
       a jurisdictional prerequisite and element of its alleged quiet
       title action. ................................................................................... 3


    B. The Game Commission failed to plead any facts demonstrating
       that it exercised dominion over the premises's coal, oil, gas,
       petroleum, or mineral rights at the time it filed its *Complaint*. ...... 6

**3. Conclusion.** .................................................................................... 7

Certificate of Service ............................................................................. 8

## 1. Introduction.

The Pennsylvania Game Commission's *Complaint* alleged an Action to Quiet Title against the Thomas E. Proctor Heirs Trust with respect to the coal, oil, gas, petroleum, and mineral rights pertaining to approximately 2,481 acres, more or less, located in Davidson and Laporte Townships, Sullivan County, Pennsylvania. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Trust filed a *Motion to Dismiss*, in which it sought dismissal of the Game Commission's *Complaint* and all of the claims asserted therein, because the Game Commission failed to state a claim upon which relief may be granted. The Game Commission failed to plead any facts establishing that it possessed the premises's coal, oil, gas, petroleum, and minerals at the time it filed its *Complaint*. This failure meant that the Game Commission failed to establish a jurisdictional prerequisite for and element of its alleged quiet title action.

In its *Brief in Opposition to Defendant's Motion to Dismiss*, the Game Commission contends that it was not required to plead facts demonstrating its possession of the premises's coal, oil, gas, petroleum, and minerals, because its quiet title action was not brought pursuant to Pa.R.C.P. No. 1061(b)(1). (Doc. 8, 6, 7). The Game Commission argues that its *Complaint* sufficiently states a quiet title cause of action under either Pa.R.C.P. No. 1061(b)(3) or 1061(b)(4). (Id. at 8). Alternatively, if the Court determines that the Game Commission must show

possession, the Game Commission argues that its allegation in Paragraph 7 of the *Complaint* that it acquired all interests in the premises, including the right to possession, sufficiently establishes that it possessed the premises's coal, oil, gas, petroleum, and minerals for purposes of a Rule 12(b)(6) motion. (Id. at 9).

Despite the Game Commission's arguments to the contrary, the Court must grant the Trust's *Motion to Dismiss*. The Game Commission's quiet title action is brought under Pa.R.C.P. 1061(b)(1), not 1061(b)(3) or 1061(b)(4). Consequently, it was required to plead facts establishing that it possessed the premises's coal, oil, gas, petroleum, and minerals at the time it filed its *Complaint*. The Game Commission failed to do this. The *Complaint* is devoid of facts establishing possession by the Game Commission, and an allegation that it acquired all interests in the premises, including the right to possession is insufficient, because the right to possession is not the same as actual possession.

## 2. Reply Argument.

**A. The Game Commission's quiet title action falls under Pa.R.C.P. 1061(b)(1), which required it to plead facts that it possessed the premises's coal, oil, gas, petroleum, and mineral rights at the time it filed its *Complaint* to establish a jurisdictional prerequisite and element of its alleged quiet title action.**

The Game Commission's *Complaint* does not state explicitly under what section of Pa.R.C.P. No. 1061 it is bringing its quiet title action—a fact readily admitted by the Game Commission. (Doc. 8, 8). Consequently, the Court must look to the contents of the *Complaint* and the nature of the relief requested to determine what section the Game Commission's quiet title action is proceeding under. In doing so, the Court will see that the Game Commission's quiet title action falls under Pa.R.C.P. No. 1061(b)(1), and not 1061(b)(3) or 1061(b)(4).

The Game Commission's quiet title action seeks an order compelling the Trust to file an action against the Game Commission asserting its claim to the premises's coal, oil, gas, petroleum, and minerals. The Game Commission's prayer for relief in their *Complaint* states:

> WHEREFORE, the [Game Commission] respectfully requests this Honorable Court to issue and order against the [Trust] that it should bring an appropriate action within thirty days against the [Game Commission] and, if no such action is brought, to declare the rights allegedly owned by virtue of the documents referenced in Paragraph 11 null and void and that the [Game Commission] is the indefeasible owner of the fee simple absolute in the Premises.

(Complaint, 10-11). It does not directly seek a declaration as to the validity of the various deeds used to support the Game Commission's and the Trust's claims of ownership of and title to the premises's coal, oil, gas, petroleum, and minerals. It also does not directly seek to obtain possession of the premises's coal, oil, gas, petroleum, and minerals. Instead, the Game Commision's prayer for relief seeks to have its claim of ownership and title to premises's coal, oil, gas, petroleum, and minerals determined as a result of the Trust's failure to file an appropriate action. Thus, the determination of the Game Commission's claim is contingent upon the Trust's actions and does not rest on the strength and proof of the Game Commission's title.

By seeking relief in the form of an order compelling the Trust to file an action asserting its claim to the premises's coal, oil, gas, petroleum, and minerals, the Game Commission has taken its quiet title action out of the realms of Pa.R.C.P. No. 1061(b)(3) and 1061(b)(4). In a quiet title action brought under both sections, the plaintiff bears the burden of establishing his title and right to possession. *See Hoffman v. Bozitsko*, 198 Pa. Super. 553, 557, 182 A.2d 113, 115 (1962); *DiCarlo v. Licini*, 156 Pa. Super. 363, 364, 40 A.2d 127, 128 (1944). In contrast, the plaintiff in a quiet title action brought under Pa.R.C.P. No. 1061(b)(1) is not required to establish his title to and right to possession of the disputed property, as the merits of the dispute—issues of title and right to possession—are not

determined. *Seven Springs Farm, Inc. v. King*, 235 Pa. Super. 450, 455, 344 A.2d 641, 644 (1975); *Hoffman*, 198 Pa. Super. at 557, 182 A.2d at 115. To establish this type of quiet title action and be entitled to an order compelling the defendant to bring an ejectment action, the plaintiff must prove that: (1) it is in possession of the property; (2) the defendant is out of possession of the property; and (3) there is a dispute as to the property's title. *Seven Springs*, 235 Pa. Super. at 454, 344 A.2d at 644; *Hoffman*, 198 Pa. Super. at 557, 182 A.2d at 115. Since the Game Commission is seeking an order compelling the Trust to file an action against it asserting its claim to the premises's coal, oil, gas, petroleum, and minerals and is not seeking to have the merits of its claim to them determined in its quiet title action, the Game Commission's quiet title action is proceeding under Pa.R.C.P. No. 1061(b)(1).

In order to plead a quiet title action under this section, the Game Commission was required to establish that it possessed the premises's coal, oil, gas, petroleum, and minerals at the time it filed its *Complaint*, because possession is a jurisdictional prerequisite and element of its quiet title action. *Siskos*, 567 Pa. at 700, 702, 790 A.2d at 1007, 1008. It failed to do this.

**B.     The Game Commission failed to plead any facts demonstrating that it exercised dominion over the premises's coal, oil, gas, petroleum, or mineral rights at the time it filed its *Complaint*.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility ...." *Id.*

The Game Commission's *Complaint* fails to plausibly state that it possessed the premises's coal, oil, gas, petroleum, and minerals. To possess property means to exercise dominion over it. *Watkins v. Watkins*, 2001 PA Super. 128, 775 A.2d 841, 846 (2001); *Moore v. Duran*, 455 Pa. Super. 124, 134, 687 A.2d 822, 827 (1996), *app. denied*, 549 Pa. 703, 700 A.2d 442 (1997). The Game Commission's *Complaint* is devoid of any factual allegations demonstrating how the Game Commission exercised dominion over the premises's coal, oil, gas, petroleum, and mineral rights. The Game Commission's allegation that it acquired the right to possession does not make up for this deficiency. The right to possession is not equivalent to actual possession, and it is actual possession that is required to establish a quite title action under Pa.R.C.P. 1061(b)(1). Accordingly, the Game

6

Commission has failed to establish the jurisdictional prerequisite for and element of its quiet title action.

Accordingly, the Game Commission has failed to state a claim upon which relief may be granted.

### 3.   Conclusion.

The Court must grant the Trust's *Motion to Dismiss*. To establish its quiet title action, the Game Commission must plead facts demonstrating that it possessed the premises's coal, oil, gas, petroleum, and mineral rights at the time it filed its *Complaint*. The Game Commission has failed to plead any facts demonstrating this. Accordingly, the Game Commission has failed to state a claim upon which relief may be granted, and the Court must dismiss with prejudice the Game Commission's *Complaint* and all of the claims asserted therein

Respectfully submitted:

RIEDERS, TRAVIS, HUMPHREY, HARRIS,
WATERS & WAFFENSCHMIDT

*s/Thomas Waffenschmidt*
Thomas Waffenschmidt, Esquire
PA ID # 59214
Attorney for Defendant
161 W. Third St., PO Box 215
Williamsport, PA  17703-0215
Tel:  (570) 323-8711
Fax:  (570) 323-4192
E-Mail: twaffenschmidt@riederstravis.com

Date: January 3, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH of PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, | : CIVIL ACTION—LAW :  :  :  : |
| Plaintiff | : CASE NO.  1:12-CV-1567 : |
| vs. | : JUDGE: Christopher C. Conner : |
| THOMAS E. PROCTOR HEIRS TRUST, | :  : |
| Defendant | : [ELECTRONICALLY FILED] : |

## Certificate of Service

I, Thomas Waffenschmidt, Esquire, hereby certify that on January 3, 2013 the foregoing *Thomas E. Proctor Heirs Trust's Reply Brief to Plaintiff's Brief in Opposition to Motion to Dismiss* was filed with the Court's ECF System and served via the ECF System.

Respectfully submitted:

RIEDERS, TRAVIS, HUMPHREY, HARRIS, WATERS & WAFFENSCHMIDT

*s/Thomas Waffenschmidt*
Thomas Waffenschmidt, Esquire
PA ID # 59214
Attorney for Defendant
161 W. Third St., PO Box 215
Williamsport, PA  17703-0215
Tel:  (570) 323-8711
Fax:  (570) 323-4192
E-Mail: twaffenschmidt@riederstravis.com

Date: January 3, 2013