# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, | : : : : | CIVIL ACTION NO. 1:12-CV-01567 |
| | : | (Judge Conner) |
| Plaintiff, | : : : | |
| v. | : : | (Magistrate Judge Schwab) |
| THOMAS E. PROCTOR HEIRS TRUST, under Declaration of Trust Dated October 28, 1980, which is Recorded in Sullivan County in Book 1106, at page 879, its successors and assigns, | : : : : : : : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

On August 10, 2012, the Pennsylvania Game Commission ("PGC") filed an action to quiet title against the defendant, Thomas E. Proctor Heirs Trust, a Massachusetts trust, its successors, and assigns (collectively "the Trust") in relation to mineral rights located in Sullivan County. *Doc.* 1. PGC declares that it names the Trust because the Trust believes, and asserts, that it owns the mineral rights to the property. *Id.* at ¶ 2. Presently before the Court is the Trust's motion to dismiss the complaint for failure to state a claim. *Doc.* 6. For the reasons set forth herein, we recommend that the Trust's motion to dismiss be granted and

PGC's complaint be dismissed without prejudice to the filing of an amended complaint that cures the deficiencies identified herein.

## II.  Background and Procedural History.

The property involved in this case ("the Premises") is approximately 2,481 acres located in Sullivan County, Pennsylvania.[1]  *Id.* at ¶ 5.  In 1895, Thomas E. Proctor ("Proctor") and Emma H. Proctor ("Emma"), Proctor's wife, executed and recorded a deed with Union Tanning Company.  *Id.* at ¶ 11a.  In the deed, Proctor reserved for himself, his heirs, and his assigns, "all the minerals, coal, oil, gas or petroleum found in or under the surface" (hereinafter "mineral rights") of the Premises.  *Id.*  That same year, Proctor died.  *Id.* at ¶ 15.  He was survived by Emma and their four children.  *Id.*  Then, in 1898, the Grant family executed and recorded a quitclaim deed, quitclaiming their interest in the mineral rights with Proctor's heirs at law.  *Id.* at ¶ 11b.

Subsequently, in June 1908, the Premises were sold by the Sullivan County Treasurer, at a tax sale, to C.H. McCauley, Jr. ("McCauley").  *Id.* at ¶ 12.  At the time of the tax sale, the Premises were allegedly unseated and the oil, gas, and mineral estates were not separately assessed.  *Id.* at ¶¶ 17-18.  In December 1908, McCauley was issued six treasurer's deeds, for the six warrants comprising the

---

[1]  These facts are taken from PGC's complaint, and they are supplied only for the purpose of providing background.  We pass no judgment on their veracity.

2

Premises. *See id.* at ¶¶ 12a – 12f. Thereafter, in December 1910, McCauley and his wife executed and recorded a deed with Central Pennsylvania Lumber Company ("CPLC"). *Id.* at ¶ 13.

Fifteen years later, in 1925, PGC claims that it executed and recorded a deed with CPLC, wherein PGC acquired an ownership interest in the Premises and obtained an interest in the mineral rights through McCauley's purchase at the tax sale. *See id.* at ¶ 7. Then, in 1980, PGC claims that Proctor's heirs conveyed their mineral interests to the Trust. *Id.* at ¶ 16. Ever since, according to PGC, the Trust has made claims to ownership or has attempted to convey rights, specifically with regard to oil and gas on the Premises. *Id.* at ¶ 24.

PGC filed this lawsuit requesting an order from the Court requiring the Trust to bring an "appropriate action within thirty days" because of the parties' competing claims to the Premises' mineral rights. *Id.* at 10. Further, in the event that the Trust does not bring an "appropriate action" pursuant to a court order, PGC seeks a declaration of the rights owned by virtue of the deeds referred to in the complaint. *Id.*

Currently before the Court is the Trust's motion to dismiss for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). *Doc.* 6. The motion, having been fully briefed by the parties, is ripe for disposition on the merits.

## III. Standard of Review – 12(b)(6) Motion to Dismiss.

The Trust has moved to dismiss PGC's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b) (6).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3rd Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir. 1997). Further, a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). The Supreme Court has stated that in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Court in *Twombly* also stressed that the allegations and the supporting facts must raise a right to relief to something

higher than a speculative level. *Id.* In *Ashcroft v. Iqbal*, the Supreme Court refined these pleading requirements stating that the pleaded facts must amount to more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Thus, when reviewing pleadings for sufficiency, the Supreme Court advises trial courts to:

> Begin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must-be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

Moreover, following *Twombly* and *Iqbal*, the Third Circuit has advised a two-part inquiry when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler v. UMPC Shadyside*, 578 F.3d 203, 210–11 (3rd Cir. 2009)

In addition, it is well-settled that a Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). *Ferguson v. Kemper*, No. 1:12-CV-01993, 2013 WL 594022 (M.D.Pa. Feb. 15, 2013). Under Rule 8(a)(2), a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As well, Rule 8(a)(3) requires that a complaint contain "a demand for relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a)(3). It follows, therefore, that dismissal under Rule 8 is proper when a complaint "[leaves] the defendants having to guess what … constitute[s a cause of action];" *Binsack v. Lackawanna County Prison*, 438 F. App'x 158 (3d Cir. 2011), or where a plaintiff fails to specify the relief sought. *See, e.g.*, *Sixth Angel Shepherd Rescue Inc. v. Pennsylvania SPCA*, No. 10-3101, 2011 WL 605697, at *4 (E.D.Pa. Feb. 15, 2011).

**IV. Discussion**.

**PGC Fails to State a Claim to Quiet Title**

Applying the above pleading principles to the allegations in the complaint, we find that PGC fails to comply with Rule 8's basic tenet that: "A complaint contain 'a short and plain statement of the claim showing that the pleader is

6

entitled to relief." Fed.R.Civ.P. 8(a)(2). By failing to comply with this Rule, PGC has left the Trust with having to guess what this cause of action entails and what relief it ultimately seeks. Dismissal under Rule 8 is, therefore, proper. *See Sixth Angel Shepherd Rescue Inc. v. Pennsylvania SPCA*, No. 10-3101, 2011 WL 605697, at *4 (E.D.Pa. Feb. 15, 2011).

The purpose of an action to quiet title is to resolve disputes over interests in property. *Nat'l Christian Conference Center v. Schulykill Tp.,* 597 A.2d 248 (Pa. Commw. 1991). Pursuant to Pennsylvania Rule of Civil Procedure 1061(b), an action to quiet title may be brought:

> (1) to compel an adverse party to commence an action of ejectment;
>
> (2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land;
>
> (3) to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document obligation or deed affecting any right, lien, title or interest in land; or
>
> (4) to obtain possession of land sold at a judicial or tax sale.

Pa. R.C.P. 1061(b). The Pennsylvania Supreme Court promulgated Rule 1061 in order to "unify into one single procedure all of the diverse procedures by which clouds on title were formerly tried." *Siskos v. Britz*, 790 A.2d 1000, 1007 (Pa. 2002)(quoting *White v. Young*, 186 A.2d 919, 921 (1963)). A plaintiff seeking a

court order under Rule 1061(b)(1) directing a defendant to file an ejectment action must sufficiently plead that he or she is in possession of the land in controversy.[2] *Siskos*, 790 A.2d at 1007 (quoting *Girard Trust Co. v. Dixon*, 6 A.2d 813, 814 (1939) (construing 12 P.S. § 1543, the predecessor to Rule 1061(b)(1))). Such plaintiff "is entitled to bring an action against one who, although not in possession has some claim or interest in the land, compelling that person to assert his or her interest by bringing an action of ejectment, or be forever barred from attacking the title of the possessor." 22 Standard Pennsylvania Practice 2d § 120.145. "The purpose of an ejectment action as opposed to a quiet title [action] is not to determine the relative and respective rights of all potential title holders, but rather the immediate rights between plaintiff and defendant involved in that particular litigation." *Siskos*, 790 A.2d at 1006 (quoting *Burnett v. Mueller*, 48 Pa. D &C 2d 165, 171-72 (1969)). Possession, therefore, is a "jurisdictional prerequisite for Rule 1061(b)(1)," and the court may not decide the merits of the title dispute "without first determining whether the plaintiff is in possession." *Id.* Alternatively, an out-of-possession plaintiff, for whom an action in ejectment will

---

[2] PGC argues out that the Pennsylvania courts have found that it is inappropriate for a court to issue an order specifically requiring an adverse party to file an action in ejectment when the adverse party could, instead, bring an action to quiet title pursuant to 1061(b)(2), (b)(3), or (b)(4). *See, e.g.*, *Hoffman v. Bozitsko*, 182 A.2d 113 (Pa. Super. Ct. 1962). PGC would have this rule apply as a "catch-all" provision. In so ruling, however, the courts have merely clarified that *Pa.R.C.P. 1061(b)(1)* should not be construed so as to deprive an adverse party of available remedies. *Hoffman*, 182 A.2d at 115.

not lie, may request the court to decide its title dispute pursuant to 1061(b)(2), (3), or (4), such request being dependent upon the nature of the property dispute, recordation or documentary deficiency or both, or the plaintiff's status as a tax sale purchaser.

Here, PGC sets forth a detailed explanation of the history to the parties' title claims to the Premises and requests that the Court order the Trust to bring an "appropriate action." In turn, the Trust presupposes that PGC is pursuing a Rule 1061(b)(1) action to compel the Trust to commence an action in ejectment, and it argues for dismissal of the action due to PGC's failure to plead facts that it possessed the Premises' mineral rights at the time of the filing. Although, PGC admits in its brief in opposition to this motion to dismiss that it fails to specify which subpart of Rule 1061(b) applies; it argues that its complaint properly pleads a claim under 1061(b)(1), or in the alternative 1061(b)(3) or (4). Unfortunately for PGC, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (internal quotations and citation omitted).

As presently drafted, PGC's complaint is lacking in a concise recitation of its claimed right to relief, especially in light of an exact procedural rule addressing the substantive cause of action. *Scibelli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007). Further the complaint contains no well-pleaded facts from which it

can be established, or inferred, that PGC was in possession of the Premises' mineral rights at the time of the filing of the complaint. In the context of mineral rights, the Pennsylvania courts have generally found possession when the minerals are "in grasp," such as where a party has tapped into the portion of the land bearing extractable minerals. *See Hicks v. American Natural Gas Co.*, 57 A. 55, 58 (Pa. 1904) (citing *Westmoreland, Etc., Natural Gas Co. v. De Witt*, 130 Pa. 235 (1889)("And equally so as between lessor and lessee … the one who controls the gas – has it in his grasp, so to speak – is the one who has possession in the legal as well as in the ordinary sense of the word."). PGC has not alleged that it controlled the mineral rights; much less that it exercised dominion over them. *Watkins v. Watkins*, 775 A.2d 841, 846 (Pa. Super. Ct. 2001); *Moore v. Duran*, 687 A.2d 822, 827 (Pa. Super. Ct. 1996), *app. denied*, 700 A.2d 442 (1997). As well, noticeably missing from the complaint are allegations that PGC has extracted, or attempted to extract, minerals to the exclusion of the Trust, or that it has entered onto the Premises, or secured the Premises, for such purpose. *See generally, Hicks*, 57 A. at 58, *supra*. Rather, PGC only refers to its right of possession through the deed with CPLC. We find that allegation, without more, to be insufficient to show possession under the federal pleading standards.

PGC, therefore, fails to state a claim for relief under Pa.R.C.P. 1061(b)(1): the only subpart under which it may request the court to issue an order compelling

a defendant to act. As made explicit by the text of 1061(b), only (b)(1) authorizes the Court to compel an action from an opposing party. Consequently, we find that PGC's complaint fails to properly state a claim, and we recommend dismissal.

Nevertheless, in light of our recommendation to dismiss PGC's complaint, we also recommend affording PGC one final opportunity to amend its complaint to cure the defects cited herein, as we do not find that such an amendment would be inequitable or futile. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citation omitted).

## V. Recommendation.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that:

(1) The Trust's motion to dismiss (*Doc.* 6) be **GRANTED**; and

(2) PGC's complaint (*Doc.* 1) be **DISMISSED**, with leave to file an amended complaint.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge

shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.  Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **28th** day of **June, 2013**.

> ***S/ Susan E. Schwab***
> Susan E. Schwab
> United States Magistrate Judge