# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF PENNSYLVANNIA

COMMONWEALTH OF        :
PENNSYLVANIA,           :
PENNSYLVANIA GAME     :
COMMISSION             :
        Plaintiff,        :
        vs.              :     Civil Action No.:
                  :     1:12-CV-01567

Thomas E. Proctor Heirs Trust under :
Declaration of Trust dated      :
October 28, 1980, which is recorded :
 in Sullivan County in Book 1106,   :
at page 879, its successors and assigns;:
        Defendant.       :

## AMENDED COMPLAINT

NOW, this _18th_ day of _July_, 2013, comes the Plaintiff,

Commonwealth of Pennsylvania, Pennsylvania Game Commission, by and

through its counsel, and makes this Amended Complaint for Action to Quiet

Title against the above Defendant and makes the following allegations in support thereof:

## THE PARTIES

1.     Plaintiff is the Commonwealth of Pennsylvania, Pennsylvania Game Commission, (hereinafter, PGC) an independent Commonwealth administrative agency with its principal offices located at 2001 Elmerton Avenue, Harrisburg, PA  17110.

2.     Defendant, its successors, assigns, is a Massachusetts Trust, and unknown persons claiming any right, lien, title or interest by, through or under them, or any of them, are natural persons, not known to be living or dead, and whose whereabouts are unknown to the Plaintiff.  The Defendant is named in this litigation due to the fact that the trust believes and has asserted that it has an interest in the real property interests which are the subject of this action.

## JURISDICTION

3.     The plaintiff is an independent state commission of the Commonwealth of Pennsylvania existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 2001 Elmerton Avenue, Harrisburg, PA  17110.  The Defendant is a Massachusetts trust, of which none of the beneficiaries are citizens of

Pennsylvania. The amount in controversy, without interest and costs, exceeds $75,000.00, being the sum or value specified by 28 U.S.C. §1332.

## APPLICABLE LAW

4.     This is a complaint involving title to real property located in Davidson and Laporte Townships, Sullivan County, Pennsylvania, so the applicable substantive law is the real property law of the Commonwealth of Pennsylvania.

## THE PREMISES

5.     The property which is the subject of this dispute (the "Premises") is approximately 2,481 acres, more or less in Davidson and Laporte Townships, Sullivan County, Pennsylvania.

6.     The Premises are comprised of six warrants in the Warrantee names of Robert Irwin, Francis Nichols, John Brady, Thomas Hamilton, Charles Irwin and William Meylert (No. 2).

7.     The Commonwealth of Pennsylvania acquired its ownership interest to the Premises under and by virtue of a certain deed by and between the Central Pennsylvania Lumber Company and the PGC, dated December 31, 1924 and recorded on June 6, 1925 in Sullivan County Deed Book 42, at page 538 which did except, however,

> "from the operation of th[e] covenant of warranty, all
> liability of the Central Pennsylvania Lumber Company as to

3

any existing or outstanding mineral reservations."

A true and correct copy of this deed, including a description of the property at issue in this case, is incorporated herein by reference as if fully set forth and marked Exhibit A.

8.    The PGC designates the Premises as part of contract number L-44, and it is part of State Game Lands No. 13.

### THE TITLES

9.    Abstracts of titles of the Premises from the Land Office and into the Plaintiff and showing Defendant's exception and reservation is attached hereto, incorporated herein by reference as if fully set forth and marked Exhibit B.

10.    The PGC claims its interest in, *inter alia*, the coal, oil, gas or petroleum, and minerals, as well as the surface and surface support rights in and to the Premises by virtue of the deed recited in Paragraph 7 hereof.

11.    The titles to the aforementioned L-44 contain the following conveyances:

a.    A certain deed by and between Thomas E. Proctor and Emma H. Proctor, his wife, to Union Tanning Company, dated October 30, 1894 and recorded January 23, 1895 in Sullivan County Deed Book 24, at page 53, in which Thomas E. and Emma H. Proctor did,

4

> "reserve and save to himself, his heirs and assigns all the minerals, coal, oil, gas or petroleum found in or under the surface of the land described in each of the above mentioned divisions."

A true and correct copy of this document is incorporated herein by reference as if fully set forth and marked Exhibit C.

b.    A quitclaim deed from O. B. Grant and Sarah M. Grant, his wife, dated September 17, 1897 and recorded June 13, 1898 in Sullivan County Deed Book 24, at page 790, to Emma H. Proctor, widow, James H. Proctor, Anne P. Rice, Emily W. Proctor, Thomas E. Proctor, heirs at law of Thomas E. Proctor, deceased, quitclaiming, *inter alia,*

> "all the right, title, interest and estate acquired by the parties of the first part hereto under and by virtue of forty-two several treasurer's Deeds from A. L. Smith, Treasurer of Sullivan County, Pennsylvania to O. B. Grant, dated September 21, 1896, of, in and to the minerals, coal, oil, gas or petroleum found on or under the surface of the lands described in said Treasurer's deeds."

A true and correct copy of this document is incorporated herein by reference as if fully set forth and marked Exhibit D.

12.    After the reservation and conveyance to the Proctors mentioned in Paragraph 11, the Premises were unseated land sold by Sullivan County Treasurer, Frank H. Farrell to C.H. McCauley, Jr. at Treasurer's sale dated June 8, 1908, as follows:

5

a.    Charles Irwin Warrant Treasurer's Sale Book 1, Page 260, acknowledged December 16, 1908, referenced in Minute Book 7, page 242, Treasurer's Deed dated December 1, 1908;

b.    William Meylert Warrant Treasurer's Sale Book 1, Page 261, acknowledged December 16, 1908, referenced in Minute Book 7, page 244, Treasurer's Deed dated December 1, 1908;

c.    John Brady Warrant Treasurer's Sale Book 1, Page 259, acknowledged December 16, 1908, referenced in Minute Book 7, page 242, Treasurer's Deed dated December 1, 1908;

d.    Thomas Hamilton Warrant Treasurer's Sale Book 1, Page 260, acknowledged December 16, 1908, referenced in Minute Book 7, page 242, Treasurer's Deed dated December 1, 1908;

e.    Frances Nichols Warrant Treasurer's Sale Book 1, Page 261, acknowledged  December 16, 1908, referenced in Minute Book 7, page 244, Treasurer's Deed dated December 1, 1908;

f.    Robert Irwin Warrant Treasurer's Sale Book 1, Page 260, acknowledged December 16, 1908, referenced in Minute Book 7, page 242, Treasurer's Deed dated December 1, 1908.

13.    C.H. McCauley, Jr. and Florence M. McCauley, his wife, by their deed dated December 6, 1910, and recorded in Sullivan County Deed

Book 36 at page 223, granted and conveyed the said Premises to Central Pennsylvania Lumber Company.

14.     According to Affidavit of Ann P. Hochberg, Esq., recorded on December 9, 2009 to instrument number 20097573 in Bradford County, Pennsylvania, Thomas E. Proctor , Sr. (named in Paragraph 11) died on or about December 7, 1895, a resident of Boston Massachusetts.  A true and correct copy of this Affidavit is hereby incorporated herein by reference, attached hereto and marked Exhibit E.

15.     Thomas E. Proctor, Sr. was survived by his widow, Emma Howe Proctor and four children:  James Howe Proctor, Anne Steele Proctor Rice, Emily Water Proctor Mandell and Thomas Emerson Proctor, Jr.

16.     A close reading of the Affidavit, Exhibit E, sets out the chain of title for the Proctor family and indicates that ultimately, a majority of the heirs of Thomas E. Proctor, Sr., conveyed their allegedly owned mineral interests in Pennsylvania, which derived from Thomas E. Proctor, Sr. to the Thomas E. Proctor Heirs Trust under Declaration of Trust dated October 28, 1980, which is recorded in Sullivan County in Book 1106, at page 879.  A true and correct copy of this Declaration of Trust is incorporated herein by reference, attached hereto and marked, Exhibit F.

17.   At the time of the sales for unpaid taxes referenced in Paragraph 12, the Defendants did not have the oil, gas and mineral estates separately assessed.

18.   At the time of the sale for unpaid taxes, the real property was unseated.

19.   Pursuant to the principles espoused in *Hutchinson V. Kline*, 199 Pa. 564 (1901); *F.H. Rockwell & Co. v. Warren County*, 228 Pa. 430 (1910); and *Proctor v. Sagamore Big Game Club*, 155 F.Supp. 465 (W.D. Pa, 1958), a tax sale of the unseated land passed all title of the real estate fairly chargeable with the taxes and not separately assessed.

20.   Various Acts of the General Assembly have ratified prior tax sales.

21.   The PGC acquired its interests in the Premises from or through the purchasers at the tax sales.

22.   The PGC acquired all interests in the Premises including, but not limited to, those rights allegedly severed previously, by the conveyance listed in Paragraph 7.

23.   The existence of the documents set out in Paragraph 11 and 16 cause a cloud upon the title of the PGC.

24.   The Defendant has made claims to ownership or has tried to convey rights, specifically with regard to oil and gas.

WHEREFORE, the PGC respectfully requests this Honorable Court to issue and order:

1.   Pursuant to Pa.R.C.P. 1061(b)(2) against the Defendant and in favor of the PGC determining the rights of the Defendant to the oil and gas estate in, on and under the Premises consisting of approximately 2,481 acres, more or less in Davidson and Laporte Townships, Sullivan County, Pennsylvania, were divested by the tax sales listed above, pursuant to the case law cited above, and that the oil and gas estate is owned by the PGC free and clear of any right, title or interest of Defendant; or, in the alternative,

2.   Pursuant to Pa.R.C.P. 1061(b)(3) against the Defendant to admit the invalidity of any right, title or interest Defendant, or any of them claim in the oil and gas estate in, on and under the Premises consisting of approximately 2,481 acres, more or less in Davidson and Laporte Townships, Sullivan County, Pennsylvania, most particularly admit the invalidity of any interest, right or claim pursuant to the Thomas E. Proctor Heirs Trust under Declaration of Trust dated October 28, 1980, which is

9

recorded in Sullivan County in Book 1106, at page 879;  or in the alternative,

3.     Pursuant to Pa.R.C.P. 1061(b)(4) to grant possession of the oil and gas estate in, on and under the Premises consisting of approximately 2,481 acres, more or less in Davidson and Laporte Townships, Sullivan County, Pennsylvania, which was sold at tax sales June 1, 1908, and for which various deeds were dated December 1, 1908, as set forth in the Amended Complaint, to the PGC;  and

4.     Such other relief as this Honorable Court may find just and reasonable.

Respectfully submitted,
PENNSYLVANIA GAME COMMISSION

DATE: July 18, 2013

Bradley C. Bechtel, Chief Counsel
I.D. #49681
2001 Elmerton Avenue
Harrisburg, PA  17110-9797
FAX:  (717)772-0502
(717)783-6530
brbechtel@pa.gov

DATE: July 18, 2013

Audrey J. Broucek, Assistant Counsel
I.D. #208483
2001 Elmerton Avenue
Harrisburg, PA  17110-9797
FAX (717)772-0502
(717)783-4250, ext. 3617
abroucek@pa.gov

<u>CERTIFICATE OF SERVICE</u>

I, Bradley C. Bechtel, Esquire, Chief Counsel of the Pennsylvania Game Commission, hereby certify I served a copy of the foregoing AMENDED COMPLAINT in accordance with F.R.C.P. 5 upon Plaintiffs by depositing same in the United States First Class Mail, on July 18, 2013, addressed as follows:

Rieders, Travis, Humphrey, Harris, Waters & Waffenschmidt
ATTN:  Thomas Waffenschmidt, Esquire
Attorney for Defendant
161 W. Third Street, P.O. Box 215
Williamsport, PA  17703-0215

By: _____
    Bradley C. Bechtel, Chief Counsel

11

TABLE OF CONTENTS TO EXHIBITS

Exhibit A    A deed from Central Pennsylvania Lumber Company to the PGC, dated December 31, 1924 and recorded on June 6, 1925 in Sullivan County Deed Book 42 at page 538. (3 Pages.)

Exhibit B    Abstracts of titles of the Premises from the Land Office and into the Plaintiff and showing Defendant's exception and reservation. (3 Pages.)

Exhibit C    A deed from Thomas E. Proctor and Emma H. Proctor, his wife, to Union Tanning Company, dated October 30, 1894 and recorded January 23, 1895 in Sullivan County Deed Book 24, at page 53. (6 Pages.)

Exhibit D    A quitclaim deed from O. B. Grant and Sarah M. Grant, his wife, dated September 17, 1897 and recorded June 13, 1898 in Sullivan County Deed Book 24, at page 790, to Emma H. Proctor, widow, James H. Proctor, Anne P. Rice, Emily W. Proctor, Thomas E. Proctor, heirs at law of Thomas E. Proctor, deceased. (6 Pages.)

Exhibit E    Affidavit of Ann P. Hochberg, Esq., recorded on December 9, 2009 to instrument number 20097573 in Bradford County, Pennsylvania. (12 Pages.)

Exhibit F    A Declaration of Trust dated October 28, 1980, recorded in

Sullivan County in Book 1106, at page 879.  (11 Pages.)

EXHIBIT A

EXHIBIT A

538

Deed
Central Pennsylvania Lumber Company
To
Commonwealth of Pennsylvania

This Indenture, Made the twenty-sixth day of December in the year of our Lord one thousand, nine hundred and twenty [illegible] Between the Central Pennsylvania Lumber Company, a corporation created by and existing under the laws of the Commonwealth of Pennsylvania, having its domicile in the City of Williamsport, County of Lycoming and State of Pennsylvania, party of the first part, and the Commonwealth of Pennsylvania, party of the second part.

Witnesseth: That the said party of the first part, for and in consideration of the sum of Sixteen thousand, two hundred three and 87/100 ($16,203.87) Dollars, lawful money of the United States of America, unto it well and truly paid by the said party of the second part, at or before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, hath granted, bargained, sold, aliened, enfeoffed, released, conveyed and confirmed, and by these presents doth grant, bargain, sell, alien, enfeoff, release, convey and confirm unto the said party of the second part, its successors and assigns, forever.

All those ten certain tracts of land situate, lying and being in the Township of Davidson, County of Sullivan and State of Pennsylvania, except the tract surveyed on warrant in the name of Cornelius Kerr, which lies partly in said Township of Davidson and partly in the Township of Colley, in said County and State, which lands were originally surveyed on warrants and granted by the Commonwealth of Pennsylvania by patents to the grantees shown in the following schedule, to wit:

| Warrantee | Date of Warrant | Patentee | Date of Patent | Enrolled at Harrisburg in Patent Book |
|---|---|---|---|---|
| James Miller | Dec. 17, 1792 | Samuel Rhoads | Aug. 18, 18[illegible] | P-43-404 |
| Thomas Cloud | " | " | " | P-43-403 |
| Frederick Stoneman | " | " | " | P-43-399 |
| Robert Irwin | Feb. 20, 1790 | Benjamin Woolverton / John [illegible] | Mar. 18, 1867 | H-61-460 |
| Francis Nichols | " | " | " | |
| John Brady | " | " | " | H-61-451 |
| Thomas Hamilton | " | " | " | H-61-453 |
| Charles Irwin | " | " | " | H-61-452 |
| William Maylert | Feb. 16, 1848 | " | Oct. 30, 1869 | H-61-462 |
| | | " | Mar. 24, 1869 | H-61-465 |
| Cornelius Kerr | June 4, 1785 | Union Tanning Co. | Oct. 29, 1891 | H-75-243 |

Which said tracts are contiguous and form a connected body of land, bounded and described in part according to connected drafts made in 1922 and 1925 by the Board of Game Commissioners from the original surveys made for the Union Tanning Company in the year 1893 as follows, to wit:

Beginning at a point in the line of land heretofore conveyed by the grantor herein to the grantee herein, by deed dated March 15, 1907, of record in the Recorder's Office of Sullivan County in Deed Book Vol. 52, page 207, which point is in the line of the James Langley survey and also at the Southerly corner of the Philip Mager survey and the Westerly corner of the Frederick Stoneman survey; thence extending along the Southeasterly line of the said Philip Mager and the Jacob Kreig surveys, N. [illegible] E. eight hundred fifty-four (854) perches to stones; thence extending along the Southwesterly line of the Paul Batty survey, S. [illegible] E. three hundred twenty-two (322) perches to a [illegible]; thence N. [illegible] along a line of said Paul Batty survey, N. 34½ E. one hundred sixty-two (162) perches to a post and stones, the Northwesterly corner of the Robert Irwin survey; thence along the

589

540

EXHIBIT B

EXHIBIT B



10/28/1883
DB 15-381
The Fidelity Insurance Trust and Safe Deposit Company of Philadelphia, Guardian of the Estate of Runyon Woolverton, Florence Wolverton, minor children of John P. Woolverton, deceased, Emily Woolverton, Widow
Margaret Thoman, Widow and Executrix of Last Will and Testament of Garret Thoman
Emily H. Woolverton, Widow, and Runyon and Florence Woolverton
dec'd 12/15/1882
died Intestate
dec'd 12/15/1858
Will Book 6-289
Lycoming Co.
Garret Thoman
John P. Wolverton, sole heir of Runyon Woolverton
Widow of Runyon Woolverton, dec'd
1/25/1878
undivided 1/2
12/6/1882
DB 14-94
George Craig and Prudence J. Craig
dec'd 3/25/1871
died Intestate
Runyon Woolverton
undivided 1/4
3/5/1878
DB 11-42
John Craig and Catherine H. Craig
Charles Blanchard and Mary J. Blanchard
John Brady Wt.
6/8/1858
Treas. Sales Book 1-78
Ack. 9/23/1858
Treas. Deed Book 2-83
Treas. Deed
7/10/1858
Thomas Hamilton Wt.
6/8/1858
Treas. Sales Book 1-79
Ack. 9/23/1858
Treas. Deed Book 2-84
Treas. Deed
7/10/1858
Robert Irwin Wt.
6/8/1858
Treas. Sales Book 1-79
Ack. 9/23/1858
Treas. Deed Book 2-85
Treas. Deed
7/10/1858
Charles Irwin Wt.
6/8/1858
Treas. Sales Book 1-79
Ack. 9/23/1858
Treas. Deed Book 2-86
Treas. Deed
7/10/1858
William Heylert Wt.
6/8/1858
Treas. Sales Book 1-79
Ack. 9/23/1858
Treas. Deed Book 2-85
Treas. Deed
7/10/1858
Francis Nichols Wt.
6/8/1858
Treas Sales Book 1-79
Ack. 9/23/1858
Treas. Deed Book 2-86
Treas. Deed
7/10/1858
Treasurer of Sullivan County
John Craig
Charles Blanchard
Garret Thoman
Runyon Woolverton
Patents
3/28/1857
John Brady Wt.
PB H61-456
Francis Nichols Wt.
PB H61-458
Robert Irwin Wt.
PB H61-460
William Heylert Wt.
PB H61-465
Charles Irwin Wt.
10/28/1857
PB H61-461
Patent
Thomas Hamilton Wt.
3/28/1857
PB H61-462
2/3/1857
DB 8-242
Nicholas E. Paine
5/21/1856
DB 7-789
Samuel Elliott
5/23/1855
Commonwealth of Pennsylvania

DB 7-787
Joseph L. Lord, Burr Wakeman, Survivors of Trustees
Nicholas E. Paine
2/19/1866
DB 7-831
Hezekiah Bunce
6/11/1860
Treas. Sales Book 1-47
9/26/1864
Treas. Deed Book 2-6
Treasurer's Deed
9/1/1860
DB 7-799
for Charles Irwin
6/11/1860
Treas. Sales Book 1-46
9/26/1864
Treas. Deed Book 2-6
Treasurer's Deed
9/1/1860
DB 7-793
for John Brady
6/11/1860
Treas. Sales Book 1-47
9/26/1864
Treas. Deed Book 2-6
Treasurer's Deed
9/1/1860
DB 7-806
for Francis Nichols
6/11/1860
Treas. Sales Book 1-46
9/26/1864
Treas. Deed Book 2-6
Treasurer's Deed
9/1/1860
DB 7-797
for Thomas Hamilton
1/21/1867
not of record
Treasurer of Sullivan County
Joseph L. Lord, Burr Wakeman, John D. Abrams, Trustees
Deed of Trust
1/7/1858
DB 5-285
5/27/1858
DB 5-294
Nicholas E. Paine and Abby H. S. Paine
7/11/1857
DB 5-81
Charles Phelps
9/16/1855
DB 3-540
John C. Heyman
Treasurers Sale
6/11/1855
Treas. Sales book 1-22
Acknowledges 9/26/1855
Treas. Deed Book 1-64
Treasurer's Deed
9/26/1855
for John Brady, Thomas Hamilton, part of Robert Irwin, Charles Irwin Warrants
Treasurer of Sullivan County
John C. Heyman
10/12/1852
DB 4-338
George A. Latimer and Mary C. H. Latimer
10/11/1852
DB 4-249
James Nicholson, Edward H. Bonsall, Trustees of the Estate of John Nicholson, deceased under certain deed of compromise executed by the parties interested in said estate the 15th day of September A. D. 1841, the said James Nicholson acting by Theodore Cuyler, his Attorney in fact
Henry K. Strong
10/24/1837
DB D-277
Heirs of John Nicholson, by William P. Farrand, Attorney in fact
Thomas Hamilton
John Brady
Francis Nichols
Robert Irwin
Charles Irwin
William Hayzert
Warrant
10/27/1852
Warrant
2/20/1793
Warrant
2/20/1793
Warrant
2/20/1794
Warrant
2/20/1793
Warrant
1/21/1867
Land Office of Pennsylvania
Land Office of Pennsylvania
Land Office of Pennsylvania

EXHIBIT C

EXHIBIT C

Deed
Thomas E. Proctor
To
Union Tanning Co.

This indenture, made the 30th day of October in the year of our Lord one thousand eight hundred and ninety four Between Thomas E. Proctor and Emma H. Proctor his wife of the City of Boston and State of Massachusetts parties of the first part, and the Union Tanning Company a corporation organized under the laws of the State of Pennsylvania party of the second part Witnesseth that the said parties of the first part for and in consideration of the sum of one dollar lawful money of the United States of America well and truly paid by the said party of the second part to the said parties of the first part at and before the sealing and delivery of these presents the receipt whereof is hereby acknowledged have granted bargained sold aliened enfeoffed released conveyed and confirmed and by these presents do grant bargain sell alien enfeoff release convey and confirm unto the said party of second part its successors and assigns all those two divisions or bodies of land consisting respectively of tracts and parts of tracts situate in the Township of [illegible] in County of Sullivan and State of Pennsylvania and bounded and described as follows to wit: Western Division Beginning at the Northeast corner of the Sarah James warrant thence along the Sarah James and Daniel James warrants South thirty two and one half deg. West five hundred and twenty three and three tenths perches to the Lycoming County line thence along said County line South seventy two and one half deg. East one hundred and sixty five and seven tenths perches to the west line of the Jacob Evans warrant thence along said west line or west line of the Daniel and Joseph James warrants North thirty two and one half deg. East six hundred and one and eight tenths perches to a corner thence along lands of Mary Giffin and South line of the Isaac Kirk warrant South sixty seven and one half deg. East one hundred and fifty eight and one half perches to the Northwest corner of Michael [illegible] warrant thence along west line of same South thirty two and one half deg. West five hundred and eighty eight and three tenths perches to the Lycoming County line thence along the same South seventy two and one half deg. East two hundred and eighty five perches to a chestnut oak the South west corner of the William M. Patterson warrant thence along the various lines of the same North fourteen and one half deg. East two hundred and six and one half perches to a yellow pine another corner of said Patterson warrant thence South seventy five and one fourth deg. East twenty perches thence North fourteen and one half deg. East twenty perches thence South seventy five and one fourth deg. East forty perches thence North eighty deg. East one hundred and [illegible] two perches thence South thirty four and one fourth deg. East thirty two perches to the North line of the Joseph [illegible] warrant thence along same South eighty eight deg. East sixty seven and four tenths perches to the North East corner of said warrant thence along East line of same South two deg. West ninety and five tenths perches to the East line of the Patterson warrant thence along the same South thirty four and one fourth deg. East thirty four perches to the corner of the Samuel [illegible] warrant thence along line of [illegible] North fifty [illegible] three fourths deg. East ninety four [illegible]

54

and Nicholas Harvey survey five hundred and eighty six and eight tenths perches to a birch the most Northerly corner of the William Wag-
ner survey thence South forty one deg East along the Southwesterly line of said Nicholas Harvey survey two hundred and ninety perches thence South
four deg West along Peter Harvey survey twenty five and four tenths per-
ches thence South twenty five and one half deg West by same eighty one
perches thence South four deg West by same one hundred and forty four
perches thence South forty five and one half deg West by the John Kilcrith
survey one hundred and twenty eight perches thence North eighty five
and one half deg West along the same twenty three perches to stone for-
merly [illegible] the Northeast corner of the E. and M. McHenry sur-
vey thence South five deg West along said line eighty perches to
stones formerly beech thence South thirty five deg East by same one
hundred and fifteen and three tenths perches thence South thirty five
deg West by Thomas Hess and Andrew Bruelling survey forty nine and
four tenths perches thence South five deg West by same fifty four
perches thence South fifty four and three fourths deg West by same
ninety three and five tenths perches to a white maple thence South
forty and one half deg West by same forty six perches thence South
forty seven and one half deg East nineteen and six tenths perches thence South thirty eight and three fourths deg West by same sixty
seven perches thence South sixty one deg West by same thirty nine
and six tenths perches thence North thirty seven and one half deg
West by lands formerly of the estate of Daniel Hess deceased crossing
East Branch of Big Fishing Creek one hundred and seven perches to
a point in the Westerly line of Daniel McHenry survey thence South fif-
ty one and three fourths deg West along the Easterly line of the Andrew
Epple survey twenty five perches thence North forty six and one fourth
deg West by the Samuel Hess survey eighty and nine tenths perches
to a poplar thence South fifty four and one fourth deg West by same
one hundred and thirty three and six tenths perches to a point in the
East line of the William Gearhart survey thence South five deg and fifty
seven minutes West by same fifteen and eight tenths perches to the place
of beginning. All corners not otherwise specified in the foregoing description
are marked by stones. Containing nine thousand four hundred and sev-
enty five acres and one hundred and sixty perches with the usual al-
lowance of six per cent for roads &c. equal to ten thousand and forty four
acres and eighty two perches strict measure. Excepting however from
said ten thousand and forty four acres and eighty two perches the land
contained in the Edward and Mathew McHenry and Daniel McHenry war-
rants. Including the whole area in tracts in the warrantee names of
John Brady, Thomas Nichols, Thomas Hamilton, Charles Irwin, Henry Epple,
Richard Cheyer, Thomas Hess, Charles Williamson, William Wright, William
Hickman, Elizabeth Kolb, Nathaniel Kolb, George Gearhart, Mary Gearhart
and also including parts of tracts in the warrantee names of Jeremiah
Jackson, James Hepburn, Robert Irwin, John Cowden, Henry Lebo, James Toner,
Jonathan Walker, Daniel Smith, Samuel Young, Thomas Grant, Andrew
Epple, Anthony Gearhart, William Gearhart, Josiah Haines and Alex-
ander Hunter. And including also the tracts in the warrantee name of

Robert Gray and Timothy Perkins if the same can be located by their calls within the original block of surveys to which they belong. And the right of way for the purpose of removing logs bark and timber from the land above described is hereby granted across the land in the warrantee names of Edward and Mathew McHenry and Daniel McHenry, the same now being vacant lands as unpatented [illegible] intended to be conveyed by this deed. The above described land being the same (with correction of boundary lines according to surveys made in summer of 1887 by Samuel Hughes) conveyed in four parcels or divisions by Morton McMichael and others to the North Mountain Lumber Company by deed bearing date of fifteenth day of January A.D. 1890 recorded in the office for Recording Deeds in Sullivan County in Deed Book No. 17 Page 388. And the above described "Western Division" and "Eastern Division" were conveyed to the said Thomas E. Proctor by the said North Mountain Lumber Company by deed bearing date the twenty fifth day of May A.D. 1893 and recorded in the office for recording Deeds in Sullivan County in Deed Book No. 21 Page 376 &c. Except the said Thomas E. Proctor hereby reserves and saves to himself his heirs and assigns all the minerals coal oil gas or petroleum found in or under the surface of the land described in each of the above mentioned divisions. And subject to the above mentioned reservations the said premises are hereby granted and all the estate right title interest property claim and demand whatsoever both in law and equity of the said parties of the first part of in to or out of the same and every part and parcel thereof. To have and to hold the said premises with all and singular the appurtenances unto the said party of the second part its successors and assigns to and for the only proper use and behoof of the said party of the second part its successors and assigns forever. And the said Thomas E. Proctor his heirs executors and administrators do by these presents covenant grant and agree to and with the said Union Tanning Company its successors and assigns that he the said Thomas E. Proctor and his heirs all and singular the hereditaments and premises herein above described and granted or mentioned and intended so to be with the appurtenances unto the said Union Tanning Company its successors and assigns against the said Thomas E. Proctor and his heirs and against all and every other person or persons whomsoever lawfully claiming or to claim the same or any part thereof shall and will by these presents warrant and forever defend. In witness whereof the said parties of the first part have hereunto set their hands and seals the day and year first above written

Thomas E. Proctor (Seal)
Emma H. Proctor (Seal)

State of Massachusetts }
City of Boston } ss:

On the 27th day of November in the year of our Lord one thousand eight hundred and ninety four before me the subscriber a Notary Public in and for the said City and State personally appeared the above named Thomas E. Proctor and Emma H. Proctor his wife and they acknowledged the within indenture to be their act and deed and desired the same might be recorded as such and the said Emma H. Proctor being of full age and separately and [illegible]

from her husband by me examined and the full contents of said
Indenture being first by me made known to her declared upon
such separate examination that she did voluntarily and of her
own free will and accord sign seal and as her act and deed deliver
the said Indenture without any coercion or compulsion on the part
of her said husband. Witness my hand and Notarial seal.

Willard Dalrymple (L.S.)
Notary Public

Recorded Jany 23-1895
Alphonsus Walsh Recorder.

Deed
Geo. C. Jackson Executor
To
Michael Flynn.

This indenture made the 23rd day of July in
the year of our Lord one thousand eight hund-
red and ninety four. Between Dianna H. Jack-
son Executrix and George C. Jackson Executor
of the last will and testament of George L. Jackson deceased late of the
Borough of Dushore County of Sullivan and State of Pennsylvania and
Michael Flynn of [illegible] North Branch Township Wyoming County
Pennsylvania of the second part Whereas George L. Jackson aforesaid dur-
ing his life time and immediately before the time of his decease
was duly seized as of fee in and of [illegible] certain lands situated in
Colley Township Sullivan County Pennsylvania and being so seized
departed this life having first made his last will and testament
duly proven and remaining of record in Sullivan County in Will Book
No. 2 page 55. Wherein the said Dianna H. Jackson and George C. Jackson
are named therein as executors of said last will and testament
and authority therein given to them to sell and convey any or all of the
real estate of the said decedent Reference being thereunto had will more
fully and at large appear. Now this indenture witnesseth that the
said Dianna H. Jackson Executrix and George C. Jackson Executor of the
last will and testament of George L. Jackson decd. for and in consideration
of the sum of Four Hundred and fifty Dollars lawful money of the United
States to them in hand paid by the said Michael Flynn at and before
the sealing and delivery hereof the receipt whereof is hereby acknowl-
edged have granted bargained sold aliened released and confirmed
and by these presents do by force and virtue of said last will & testam-
ent grant bargain sell alien release and confirm unto the said Mich-
ael Flynn his heirs and assigns All that lot piece or parcel of land sit-
uated in the Township of Colley County of Sullivan and State of Pennsyl-
vania bounded and described as follows viz: Beginning at a post corner
of lot formerly [illegible] Brown thence by lot now or formerly [illegible]
[illegible] East one hundred twenty perches to stone corner on West line of the
[illegible] warrant thence by said warrant North ninety perches to stone
on South line of Beza Woodward tract thence by same West one hundred
twenty perches to corner and thence by said Brown lot South ninety per-
ches to the place of beginning Containing sixty seven and one half acres
be the same more or less Being part of the [illegible] Woodward warrant and
the same premises which Walter Spencer Treasurer of Sullivan County by
deed dated Aug 5. 1876 Recorded in the office for Recording of Deeds &c.

EXHIBIT D

EXHIBIT D

790

warrant and forever defend by these presents. In testimony whereof the said the State Line and Sullivan Railroad Company have hereunto affixed the common seal of their said Corporation at Philadelphia the day and year first above written, signed sealed and delivered in the presence of us

Chas. L. Brown

Attest. State Line & Sullivan R.R. Co.
by Henry C Brown President
O. A. Baldwin   Secretary

Received the day of the date of the above written indenture of the above named trustees of the First Presbyterian Church of Bennie the sum of One Dollar for the State Line & Sullivan R.R. Co.

O. A. Baldwin   Treasure.

County of Philadelphia, S.S.

Be it remembered that on the Twenty Second day of November A.D. 1897, before me A Notary Public in and for the Commonwealth of Pennsylvania and in and for the said County personally appeared Henry C Davis President of the above named Corporation who being duly sworn deposeth and saith that he was personally present at the execution of the above written indenture or deed of conveyance and saw the Common seal of the said Corporation of State Line & Sullivan R.R. Company duly affixed thereto and that the seal so affixed thereto is the Common and corporate Seal of the said State Line & Sullivan R.R. Company and that the above written indenture or deed of conveyance was duly signed sealed and delivered by and as and for the act and deed of the said Corporation for the uses and purposes therein mentioned and that the name of this deponent subscribed to the said deed as President of the said Corporation in attestation of the due execution and delivery of the said deed is in this deponents own proper and respective handwriting.

Henry C Davis

Sworn and subscribed the day and year aforesaid won one. Witness my hand and seal

Chas. L. Brown
Notary Public

Recorded June 6, 1878

Wm J Sommer

Recorder

Deed
O. B. Grant and Wife
to
Heirs of J. C. Proctor decd.

This indenture made the 17th day of September in the year of our Lord one thousand eight hundred and ninety Seven between O. B. Grant and Sarah M. his wife, of the Borough of Ridgway, County of Elk and State of Pennsylvania, parties of the first part and ...

791

Proctor, widow, James N Proctor, Anna J. Rice Emily W
Proctor, and Thomas E Proctor, Heirs at law of Thomas E
Proctor, both of the City of Boston, County of Suffolk and
State of Massachusetts, deceased parties of the second part.
Witnesseth that the said parties of the first part, for and in
consideration of the sum of One dollar lawful money
of the United States of America, unto them well and truly
paid by the said parties of the second part, at and before the
sealing and delivery of these presents, the receipt whereof is
hereby acknowledged, have remised, released and quit claimed,
and by these presents do remise, release and forever quit claim
unto the said parties of the second part, their heirs and assigns,
All the right, title, interest and estate acquired by the parties
of the first part hereto under and by virtue of forty two certain
several Treasurer's Deeds, from U. L. Smith, Treasurer of Sullivan
County Pennsylvania, to O. B. Grant, dated the twenty first
day of September A. D. 1896, of in and to the minerals, and oil
gas or petroleum found on or under the surface of the lands
described in said Treasurer's Deeds, to wit:

1. One tract thereof situate in Davidson Township Sullivan
County Pennsylvania, known as the Chase Swink tract con-
taining Four hundred (400) Acres, more or less.

2. One tract thereof situate in Davidson Township Sullivan
County, Pennsylvania, known as the Wilhelm Steadman tract
containing Three hundred and one (301) Acres more or less.

3. One tract thereof situate in Davidson Township Sullivan
County Pennsylvania, Known as the Francis Nichols tract
Containing Four hundred (400) Acres more or less.

4. One tract thereof situate in Davidson Township Sullivan
County, Pennsylvania known as the Thomas Reese tract containing
Four hundred Acres more or less.

5. One tract thereof situate in Davidson Township Sullivan
County, Pennsylvania, Known as the Vro Spurr tract con-
taining Four hundred (400) Acres, more or less.

6. One tract thereof situate in Davidson Township Sullivan
County Pennsylvania, known as the Michael Meylert tract
Containing Three hundred and Ninety Eight and 12/100 (398 12/100)
Acres more or less.

7. One tract thereof situate in Davidson Township Sullivan
County, Pennsylvania, known as the Michael Meylert tract
Containing Three hundred and Ninety Nine and 10/100 (399
10/100) Acres, more or less

8. One tract thereof situate in Davidson Township Sullivan
County, Pennsylvania known as the Michael Meylert tract
Containing Sixty and 10/100 (60 10/100) Acres, more or less

9. One tract thereof situate in Davidson Township Sulli-
County, Pennsylvania known as the Michael Meylert
tract containing Fifty six and 10/100 (56 10/100) Acres
or less

792

10. One tract thereof, situate in Davidson Township, Sullivan County, Pennsylvania known as the William Meylert tract. Containing one hundred and Ninety five and 128/160 (195-128/160) Acres, more or less.

11. One tract thereof situate in Davidson Township, Sullivan County, Pennsylvania known as the William Meylert tract. Containing Three hundred and Nineteen and 54/100 (319-54/100) Acres, more or less.

12. One tract thereof situate in Davidson Township, Sullivan County, Pennsylvania. Known as the Samuel Young tract Containing Two hundred and eight (208) Acres, more or less.

13. One tract thereof, situate in Davidson Township, Sullivan County, Pennsylvania known as the Gabriel Yarnell tract. Containing Two hundred and fifty (250) Acres, more or less.

14. One tract thereof, situate in Davidson Township, Sullivan County, Pennsylvania. Known as the Thomas Woodside tract. Containing Four hundred and thirty one (431) Acres more or less.

15. One tract thereof situate in Davidson Township, Sullivan County, Pennsylvania known as the Archibald Woodside tract. Containing Two hundred and two (202) Acres, more or less.

16. One tract thereof situate in Davidson Township, Sullivan County, Pennsylvania. Known as the Jonathan Walker tract Containing Three hundred and fifty four (354) Acres more or less.

17. One tract thereof, situate in Davidson Township, Sullivan County, Pennsylvania. Known as the Charles Williamson tract Containing Three hundred and eighty eight (388) Acres more or less.

18. One tract thereof situate in Davidson Township, Sullivan County, Pennsylvania. known as the James Tower tract containing Three hundred (300) Acres, more or less.

19. One tract thereof situate in Davidson Township, Sullivan County, Pennsylvania known as the Daniel Smith tract. Containing Eighty six acres, more or less.

20. One tract thereof situate in Davidson Township, Sullivan County, Pennsylvania Known as the Richard Parker tract Containing Three hundred and twelve (312) Acres more or less.

21. One tract thereof situate in Davidson Township, Sullivan County, Pennsylvania. known as the Ann S. Meylert tract, Containing Three hundred and Ninety eight and 98/160 Acres more or less.

22. One tract thereof situate in Davidson Township, Sullivan County, Pennsylvania known as the Henry Lebo tract, containing One hundred and sixty five (165) acres, more or less.

23. One tract thereof situate in Davidson Township, Sullivan County, Pennsylvania known as the Isaac Kirk tract Containing Four hundred (400) acres, more or less.

24. One tract thereof situate in Davidson Township, Sullivan County, Pennsylvania, Known as the John James tract Containing eight (8) acres more or less.

793

25. One tract thereof, situate in Davidson Township, Sullivan County, Pennsylvania, known as the Jeremiah Jackson tract containing four hundred (400) acres, more or less.

26. One tract thereof situate in Davidson Township, Sullivan County, Pennsylvania, known as the Robert Irwin tract, containing Four hundred (400) acres, more or less.

27. One tract thereof, situate in Davidson Township, Sullivan County, Pennsylvania, known as the Alexander Hunter tract containing ten (10) acres, more or less.

28. One tract thereof situate in Davidson Township, Sullivan County, Pennsylvania, known as the James Hepburn tract containing three hundred (300) acres, more or less.

29. One tract thereof situate in Davidson Township, Sullivan County, Pennsylvania, known as the Thomas Hamilton tract containing four hundred (400) acres, more or less.

30. One tract thereof, situate in Davidson Township, Sullivan County, Pennsylvania, known as the Jonas James tract containing fifteen (15) acres, more or less.

31. One tract thereof situate in Davidson Township, Sullivan County, Pennsylvania, known as the Mary Griffin tract containing three hundred and Ninety (390) acres, more or less.

32. One tract thereof, situate in Davidson Township, Sullivan County, Pennsylvania, known as the Thomas Grant tract containing Four hundred (400) acres, more or less.

33. One tract thereof situate in Davidson Township, Sullivan County, Pennsylvania, known as the William Gearheart tract containing Two hundred and fifty one (251) acres, more or less.

34. One tract thereof, situate in Davidson Township, Sullivan County, Pennsylvania, known as the Mary Gearhart tract containing Four hundred and thirty four (434) acres, more or less.

35. One tract thereof situate in Davidson Township, Sullivan County, Pennsylvania, known as the Mary Gearhart tract containing Four hundred and thirty four (434) acres, more or less.

36. One tract thereof, situate in Davidson Township, Sullivan County, Pennsylvania, known as the Anthony Gearhart tract containing two hundred and eighty one (281) acres, more or less.

37. One tract thereof situate in Davidson Township, Sullivan County, Pennsylvania, known as the Henry Apple tract containing Four hundred (400) acres, more or less.

38. One tract thereof situate in Davidson Township, Sullivan County, Pennsylvania, known as the Andrew Apple tract containing three hundred and Sixteen (316) acres

794

39. One tract thereof Situate in Davidson Township Sullivan County, Pennsylvania known as the John Cowder tract containing three hundred (300) Acres more or less.

40. One tract thereof situate in Davidson Township Sullivan County, Pennsylvania, known as the Nathaniel Colt tract. Containing Four hundred and thirty four acres more or less.

41. One tract thereof Situate in Davidson Township Sullivan County, Pennsylvania known as the Elizabeth Colt tract containing Four hundred (400) Acres more or less.

42. One tract thereof situate in Davidson Township Sullivan County, Pennsylvania known as the John Brady tract Containing Three hundred and Seventy five (375) Acres more or less. It being the true intent and meaning of this conveyance to vest in the parties of the second part their to their heirs and assigns, said minerals, coal, oil, gas or petroleum as fully as the same were reserved in deed between Thomas C Proctor and wife of the first part and the Union Tanning Company of the second part dated October 30th 1894 and recorded in Sullivan County in deed Book Volume 24, page 53, on January 23, 1895, but no greater right, title interest or estate. Together with all and singular the tenements hereditaments and appurtenances th the same belonging or in anywise appertaining and the reversion and reversions, remainder and remainders rents, issues and profits thereof. And also all the estate right title interest property claim and demand whatsoever both in law and equity of the said parties of the first part of in to or out of the said premises and every part and parcel thereof. To have and to hold the said premises with all and singular the appurtenances unto the said parties of the second part their heirs and assigns to and for the only proper use and behoof of the said parties of the second part their heirs and assigns forever. In witness whereof the said parties of the first part have hereunto set their hands and seals the day and year first above written. Signed. Sealed and delivered in the presence of.

J.R. Troxell  }
H.L. Mon.

O. B. Grant
Sarah M Grant

State of Pennsylvania }
County of Elk } SS.

Be it remembered that on this 20th day of September in the year one thousand eight hundred and ninety Seven before me, a Notary Public in and for the County and State aforesaid, personally appeared O B Grant and Sarah M his wife who I am satis fied are the individuals named in and who

the above deed or conveyance, and I having first made
known to them the contents thereof they acknowledged that
they signed sealed and delivered the same as their voluntary
act and deed and the said Sarah M Grant being of full
age on a private examination apart from her said husband
by one thereon privately examined and the full contents
of the above deed being by me first made fully known unto
her did thereupon declare and say that she signed sealed
and delivered the same as her voluntary act and deed
freely and without any coercion or compulsion on the
part of her said husband. Witness my hand and Notarial
Seal the day and year above written

           A.L. Moon
           Notary Public

Recorded June 18, 1898.
    Wm J Lauman. Recorder

Fiero

O.B. Grant & Wife
       } This indenture made the
Heirs of T.I. Proctor &c.,        seventeenth day of September
and Jonathan A Hill            in the year of our Lord one
thousand eight hundred and
Ninety Seven. between O.B.
Grant and Sarah M. his wife, of the Borough of Ridgway
County of Elk and State of Pennsylvania parties of the
first part, and Emma H Proctor Widow James H Proctor
Anne S Rice, Emily M Proctor and Thomas E Proctor heirs
at law of Thomas C Proctor late of the City of Boston County
of Suffolk and State of Massachusetts, deceased and Jonathan
A Hill of the Township of Monroe County of Bradford
and State of Pennsylvania parties of the second part,
Witnesseth that the said parties of the first part for and
in consideration of the sum of one dollar lawful money
of the United States of America unto them and truly
paid by the said parties of the second part at and before
the sealing and delivery of these presents the receipt
whereof is hereby acknowledged have remised, released
and quit-claimed and by these presents do remise release
and forever quit claim unto the said parties of the second
part their respective heirs and assigns in the following
proportions and interests to wit: Unto the said Emma H
Proctor Widow, James H Proctor, Anne S Rice, Emily M
Proctor and Thomas E Proctor, heirs at law of Thomas E Proctor
deceased their heirs and assigns the undivided two thirds
and unto the said Jonathan A Hill his heirs and assigns
the undivided one third of the right title interest and
estate acquired by the parties of the first part in and
by virtue of thirty certain several premises

EXHIBIT E

EXHIBIT E

BRADFORD COUNTY RECORDER OF DEEDS
REGISTER OF WILLS
CLERK OF ORPHANS' COURT

SHIRLEY ROCKEFELLER - RECORDER
301 MAIN STREET
TOWANDA, PA   18848

CINDY BLOKZYL - CHIEF DEPUTY



Instrument Number - 200927573
Recorded On 12/9/2009 At 2:02:00 PM
* Instrument Type - AFFIDAVIT
Invoice Number - 265967
* Grantor - HOCHBERG, ANN P
* Grantee - PROCTOR HEIRS TRUST
* Customer - ADKINS & ASSOCIATES LAND SERVICES
* FEES

* Total Pages - 12

| STATE WRIT TAX | $0.50 |
| PIN CERTIFICATIONS | $5.00 |
| RECORDING FEES - RECORDER OF DEEDS | $13.50 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| TOTAL PAID | $24.00 |

This is a certification page

**DO NOT DETACH**

This page is now part of this legal document.

RETURN DOCUMENT TO:
ADKINS & ASSOCIATES LAND SERVICES
1021 MAJESTIC ST
SUITE 330
LEXINGTON, KY 40513
ATTN: JUDI ADKINS CASALINO

I hereby CERTIFY that this document is recorded in the Recorder's Office of Bradford County, Pennsylvania.



RECORDER OF DEEDS
Register of Wills
Clerk of Orphans Court

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.



*P/O Tax map # 28-120-1*
*# 22-119-1)*

## AFFIDAVIT OF HEIRSHIP

The undersigned, Ann P. Hochberg, Esq., deposes and says that the following information is true and correct to the best of her knowledge, information and belief:

1.  I am an attorney and partner of the law firm of Broude & Hochberg, L.L.P., 75 Federal Street, Boston, MA 02110 ("B&H") and have been a member in good standing of the Bar of the Commonwealth of Massachusetts since 1988.

2.  Attorneys at the firm of B&H have acted as counsel for over six decades for several members of the family descending from Thomas Emerson Proctor, Sr. of Boston, Massachusetts, and as Trust counsel on various family trusts. The firm of B&H has assembled information regarding the Proctor family lineage described below.

3.  Thomas Emerson Proctor, Sr. died testate and a resident of Boston, Massachusetts on or about December 7, 1894. Prior to his death, he acquired and reserved certain mineral interest in lands in the Commonwealth of Pennsylvania. He was survived by his widow, Emma Howe Proctor and four children: James Howe Proctor, Anne Steele Proctor Rice, Emily Waters Proctor Mandell, and Thomas Emerson Proctor, Jr.

4.  James Howe Proctor died testate in 1946, survived by four children: Thomas Emerson Proctor, II, John Riker Proctor, Mary Jackson Proctor Shiverick Case, Esther B. Proctor, his daughter Martha Moore Proctor having predeceased him without issue.

    a.  Thomas Emerson Proctor, II, died testate in 1973, leaving his wife Margaret O.F. Proctor and no issue.

    b.  John Riker Proctor died testate in 1969, leaving his wife, Anne Hall Proctor, and two children Mattina Riker Proctor and James Howe Proctor, II. His son James Howe Proctor, II predeceased him in 1942, leaving no issue. Mattina Riker Proctor died testate in 2005, leaving no issue.

    c.  Mary Jackson Proctor Shiverick Case died testate in 1984, survived by five children: Esther Shiverick, Nathan Crary Shiverick, Mary Abigail Shiverick, James H. Case and Elizabeth C. Case. Nathan Crary Shiverick died testate in 1996 leaving no issue, Esther Shiverick Yntema died testate in 2007 leaving two children: Mary Yntema and Elizabeth Yntema.

    d.  Esther B. Proctor died testate in 1986, leaving no issue.

5.  Anne Steele Proctor Rice died testate in 1933 survived by three children: Hilda Proctor Rice Ayer, Neil Woodbury Rice, and Thomas Emerson Proctor Rice.

Affidavit of Heirship
Proctor Heirs

    a.    Hilda Proctor Rice Ayer died testate in 1978 survived by four children: Anne Proctor Ayer MacNichol, Ethan Ayer, Hilda Rice Ayer Curtis, and Neil Rice Ayer. Her son Frederick Ayer, Jr. predeceased her in 1974, leaving two children: Ruth Zeile Ayer Dougher and David Ayer, his son Frederick Ayer III having predeceased him in 1972. Her son Neil Rice Ayer died in 1990, survived by Helen Ayer, who died in 1999, Neil Rice Ayer, Jr., Anne Proctor Ayer and Richard Randolph Churchill Ayer. Her daughter Hilda Rice Ayer Curtis Anderson died in 2008, survived by John Spaulding King, Claudia Ayer King, Timothy Parker King and Daniel Scott Curtis.

    b.    Neil Woodbury Rice died testate in 1969, having married Emma Howe Mandell Rice, a cousin, leaving three children: Charles Goodenow Rice II, Emily Proctor Rice Scott, and Anne Proctor Rice Berntsen.

        i.    Emily Proctor Rice Scott died testate in 1987 leaving four children: Emma Scott, Henry Bruce Scott, Mary Adams Scott, and George Gordon Scott.

        ii.    Charles Goodenow Rice II died testate in 2007, leaving two children, Lily B. Rice Hsia and Neil W. Rice II, having been predeceased by his son Charles G. Rice III.

    c.    Thomas Emerson Proctor Rice died testate in 1978, leaving four children: Thomas Emerson Proctor Rice, Jr., Lyman Rice, Emery van Dacll Rice, and Seth Rice. Lyman Rice died in 1991 survived by one child, Jane Patricia Rice.

6.    Emily Waters Proctor Mandell died testate in 1944, predeceased by sons Samuel Pierce Mandell and James Proctor Mandell, neither of whom left issue, and survived by children Emma Howe Mandell Rice and Thomas Proctor Mandell.

    a.    Emma Howe Mandell Rice died testate in 1985 leaving the above referenced children Charles Goodenow Rice II, Emily Proctor Rice Scott, and Anne Proctor Rice Berntsen.

    b.    Thomas Proctor Mandell died in an accident in 1947 with his two children Anne Mandell and Harriet C. Mandell, who left no issue. He is survived by his daughter Geraldine Mandell Craig.

2

7.    Thomas Emerson Proctor, Jr. died in 1949 without issue. In his will, he
      distributed his own property and exercised the power of appointment granted to
      him under the will of his father. His estate included a one-fourth (1/4) interest
      in the minerals owned by his father Thomas Emerson Proctor, Sr. The terms of
      the testamentary trust of Thomas E. Proctor, Jr. were the subject of court action
      in the Supreme Judicial Court and Probate Court of Massachusetts. See
      Hochberg v. Proctor, 805 N.E.2d 979 (Mass. 2004). The Supreme Judicial
      Court of Massachusetts ruled that the trust was to terminate upon the death of
      the great-granddaughter of Thomas E. Proctor Sr., Mattina R. Proctor.
      Thereupon, trust assets were to be paid out to the heirs at law of Thomas E.
      Proctor Jr., determined as of May 31, 1999, in the proportions specified by a
      judgment after rescript dated December 20, 2004, which confirmed an earlier
      judgment dated June 7, 2002, and amended July 9, 2002 issued by Suffolk
      Probate and Family Court. Accordingly, after the death of Mattina R. Proctor
      in 2005, the one-fourth interest in minerals passed to Thomas E. Proctor, Jr.
      were distributed to his heirs in the proportions specified in Exhibit "A";

8.    A majority of the heirs of Thomas E. Proctor Sr. conveyed their mineral
      interests in Pennsylvania derived from Thomas E. Proctor Sr. to the Thomas E.
      Proctor Heirs Trust under Declaration of Trust dated October 28, 1980, which
      is recorded in various counties in Pennsylvania.

      Signed under the pains and penalties of perjury this 2nd day of December, 2009.

                              _Ann P. Hochberg_
                          Ann P. Hochberg

                 COMMONWEALTH OF MASSACHUSETTS

County of Suffolk

      On this 2nd day of December, 2009, before me, the undersigned notary public,
personally appeared ANN P. HOCHBERG, proved to me through satisfactory evidence
of identification, which was _Personal Knowledge_, to be the person
whose name is signed on the preceding document, and acknowledged to me that she
signed it voluntarily for its stated purpose.

      In witness hereof, I hereunto set my hand and official seal.

                        _Sandra R. Krinsky_
                        Notary Public
                        My commission expires:  9|12|2014

Exhibit "A" to that Affidavit of
Ann Hochberg dated December 2, 2009                    7/12/04

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

SUFFOLK DIVISION                                  PROBATE AND FAMILY COURT
                                                  DEPARTMENT
                                                  No. 00E0079

ALVIN S. HOCHBERG and BOSTON SAFE DEPOSIT          )
AND TRUST COMPANY, as Trustees under the           )
will of Thomas E. Proctor, Jr.,                    )
                                                   )
                              Plaintiffs           )
                                                   )
v.                                                 )
                                                   )
MATTINA PROCTOR, et al.                            )
                                                   )
                              DEFENDANTS           )
                                                   )

JUDGMENT AFTER RESCRIPT

This matter came on for entry of judgment following rescript from the
Supreme Judicial Court dated April 8, 2004, whereupon, on consideration
thereof, it is ordered that the Trustees under the will of Thomas E. Proctor,
Jr., are to make distribution of the assets as follows:

1. The life estates in the paragraph THIRD and FIFTH trusts, having
terminated under the terms of paragraph ELEVENTH on May 31,
1999, the remainders of said trusts are added, as of that date, to
the residuary trust of Thomas, Jr.'s, estate created by paragraph
FIFTEENTH.

2. Pursuant to the Court's authority under G.L. c.184 A § 8(b) the
Article FIFTEENTH Trust under testator Thomas E. Proctor, Jr.'s,
will is reformed to comport with his intended distribution as
manifested by his will and codicils thereto and accordingly, the life
estate under Article FIFTEENTH shall continue in effect until the
death of Mattina Proctor, and upon her death the remainder of said
trust is to be distributed outright to the then living heirs of Thomas

E. Proctor, Jr., as of May 31, 1999, in accordance with paragraph 3 of this judgment.

3. The heirs at law as of May 31, 1999, and their proportional interest in the assets are:

1/17 Mattine Riker Proctor
1/17 Esther Shiverick Ytnema
1/17 Mary Abigail Shiverick Morss
1/17 James H. Case
1/17 Elizabeth C. Case
1/34 Ruth Zella Ayer Dougher
1/34 David Ayer
1/34 Edward Ford MacNichol III
1/34 Anne MacNichol Brownell
1/17 Hilda Rice Ayer Curtis
1/51 Nell Rice Ayer, Jr.
1/51 Anne Proctor Ayer
1/51 Richard Randolph Churchill Ayer
1/17 Charles Goodenow Rice II
1/68 Emma Scott Holmes
1/68 Henry Bruce Scott
1/68 Mary Adams Scott
1/68 George Gordon Scott
1/17 Anne Proctor Rice Berntsen
1/17 Thomas E.P. Rice, Jr.
1/17 Jane Patricia Rice
1/17 Emery Van Daell Rice
1/17 Seth Rice
1/17 Geraldine Mandell Craig

4. Trustees, Defendants and Guardians ad litem are to be allowed their reasonable counsel fees, including costs and expenses, in this proceeding, subject to the approval of the Court. Counsel and Guardians ad litem shall meet and confer to determine if an agreement can be reached on the reasonable fees and costs for the respective parties; in either case the matter shall be submitted for approval by the Court.

December 20, 2004

Suffolk, ss.   OCT 1 6 2009   Probate Edna M. Moriarty
Judge of Probate & Family Court

A true copy. Certified:

Register

EXHIBIT #1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

PROBATE AND FAMILY COURT
DOCKET NO. 00B0079

ALVIN S. HOCHBERG and
BOSTON SAFE DEPOSIT AND
TRUST COMPANY, as Trustees
under the will of Thomas E. Proctor Jr.
— PLAINTIFFS —

V.

MATTINA PROCTOR ET AL
DEFENDANTS

# AMENDED JUDGMENT

This matter came on for hearing on an agreed statement of facts and issues of law and, after argument of counsel, consideration of the pleadings and memoranda and applicable law, it is ordered that the Trustees under the will of Thomas E. Proctor Jr. are to make distribution of the assets as follows:

1. The life estate under Articles Third and Fifth having terminated by the terms of Article Eleven as of May 31, 1999, the remainders of said trusts are to be distributed outright to the then living heirs of Thomas E. Proctor Jr. as of that date in accordance with paragraph four of this judgment.

2. Any distribution paid to Mattina Proctor after May 31, 1999 under Articles Third and Fifth is to be set off against her remainder interest in those trusts and to the extent the value of her remainder interest is insufficient for purposes of setoff, the difference is to be reimbursed by her to the trustees.

3. Pursuant to the Court's authority under G.L. c. 184A s 6(b) the Article Fifteenth Trust under testator Thomas E. Proctor Jr.'s will is reformed to comport with his intended distribution as manifested by his will and codicils thereto and accordingly, the life estate under Article Fifteenth shall continue in effect until the death of Mattina Proctor, and upon her death the remainder of said trust is to be distributed outright to the heirs of Thomas E. Proctor Jr. determined as of May 31, 1999, in accordance with paragraph four of this judgment.

1

4. The heirs at law as of May 31, 1999 and their proportional interest in the assets are:

1/17 Mattina Riker Procotr
1/17 Esther Shiverick Yntema
1/17 Mary Abigail Shiverick Morse
1/17 James H. Case
1/17 Elizabeth C. Case
1/34 Ruth Zelle Ayer Dougher
1/34 David Ayer
1/34 Edward Ford MacNichol III
1/34 Anne MacNichol Brownell
1/17 Hilda Rice Ayer Curtis
1/51 Neil Rice Ayer Jr.
1/51 Anne Proctor Ayer
1/51 Richard Randolph Churchill Ayer
1/17 Charles Goodenow Rice II
1/68 Emma Scott Homes
1/68 Henry Bruce Scott
1/68 Mary Adams Scott
1/68 George Gordon Scott
1/17 Anne Proctor Rice Berntsen
1/17 Thomas B.P. Rice Jr.
1/17 Jane Patrica Rice
1/17 Emery Van Daell Rice
1/17 Seth Rice
1/17 Geraldine Mandell Craig

5. Trustees, Defendants and Guardians ad litem are to be allowed their reasonable counsel fees, including costs and expenses, in this proceeding, subject to the approval of the Court. Counsel and Guardians ad litem shall meet and confer to determine if an agreement can be reached on the reasonable fees and costs for the respective parties; in either case the matter shall be submitted for approval by the Court on July 1, 2002 at 12 p.m.

July 9, 2002
nunc pro tunc
June 7, 2002

Elaine M. Moriarty
Justice of Probate and Family Court

Suffolk, ss.          OCT 1 0 2009          Probate Court

A true copy, Certified:

Register

**LYNE, WOODWORTH & EVARTS LLP**
FEDERAL RESERVE PLAZA
600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210
TELEPHONE (617) 832-6055

TELECOPY (617) 248-8077
(617) 248-8078

DOMENIC F. AIELLO

E-Mail: daiello@lwelaw.com

August 12, 2009

Pamela Casey O'Brien, Register
Essex Probate and Family Court
36 Federal Street
Salem, MA 01970

Re:  Trust under Paragraph 3 of the Will of Thomas E. Proctor
     Probate & Family Court No. 226909H

Dear Register Casey O'Brien:

Enclosed for filing and docketing, please find Amended
Appointment of Guardian ad Litem and attached Report. As
indicated in the Report, I have determined that there is no
longer a need for a Guardian ad Litem with regard to the Accounts
under Paragraph Third of the Trust. The counsel for the Trustees
and Judge Moriarty agreed with this view at a hearing held today
at the Suffolk Probate and Family Court.

Please do not hesitate to call with any questions.

Very truly yours,

LYNE, WOODWORTH & EVARTS LLP

By _____
        Domenic F. Aiello

DFA/mu
Enclosure

cc:  Elaine M. Moriarty, Associate Justice
     Attorney Ann B. Hochberg
     James H. McNulty, Jr., Esquire
     John P. Fulginiti, Esquire

Suffolk, SS.   OCT 16 2009   Probate Court
                            (Date)

A true copy. Attest:

_____
                    Register

H:\DFA\Proctor 50051800\Register L07.wpd

Commonwealth of Massachusetts
The Trial Court
Probate and Family Court Department

_____Essex_____ Division

Docket No. __2269UUP__

In the Matter of

__Procter, Thomas E.__

AMENDED   Appointment of Guardian ad Litem

Whereas in the matter of __Allowance of trustees third and final account and the first to sixth__
__and final accounts, inclusive, U/Par 9__
it appears that _____ there are _____ because
a person(s) under disability — there are persons not ascertained or not in being who are or may become interested
in this case, therefore __Dominic P. Aiello, Esq.__ of __Two Alexander DA, K. 22nd FL, Na  02210__
in the County of __Suffolk__ is hereby appointed to act as guardian ad litem/next friend
for such person(s) to represent his — her — their interests in said case.

The guardian ad litem shall be paid by ☐ _____
☐ the Commonwealth of Massachusetts, _____ hours are authorized
with leave to request more by motion if necessary.

Date __April 11, 2003__

I hereby accept the above appointment.

[FOR ALL APPOINTMENTS made after 7/1/2000] I understand that, pursuant to Supreme Judicial Court Rule 1:07(F) no
payment shall be made to or received by me from any source on account of this appointment until I have filed the
required certification with the court. I certify that I have filed all of the fee reports required by the rule for payments made
to me in the fiscal year previous to this fiscal year.

[FOR COMMONWEALTH PAID ONLY] I acknowledge receipt of Fiscal Year 1997 Memo #14 of the Chief Justice for
Administration and Management with the Certificate of Services Form and Instructions.

NORMAN C. BABBEY
Notary Public
Commonwealth of Massachusetts
My Commission Expires
June 1, 2012

Personally appeared the above named __Domenic P. Aiella__ ___8/12___ 200_5_
that (s)he would faithfully and impartially perform the duty imposed on him — her by the foregoing appointment.
and made oath

_____ Please see attached Report of Guardian ad
Litem determining that there is no longer a need for a Guardian ad Litem to review
these accounts. Judge Moriarty, and counsel for the trustees concurred in this
conclusion at a hearing held today in the Suffolk Probate and Family Court.

Date __August 12, 2005__

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

PROBATE AND FAMILY COURT
DOCKET NO. 00E0079

ALVIN S. HOCHBERG and
BOSTON SAFE DEPOSIT AND
TRUST COMPANY, as Trustees
under the will of Thomas E. Proctor Jr.

PLAINTIFFS

V.

MATTINA PROCTOR ET AL

DEFENDANTS

## JUDGMENT

This matter came on for hearing on an agreed statement of facts and issues of law and, after argument of counsel, consideration of the pleadings and memoranda and applicable law, it is ordered that the Trustees under the will of Thomas E. Proctor Jr. are to make distribution of the assets as follows:

1. The life estate under Articles Third and Fifth having terminated by the terms of Article Eleven as of May 31, 1999, the remainders of said trusts are to be distributed outright to the then living heirs of Thomas E. Proctor Jr. as of that date in accordance with paragraph four of this judgment.

2. Any distribution paid to Mattina Proctor after May 31, 1999 under Articles Third and Fifth is to be set off against her remainder interest in those trusts and to the extent the value of her remainder interest is insufficient for purposes of setoff, the difference is to be reimbursed by her to the trustees.

3. Pursuant to this Court's authority under O.L. c. 184A s 6(b) the Article Fifteenth Trust under testator Thomas E. Proctor Jr.'s will is reformed to comport with his intended distribution as manifested by his will and codicils thereto and accordingly, the life estate under Article Fifteenth shall continue in effect until the death of Mattina Proctor, and upon her death the remainder of said trust is to be distributed outright to the then living heirs of Thomas E. Proctor Jr. as of May 31, 1999, in accordance with paragraph four of this judgment.

1

4. The heirs at law as of May 31, 1999 and their proportional interest in the assets are:

> 1/17 Mattina Riker Procotr
> 1/17 Esther Shiverick Ynteran
> 1/17 Mary Abigail Shiverick Morss
> 1/17 James H. Case
> 1/17 Elizabeth C. Case
> 1/34 Ruth Zelie Ayer Dougher
> 1/34 David Ayer
> 1/34 Edward Ford MacNichol III
> 1/34 Anne MacNichol Brownell
> 1/17 Hilda Rice Ayer Curtis
> 1/51 Nell Rice Ayer Jr.
> 1/51 Anne Proctor Ayer
> 1/51 Richard Randolph Churchill Ayer
> 1/17 Charles Goodenow Rice II
> 1/68 Emma Scott Hontes
> 1/68 Henry Bruce Scott
> 1/68 Mary Adams Scott
> 1/68 George Gordon Scott
> 1/17 Anne Proctor Rice Berntsen
> 1/17 Thomas B.P. Rice Jr.
> 1/17 Jane Patrice Rice
> 1/17 Emery Van Daell Rice
> 1/17 Seth Rice
> 1/17 Geraldine Mandell Craig

5. Trustees, Defendants and Guardians ad litem are to be allowed their reasonable counsel fees, including costs and expenses, in this proceeding, subject to the approval of the Court. Counsel and Guardians ad litem shall meet and confer to determine if an agreement can be reached on the reasonable fees and costs for the respective parties; in either case the matter shall be submitted for approval by the Court on July 1, 2002 at 12 p.m.

June 7, 2002

_Elaine M. Moriarty_
Elaine M. Moriarty
Judge of Probate and Family Court

OCT 1 8 2009

Suffolk, ss.———————————Probate Court

A true copy, Certified:

_Richard Iannell_
Register

2.



I, James H. Proctor, of Ipswich, Essex County,
Massachusetts, declare this to be my last will hereby
revoking all wills heretofore made by me.

I give and bequeath all my property of every
name and nature including all property over which I shall
possess any power of appointment by my will as follows:

FIRST: I give and devise to my daughter, Esther
B. Proctor, the land and buildings situated partly in the
Town of Ipswich and partly in the Town of Hamilton and now
occupied by me as a residence, together with all my house-
hold furniture and furnishings, clothing, jewelry, books,
bric-a-brac, silver, pictures, automobiles, horses, cattle,
and all other tangible personal property.

SECOND: I give and devise to my daughter, Esther
B. Proctor, all my right, title and interest in and to the
real estate situated in West Gloucester which I received
from the estates of my wife and my daughter, Martha R. Preston.

THIRD: I give the sum of Two Thousand Dollars
($2,000) to each of the following persons who have long been
in my employ: James W. Brown, Patrick Warren, and George
A. Comeau, all of said Ipswich; Edward McNamara, of Boston;
Mrs. Kenneth W. Gillies and Mrs. James W. Low, both of
Beverly.

FOURTH: I give the sum of Two Thousand Dollars
($2,000) to each of the following-named persons: Guy H.
Sargeant, of Winchester, and Percy J. Young, of Newton.

SHIRLEY ROCKEFELLER
REGISTER AND RECORDER
BRADFORD COUNTY, PA
Pennsylvania
INSTRUMENT NUMBER
200929240
RECORDED ON
Dec 29, 2009
9:20:33 AM
FILE NUMBER
0009-0357
RECORDING FEES –  $125.00
REGISTER OF WILLS $225.00
TOTAL PAID         CUSTOMER
OKIN'S & ASSOCIATES LAND
SERVICE, LLC

FIFTH:  I give the sum of Five Thousand Dollars ($5,000) to the New England Deaconess Hospital, of Boston, for its general uses and purposes.  I make this gift by reason of my affectionate regard for Elliott Proctor Joslin, whose interest in said hospital has continued for very many years.

SIXTH:  All the rest, residue and remainder of said property I give and devise to those of my children who shall survive me and the issue who shall survive me of any child of mine who shall have predeceased me, children of mine to take equally and issue of a deceased child to take by right of representation the share such deceased child would have taken if surviving me; provided however, that if my son, John R. Proctor, shall survive me, I give and devise his share to the trustees hereinafter named, in trust, to hold, manage, invest and reinvest the same as follows:

(a)  To pay to or expend for the benefit of my son, John R. Proctor, during his lifetime the net annual income from such share quarter-yearly, or oftener in the discretion of the trustees.

(b)  Upon the decease of my said son, or upon my decease, if I shall survive him, the trustees shall transfer, pay over and convey the trust estate, free from trust, to the then living issue of my said son, such issue to take by right of representation, and in default of such issue, shall transfer, pay over and convey the trust estate to my then living issue, such issue to take by right of representation.

- 2 -

No interest of any beneficiary hereunder shall be assigned, transferred, encumbered or alienated by any such beneficiary, and no such interest shall be reached by any creditor or be attached by virtue of any legal, equitable or bankruptcy proceedings.

I direct that all estate, succession, legacy, inheritance or transfer taxes, however designated, that shall be levied upon or against my estate, or levied upon or with respect to the proceeds of any policies of insurance on my life, or any property in my name jointly with another or others, or any gift, devise or appointment made by me during my lifetime or under the terms of this will shall be paid from my residuary estate, and I authorize my executors and trustees to pay, compromise and settle such taxes whether or not on present or future interests.

I authorize and empower my executors, without license or decree of any court, to sell the whole or any part of my estate, both real and personal, at public auction or private sale, upon such terms and for such sum or sums as they may deem wise, and to execute, acknowledge and deliver such deeds or other instruments as they may deem necessary or proper, and no purchaser shall be under obligation to see to the application of the purchase money; to adjust by arbitration or compromise any demands in favor of or against my said estate upon such terms as to them shall seem best and their decision shall be final.

The trustees shall have power, in their uncontrolled

-- 3 --

discretion, to sell for reinvestment, distribution or other
purposes of the trust all or any part of the trust property
at public auction or private sale and no purchaser shall be
bound to see to the application of the purchase money; to
mortgage, pledge or lease, whether or not extending beyond
the term of the trust, any property of which the trust
estate may consist; to exchange property for other property;
to determine all questions arising between principal and
income and any such determination shall be final and binding
upon all persons then or thereafter interested hereunder; to
receive and retain as long as the trustees shall see fit any
property owned by me at my decease even though the same be
an improper trust investment and even though the same is in
larger amounts than a trustee might be authorized to hold in
a single fund; and generally to take any action which the
trustees may deem to be for the best interest of the trust.

Each trustee shall be liable only for his or its
own wilful default.

The word "trustees" as used in this will shall be
taken to mean the trustee or trustees for the time being
whether original or substituted.

I appoint my son, Thomas E. Proctor, 2nd, and
Boston Safe Deposit and Trust Company, a corporation duly
organized and existing under the laws of the Commonwealth
of Massachusetts and having a usual place of business in
Boston, Suffolk County, Massachusetts, to be the executors
of this will, and I direct that each of them and any

administrator with the will annexed be exempt from furnishing surety on the official bond.

I appoint my son, John R. Proctor, and said Boston Safe Deposit and Trust Company to be the trustees under this will, and I direct that each of them and any successor trustee be exempt from furnishing surety on the official bond.

IN WITNESS WHEREOF I hereto set my hand and seal this 22 day of March, 1946.

*James H. Proctor*

Signed, sealed, published and declared by James H. Proctor as and for his last will in the presence of us who, at his request, in his presence and in the presence of each other, hereto subscribe our names as witnesses on the day and year just above mentioned.

| | |
|---|---|
| *Eleanor Odin* | *Arlington, Mass.* |
| *William Sawyer, Jr.* | *Manchester, Mass.* |
| *Thomas M. Reynolds* | *Wellesley, Mass.* |

ESSEX, SS

WILL PROVED Oct. 22, 1946   ATTEST *Pamela Casey O'Brien*

NOV 17 2009

PROBATE COURT

REGISTER

E-974
AO38

## COMMONWEALTH OF MASSACHUSETTS

Essex, ss.                                                                    PROBATE COURT

The ~~First and Final~~ ............... Account of .THOMAS .H. .PROCTOR. 2nd, and
BOSTON SAFE DEPOSIT AND TRUST COMPANY.

~~administrat~~.............................................of the estate .........................

~~executors~~ ....... of the will of ............JAMES .H. .PROCTOR. ..........................

~~Ipswich~~ ....................... in said County of Essex, ..................................... deceased,

This account is for the period beginning with the .......twenty-second .................. day of
October .............................. 1946 , and ending with the .......fourteenth.............. day of
March ................. 1960 .

Said accountants   charge   t h em selves   with the several amounts
received, as stated in Schedule A, herewith exhibited,     .     .     .    $.692,134.53..............
and ask to be allowed for sundry payments and charges,  as  stated  in
Schedule B, herewith exhibited,      .      .      .      .      .     $.692,134.53..............

Balance as stated in Schedule C, herewith exhibited,   .   .   .   $............None...........

~~X~~We certify under the penalties of perjury that the within account is just and true.
BOSTON SAFE DEPOSIT AND TRUST COMPANY

*Thomas E. Proctor*                      *John D. Henning*            } Executors
*(formerly Thomas E. Proctor 2nd)*       Trust Officer

                                          ~~Administrat~~      ~~Execut~~

The undersigned, being all persons ..................................... interested, having examined
the foregoing account, request    that the same may be allowed without further notice.

...........................................................................................................

...........................................................................................................

## COMMONWEALTH OF MASSACHUSETTS

Essex, ss.                                                                    PROBATE COURT

At a Probate Court held at ........*Salem*............, in and for said County of Essex,
on the .......*Fifth*.............. day of .*February*............... 19 62

The foregoing ..............................................................................................
.........................account ................................................ having been presented for
allowance, and certified by the accountant     and all ...........................................
persons interested having been duly notified .*and the Attorney General*.........
*in action of charities* ...........................................................................
~~having consented thereto in writing~~.................................................................

and no objections being made thereto, and the same having been examined and considered by the
Court. ....................................................................................................
................................................... It is decreed that said account be allowed.

.........................................................................................................

                                          *Edward Sheehan* Judge of Probate Court.
                                          * Strike out non-applicable words.

5M-2-5-59

I, Pamela Casey O'Brien, Register of Probate Court for Essex County do hereby certify that
the foregoing is a true copy of a document on file in this court.

                                                                    NOV 2 5 2009

IN WITNESS, Whereof, I have set my hand and affixed the seal of said Court this_____

ESSEX, SS                                                          PROBATE COURT

                       *Pamela Casey O'Brien*

CERTIFIED                 REGISTER OF PROBATE                      A TRUE COPY

(1894)
(13)

[Minors must be so designated, and the names of their guardians, if any, be given. The heirs-at-law and next of kin may be determined by reference to Chapters 190 and 193 of the General Laws, Ter. Con. Ed.]

## TO THE HONORABLE THE JUDGES OF THE PROBATE COURT IN AND FOR THE COUNTY OF ESSEX:

Thomas E. Proctor, 2nd, of Hamilton in the County of RESPECTFULLY represents Essex and Boston Safe Deposit and Trust Company, a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts and having a ~~in the County of~~ usual place of business in Boston in the County of Suffolk

that ................................ James H. Proctor

who last dwelt in ...Ipswich............................ in said County of Essex, ...............................

died on the ........seventh.............................. day of ........September............................

in the year of our Lord one thousand nine hundred and ..forty-six.............................

possessed of goods and estate remaining to be administered, leaving no widow ~~husband~~

h..is.........only heirs-at-law and next of kin, the persons whose names, residences and relationship to the deceased are as follows, viz.:

| NAME. | RESIDENCE. | RELATIONSHIP. |
|---|---|---|
| Thomas E. Proctor, 2nd, | Hamilton, Mass, | Son |
| John Riker Proctor | Camden, Maine | Son |
| Mary J. P. Case | Avon, New York | Daughter |
| Esther R. Proctor | Ipswich, Mass. | Daughter |

That said deceased left a WILL ~~and~~ .................. ~~codicil~~ herewith presented, wherein your petitioner s' are ....named executors.....and wherein the testator...........has requested that your petitioners be exempt from giving a surety on their bonds.

WHEREFORE your petitioners pray that said will ~~and codicil~~ may be proved and allowed and letters testamentary issued to them , without giving a surety on their official bond s , and certify that the statements herein contained are true to the best of their knowledge and belief.

Dated this *thirteenth* day of .......September.............. A. D. 1946

MAILING ADDRESS.

...c/o Tyler & Reynolds.............

1 Court Street, Boston 8, Mass........

*Thomas E. Proctor* 2nd

BOSTON SAFE DEPOSIT AND TRUST COMPANY

By *[signature]*

ESSEX, ss.                    Subscribed and sworn to this.....13th...........

day of ........September.................. A. D. 1946

Before me, .......*[signature]*....... ~~Justice of the Peace~~

Notary Public

The undersigned, being all the persons interested in the estate who are of full age and legal capacity, other than creditors, and the guardians of persons interested therein, hereby consent that the above named petitioner s be exempt from giving any surety on their bond s , and that the above petition be granted ..................................

................................................................................................

48      3M-10-28-40

# COMMONWEALTH OF MASSACHUSETTS.

ESSEX, SS.

At a Probate Court holden at ............... Salem ............... in and for said County of Essex, on the ............... twenty-second ............... day of ............... October ............... in the year of our Lord one thousand nine hundred and ............... forty-six.

ON the petition of Thomas E. Proctor, second, of Hamilton in said County of Essex, and Boston Safe Deposit and Trust Company, of ............... Boston ............... in the County of ............... Suffolk, praying that the instrument ............... therewith presented, purporting to be the last will and testament and ............... codicil of ............... James H. Proctor, late of ............... Ipswich ............... in said County of Essex, deceased, may be proved and allowed, and letters testamentary issued to   them   , the execut ors therein named, ............... without giving a surety on their bond s ; ...............

............... and the heirs-at-law, ............... next of kin, ............... and all other persons interested, having been notified according to the order of the Court, to appear and show cause, if any they have, against the same: ...............

and no party objecting thereto, and it appearing ...............

that said instrument ............... is ............... the last will and testament of said deceased, and w as ............... legally executed, and that said testat or ............... was, at the time ............... of making the same, of full age and sound mind; and that said petitioner s ............... are ............... competent person   to be appointed to said trust;

IT IS THEREFORE DECREED that said instrument ............... be approved and allowed as the last will and testament of said deceased, and letters testamentary be issued to said petitioner s, ............... they first giving bonds without sureties, for the due performance of said trust.

............... John J. Phelan ............... Judge of Probate Court.

16

No. 24923

Estate of James H. Proctor

PROBATE OF WILL

[WITHOUT SURETIES]

Petition—Decree.

Returnable _____ Feb 21, 1946.

Allowed _____ Oct. 22 _____ 19 46.

Recorded Vol. _____ Page _____

For Petitioner:

Tyler & Reynolds
1 Court Street
Boston 8, Massachusetts

For Respondent:

FEE SENT

First and
Final Account                    JAMES H. PROCTOR                    Page 2

SCHEDULE A

| Number of Item | | | | | |
|---|---|---|---|---|---|
| | | Amount of personal property, according to inventory | | | $604,229.48 |
| 1 | Income | Amounts received from income, gain on sale of personal | | | |
| 2 | | property over appraised value, and from other | | | |
| 3 | | property, as follows: | | | |
| 4 | 1946 | | | | |
| 5 | Dec. 23 | Div. Allied Chemical & Dye Corp. | | | 15.00 |
| 6 | 30 | " do. | | | 20.00 |
| 7 | 1947 | | | | |
| 8 | Mar. 21 | " do. | | | 15.00 |
| 9 | 1946 | | | | |
| 10 | Dec. 16 | " Allied Mills, Inc. | | | 11.00 |
| 11 | 1947 | | | | |
| 12 | Jan. 6 | " American Surety Co. of New York | | | 5.00 |
| 13 | 1946 | | | | |
| 14 | Dec. 2 | " American Tel. & Tel. Co.   (due 10-15-46) | | | 315.00 |
| 15 | 1947 | | | | |
| 16 | Jan. 16 | " do. | | | 315.00 |
| 17 | Apr. 17 | " do. | | | 315.00 |
| 18 | July 16 | " do. | | | 315.00 |
| 19 | Oct. 17 | " do. | | | 315.00 |
| 20 | 1948 | | | | |
| 21 | Jan. 16 | " do. | | | 315.00 |
| 22 | Apr. 16 | " do. | | | 315.00 |
| 23 | July 16 | " do.   (Collected for Thomas E. Proctor, 2nd) | | | 78.75 |
| 24 | 1946 | | | | |
| 25 | Dec. 13 | " Atlas Powder Co. | | | 5.00 |
| 26 | 2 | " Babcock & Wilcox Co.   (due 10-31-46) | | | 60.00 |
| 27 | 23 | " do.   (due 12-20-46) | | | 60.00 |
| 28 | 1947 | | | | |
| 29 | Apr. 30 | " do. | | | 60.00 |
| 30 | 1946 | | | | |
| 31 | Dec. 2 | " Bank of New York   (due 10-1-46) | | | 7.00 |
| 32 | 1947 | | | | |
| 33 | Jan. 6 | " do. | | | 7.00 |
| 34 | 15 | " Boston Safe Deposit & Trust Co. | | | 400.00 |
| 35 | Mar. 20 | " do. | | | 152.00 |
| 36 | 1946 | | | | |
| 37 | Dec. 2 | " Central Hanover Bank & Trust Co.   (due 10-1-46) | | | 41.00 |
| 38 | 1947 | | | | |
| 39 | Jan. 6 | " do. | | | 41.00 |
| 40 | Apr. 2 | " do. | | | 41.00 |
| 41 | | | | | |
| 42 | | | | | |
| 43 | | | Forward | | $ 607,453.23 |
| 44 | | | | | |
| 45 | | | | | |
| 46 | | | | | |
| 47 | | | | | |
| 48 | | | | | |

PR 8    SH

First and
Final Account

JAMES H. PROCTOR

Page 3

SCHEDULE A  -  Continued

Forward  $607,453.23

| Number of Item | | | | | |
|---|---|---|---|---|---|
| 1 | Income | | | | |
| 2 | 1946 | | | | |
| 3 | Dec. 17 | Div. | Consolidated Edison Co. of New York, Inc. | | |
| 4 | 1947 | | | | 45.20 |
| 5 | Mar. 18 | " | do. | | 45.20 |
| 6 | Jan. 16 | " | Continental Insurance Co. | | 519.00 |
| 7 | July 15 | " | do. | | 400.00 |
| 8 | 1948 | | | | |
| 9 | Jan. 16 | " | do. | | 400.00 |
| 10 | 1946 | | | | |
| 11 | Dec.  2 | " | Corn Exchange Bank Trust Co. | (due 11-1-46) | 1.20 |
| 12 |  2 | " | Crocker, Burbank & Co. Assn. | (due 9-27-46) | 119.00 |
| 13 | 23 | " | do. | | 952.00 |
| 14 | 1947 | | | | |
| 15 | Mar. 28 | " | do. | | 119.00 |
| 16 | July  1 | " | do. | | 238.00 |
| 17 | Sept.29 | " | do. | | 238.00 |
| 18 | Dec. 23 | " | do. | | 714.00 |
| 19 | 1948 | | | | |
| 20 | Mar.  8 | " | do. | | 238.00 |
| 21 | 1946 | | | | |
| 22 | Dec. 17 | " | E.I. du Pont de Nemours & Co. | | 1,883.25 |
| 23 | 1947 | | | | |
| 24 | Mar. 14 | " | do. | | 1,674.00 |
| 25 | June 18 | " | do. | | 800.00 |
| 26 | 19 | " | do. | | 874.00 |
| 27 | Sept.16 | " | do. | | 800.00 |
| 28 | Dec. 16 | " | do. | | 800.00 |
| 29 | 1948 | | | | |
| 30 | Mar. 16 | " | do. | | 800.00 |
| 31 | June 15 | " | do. | | 800.00 |
| 32 | 1946 | | | | |
| 33 | Dec.  2 | " | E.I. du Pont de Nemours & Co. $4.50 Pfd. | (due 10-25-46) | 139.50 |
| 34 | 1947 | | | | |
| 35 | Jan. 27 | " | do. | | 139.50 |
| 36 | Apr. 25 | " | do. | | 139.50 |
| 37 | July 28 | " | do. | | 139.50 |
| 38 | Oct. 28 | " | do. | | 139.50 |
| 39 | 1948 | | | | |
| 40 | Jan. 27 | " | do. | | 139.50 |
| 41 | Apr. 28 | " | do. | | 139.50 |
| 42 | | | | | |
| 43 | | | | | |
| 44 | | | | | |
| 45 | | | | Forward | $620,889.58 |
| 46 | | | | | |
| 47 | | | | | |
| 48 | | | | | |

First and
Final Account

JAMES H. PROCTOR

Page 4

SCHEDULE A — Continued

Forward  $620,889.58

| Number of Item | Income | | | | | |
|---|---|---|---|---|---|---|
| 1 | Income | | | | | |
| 2 | 1946 | | | | | |
| 3 | Dec. | 2 | Div. Eastern Gas & Fuel Assoc. $4\frac{1}{2}\%$ Cum. Prior Pref. (due 10-1-46) | | | 56.25 |
| 4 | 1947 | | | | | |
| 5 | Jan. | 3 | " | do. | | 56.25 |
| 6 | Apr. | 2 | " | do. | | 56.25 |
| 7 | 1946 | | | | | |
| 8 | Dec. | 2 | " | Eastern Utilities Associates (due 11-15-46) | | 100.00 |
| 9 | 1947 | | | | | |
| 10 | Feb. | 17 | " | do. | | 100.00 |
| 11 | Jan. | 6 | " | Eastman Kodak Co. | | 187.50 |
| 12 | Apr. | 2 | " | do. | | 131.25 |
| 13 | July | 1 | " | do. | | 126.00 |
| 14 | Oct. | 3 | " | do. | | 126.00 |
| 15 | 1948 | | | | | |
| 16 | Jan. | 5 | " | do. | | 198.00 |
| 17 | Apr. | 2 | " | do. | | 126.00 |
| 18 | July | 6 | " | do. (Collected for Thomas E. Proctor 2nd) | | 31.50 |
| 19 | 1947 | | | | | |
| 20 | Jan. | 16 | " | Fidelity-Phoenix Fire Insurance Co. of New York | | 613.20 |
| 21 | July | 16 | " | do. | | 400.00 |
| 22 | 1948 | | | | | |
| 23 | Jan. | 16 | " | do. | | 480.00 |
| 24 | 1946 | | | | | |
| 25 | Dec. | 2 | " | General Electric Co. (due 10-25-46) | | 20.00 |
| 26 | 1947 | | | | | |
| 27 | Jan. | 28 | " | do. | | 20.00 |
| 28 | Apr. | 28 | " | do. | | 20.00 |
| 29 | 1946 | | | | | |
| 30 | Dec. | 13 | " | General Motors Corp. | | 134.00 |
| 31 | 1947 | | | | | |
| 32 | Mar. | 11 | " | do. | | 201.00 |
| 33 | June | 11 | " | do. | | 201.00 |
| 34 | Sept. | 11 | " | do. | | 201.00 |
| 35 | Dec. | 11 | " | do. | | 201.00 |
| 36 | 1948 | | | | | |
| 37 | Mar. | 12 | " | do. | | 201.00 |
| 38 | June | 11 | " | do. | | 201.00 |
| 39 | 1946 | | | | | |
| 40 | Dec. | 2 | " | Hanover Fire Insurance Co. of the City of New York | | |
| 41 | | | | (due 10-1-46) | | 5.40 |
| 42 | 1947 | | | | | |
| 43 | Jan. | 3 | " | do. | | 5.40 |
| 44 | | | | | | |
| 45 | | | | | | |
| 46 | | | | Forward | | $625,088.58 |
| 47 | | | | | | |
| 48 | | | | | | |

PR 6   BH

First and
Final Account

JAMES R. PROCTOR

Page 5

SCHEDULE A  —  Continued

Forward  $625,088.58

| Number of Item | | | | | |
|---|---|---|---|---|---|
| 1 | Income | | | | |
| 2 | 1946 | | | | |
| 3 | Dec. 2 | Div. Hercules Powder Co. | | (due 9-25-46). | |
| 4 | 23 | " | do. | | 87.50 |
| 5 | 1947 | | | | 262.50 |
| 6 | Mar. 26 | " | do. | | |
| 7 | June 26 | " | do. | | 122.50 |
| 8 | Sept. 26 | " | do. | | 121.80 |
| 9 | Dec. 23 | " | do. | | 121.80 |
| 10 | 1948 | | | | 330.60 |
| 11 | Mar. 26 | " | do. | | |
| 12 | 1946 | | | | 121.80 |
| 13 | Dec. 2 | | Mahoning Coal R.R. Co. | (due 10-1-46) | |
| 14 | 30 | " | do. | | 93.75 |
| 15 | 1947 | | | | 93.75 |
| 16 | Apr. 3 | " | do. | | |
| 17 | July 3 | " | do. | | 112.50 |
| 18 | Oct. 3 | " | do. | | 112.50 |
| 19 | Dec. 31 | " | do. | | 187.50 |
| 20 | 1948 | | | | 187.50 |
| 21 | Apr. 6 | " | do. | | |
| 22 | July 7 | " | do. (Collected for Thomas E. Proctor 2nd) | | 187.50 |
| 23 | 1946 | | | | 50.00 |
| 24 | Dec. 2 | " | Mass. Utilities Investment Trust 5% Cum. Partic. Conv. Pfd. | | |
| 25 | | | | (due 10-15-46) | |
| 26 | 1947 | | | | 3.13 |
| 27 | Jan. 16 | " | do. | | |
| 28 | 1946 | | | | 3.13 |
| 29 | Dec. 23 | " | Mission Corp. | | |
| 30 | 30 | " | do. | (due 12-27-46) | 40.00 |
| 31 | 2 | " | National Biscuit Co. | (due 10-15-46) | 6.40 |
| 32 | 1947 | | | | 250.80 |
| 33 | Jan. 16 | " | do. | | |
| 34 | Apr. 16 | " | do. | | 250.80 |
| 35 | July 17 | " | do. | | 334.40 |
| 36 | Oct. 17 | " | do. | | 160.00 |
| 37 | 1948 | | | | 160.00 |
| 38 | Jan. 16 | " | do. | | |
| 39 | Apr. 16 | " | do. | | 320.00 |
| 40 | 1946 | | | | 160.00 |
| 41 | Dec. 10 | " | National Biscuit Co. 7% Cum. Pfd. | | |
| 42 | 1947 | | | | 22.75 |
| 43 | Mar. 4 | " | do. | | |
| 44 | June 5 | " | do. | | 22.75 |
| 45 | | | | | 22.75 |
| 46 | | | | | |
| 47 | | | | Forward | |
| 48 | | | | | $629,038.99 |

First and
Final Account                    JAMES H. PROCTOR                           Page 6

                              SCHEDULE A - Continued        Forward    $629,038.99

Number
of Item

| | | | | | |
|---|---|---|---|---|---|
| 1 | Income | | | | |
| 2 | 1947 | | | | |
| 3 | Feb. | 4 | Div. National City Bank of New York | | 9.60 |
| 4 | 1946 | | | | |
| 5 | Dec. | 13 | " New Jersey Zinc Co. | | 1,275.00 |
| 6 | 1947 | | | | |
| 7 | Mar. | 10 | " do. | | 637.50 |
| 8 | June | 10 | " do. | | 300.00 |
| 9 | Sept. | 11 | " do. | | 150.00 |
| 10 | Dec. | 11 | " do. | | 300.00 |
| 11 | | 26 | " do. | | 450.00 |
| 12 | 1948 | | | | |
| 13 | Mar. | 11 | " do. | | 150.00 |
| 14 | June | 10 | " do. | | 300.00 |
| 15 | 1946 | | | | |
| 16 | Dec. | 2 | " New York Trust Co. | (due 10-1-46) | 13.00 |
| 17 | 1947 | | | | |
| 18 | Jan. | 7 | " do. | (due 1-2-47) | 13.00 |
| 19 | Apr. | 3 | " do. | | 13.00 |
| 20 | 1946 | | | | |
| 21 | Dec. | 13 | " Phelps Dodge Corp. | | 2.00 |
| 22 | 1947 | | | | |
| 23 | Jan. | 29 | " Radio Corp. of America | | 38.20 |
| 24 | 1946 | | | | |
| 25 | Dec. | 17 | " Singer Manufacturing Co. | | 9.00 |
| 26 | 1947 | | | | |
| 27 | Jan. | 20 | " do. | (due 12-27-46) | 12.00 |
| 28 | 1946 | | | | |
| 29 | Dec. | 24 | " Southern Pacific Co. | | 17.00 |
| 30 | | 17 | " Standard Oil Co. of California | | 24.70 |
| 31 | 1947 | | | | |
| 32 | Mar. | 18 | " do. | | 24.70 |
| 33 | 1946 | | | | |
| 34 | Dec. | 2 | " United Fruit Co. | (due 10-15-46) | 322.50 |
| 35 | 1947 | | | | |
| 36 | Jan. | 16 | " do. | | 322.50 |
| 37 | Apr. | 16 | " do. | | 645.00 |
| 38 | July | 15 | " do. | | 300.00 |
| 39 | Oct. | 15 | " do. | | 900.00 |
| 40 | 1948 | | | | |
| 41 | Jan. | 15 | " do. | | 300.00 |
| 42 | Apr. | 15 | " do. | | 900.00 |
| 43 | | | | | |
| 44 | | | | | |
| 45 | | | | Forward | $636,467.69 |
| 46 | | | | | |
| 47 | | | | | |
| 48 | | | | | |

PR D   DH

First and
Final Account

JAMES H. PROCTOR

SCHEDULE A  --  Continued

Page  7

Forward   $636,467.69

| Number of Item | | | | | | |
|---|---|---|---|---|---|---|
| 1 | Income | | | | | |
| 2 | 1946 | | | | | |
| 3 | Dec. | 2 | Div. United Shoe Machinery Corp. | (due 10-5-46) | | |
| 4 | 1947 | | | | | 31.25 |
| 5 | Jan. | 6 | " | do. | | |
| 6 | Mar. | 3 | " | do. | | 31.25 |
| 7 | Apr. | 8 | " | do. | | 50.00 |
| 8 | 1946 | | | | | 31.25 |
| 9 | Dec. | 2 | " | United Shoe Machinery Corp. 6% Cum. Pfd. | (due 10-5-46) | 8.25 |
| 10 | 1947 | | | | | |
| 11 | Jan. | 6 | " | do. | | 8.25 |
| 12 | Apr. | 7 | " | do. | | 8.25 |
| 13 | 1946 | | | | | |
| 14 | Dec. | 2 | " | Van Norman Machine Tool Co. | (due 9-20-46) | |
| 15 | | 26 | " | do. | | 50.00 |
| 16 | 1947 | | | | | 150.00 |
| 17 | Mar. | 20 | " | do. | | 50.00 |
| 18 | Jan. | 3 | " | Warren National Bank of Peabody, Mass. | | 4.00 |
| 19 | 1946 | | | | | |
| 20 | Dec. | 2 | " | Westchester Fire Insurance Co. | (due 11-1-46) | |
| 21 | | 21 | Int. | Baltimore & Ohio R.R. Co. | | .80 |
| 22 | 1947 | | | | | 20.00 |
| 23 | May | 1 | " | do. | | |
| 24 | July | 2 | " | do. | | 20.00 |
| 25 | 1946 | | | | | 6.67 |
| 26 | Dec. | 2 | " | Boston & Albany R.R. Co. | (due 10-1-46) | |
| 27 | 1947 | | | | | 87.50 |
| 28 | Apr. | 1 | " | do. | | |
| 29 | May | 15 | " | do. | | 87.50 |
| 30 | Jan. | 2 | " | Boston & Maine R.R. | (sold) | 20.90 |
| 31 | Apr. | 23 | " | do. | (1960) | 100.00 |
| 32 | Mar. | 4 | " | Ellicott Square Co. of Buffalo | (sold) | 61.67 |
| 33 | Jan. | 2 | " | New York & Westchester Lighting Co. | | 425.00 |
| 34 | Apr. | 23 | " | do. | (sold) | 20.00 |
| 35 | 1946 | | | | | 12.33 |
| 36 | Dec. | 21 | " | City of Detroit, Mich. | (due 10-1-46) | |
| 37 | 1947 | | | | | 81.25 |
| 38 | Mar. | 1 | " | Corporate Stock of the City of New York | (1963) | |
| 39 | Apr. | 29 | " | do. | (sold) | 45.00 |
| 40 | 1946 | | | | | 12.75 |
| 41 | Dec. | 21 | " | Corporate Stock of the City of New York | (1965) | |
| 42 | 1947 | | | | | 112.50 |
| 43 | Apr. | 23 | " | do. | (sold) | |
| 44 | | | | | | 88.13 |
| 45 | | | | | | |
| 46 | | | | | | |
| 47 | | | | Forward | | $638,092.19 |
| 48 | | | | | | |

First and
Final Account                    JAMES H. PROCTOR                          Page 8

| Number of Item | | | | | | |
|---|---|---|---|---|---|---|
| 1 | | | SCHEDULE A → Continued    Forward | | | $638,092.19 |
| 2 | Income | | | | | |
| 3 | 1946 | | | | | |
| 4 | Dec. | 21 | Int. Corporate Stock of the City of New York (1972)(due 10-15-46) | | | 21.25 |
| 5 | 1947 | | | | | |
| 6 | Apr. | 15 | " | do | | 21.25 |
| 7 | | 23 | " | do | (sold) | .83 |
| 8 | Mar. | 5 | " | United States of America Savings Series G | | 12.50 |
| 9 | 1946 | | | | | |
| 10 | Dec. | 21 | " | United States of America Treasury | (due 10-15-46) | 8.52 |
| 11 | | 31 | " | do | (sold) | 3.55 |
| 12 | 1947 | | | | | |
| 13 | Sept. | 26 | Int. from 3-15-47 on refund of overpayment of Federal tax for | | | |
| 14 | | | the period from January 1st to September 7, 1946 | | | 431.20 |
| 15 | | | | | | |
| 16 | | | Reimbursement of Mass. taxes — Esther B. Proctor $1.60; | | | |
| 17 | | | Thomas E. Proctor $1.61 | | | 3.21 |
| 18 | 1949 | | | | | |
| 19 | May | 16 | Amount received from Old Colony Trust Company representing | | | |
| 20 | | | final distribution from trust under the will of | | | |
| 21 | | | Lydia W. Thacher | | | 14.32 |
| 22 | Oct. | 9 | Refund of portion of Federal income tax for period 9-6-46 | | | |
| 23 | | | to 12-31-46 $232.18; interest from 3-15-47 to | | | |
| 24 | | | 7-28-50 $46.93 | | | 279.11 |
| 25 | 1950 | | | | | |
| 26 | Dec. | 4 | Amount received from Old Colony Trust Company, Administrator | | | |
| 27 | | | of the estate of Martha Proctor Preston, in full of | | | |
| 28 | | | distributive share due this estate | | | 794.27 |
| 29 | | | | | | |
| 30 | | | | | | |
| 31 | | | | | | |
| 32 | | | | | | |
| 33 | | | | | | |
| 34 | | | | | | |
| 35 | | | | | | |
| 36 | | | | | | |
| 37 | | | | | | |
| 38 | | | | | | |
| 39 | | | | | | |
| 40 | | | | | | |
| 41 | | | | | | |
| 42 | | | | Forward | | $639,682.20 |
| 43 | | | | | | |
| 44 | | | | | | |
| 45 | | | | | | |
| 46 | | | | | | |
| 47 | | | | | | |
| 48 | | | | | | |

First and
Final Account                    JAMES H. PROCTOR                         Page 9

| Number of Item | | | | |
|---|---|---|---|---|
| 1 | | | SCHEDULE A — Continued          Forward | $639,682.20 |
| 2 | | | | |
| 3 | | | **Principal**                    GAINS | |
| 4 | 1946 | | | |
| 5 | Dec. | 10 | Proceeds from sale 140 rights American Tel. & Tel. Co. | 292.08 |
| 6 | 1947 | | | |
| 7 | Jan. | 10 | Gain on sale 11 shs. Allied Mills, Inc. | 17.20 |
| 8 | | | Gain on sale 5 shs. Phelps Dodge Corp. | 33.58 |
| 9 | | | Gain on sale 3 shs. Singer Manufacturing Co. | 26.66 |
| 10 | | 13 | Gain on sale 2 shs. Corn Exchange Bank & Trust Co. | 3.59 |
| 11 | | 15 | Cash received as distribution from estate of John L. Riker | 1,166.66 |
| 12 | | 25 | Gain on sale 25½ shs. Ellicott Square Co. of Buffalo 5% Pfd. | 125.42 |
| 13 | Mar. | 14 | Return premium from Obrien, Russell & Co. on cancellation of | |
| 14 | | | liability policy protecting property at Ipswich and | |
| 15 | | | Hamilton, Mass. | 23.58 |
| 16 | Apr. | 21 | Cash received as a distribution on shares of Insull Utility | |
| 17 | | | Investments, Inc. — not inventoried | 2.80 |
| 18 | | 23 | Gain on sale $1,000. New York & Westchester Lighting Co. 4s, | |
| 19 | | | July 1, 2004 | 7.72 |
| 20 | May | 1 | Deposit in Warren Five Cents Savings Bank, Peabody, Mass. — | |
| 21 | | | not inventoried | 610.46 |
| 22 | | 2 | Gain on sale 10 shs. Allied Chemical & Dye Corp. | 34.94 |
| 23 | | | Gain on sale 2 shs. Hercules Powder Co. | 3.79 |
| 24 | | | Gain on sale 32 shs. Mission Corp. | 135.35 |
| 25 | | | Gain on sale 38 shs. Standard Oil Co. of California | 148.37 |
| 26 | | 5 | Gain on sale 3 shs. Eastman Kodak Co. | 31.88 |
| 27 | | 19 | Proceeds from sale of Parker Suyle Trap Gun and Case — not | |
| 28 | | | inventoried | 75.00 |
| 29 | June | 19 | Gain on sale 437 shs. E.I. du Pont de Nemours & Co. | 461.97 |
| 30 | Sept. | 26 | Cash received representing refund of overpayment of Federal | |
| 31 | | | income tax for period Jan. 1, to Sept. 7, 1946 | 16,489.00 |
| 32 | Oct. | 2 | Cash received from Thomas E. Proctor, 2nd, Hazen H. Ayer | |
| 33 | | | and Boston Safe Deposit and Trust Company, Trustees under | |
| 34 | | | the will of Thomas E. Proctor representing valance of | |
| 35 | | | collected and accrued income due this estate | 1,177.85 |
| 36 | | | | |
| 37 | Nov. | 3 | Adjustment of inventory value of the following: | |
| 38 | | | $17,000. Ellicott Square Co. of Buffalo 5s, Mar. 1, 1950 | 14,365.00 |
| 39 | | | 10 shs. E.A. Abbott Co. | 1,792.80 |
| 40 | | | 119 shs. Crocker Burbank Co. Association | 6,545.00 |
| 41 | | | | |
| 42 | Dec. | 4 | Proceeds from sale 140 rights American Tel. & Tel. Co. | 252.86 |
| 43 | | 19 | Cash received from estate of Thomas E. Proctor representing | |
| 44 | | | back rents due this estate at date of death | 304.00 |
| 45 | | | | |
| 46 | | | Forward | $683,809.76 |
| 47 | | | | |
| 48 | | | | |

First and
Final Account                 JAMES H. PROCTOR                          Page 10

| Number of Item | | | | | |
|---|---|---|---|---|---|
| 1 | | | SCHEDULE A – Continued | Forward | $683,809.76 |
| 2 | | | | | |
| 3 | | | **Principal** | **GAINS** | |
| 4 | 1948 | | | | |
| 5 | June | 3 | Appreciation on 2 shs. Mahoning Coal. R.R. distributed to | | |
| 6 | | | Boston Safe Deposit and Trust Company and John R. | | |
| 7 | | | Proctor, Trustees, at market value | | 161.12 |
| 8 | Aug. | 2 | Appreciation on 1 sh. Mahoning Coal. R.R. distributed to | | |
| 9 | | | Thomas E. Proctor, 2nd, at market value | | 80.56 |
| 10 | | | Appreciation on 3 shs. Crocker Burbank Association distributed | | |
| 11 | | | to Thomas E. Proctor, 2nd, at market value | | 303.00 |
| 12 | | 20 | Cash received as a distribution on shares of Insull Utility | | |
| 13 | | | Investments, Inc. – not inventoried | | 31.10 |
| 14 | 1949 | | | | |
| 15 | May | 11 | Cash received from Old Colony Trust Co., representing 1/15th | | |
| 16 | | | interest due from estate of Lydia W. Thacher – on a/c | | 1,500.00 |
| 17 | | 16 | Cash received from Old Colony Trust Co., representing balance | | |
| 18 | | | due from estate of Lydia W. Thacher | | 484.98 |
| 19 | Nov. | 21 | Received from Esther B. Proctor, representing her pro rata | | |
| 20 | | | share of insurance premiums paid by this estate on real | | |
| 21 | | | estate devised to her | | 1,981.39 |
| 22 | 1950 | | | | |
| 23 | May | 10 | Interest in estate of John L. Riker – additional property | | -------- |
| 24 | | 16 | Balance due from estate of John L. Riker | | 1,587.47 |
| 25 | Oct. | 9 | Refund of Federal income tax for period 9-8-46 to 12-31-46 | | 211.48 |
| 26 | | | Interest on refund of Federal income tax for period 9-8-46 | | |
| 27 | | | to 12-31-46 | | 42.75 |
| 28 | Dec. | 4 | Balance received from Old Colony Trust Co., Administrator | | |
| 29 | | | of the estate of Martha Proctor Preston | | 1,940.92 |
| 30 | | | | | |
| 31 | | | | | |
| 32 | | | | | $692,134.53 |
| 33 | | | | | |
| 34 | | | | | |

PR 6   6H-12-42

First and
Final Account

JAMES H. PROCTOR

Page 11.

| Number of Item | | | | | |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | | | **SCHEDULE B** | | |
| 3 | | | | | |
| 4 | | Showing payments, charges, losses and distributions: | | | |
| 5 | | | | | |
| 6 | Principal | | DEBTS AND ADMINISTRATION EXPENSES | | |
| 7 | 1946 | | | | |
| 8 | Nov. | 16 | Executors' certificate of appointment | | |
| 9 | | 25 | Photostatic copy of executors' certificate of appointment | | $.50 |
| 10 | Dec. | 6 | Boston Safe Deposit and Trust Company, rental of safe deposit | | .20 |
| 11 | | | box and cost of replacing lost key | | 5.30 |
| 12 | | 19 | H. W. Atkinson, fish | | 135.00 |
| 13 | | 20 | Esther B. Proctor, reimbursement to her for payment of telephone | | |
| 14 | | | service from September 5th to November 5, 1946 | | 23.86 |
| 15 | | | Thomas E. Proctor, 2nd, reimbursement for payment of the | | |
| 16 | | | following bills paid by him: | | |
| 17 | | | | | |
| 18 | | | John Skibesi, wages for August, 1946 | $121.50 | |
| 19 | | | George Comeau,        do. | 170.00 | |
| 20 | | | James W. Brown,        do. | 150.00 | |
| 21 | | | Virginia Ryan, balance of wages from | | |
| 22 | | | August 25th to Sept. 7, 1946 | 30.00 | 471.50 |
| 23 | | 23 | Guy H. Sargeant, services during 1946 | | 200.00 |
| 24 | | | Peer P. Johnson et al, hospital care | | 140.00 |
| 25 | | | Tyler & Reynolds, disbursements re estate matters | | 20.45 |
| 26 | | | Town of Ipswich, electric service | | 142.75 |
| 27 | | | S. Sullivan, horseshoes | | 25.00 |
| 28 | | | Socony-Vacuum Oil Co. Inc., gasoline | | 46.60 |
| 29 | | | E. A. Abbott Co., repairs | | 906.92 |
| 30 | | | Charles W. Rand, plumbing and heating repairs | | 182.95 |
| 31 | | | Ipswich News Co., newspapers | | 16.30 |
| 32 | | | Ipswich Grain Co., feed | | 154.35 |
| 33 | | | Ipswich Family Laundry, service | | 3.50 |
| 34 | | | Boston Safe Deposit and Trust Co., rental of safe deposit box | | 36.00 |
| 35 | | | S. S. Pierce Co., provisions | | 34.75 |
| 36 | | | Fairlawn Animal Hospital, care of cat | | 25.00 |
| 37 | | | F. A. Bartlett Tree Expert Co. Inc., service | | 403.50 |
| 38 | | | Beverly Hospital, board, nurses and supplies | | 1,149.41 |
| 39 | | | Tyler & Reynolds, reimbursement for payment of the following | | |
| 40 | | | bills paid by them: | | |
| 41 | | | Catherine Monagee, wages for Oct. 1946 | $140.00 | |
| 42 | | | Margaret Quinn,                 do. | 135.00 | |
| 43 | | | Alice Reid,                 do. | 91.14 | |
| 44 | | | Mary Walsh,                 do. | 91.14 | |
| 45 | | | Abbie McGillicuddy,                 do. | 77.70 | |
| 46 | | | | | |
| 47 | | | Forward | 534.98 | $4,122.82 |
| 48 | | | | | |

PR B    SH-12-49

First and
Final Account                          JAMES H. PROCTOR                        Page 12.

Number
of Item

1
2                              SCHEDULE B — Continued        Forward        $4,122.82

3  Principal   DEBTS AND ADMINISTRATION EXPENSES — Continued
4  1946
5  Dec.  23   Tyler & Reynolds, reimbursement for payment of the following
6             bills paid by them, continued:
7                                                  Forward      $534.98
8             Patrick Warren, wages for Sept. 1946                160.00
9             John Cummings,          do.                         112.50
10            Louis Holder,           do.                         112.50
11            Paul Anacki,            do.                         112.50
12            John Sieron,            do.                         112.50
13            John Skibesi,           do.                         112.50
14            Louis Weskebi,          do.                         112.50
15            Joe Sack,               do.                         112.50
16            Stanley Stacke,         do.                          67.50
17            William Comeau,         do.                          90.00
18            Mrs. Warren, board and laundry, two men             66.09
19            James W. Brown, wages for Sept. 1946               150.00
20            Post office rent                                     1.50
21            James W. Brown, expenses                             1.00
22            George Comeau, wages for Sept. 1946                170.00
23            Edward McNamara,        do.                         165.00
24            Esther B. Proctor, household expenses, Sept.'46    640.00
25            Patrick Warren, wages for Oct. 1946                160.00
26            John Cummings,          do.                         121.50
27            Louis Holder,           do.                         121.50
28            Joe Sack,               do.                         121.50
29            John Sierou,            do.                         121.50
30            Louis Weskehi,          do.                         121.50
31            John Skibesi,           do.                         121.50
32            Stanley Stacke,         do.   (10 days)             45.00
33            William Comeau,         do.                          90.00
34            Mrs. Warren, board and laundry, two men             64.24
35            George Comeau, wages for Oct. 1946                 170.00
36            James W. Brown,         do.                         150.00
37            Edward McNamara,        do.                         165.00      4,385.81
38         Rhodes Bros. Co., provisions                                      1,014.02
39         N. J. Bolles, Co., groceries                                        930.29
40         John W. Goodhue Corp., hardware                                       1.66
41         Thomas J. Grey Co., garden supplies                                 271.12
42         Agawam Dispatch, moving                                              2.06
43         Welch's Fish Market, Inc., fish                                      4.45
44     27  Charles W. Rand, plumbing                                           55.93
45
46
47
48                                              Forward       $10,788.14

PR ¾   6H-12-49

First and
Fihal Account                              JAMES H. PROCTOR                        Page 13.

Number
of Item

| | | | |
|---|---|---|---|
| 1 | | | |
| 2 | | SCHEDULE B ~ Continued   Forward | $10,788.14 |
| 3 | | | |
| 4 | Principal | DEBTS AND ADMINISTRATION EXPENSES ~ Continued | |
| 5 | 1947 | | |
| 6 | Jan.  6 | Certificate of death of James H. Proctor | .2( |
| 7 | 7 | Percy G. Elwell, demolition of building and trucking | 200.0( |
| 8 | | Photostatic copies of will | 1.5( |
| 9 | | Photostatic copies of executors' certificate of appointment | .9( |
| 10 | 10 | Photostatic copies of executors' certificate of appointment | 5.4( |
| 11 | | Photostatic copies of will | 27.0( |
| 12 | | Photostatic copy of Indenture of John Riker Proctor | .6( |
| 13 | | Photostatic copy of resignation of Thomas E. Proctor, Trustee | .3( |
| 14 | | Photostatic copy of appointment of John Riker Proctor, Trustee | .3( |
| 15 | | Photostatic copy of appointment of Thomas E. Proctor, 2nd, Trustee | .3( |
| 16 | 14 | Transfer stamps | .0' |
| 17 | 17 | Pierce S. Haley, fee for appraising tangible personalty | 600.0( |
| 18 | 24 | Town of Ipswich, water and electricity | 100.1( |
| 19 | Mar.  4 | Mass. tax assessed on income received by this decedent during the | |
| 20 | | period from January 1st to September 7, 1946 | 966.7( |
| 21 | | Mass. tax assessed on gains made during the period from September | |
| 22 | | 8th to December 31, 1946 | 163.3( |
| 23 | 6 | F. A. Bartlett Tree Expert Co., service | 494.7( |
| 24 | 12 | David Broude, preparation of income tax returns in 1946 | 500.0( |
| 25 | 14 | Federal tax assessed on gains made during the period from | |
| 26 | | September 8th to December 31, 1946 | 849.1( |
| 27 | 24 | Boston Blue Print Co. Inc., service | 7.9( |
| 28 | Apr.  11 | Executors' certificate of appointment | .5( |
| 29 | 14 | Pierce S. Haley, typing inventories of miscellaneous personalty | |
| 30 | | in estate | 75.0( |
| 31 | 22 | Photostatic copies of will of various relatives of this decedent | 5.7( |
| 32 | | Photostatic copies of executors' certificate of appointment | .6( |
| 33 | 30 | Photostatic copies of will and executors' certificate of appoint- | |
| 34 | | ment | 3.3( |
| 35 | May  8 | Photostatic copies of executors' inventory | 7.2( |
| 36 | 19 | Photostatic copy of release of Federal estate tax lien on property | |
| 37 | | at Ipswich, Mass. | .3( |
| 38 | 22 | Transfer stamps | 8.0( |
| 39 | June  2 | Registered mail and insurance charges | 3.1( |
| 40 | 4 | Appraisers' fees (3) | 900.0( |
| 41 | 23 | Railway express charges | 1.4( |
| 42 | 30 | Edward L. Murphy, services re valuation of stock of E. A. Abbott Co. | 20.6( |
| 43 | | | |
| 44 | | | |
| 45 | | | |
| 46 | | Forward | $15,720.9( |
| 47 | | | |
| 48 | | | |

First and
Final Account                    JAMES H. PROCTOR                    Page 14

SCHEDULE B -- Continued    Forward    $15,720.94

DEBTS AND ADMINISTRATION EXPENSES -- Continued

| Number of Item | Date | | Description | Amount |
|---|---|---|---|---|
| 1 | **Principal** | | | |
| 2 | 1947 | | | |
| 3 | Aug. | 29 | Mass. additional tax assessed on gains made during the period | |
| 4 | | | from September 8th to December 31, 1946 | 7.42 |
| 5 | Sept. | 3 | Photostatic copy of executors' inventory | 1.80 |
| 6 | | 11 | Thomas E. Proctor, 2nd, Hazen H. Ayer and Boston Safe Deposit and | |
| 7 | | | Trust Co., Trustees under will of Thomas E. Proctor, | |
| 8 | | | reimbursement to them for payment of Mass. tax assessed on | |
| 9 | | | income due this decedent for 1946 | |
| 10 | | 12 | Registered mail and insurance charges | 2,394.94 |
| 11 | Oct. | 23 | Massachusetts inheritance tax on a/c | .28 |
| 12 | Dec. | 8 | Federal estate tax | 19,775.00 |
| 13 | | 19 | Photostatic copy of letter dated Dec. 12, 1946 from Merlin L. | 167,919.22 |
| 14 | | | Trumbell, M.D. | 1.20 |
| 15 | 1948 | | | |
| 16 | Jan. | 12 | David Broude, services re examination of 1944, 1945 and 1946 | |
| 17 | | | income tax returns | 100.00 |
| 18 | | 16 | Executors' compensation | 19,000.00 |
| 19 | May | 7 | Registered mail and insurance charges | .61 |
| 20 | | 20 | Tyler & Reynolds, legal services re allowance of will and other | |
| 21 | | | estate matters | 12,500.00 |
| 22 | June | 1 | Executors' certificate of appointment and trustees' certificate | |
| 23 | | | of appointment | 1.00 |
| 24 | | 7 | Transfer stamps | 137.44 |
| 25 | | 10 | Photostatic copies of executors' and trustees' certificates of | |
| 26 | | | appointment | 3.60 |
| 27 | | 14 | Transfer stamps | 1.00 |
| 28 | | 22 | Photostatic copies of executors' and trustees' certificates of | |
| 29 | | | appointment | .90 |
| 30 | July | 28 | Registered mail and insurance charges | 8.50 |
| 31 | Sept. | 29 | Massachusetts inheritance tax on a/c | 309.46 |
| 32 | 1949 | | | |
| 33 | Feb. | 17 | Fee for certificate from Commonwealth of Massachusetts to be used | |
| 34 | | | to support claim for deduction of Massachusetts inheritance | |
| 35 | | | tax on Federal estate tax return | 1.25 |
| 36 | Mar. | 1 | Mass. tax assessed on gains made during the year 1948 | .79 |
| 37 | | 15 | Federal tax assessed on gains for the year 1948 | 2.61 |
| 38 | May | 6 | Additional Federal estate tax | 2,956.67 |
| 39 | | 10 | Osman Babson, D.V.M., professional services | 442.02 |
| 40 | 1950 | | | |
| 41 | June | 30 | Certificate of appointment | .50 |
| 42 | 1958 | | | |
| 43 | Sept. | 2 | Balance of Massachusetts inheritance tax on present interests | 23.60 |
| 44 | 1960 | | | |
| 45 | Jan. | 20 | Massachusetts inheritance tax -- balance | |
| 46 | | | Expenses re filing executors' first and final account | 4,659.19 |
| 47 | | | | 98.50 |
| 48 | | | Forward | $246,068.44 |

First and
Final Account

JAMES H. PROCTOR

| Number of Item | | | | |
|---|---|---|---|---|
| 1 | | | SCHEDULE B -- Continued    Forward | $246,068.44 |
| 2 | | | | |
| 3 | | | DEBTS AND ADMINISTRATION EXPENSES -- Continued | |
| 4 | | | | |
| 5 | Income | | | |
| 6 | 1947 | | | |
| 7 | Jan. | 7 | Photostatic copies certificate of appointment | 2.40 |
| 8 | Mar. | 14 | 1st instalment Federal income tax Sept. 8th to Dec. 31, 1946 | 668.23 |
| 9 | June | 13 | 2nd instalment Federal income tax Sept. 8th to Dec. 31, 1946 | 668.23 |
| 10 | Sept. | 5 | Executors' compensation | 1,239.37 |
| 11 | | | Balance Federal income tax Sept. 8th to Dec. 31, 1946 | 1,336.47 |
| 12 | 1948 | | | |
| 13 | Mar. | 12 | 1st instalment Federal income tax for 1947 | 1,115.97 |
| 14 | June | 9 | 2nd instalment Federal income tax for 1947 | 1,115.96 |
| 15 | Sept. | 14 | 3rd instalment Federal income tax for 1947 | 1,115.96 |
| 16 | | | Executors' compensation | 822.34 |
| 17 | | 29 | Interest on Massachusetts inheritance tax | 17.33 |
| 18 | Dec. | 6 | 4th instalment Federal income tax for 1947 | 1,115.96 |
| 19 | 1949 | | | |
| 20 | Mar. | 15 | Federal income tax for 1948 in full | 919.76 |
| 21 | May | 16 | Interest on Federal estate tax deficiency | 223.21 |
| 22 | | | | |
| 23 | Principal | | FUNERAL EXPENSES | |
| 24 | | | | |
| 25 | 1946 | | | |
| 26 | Dec. | 23 | Whittier Funeral Home, funeral director | 892.00 |
| 27 | | | The Hearst Corp., death notice | 1.75 |
| 28 | 1947 | | | |
| 29 | Mar. | 19 | Henry Murray Co., monument work | 487.85 |
| 30 | | | | |
| 31 | | | LOSSES | |
| 32 | 1946 | | | |
| 33 | Dec. | 31 | Loss on sale $400. United States of America Treasury 4¼s, | |
| 34 | | | Oct. 15, 1952 | 4.87 |
| 35 | 1947 | | | |
| 36 | Jan. | 8 | Loss on sale 1 share Boston Real Estate Exchange | 44.25 |
| 37 | | 10 | Loss on sale 10 shs. Atlas Powder Co. | 18.79 |
| 38 | | | Loss on sale 100 shs. Mass. Utilities Associates | 18.58 |
| 39 | | | Loss on sale 2 shs. Warren National Bank of Peabody, Mass. | 4.16 |
| 40 | | | Loss on sale 4 shs. American Surety Co. of New York | 13.08 |
| 41 | | | Loss on sale 5 shs. Mass. Utilities Associates 5% Pfd. | 16.49 |
| 42 | | 13 | Loss on sale 50 shs. Niagara Hudson Power Corp. | 26.81 |
| 43 | | | Loss on sale 12 shs. United Dyewood Corp. | 26.30 |
| 44 | | | Loss on sale 191 shs. Radio Corp. of America | 433.52 |
| 45 | | 14 | Loss on sale 2 shs. Bank of New York | 80.24 |
| 46 | | | | |
| 47 | | | Forward | $258,498.32 |

First and
Final Account                          JAMES H. PROCTOR                          Page 16

|  |  |  | SCHEDULE B – Continued   Forward | $258,498.32 |
|---|---|---|---|---|

| Number of Item | | | Principal | |
|---|---|---|---|---|
| 1 | | | **Principal** | |
| 2 | | | | |
| 3 | 1947 | | LOSSES – Continued | |
| 4 | Jan. | 14 | Loss on sale 18 shs. Hanover Fire Insurance Co. | 34.63 |
| 5 | | | Loss on sale 2 shs. Westchester Fire Insurance Co. | 8.66 |
| 6 | | 20 | Loss on sale 17 shs. Southern Pacific Co. | 110.84 |
| 7 | Feb. | 8 | Loss on sale 1 sh. Boston Athenaeum | 27.74 |
| 8 | | 12 | Loss on sale 12 shs. National City Bank of New York | 21.72 |
| 9 | Mar. | 20 | Loss on sale 200 shs. Boston Safe Deposit and Trust Company | 4.00 |
| 10 | Apr. | 23 | Loss on sale $1,000. Corp. Stock of the City of New York 4¼s, Apr. 15, 1972 | 113.75 |
| 11 | | | | |
| 12 | | | Loss on sale $5,000. Corp. Stock of the City of New York 4¼s, June 1, 1965 | 381.25 |
| 13 | | | | |
| 14 | | | Loss on sale $2,000. Corp. Stock of the City of New York 4¼s, Mar. 1, 1963 | 155.00 |
| 15 | | | | |
| 16 | | | Loss on sale $5,000. Boston & Maine R.R. 4s, July 1, 1960 | 471.25 |
| 17 | | 24 | Loss on sale $3,000. Boston & Maine R.R. 4⅜s, July 1, 1970 | 163.35 |
| 18 | | 25 | Loss on sale $2,000. Boston & Maine R.R. 4⅜s, July 1, 1970 | 109.06 |
| 19 | | 28 | Loss on sale 200 shs. Eastern Utilities Associates | 941.00 |
| 20 | Apr. | 29 | Loss on sale 200 shs. Bangor & Aroostook R.R. Co. | 1,292.33 |
| 21 | | | Loss on sale 50 shs. General Electric Co. | 289.70 |
| 22 | | | Loss on sale 45 shs. United Fruit Co. | 9.03 |
| 23 | | | Loss on sale 50 shs. United Shoe Machinery Corp. | 490.64 |
| 24 | | | Loss on sale 22 shs. United Shoe Machinery Corp. 6% Cum. Pfd. | 14.03 |
| 25 | | | Adjustment of interest inventoried as $152.50 – should have been $112.50 (on $5,000. Corp. Stock of City of N.Y. 4⅜s,1956) | 40.00 |
| 26 | | | | |
| 27 | | 30 | Loss on sale 50 shs. Eastern Gas & Fuel Associates 4½% Cum. Prior Pfd. | 622.18 |
| 28 | | | | |
| 29 | May | 1 | Loss on sale 113 shs. Consolidated Edison Co. of New York | 274.84 |
| 30 | | | Loss on sale 41 shs. Central Hanover Bank & Trust Co. | 507.07 |
| 31 | | | Loss on sale 275 shs. New Jersey Zinc Co. | 603.36 |
| 32 | | | Loss on sale 119 shs. Continental Insurance Co. | 112.39 |
| 33 | | 2 | Loss on sale 136 shs. National Biscuit Co. | 55.33 |
| 34 | | | Loss on sale 100 shs. Van Norman Machine Tool Co. | 182.46 |
| 35 | | | Loss on sale 13 shs. New York Trust Co. | 171.07 |
| 36 | | 6 | Loss on sale 111 shs. Fidelity–Phoenix Fire Insurance Co. of New York | 395.60 |
| 37 | | | | |
| 38 | | | | |
| 39 | | | The following securities charged off as worthless: | |
| 40 | | | | |
| 41 | | | 10 shs. Consolidated Weir Co. | 0.00 | |
| 42 | | | 100 shs. New England Cooperative Society 7% Pfd. | 0.00 | |
| 43 | | | 50 shs. Portland & Ogdensburg Rwy. | $4,700.00 | 4,700.00 |
| 44 | | | | |
| 45 | | | | |
| 46 | | | Forward | $270,809.80 |
| 47 | | | | |

First and
Final Account

JAMES H. PROCTOR

Number
of Item

SCHEDULE B — Continued     Forward     $270,800.60

Principal

LOSSES — Continued

1947

| | | | |
|---|---|---|---|
| May | 7 | Loss on sale 300 shs. New Jersey Zinc Co. | |
| | | Loss on sale 120 shs. Babcock & Wilcox Co. | 637.09 |
| | | Loss on sale 100 shs. Van Norman Machine Tool Co. | 104.67 |
| | 8 | Loss on sale 100 shs. New Jersey Zinc. Co. | 182.46 |
| | 14 | Loss on sale 300 shs. New Jersey Zinc Co. | 208.39 |
| | 15 | Loss on sale $5,000. Boston & Albany R.R. Co. 3⅛s, Apr. 1, 1952 | 936.34 |
| | | Loss on sale 13 shs. National Biscuit Co. 7% Pfd. | 40.00 |
| | 16 | Loss on sale 300 shs. National Biscuit Co. | 208.12 |
| May | 27 | Loss on sale $16,000. Ellicott Square Co. of Buffalo 1st Mtge. Ref. 5s, Mar. 1, 1950 | 411.03 |
| June | 6 | Loss on sale $1,000. Ellicott Square Co. of Buffalo 1st Mtge. Ref. 5s, Mar. 1, 1950 | 684.96 |
| July | 2 | Loss on sale $1,000. Baltimore & Ohio R.R. Co. 4s, Nov. 1, 1980 | 70.50 |
| Dec. | 2 | Adjustment of inventoried value of jewelry and silverware — | 109.63 |
| | | French medals — not found among the effects of this decedent | 10.00 |

DISTRIBUTIONS FROM INCOME

Esther B. Proctor — 1/4th                    Thomas E. Proctor — 1/4th

1947

Mar.    4    $60.08(1st instal. Mass. tax        $60.08(1st instal. Mass. tax
on income for the period              on income for the period
Sept. 8th to Dec. 31, 1946)           Sept. 8th to Dec. 31, 1946)
Aug.   29    60.07(Bal. Mass. tax on income     60.07(Bal. Mass. tax on income
for the period Sept. 8th             for the period Sept. 8th
to Dec. 31, 1946)                    to Dec. 31, 1946)
1948
Mar.    1    160.92(1st instal. Mass. tax       160.92(1st instal. Mass. tax
on income for the year               on income for the year
1947)                                1947)
Sept. 16    160.92(Bal. Mass. tax on income    160.91(Bal. Mass. tax on income
for the year 1947)                   for the year 1947)
1949
Mar.    1    113.86(Mass. tax on income for     113.87(Mass. tax on income
the year 1948                        for the year 1948)
Apr.   22    5,000.00                          5,000.00
1960
Mar.   14       677.77                            838.02
            $6,233.62                         $6,393.87

Forward     12,627.49
            $287,031.26

First and
Final Account

JAMES H. PROCTOR

Page 18

| Number of Item | | | | |
|---|---|---|---|---|
| | | SCHEDULE B – Continued   Forward | | $287,031.28 |
| 1 | | DISTRIBUTIONS FROM INCOME – Continued | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | John R. Proctor and Boston | |
| 5 | | | Safe Deposit and Trust Company, | |
| 6 | 1949 | Mary J.P. Case – 1/4th | Trustees – 1/4th | |
| 7 | Apr.   22 | $5,000.00 | $5,000.00 | |
| 8 | 1960 | | | |
| 9 | Mar.   14 | 1,232.02 | 1,232.02 | |
| 10 | | $6,232.02 | $6,232.02 | |
| 11 | | | | 12,464.04 |

PRINCIPAL DISTRIBUTION

Distribution of the following property, in accordance with the
provisions of the will:

Esther B. Proctor
Delivery of all household furniture and furnishings, jewelry,
books, bric-a-brac, silver, pictures, automobiles, horses
and all other tangible personal property in accordance with
Article 1 of the will:

| | | | |
|---|---|---|---|
| 1948 | | | |
| Jan.   26 | Household furniture, automobiles, etc. at Mostly Hall, Ipswich, Mass.: | | |
| | Furniture, silverware and other articles of household use and supply | $26,532.90 | |
| | 1937 Lincoln Sedan | 200.00 | |
| | 1941 Ford Station Wagon | 900.00 | |
| | 1939 Ford Station Wagon | 500.00 | |
| | 1938 Ford Express Truck | 325.00 | |
| | 1933 Ford one and one-half ton Truck | 100.00 | |
| | 1934 Ford Platform Truck | 200.00 | |
| | Livestock (horses) | 800.00 | |
| | Farm equipment | 1,745.00 | |
| | Household furniture, furnishings, etc. at 100 Beacon Street, Boston, Mass.: | | |
| | Furniture, etc. | 860.50 | |
| | Laces | 75.00 | |
| July   26 | Jewelry | 428.00 | |
| | Silverware | 14.00 | |
| | | | 32,680.40 |

Forward   $332,175.72

First and
Final Account

<u>JAMES H. PROCTOR</u>

Number
of Item
1
2                                    <u>SCHEDULE B</u> - Continued     Forward        $332,175.72
3
4                                    <u>PRINCIPAL DISTRIBUTION</u> - Continued
5
6            Distribution of the following property, in accordance with the
7            provisions of the will: - continued
8
9              Payment in full of the following legacies under Article
10  1947         3. of the will:
11  May   27
12                 James W. Brown                        $2,000.00
13                 Patrick Warren                         2,000.00
14                 George A. Comeau                        2,000.00
15                 Edward McNamara                         2,000.00
16                 Margaret A. Gillies (called Mrs. Kenneth
17                                   W. Gillies in will)   2,000.00
18                 Nettie Low (called Mrs. James W. Low
19                                   in will)              2,000.00      12,000.00
20
21             Payment in full of the following legacies under Article
22             4. of the will:
23
24                 Guy H. Sargeant                        $2,000.00
25                 Percy J. Young                          2,000.00       4,000.00
26
27             Payment in full of the following legacy under Article
28             5. of the will:
29
30                 New England Deaconess Hospital                         5,000.00
31
32
33
34
35
36
37                                                  Forward        $353,175.72
38
39
40
41
42
43
44
45
46
47
48

PR 6    SH

First and
Final Account

JAMES H. PROCTOR

Number
of Item

SCHEDULE B -- Continued    Forward    $353,175.72

PRINCIPAL DISTRIBUTION  Continued

Distribution of the following property, in accordance with
the provisions of the will: -- continued

Delivery of the following property in accordance with the
provisions of Article SIXTH of the will, representing
the residue of the estate

Esther B. Proctor -- 1/4th

| | | | Book Values |
|---|---|---|---|
| 1948 | | | |
| June | 3 | 3 shs. Mahoning Coal Railroad Co. | $1,200.00 |
| | | 35 shs. American Tel. & Tel. Co. | 6,243.13 |
| | | 67 shs. General Motors Corp. | 3,852.50 |
| | | 100 shs. E.I. du Pont de Nemours & Co. | 18,137.50 |
| | | 87 shs. Hercules Powder Co. | 4,556.62 |
| | | 75 shs. New Jersey Zinc Co. | 4,621.88 |
| | | 100 shs. National Biscuit Co. | 3,012.50 |
| | | 150 shs. United Fruit Co. | 7,162.50 |
| | | 29 shs. Crocker, Burbank & Co. Association | 1,595.00 |
| | | 90 shs. Eastman Kodak Co. | 3,942.00 |
| | | 100 shs. Continental Insurance Co. | 5,062.50 |
| | | 100 shs. Fidelity-Phoenix Fire Insurance Co. of New York | 5,375.00 |
| | | 31 shs. E.I. du Pont de Nemours & Co. $4.50 Cum. Pfd. | 4,014.50 |
| 1949 | 4 | Cash | 961.12 |
| Apr. | 22 | Cash | 11,750.00 |
| 1960 | | | |
| Mar. | 14 | Cash | 3,238.66 |
| | | | 84,725.41 |
| | | | $84,725.41 |
| | | Share of Mass. taxes paid on gains to principal | 57.18 |
| | | | $84,782.59 |
| | | Forward | $437,901.13 |

First and
Final Account                    JAMES H. PROCTOR                    Page 21

Number
of Item

1
2                                SCHEDULE B — Continued   Forward   $437,901.13
3
4                              PRINCIPAL DISTRIBUTION — Continued
5
6                   Distribution of the following property, in accordance with
7                      the provisions of the will: — continued
8
9                   Delivery of the following property in accordance with the
10                     provisions of Article SIXTH of the will, representing
11                     the residue of the estate: — continued
12
13  1948                        Mary J.P. Case — 1/4th
14  June    3                                                      Book Values
15                      3 shs. Mahoning Coal Railroad Co.          $1,200.00
16                     35 shs. American Tel. & Tel. Co.             6,243.12
17                     67 shs. General Motors Corp.                 3,852.50
18                    100 shs. E.I. du Pont de Nemours & Co.       18,137.50
19                     87 shs. Hercules Powder Co.                  4,556.63
20                     75 shs. New Jersey Zinc Co.                  4,621.87
21                    100 shs. National Biscuit Co.                 3,012.50
22                    150 shs. United Fruit Co.                     7,162.50
23                     29 shs. Crocker, Burbank & Co. Association   1,595.00
24                     90 shs. Eastman Kodak Co.                    3,942.00
25                    100 shs. Continental Insurance Co.            5,062.50
26                    100 shs. Fidelity-Phoenix Fire Insurance Co.
27                            of New York                          5,375.00
28                     31 shs. E.I. du Pont de Nemours & Co. $4.50
29                            Pfd.                                 4,014.50
30  1949              Cash                                           961.12
31  Apr.  22          Cash                                        11,750.00
32  1960
33  Mar.  14
34                                                                 3,295.85
35                                                                         84,782.59
36
37
38
39
40                                          Forward        $522,683.72
41
42
43
44
45
46
47
48

First and
Final Account

JAMES H. PROCTOR

Page 23

SCHEDULE B — Continued   Forward   607,409.12

PRINCIPAL DISTRIBUTION — Continued

Distribution of the following property, in accordance with
the provisions of the will: — continued

Delivery of the following property in accordance with
the provisions of Article SIXTH of the will, representing
the residue of the estate: — continued

John R. Proctor and Boston Safe Deposit and Trust Company,
Trustees — 1/4th

| Number of Item | | | | Book values |
|---|---|---|---|---|
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | 1948 | | | |
| 15 | June | 3 | 3 shs. Mahoning Coal Railroad Co. | $1,200.00 |
| 16 | | | 35 shs. American Tel. & Tel. Co. | 6,243.13 |
| 17 | | | 67 shs. General Motors Corp. | 3,852.50 |
| 18 | | | 100 shs. E.I. du Pont de Nemours & Co. | 18,137.50 |
| 19 | | | 87 shs. Hercules Powder Co. | 4,556.62 |
| 20 | | | 75 shs. New Jersey Zinc Co. | 4,621.88 |
| 21 | | | 100 shs. National Biscuit Co. | 3,012.50 |
| 22 | | | 150 shs. United Fruit Co. | 7,162.50 |
| 23 | | | 29 shs. Crocker, Burbank & Co. Association | 1,595.00 |
| 24 | | | 90 shs. Eastman Kodak Co. | 3,942.00 |
| 25 | | | 100 shs. Continental Insurance Co. | 5,062.50 |
| 26 | | | 100 shs. Fidelity-Phoenix Fire Insurance Co. of New York | |
| 27 | | | | |
| 28 | | | 31 shs. E.I. du Pont de Nemours & Co. $4.50 | 5,375.00 |
| 29 | | | Pfd. | 4,014.50 |
| 30 | 1949 | | | |
| 31 | Apr. | 22 | Cash | |
| 32 | 1960 | | | 11,750.00 |
| 33 | Mar. | 14 | | |
| 34 | | | | 3,238.66 |
| 35 | | | | |
| 36 | 1948 | | Market Values as of April 28, 1948 | |
| 37 | June | 3 | 2 shs. Mahoning Coal Railroad Co. | |
| 38 | | | | 961.12  84,725.41 |
| 39 | | | | $84,725.41 |
| 40 | | | | |
| 41 | | | Share of Mass. taxes paid on | |
| 42 | | | gains to principal | 57.18 |
| 43 | | | | $84,782.59 |
| 44 | | | | |
| 45 | | | | |
| 46 | | | | $692,134.53 |
| 47 | | | | |
| 48 | | | | |

First and
Final Account                    JAMES H. PROCTOR                    Page 24

Number
of Item

1
2                                SCHEDULE C
3        1960
4        Mar.  14    Representing assets held at the close of this accounting
5                        period                                              None
6
7
8
9                                   NOTES
10
11            As of the date of death of this testator land in Gloucester,
12                Mass., vested in Esther B. Proctor
13
14        EASTMAN KODAK CO.
15        In July 1947 stockholders received 50 shares of $10. par in
16            exchange for 10 shares no par stock, on the basis of 5 for 1
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48



27

No. 218073

Proctor,

JAMES H. PROCTOR

First and Final — ACCOUNT

ADMINISTRATOR — EXECUTOR S

FILED
MAY 2 1961

Citation Issued _May 19 1961_

Returnable _June 12 1961_

Allowed _Feb 5 1962_

Rec. Vol. _1292_ Page _224_

Re. E.H.

For Petitioner:

ENTRY FEE PAID

*0809-0376*

MA Supreme Judicial Court
Archives and Records Pres.
3 Pemberton Square, 16th floor
Boston, MA 02108-1701.
elizabeth.bouvier@sjc.state.ma.us

REFERENCE

Tel. 617.557.1082
Fax 617.557.1088

DATE: *12/17/2009*

TO WHOM IT MAY CONCERN:

I attest that the attached is a true photocopy of the original Probate record for *THOMAS E. PROCTOR - Last will & Testament* Docket number *97487*, probated *12/27/1894* in the *SUFFOLK* County Probate and Family Court Department. *As RECORDED IN VOLUME 695 page 17*

The original of this record is located in the Judicial Archives, Massachusetts State Archives, Boston, MA.

For further information or assistance please contact our office.

Sincerely,

Elizabeth C. Bouvier
Head of Archives

ECB/
probate.frm
3.94.

SHIRLEY ROCKEFELLER
REGISTER AND RECORDER
BRADFORD COUNTY, PA
Pennsylvania

INSTRUMENT NUMBER
200929450
RECORDED ON
Dec 30, 2009
3:02:23 PM
FILE NUMBER
0809-0376

RECORDING FEES - $110.00
REGISTER OF WILLS $110.00
TOTAL PAID
CUSTOMER
ADKINS & ASSOCIATES LAND
SERVICES

EXHIBIT F

EXHIBIT F

*Thomas E. Proctor Heirs Trust*

DECLARATION OF TRUST made and entered into at Boston,
Massachusetts, as of this 28 day of October, 1980, by
and between ALVIN S. HOCHBERG, ESQ., of Newtonville, Massachusetts,
and CHARLES G. RICE, of Hamilton, Massachusetts (hereinafter
called "Trustees").

1.   The Trustees hereby agree, declare and acknowledge that
they and their successors in Trust will hold in trust the land
and property, including oil and gas and other minerals, whether
similar or dissimilar, liquid, solid or gaseous, and the rights
and interests therein, in the Commonwealth of Pennsylvania
(collectively called "Property") from and after the date on which
Grantors (as defined herein) have conveyed their interests in the
Property to and such interests are accepted by the Trustees, on
the following terms and conditions.

Grantors are defined as such persons or entities, either
individually or collectively, who have from time to time been
vested with the Property as or through an heir, legatee or devisee
of Thomas E. Proctor, late of Boston, Massachusetts, who died on
December 7, 1894.  The Grantors and their heirs, personal repre-
sentatives, successors in interest, or their assigns are also either
individually or collectively referred to herein as "Beneficiaries".

2.   It is understood that the property is now the subject of
a lease, dated January 1, 1980, and related agreements between the
Grantors and Exxon Corporation.  Property conveyed to the Trustees
by the Grantors shall be subject to said lease and agreements and

BOOK 166 PAGE 879

the net proceeds received by the Trustees pursuant thereto and the compensation arrangements relating thereto shall be controlled by said lease and agreements and not by the provisions of this Declaration of Trust.  The purpose of this Trust shall be to facilitate the handling and managing or other application of the Property for and on behalf of the Beneficiaries and the collection and distribution of proceeds of the Property received by them as Trustees in the event that the Exxon lease and agreements shall terminate, or part or parts of the Property shall be released from such lease and agreements, and it shall be necessary for the Trustees to seek other avenues for the exploitation of the Property or any part thereof; provided, however, the Trustees shall have no powers to operate or to carry on any business, mining, or oil and gas operations in connection with their duties with respect to the Property.

3.   The Property together with all proceeds thereof and other assets received by the Trustees at any time or from time to time may be merged, commingled, and handled as a unit; however the Trustees shall at all times determine and keep records indicating the respective proportional beneficial interests of each Beneficiary.

4.   This Trust shall be known as the THOMAS E. PROCTOR HEIRS TRUST.

5.   The Trustees hereby agree and acknowledge that from and after the conveyance to them by the Grantors of the Trust Property they will hold the same in trust for the Beneficiaries.

-2-

6.   Any and all proceeds received by the Trustees from any sale, rental, lease or encumbrance of the Trust Property or any portion thereof, after deduction of and provision for all reasonable and necessary expenses including Trustees' compensation, shall be distributed to the Beneficiaries in the respective proportions of their beneficial interests.  Each Beneficiary's interest shall be payable to his assigns or to his heirs, legatees, devisees, or personal representatives in the event of his or her death prior to the termination of the Trust and the complete distribution of the Trust Property.

7.   In the administration of the Trust, the Trustees shall have the following powers in addition to and not in limitation of those conferred by law or otherwise:

a.   To manage and control the Trust Property as they may deem to be for the best interest of the Beneficiaries, as fully as though the Trustees were the sole legal and equitable owner of the Property, including, without limitation, selling, leasing, optioning, exchanging for other property, mortgaging, and otherwise contracting with respect to the Trust Property; collecting and distributing the net proceeds thereof, and executing instruments containing such terms and provisions as they determine to be necessary or desirable in connection with their duties as Trustees; provided, however, the Trustees shall not actively engage in any business or carry on mining, oil or gas operations;

b.   To incur expenses which they deem necessary in connection with the administration of the Trust;

c.   To borrow funds, if they deem it necessary, to meet a temporary exigency and to give notes or other security therefor binding the assets of the Trust but not the Beneficiaries personally or their assets;

d.   To compromise or settle any claims, suits or demands, or waive or release any rights related to the Trust Property;

e.   To employ officers, agents, attorneys and servants and to pay the costs thereof as an expense of administering the Trust;

f.   To sue and be sued and prosecute and defend any and all actions affecting the Trust or its Property, provided, however, that the Trustees shall not be obligated to sue or defend unless (i) they deem such suit or defense to be desirable, and (ii) they are requested in writing to do so by a majority in interest of the Beneficiaries who shall indemnify the Trustees with respect to the expenses and costs of such suit or defense pro rata as each interest bears to the total interests so requesting. If less than all of the Beneficial Interests so request and agree to indemnify them, the interests so requesting and agreeing to indemnify shall first be entitled to recoup 200% of their respective costs and expenses of each suit or defense out

-4-

100% of future net sums received by the Trust from any source before the non-requesting interests participate, and the Trustees are hereby empowered to act accordingly.

g.   The Trustees are expressly empowered to abandon any part or all of such Property if they, in their uncontrolled discretion deem it desirable to do so, including the authority to refrain from paying taxes of any nature appurtaining to any part or all of the Property, if they so determine, even if such failure to pay such taxes may result in tax sale of such Property to others and the extinguishment of all rights of redemption.

h.   No license of court shall be required for the validity of any transaction entered into by the Trustees and the Trustees shall have full power and authority to execute all deeds and other instruments necessary or proper to carry such transactions into effect. Every instrument executed by those who, according to the records of the Recorder of Deeds of Sullivan County, Pennsylvania, appear to be the Trustees hereunder, shall be conclusive evidence in favor of every person relying thereon or claiming thereunder that at the time of the delivery thereof this Trust was in full force and effect. Every person dealing with the Trust Property or the Trustees may always rely on a certificate signed by one appearing from the aforesaid records in said Office of the Recorder of Deeds, to be a Trustee here-

BOOK 106 PAGE 883
-5-

BOOK 108 PAGE 884

under, as to whether this Trust has been terminated or as
to the existence or nonexistence of any fact or facts which
may constitute conditions precedent to acts by the Trustees
or are in any other manner germane to the affairs of the
Trust.

8.    The Trustees shall not warrant their title to the Property
which the Grantors convey to this Trust.   The Trustees shall under-
take to exercise only ordinary care in collecting sums due to them
as Trustees and in distributing the net proceeds therefrom.   The
Trustees shall not be liable for any error of judgment or for any
loss arising out of any act or failure to act in the execution of
this Trust so long as they act in good faith, nor shall a Trustee
be personally liable for any acts or failures to act by the other
Trustee or by any officer, agent, servant or employee selected
with reasonable care.   A Trustee shall not be required to give any
bond or surety in his capacity as Trustee and shall not be subject
to any obligations of or to the Beneficiaries or the Grantors other
than those expressly assumed hereunder.   Whenever hereunder the
Trustees are obligated to pay money to the Beneficiaries, it is
understood that such obligations are undertaken by them in their
Trust capacity only and not personally, and that such payments are
to be made only out of such funds as the Trustees have in their
hands available therefor.   The Trustees shall be entitled to
indemnity from the Trust Estate for any personal liability incurred
by them or either of them in the administration of this Trust.

-6-

The Trustees may retain and secure advice from legal counsel or other advisors and shall be protected as to any action taken in good faith and consistent with such advice, it being understood that any such counsel or advisor may or not be a partnership or corporation of which any Trustee shall be a member, director, stockholder, officer or employee. The compensation for such counsel or advisor shall be an expense of administering the Trust. The Trustees shall also be protected in acting on any written document believed by them to be genuine.

9.   This Trust may at any time or times be amended or revoked in whole or in part by the Trustees then serving with the written consent of three-fourths in interest of the Beneficiaries then of full age and legally competent. Such amendment or revocation shall be by an instrument in writing signed and acknowledged by the Trustees with the necessary assents noted thereon, provided that a certificate that such amendment or revocation was made shall be filed for record in accordance with Paragraph 16 of this Trust. No exercise of this power shall exhaust it. No person, trustee or corporation dealing with the Trustees shall be bound by any such amendment or revocation of this instrument unless written notice thereof, signed by the Trustees, shall be delivered to such person, trustee or corporation.

Unless revoked as above provided, this Trust shall terminate upon the first to occur of the following events:

a.   The sale or other distribution of all of the Trust Property; or

BOOK 106 PAGE 685

-7-

BOOK 106 PAGE 866

b.   The expiration of twenty (20) years next follow-
ing the death of the last survivor of the following
descendants of Thomas E. Proctor: Mattina R. Proctor,
Mary P. Yntema, Charles Case, Esther Proctor Moras,
Geraldine M. Craig, Anne Ayer MacNichol, Ethan Ayer,
Ruth Z. Dougher, David Ayer, Hilda Ayer Curtis, Christopher
Gilbert Rice and Charles Rice Kendall.

Upon such termination or revocation, the Property then com-
prising this Trust, after the payment of all expenses, shall be
distributed and paid over to the then Beneficiaries in accordance
with their beneficial interests.

10.   The Trustees shall receive compensation for their
services hereunder and reimbursement for expenses as follows:

a.   The Trustees shall receive seven and one-half
percent (7-1/2%) of the gross income of this Trust on an
annual basis for their services.

b.   If at any time the Trustees do not have in their
possession sums which they reasonably deem to be sufficient
for the expenses of the Trust, including, without limitation,
Trustees' compensation, taxes and insurance premiums, the
Beneficiaries shall pay to the Trustees their proportionate
share of such expenses promptly upon notification to them by
the Trustees of the nature and amount of such expenses and
each Beneficiary's share thereof.

11.   A Trustee may resign by giving ten (10) days written
notice, delivered personally or by certified mail, to the remaining

-8-

Trustee and all of the then living Beneficiaries and filed for record in accordance with Paragraph 16 of this Trust. . In the event of a vacancy in the office of Trustee, however created, such vacancy shall be filled within sixty (60) days of the creation of such vacancy by the holders of two-thirds in interest of the then beneficial interests in this Trust who are of full age and competent; provided, however, if the vacancy is not filled within such time the remaining Trustee shall appoint a successor. . Until such vacancy is filled the remaining Trustee shall act as sole Trustee. A Beneficiary may be a Trustee. Upon written acceptance of the trusts hereunder, a successor Trustee shall immediately succeed to the powers, obligations and duties of his predecessor without the necessity of any conveyance or further act. A Trustee may be removed by the written action of two-thirds in interest of the then beneficial interests in this Trust.

12.   The Trustees shall render an annual account of their administration of the Trust to each Beneficiary of full age and to a guardian or other person having the care of each infant beneficiary. All accounts rendered by the Trustees in the course of their administration of the Trust shall be deemed accepted if not objected to in writing within thirty (30) days after the submission of any such account.

13.   A beneficial interest under this Trust may be assigned in whole or in part by an instrument or instruments in writing, duly acknowledged, and delivered to the Assignee with a copy delivered to the Trustees. Each Assignee shall agree in writing

-9-   BOOK 106 PAGE 887

to, and shall be bound and obligated by, the terms of this Trust
instrument. The Trustees shall not be obligated to recognize any
such Assignment until such time as they shall have received a
copy of such Assignment and written agreement of the Assignee
in the manner set forth above.

14. References hereunder to "Trustee" and "Trustees" shall
mean the trustee or trustees from time to time serving hereunder
and the singular or plural shall be deemed to include the singular
and plural and the masculine to include the feminine and neuter.

15. This Trust shall be governed by and construed in accor-
dance with the laws of the Commonwealth of Massachusetts.

16. This Trust and other instruments created by the provisions
hereof to be filed for record shall be recorded with the Office of
the Recorder of Deeds of Sullivan County, Pennsylvania.

IN WITNESS WHEREOF, the parties hereto have hereunto set
their hands and seals the day and year first above written.

Alvin S. Hochberg

Charles G. Rice

-10-

COMMONWEALTH OF MASSACHUSETTS

*Suffolk*   ss.                                    *October 28* , 1980

    Then personally appeared the above named ALVIN S. HOCHBERG
and acknowledged the foregoing to be his free act and deed
before me

                    *Sandra Rickman*
                    Notary Public
                    My commission expires 4/2/82


COMMONWEALTH OF MASSACHUSETTS

*Suffolk*   ss.                                    *October 28* , 1980

    Then personally appeared the above-named CHARLES G. RICE
and acknowledged the foregoing to be his free act and deed
before me

                    *Sandra Rickman*
                    Notary Public
                    My commission expires 4/2/82

**RECORDED**

NOV 16 1987

*Oliver S. Short*
REGISTER AND RECORDER

COOK 108 PAGE 889

-11-