IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH of PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, | : : : : : | CIVIL ACTION—LAW |
| Plaintiff | : : | CASE NO. 1:12-CV-1567 |
| vs. | : : | JUDGE: Christopher C. Conner |
| THOMAS E. PROCTOR HEIRS TRUST, | : : : | [ELECTRONICALLY FILED] |
| Defendant | : : | |

# **Defendant's Motion to Dismiss and Motion for a More Definite Statement**

AND NOW, Defendant Thomas E. Proctor Heirs Trust, by and through its attorney, Thomas Waffenschmidt, Esquire, presents this *Defendant's Motion to Dismiss and Motion for a More Definite Statement* and represents as follows:

## **1. Motion to Dismiss.**

1. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Trust moves the Court to dismiss Plaintiff Commonwealth of Pennsylvania, Pennsylvania Game Commission's *Amended Complaint* (Doc. 12), because it fails to state a claim upon which relief may be granted.

2. The Game Commission's *Amended Complaint* asserts an action to quiet title against the Trust with respect to the coal, oil, gas, petroleum, and mineral rights pertaining to approximately 2,418 acres, more or less, located in Davidson and Laporte Townships, Sullivan County, Pennsylvania. (Doc. 12, ¶¶ 4, 5; pp. 1, 9, 10).

3. The Game Commission asserts that it is bringing its action to quiet title under Pennsylvania Rules of Civil Procedure 1061(b)(2), (b)(3), and (b)(4). (Doc. 12, pp. 9, 10).

4. A Rule 1061(b)(2) quiet-title action may only be brought "when an action in ejectment will not lie, …." Pa.R.C.P. No. 1061(b)(2).

5. "[W]here an Action in Ejectment would lie, an action filed pursuant to Rule 1061(b)(2) would not be proper." *Siskos v. Britz*, 567 Pa. 689, 701, 790 A.2d 1000, 1008 (2002).

6. To be able to bring a Rule 1061(b)(2) quiet-title action, the plaintiff must not be in possession of the property and an ejectment action brought by the defendant would not lie. *Siskos*, 567 Pa. at 701, 790 A.2d at 1008.

7. "[A] court can only entertain a [Rule 1061](b)(2) claim where it first determines that the plaintiff is not in possession." *Siskos*, 567 Pa. at 701, 790 A.2d at 1008.

8. This is because "a determination of possession is a judicial prerequisite to a ruling on the merits pursuant to ... [Rule 1061](b)(2)." *Siskos*, 567 Pa. at 701, 790 A.2d at 1008.

9. The Game Commission has failed to plead any facts establishing that it was not in possession of the property's coal, oil, gas, petroleum, or minerals at the time it filed its *Amended Complaint*.

10. Accordingly, the Game Commission has failed to establish a jurisdictional prerequisite and element of its Rule 1061(b)(2) quiet-title action.

11. The Game Commission has also failed to plead any facts establishing that an ejectment action brought by the Trust would not lie.

    11.1. The Game Commission has failed to plead any facts establishing that the Trust was not in possession of the property's coal, oil, gas, petroleum, or minerals at the time the Game Commission filed its *Amended Complaint*.

12. Accordingly, the Game Commission has failed to establish a jurisdictional prerequisite and element of its Rule 1061(b)(2) quiet-title action

13. Therefore, the Game Commission has failed to state a claim upon which relief may be granted.

14. To establish a quiet-title action, a plaintiff must establish a *prima facie* title to the property. *Moore v. Commonwealth, Dep't of Envtl. Res.*, 129 Pa. Cmwlth. 628, 631, 566 A.2d 905, 907 (1989); *Hoffman v. Bozitsko*, 198 Pa. Super.

553, 557, 182 A.2d 113, 115 (1962); *DiCarlo v. Licini*, 156 Pa. Super. 363, 364, 40 A.2d 127, 128 (1944).

15. In its *Amended Complaint*, the Game Commission basis its ownership of and title to the property's coal, oil, gas, petroleum, and minerals on tax sales allegedly held on June 8, 1908 and tax deeds allegedly issued on December 1, 1908. (Doc. 12, ¶¶ 7, 9, 10, 12, 12a.-12f., 13, 21, 22).

16. Only title to the property assessed passes at a tax sale. *Babcock Lumber Co. v. Faust*, 156 Pa. Super. 19, 26, 39 A.2d 298, 302 (1944).

17. The Game Commission has failed to plead sufficient facts establishing what property was assessed and sold at the alleged June 8, 1908 tax sale.

18. Accordingly, the Game Commission has failed to establish a *prima facie* title to the property's coal, oil, gas, petroleum, and minerals.

19. Therefore, the Game Commission has failed to state a claim upon which relief may be granted.

WHEREFORE, the Trust respectfully requests that the Court dismiss with prejudice the Game Commission's *Amended Complaint* and all of the claims asserted therein and enter judgment in the Trust's favor and against the Game Commission.

## 2. Motion for a More Definite Statement.

20. Paragraphs 1 through 19, *supra*, are fully incorporated herein by reference.

21. Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, the Trust moves the Court to direct the Game Commission to filed a *Second Amended Complaint* with a more definite statement of facts.

22. In its *Amended Complaint*, the Game Commission basis its ownership of and title to the property's coal, oil, gas, petroleum, and minerals on tax sales allegedly held on June 8, 1908 and tax deeds allegedly issued on December 1, 1908. (Doc. 12, ¶¶ 7, 9, 10, 12, 12a.-12f., 13, 21, 22).

23. Only title to the property assessed passes at a tax sale. *Babcock Lumber*, 156 Pa. Super. at 26, 39 A.2d at 302.

24. The Game Commission has failed to plead sufficient facts establishing what property was assessed and sold at the alleged June 8, 1908 tax sale.

25. Without these facts, the Trust cannot reasonably prepare a response to the Game Commission's assertion that it acquired ownership of and title to the property's coal, oil, gas, petroleum, and minerals through tax sales allegedly held on June 8, 1908 and tax deeds allegedly issued on December 1, 1908.

WHEREFORE, the Trust respectfully requests that the Court direct the Game Commission to file a *Second Amended Complaint* with a more definite

statement of facts establishing what property was assessed and sold at the alleged tax sales held on June 8, 1908 and conveyed in the tax deeds allegedly issued on December 1, 1908.

                                             Respectfully submitted:

                                             RIEDERS, TRAVIS, HUMPHREY, HARRIS,
                                             WATERS, WAFFENSCHMIDT & DORHMANN

                                             *s/Thomas Waffenschmidt*
                                             Thomas Waffenschmidt, Esquire
                                             PA ID # 59214
                                             Attorney for Defendant
                                             161 W. Third St., PO Box 215
                                             Williamsport, PA 17703-0215
                                             Tel: (570) 323-8711
                                             Fax: (570) 323-4192
Date: August 1, 2013                 E-Mail: twaffenschmidt@riederstravis.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH of PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, | : : : : : | CIVIL ACTION—LAW |
| Plaintiff | : : | CASE NO. 1:12-CV-1567 |
| vs. | : : : | JUDGE: Christopher C. Conner |
| THOMAS E. PROCTOR HEIRS TRUST, | : : : | [ELECTRONICALLY FILED] |
| Defendant | : | |

## Certificate of Service

I, Thomas Waffenschmidt, Esquire, hereby certify that on August 1, 2013 the foregoing *Defendant's Motion to Dismiss and Motion for a More Definite Statement* was filed with the Court's ECF System and served via the ECF System.

Respectfully submitted:

RIEDERS, TRAVIS, HUMPHREY, HARRIS, WATERS, WAFFENSCHMIDT & DORHMANN

*s/Thomas Waffenschmidt*
Thomas Waffenschmidt, Esquire
PA ID # 59214
Attorney for Defendant
161 W. Third St., PO Box 215
Williamsport, PA 17703-0215
Tel: (570) 323-8711
Fax: (570) 323-4192

Date: August 1, 2013   E-Mail: twaffenschmidt@riederstravis.com