IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH of PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, | : : : : : | CIVIL ACTION—LAW |
| Plaintiff | : : | CASE NO. 1:12-CV-1567 |
| vs. | : : | JUDGE: Christopher C. Connor |
| THOMAS E. PROCTOR HEIRS TRUST, | : : : | [ELECTRONICALLY FILED] |
| Defendant | : : | |

**Thomas E. Proctor Heirs Trust's Brief in Support of Motion to Dismiss and Motion for a More Definite Statement**

# Table of Contents

**Page:**

**1. Statement of the Questions Involved.**

    **A. Quiet-title action: jurisdictional prerequisite.** Has the Game Commission pled facts establishing a jurisdictional prerequisite and element of its quiet-title action under Pennsylvania Rule of Civil Procedure Rule 1061(b)(1)? ............. 1

    **B. Quiet-title action: *prima facie* title.** Has the Game Commission pled sufficient facts establishing *prima facie* title to the premises's coal, oil, gas, petroleum, and mineral rights? ............................................................................ 1

    **C. More definite statement.** Is the Trust entitled to a more definite statement of facts establishing what property was assessed and sold at the alleged tax sales held on June 8, 1908 and conveyed in the treasurer's deeds allegedly issued on December 1, 1908? ..................................................... 1

**2. Statement of the Case.**

    A. Procedural history. ............................................................ 1

    B. Statement of facts.

        (1) The Parties. ................................................................. 3

        (2) The premises. ............................................................. 4

        (3) The Trust's claim to the premises's coal, oil, gas, petroleum, and mineral rights. ............................................ 4

        (4) The Game Commission's claim to the premises's coal, oil, gas, petroleum, and mineral rights. ............................. 5

## 3. Argument.

    A. The Game Commission has failed to state a claim upon which relief may be granted, because it has failed to plead sufficient facts establishing a jurisdictional prerequisite for and element of its quiet-title action. .................................................. 6

    B. The Game Commission has failed to state a claim upon which relief may be granted, because it has failed to establish *prima facie* title to the property's coal, oil, gas, petroleum, and minerals. .................................................. 9

    C. The Trust is entitled to a more definite statement of facts establishing what property was assessed and sold at the alleged tax sales held on June 8, 1908 and conveyed in the treasurer's deeds allegedly issued on December 1, 1908, so that it may reasonably prepare a response to the Game Commission's claim of ownership and title to the premises's coal, oil, gas, petroleum, and minerals. .................................................. 10

## 4. Conclusion. .................................................. 11

1. **Statement of the Questions Involved.**

   **A. Quiet-title action: jurisdictional prerequisite.** Has the Game Commission pled facts establishing a jurisdictional prerequisite and element of its quiet-title action under Pennsylvania Rule of Civil Procedure Rule 1061(b)(1)?

   **B. Quiet-title action: *prima facie* title.** Has the Game Commission pled sufficient facts establishing *prima facie* title to the premises's coal, oil, gas, petroleum, and mineral rights?

   **C. More definite statement.** Is the Trust entitled to a more definite statement of facts establishing what property was assessed and sold at the alleged tax sales held on June 8, 1908 and conveyed in the treasurer's deeds allegedly issued on December 1, 1908?

2. **Statement of the Case.**

A. **Procedural history.**

On August 10, 2012, the Commonwealth of Pennsylvania, acting through the Pennsylvania Game Commission, filed a *Complaint* naming the Thomas E. Proctor Heirs Trust as a defendant. The *Complaint* alleged an action to quiet title against the Trust with respect to the coal, oil, gas, petroleum, and mineral rights pertaining to approximately 2,481 acres, more or less, located in Davidson and Laporte Townships, Sullivan County, Pennsylvania. (Doc. 1). By way of relief, it sought an order from this Court directing the Trust to "bring an appropriate action within thirty days against the [Game Commission]" and, if no such action was

brought, to declare the Trust's rights to the premises's coal, oil, gas, petroleum, and minerals null and void and that the Game Commission was the "indefeasible owner of the fee simple absolute" in the premises. (Id. at 10-11).

On November 30, 2012, the Trust filed a *Motion to Dismiss* with respect to the *Complaint*. (Doc. 6). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Trust sought dismissal of the Game Commission's *Complaint* and all of the claims asserted therein, because the Game Commission failed to state a claim upon which relief may be granted. Since the it was pursuing a quiet-title action under Pennsylvania Rule of Civil Procedure 1061(b)(1), Game Commission had to plead facts establishing that it possessed the premises's coal, oil, gas, petroleum, and minerals at the time it filed its *Complaint*. It failed to do this, which meant that the Game Commission had failed to establish a jurisdictional prerequisite for and element of its alleged quiet title action.

On June 28, 2013, United States Magistrate Judge Susan E. Schwab issued a *Report and Recommendation* recommending that the Trust's *Motion to Dismiss* be granted and the Game Commission's *Complaint* "be dismissed without prejudice to the filing of an amended complaint ...." (Doc. 11, 1-2, 11).

On July 19, 2013, the Court issued an order stating that:

> 1. The Report and Recommendation of Magistrate Judge Schwab (Doc. 11) are ADOPTED.

> 2. Defendant's motion to dismiss (Doc. 6) is GRANTED.
>
> 3. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice. The court notes that plaintiff filed an amended complaint (Doc. 12) on July 18, 2013. Defendant shall respond to the amended complaint pursuant to Local Rules.

(Doc. 13, 2).

On July 18, 2013, the Game Commission filed an *Amended Complaint*. (Doc. 12). In it, the Game Commission asserts an action to quiet title against the Trust under Pennsylvania Rules of Civil Procedure 1061(b)(2), (b)(3), and (b)(4). (Doc. 12, pp. 9, 10).

On August 1, 2013, the Trust filed a *Motion to Dismiss and Motion for a More Definite Statement* with respect to the *Amended Complaint*.

Pursuant to Middle District L.R. 7.5, the Trust submits this brief in support of its *Motion to Dismiss and Motion for a More Definite Statement*.

**B.  Statement of facts.**

The Game Commission has alleged the following facts in its *Amended Complaint*.

*(1)  The Parties.*

The Pennsylvania Game Commission and the Thomas E. Proctor Heirs Trust are the parties to this civil action. The Game Commission is an independent administrative agency of the Commonwealth of Pennsylvania. (Doc. 12, ¶ 1). The

3

Trust is a Massachusetts trust. (Id. at ¶¶ 2, 3). Its beneficiaries are the heirs of Thomas E. Proctor, Sr. The heirs claim to own mineral interests in Pennsylvania, which derive from Proctor, Sr. (Id. at ¶ 16). Under a Declaration of Trust dated October 28, 1980, a majority of the Proctor heirs conveyed their Pennsylvania-mineral interests to the Trust. (Id.).

*(2)    The premises.*

The property at issue is approximately 2,481 acres, more or less, located in Davidson and Laporte Townships, Sullivan County, Pennsylvania. (Doc. 12, ¶ 5). It is comprised of six warrants in the names of Robert Irwin, Francis Nichols, John Brady, Thomas Hamilton, Charles Irwin, and William Meylert (No. 2). (Id. at ¶ 6). The premises is part of Pennsylvania State Game Lands No. 13, and the Game Commission has designated it as part of contract number L-44. (Id. at ¶ 8).

*(3)    The Trust's claim to the premises's coal, oil, gas, petroleum, and mineral rights.*

The Trust believes and has asserted that it owns the premises's coal, oil, gas, petroleum, and mineral rights. (Doc. 12, ¶¶ 2, 24). In line with this belief and assertion, the Trust has tried to convey its oil and gas rights. (Id. at ¶ 24).

The Trust's claim to ownership of and title to the premises's coal, oil, gas, petroleum, and mineral rights relies on two deeds. The first is a deed between Thomas E. Proctor, Sr. and Emma H. Proctor, his wife, and the Union Tanning Company dated October 30, 1894. (Doc. 12, ¶ 11a). It contained a reservation of

the premises's coal, oil, gas, petroleum, and mineral rights. (Id.). It stated that Proctor, Sr. did:

> reserve and save to himself, his heirs and assigns all the minerals, coal, oil, gas or petroleum found in or under the surface of the land described in each of the above mentioned divisions.

(Id.).

The second deed was one dated September 17, 1897 between O.B. Grant and Sarah M. Grant, his wife, and Emma H. Proctor, James H. Proctor, Anne P. Rice, Emily W. Proctor, Thomas E. Proctor, Jr. (Doc. 12, ¶ 11b). Through it, the Grants quitclaimed their interest in the premises's coal, oil, gas, petroleum, and mineral rights that they acquired through treasurer's deeds. (Id.). The deed stated that the Grants quitclaimed:

> all the right, title, interest and estate acquired by the parties of the first part hereto under and by virtue of forty-two several treasurer's Deeds from A.L. Smith, Treasurer of Sullivan County, Pennsylvania to O.B. Grant, dated September 21, 1896, of, in and to the minerals, coal, oil, gas or petroleum found on or under the surface of the lands described in said Treasurer's deeds.

(Id.).

*(4)* ***The Game Commission's claim to the premises's coal, oil, gas, petroleum, and mineral rights.***

The Game Commission also claims ownership of and title to the premises's coal, oil, gas, petroleum, and mineral rights. (Doc. 12, ¶¶ 10, 21, 22). Its claim relies on a tax sale and two subsequent conveyances.

On June 8, 1908, the premises was sold at a tax sale. (Doc. 12, ¶ 12). At the time, the premises was unseated, and the oil, gas, and mineral estates were not separately assessed. (Id. at ¶¶ 17, 18). C.H. McCauley, Jr. purchased the premises at the tax sale. (Id. at ¶ 12). On December 1, 1908, he was issued 6 treasurer's deeds for the six warrants comprising the premises. (Id. at ¶¶ 12a-12f).

In a deed dated December 6, 1910, McCauley and his wife, Florence M. McCauley, conveyed the premises to the Central Pennsylvania Lumber Company. (Doc. 12, ¶ 13).

In a deed dated December 31, 1924, the Central Pennsylvania Lumber Company conveyed the premises to the Game Commission. (Doc. 12, ¶ 7).

## 3. Argument.

**A. The Game Commission has failed to state a claim upon which relief may be granted, because it has failed to plead sufficient facts establishing a jurisdictional prerequisite for and element of its quiet-title action.**

Under Pennsylvania Rule of Civil Procedure 1061(b)(2), a quiet-title action may only be brought "when an action in ejectment will not lie, …." Pa.R.C.P. No. 1061(b)(2).[1] Consequently "a court can only entertain a [Rule 1061](b)(2) claim where it first determines that the plaintiff is not in possession." *Siskos v. Britz*, 567 Pa. 689, 701, 790 A.2d 1000, 1008 (2002). This is because "a determination of

---

[1] A federal court sitting in diversity must apply state-substantive law and federal-procedural law. *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 262 (3rd Cir. 2011).

possession is a jurisdictional prerequisite to a ruling on the merits pursuant to … [Rule 1061](b)(2)." *Id.* Therefore, "the court must rule upon possession before entertaining an Action to Quiet Title filed under Rule 1061(b)(2)." *Id.* at 701, 790 A.2d at 1007.

A plaintiff must also establish that the defendant is not in possession of the disputed property. "[W]here an Action in Ejectment would lie, an action filed pursuant to Rule 1061(b)(2) would not be proper." *Siskos*, 567 Pa. at 701, 790 A.2d at 1008. If the defendant is in possession, then an action in ejectment would lie. In that scenario, a plaintiff could bring an ejectment action against the defendant if he was out-of-possession and had an immediate right to possession. *Siskos*, 567 Pa. at 701, 790 A.2d at 1008; *see also Billig v. Skvorla*, 2004 PA Super. 234, 853 A.2d 1042, 1049 (quoting *Soffer v. Beech*, 487 Pa. 255, 409 A.2d 337 (1979) ("'Ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession.'"). Therefore, to be entitled to bring a Rule 1061(b)(2) quiet-title action and establish that an ejectment action will not lie, a plaintiff must establish that: (1) he is not in possession of the property and (2) the defendant is not in possession of the property.

To possess property means to exercise dominion over it. *Watkins v. Watkins*, 2001 PA Super. 128, 775 A.2d 841, 846 (2001); *Moore v. Duran*, 455 Pa.

Super. 124, 134, 687 A.2d 822, 827 (1996), *app. denied*, 549 Pa. 703, 700 A.2d 442 (1997). Possession is not the equivalent of nor does it require occupancy. *Watkins*, 775 A.2d at 846; *Moore*, 455 Pa. Super. at 134, 687 A.2d at 827. Further, there is no fixed rule for determining possession. *Watkins*, 775 A.2d at 846. Often, it will depend on the facts of the case and, to a large extent, on the property's characteristics. *Id.*; *Moore*, 455 Pa. Super. at 134, 687 A.2d at 827; *see also Shaffer v. O'Toole*, 2009 PA Super. 6, 964 A.2d 420, 424 (2009), *app. denied*, 602 Pa. 679, 981 A.2d 220 (2009) (the requirements for possession will vary based on the property's nature).

With respect to mineral rights, a party must make an actual entry upon the underlying mineral. *Delaware & H. Canal Co. v. Hughes*, 183 Pa. 66, 70, 38 A. 568, 569 (1897); *Caldwell v. Copeland*, 37 Pa. 427, 1860 WL 8418, *4, *5 (1860). That is, a party possesses a mineral when he actively removes it from the land. *Huss v. Jacobs*, 201 Pa. 145, 158, 59 A. 991, 995 (1904); *see also Hicks v. Am. Natural Gas Co.*, 57 A. 55, 58 (Pa. 1904) ("And equally so as between lessor and lessee ... the one who controls the gas—has it in his grasp, so to speak—is the one who has possession in the legal as well as in the ordinary sense of the word.").

The Game Commission has failed to plead any facts establishing that it and the Trust were not in possession of the property's coal, oil, gas, petroleum, or minerals at the time it filed the *Amended Complaint*. The *Amended Complaint*

contains no factual allegations stating that the Game Commission or the Trust were actively engaged in efforts to extract or were extracting coal, oil, gas, petroleum, or minerals from the premises. The *Amended Complaint* also does not contain any allegations that the Game Commission or the Trust were not engaged in such efforts. Because possession is a jurisdictional prerequisite and element of a Rule 1061(b)(2) quiet-title action, the *Amended Complaint* must plead facts from which possession or lack thereof may be determined. Silence is insufficient. The *Amended Complaint* does not contain any facts from which it could be determined one way or the other if the Game Commission or the Trust possessed the premises's coal, oil, gas, petroleum, or minerals from the premises. Therefore, the Game Commission has failed to establish the jurisdictional prerequisite for and element of its Rule 1061(b)(2) quiet-title action.

**B.     The Game Commission has failed to state a claim upon which relief may be granted, because it has failed to establish *prima facie* title to the property's coal, oil, gas, petroleum, and minerals.**

To establish a quiet-title action under Rule 1061(b)(2), (b)(3), or (b)(4), a plaintiff must establish a *prima facie* title to the property. *Moore v. Commonwealth, Dep't of Envtl. Res.*, 129 Pa. Cmwlth. 628, 631, 566 A.2d 905, 907 (1989); *Hoffman v. Bozitsko*, 198 Pa. Super. 553, 557, 182 A.2d 113, 115 (1962); *DiCarlo v. Licini*, 156 Pa. Super. 363, 364, 40 A.2d 127, 128 (1944).

9

In its *Amended Complaint*, the Game Commission basis its ownership of and title to the property's coal, oil, gas, petroleum, and mineral on tax sales allegedly held on June 8, 1908 and treasurer's deeds allegedly issued on December 1, 1908. (Doc. 12, ¶¶ 7, 9, 10, 12, 12a.-12f., 13, 21, 22). Only title to the property assessed passes at a tax sale. *Babcock Lumber Co. v. Faust*, 156 Pa. Super. 19, 26, 39 A.2d 298, 302 (1944). The Game Commission has failed to plead sufficient facts establishing what property was assessed and sold at the alleged June 8, 1908 tax sale. Therefore, the Game Commission has failed to establish a *prima facie* title to the property's coal, oil, gas, petroleum, and minerals.

Accordingly, the Game Commission has failed to establish a quiet-title action under Rule 1061(b)(2), (b)(3), or (b)(4).

**C.     The Trust is entitled to a more definite statement of facts establishing what property was assessed and sold at the alleged tax sales held on June 8, 1908 and conveyed in the treasurer's deeds allegedly issued on December 1, 1908, so that it may reasonably prepare a response to the Game Commission's claim of ownership and title to the premises's coal, oil, gas, petroleum, and minerals.**

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement of a pleading when the pleading "is so vague and ambiguous that the party cannot reasonably prepare a response."

Again, the Game Commission basis its ownership of and title to the premises's coal, oil, gas, petroleum, and minerals on tax sales allegedly held on June 8, 1908 and treasurer's deeds allegedly issued on December 1, 1908. (Doc.

12, ¶¶ 7, 9, 10, 12, 12a.-12f., 13, 21, 22). Only title to the property assessed passes at a tax sale. *Babcock*, 156 Pa. Super. at 26, 39 A.2d at 302 (1944). The Game Commission has failed to plead sufficient facts establishing what property was assessed and sold at the alleged June 8, 1908 tax sale. Without these facts, the Trust cannot reasonably prepare a response to the Game Commission's assertion that it acquired ownership of and title to the property's coal, oil, gas, petroleum, and minerals through tax sales and treasurer's deeds.

Accordingly, if the Court does not dismiss the *Amended Complaint* with prejudice, then the Trust is entitled to a more definite statement as to what property was assessed and sold at the alleged tax sales held on June 8, 1908 and conveyed in the treasurer's deeds allegedly issued on December 1, 1908

## 4. Conclusion.

The Court must grant the Trust's *Motion to Dismiss and Motion for a More Definite Statement*. The Game Commission has failed to establish its quiet-title actions brought under Rules 1061(b)(2), (b)(3), and (b)(4), because it failed to plead facts establishing: (1) that it and the Trust did not possess the premises's coal, oil, gas, petroleum, and mineral rights at the time it filed the *Amended Complaint* and (2) *prima facie* title to the premises's coal, oil, gas, petroleum, and

mineral rights. Accordingly, the Court must dismiss with prejudice the Game Commission's *Amended Complaint* and all of the claims asserted therein.

If the Court chooses not dismiss the *Amended Complaint* with prejudice, then the Court must direct the Game Commission to file a *Second Amended Complaint* with a more definite statement of facts establishing what property was assessed and sold at the alleged tax sales held on June 8, 1908 and conveyed in the treasurer's deeds allegedly issued on December 1, 1908.

                                                          Respectfully submitted:

                                                          RIEDERS, TRAVIS, HUMPHREY, HARRIS,
                                                          WATERS, WAFFENSCHMIDT & DORHMANN

                                                          *s/Thomas Waffenschmidt*
                                                          Thomas Waffenschmidt, Esquire
                                                          PA ID # 59214
                                                          Attorney for Defendant
                                                          161 W. Third St., PO Box 215
                                                          Williamsport, PA 17703-0215
                                                          Tel: (570) 323-8711
                                                          Fax: (570) 323-4192
Date: August 15, 2013                 E-Mail: twaffenschmidt@riederstravis.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH of PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, | : : : : : | CIVIL ACTION—LAW |
| Plaintiff | : : | CASE NO. 1:12-CV-1567 |
| vs. | : : | JUDGE: Christopher C. Conner |
| THOMAS E. PROCTOR HEIRS TRUST, | : : : | [ELECTRONICALLY FILED] |
| Defendant | : | |

## Certificate of Service

I, Thomas Waffenschmidt, Esquire, hereby certify that on August 15, 2013 the foregoing *Thomas E. Proctor Heirs Trust's Brief in Support of Motion to Dismiss and Motion for a More Definite Statement* was filed with the Court's ECF System and served via the ECF System.

          Respectfully submitted:

          RIEDERS, TRAVIS, HUMPHREY, HARRIS, WATERS, WAFFENSCHMIDT & DORHMANN

          *s/Thomas Waffenschmidt*
          Thomas Waffenschmidt, Esquire
          PA ID # 59214
          Attorney for Defendant
          161 W. Third St., PO Box 215
          Williamsport, PA 17703-0215
          Tel: (570) 323-8711
          Fax: (570) 323-4192
Date: August 15, 2013     E-Mail: twaffenschmidt@riederstravis.com