IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH of PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION,<br><br>          Plaintiff<br><br>vs.<br><br>THOMAS E. PROCTOR HEIRS TRUST,<br><br>          Defendant | CIVIL ACTION—LAW<br><br><br><br>CASE NO.  1:12-CV-1567<br><br>JUDGE: Christopher C. Connor<br><br><br>[ELECTRONICALLY FILED] |

# Thomas E. Proctor Heirs Trust's Reply Brief to Plaintiff's Brief in Opposition to Motion to Dismiss and Motion for a More Definite Statement

## 1.   Introduction.

The Pennsylvania Game Commission's *Amended Complaint* alleged a quiet-title action against the Thomas E. Proctor Heirs Trust under Pennsylvania Rules of Civil Procedure 1061(b)(2), (b)(3), and (b)(4) with respect to the coal, oil, gas, petroleum, and mineral rights pertaining to approximately 2,481 acres, more or less, located in Davidson and Laporte Townships, Sullivan County, Pennsylvania. Pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, the

Trust filed a *Motion to Dismiss and Motion for a More Definite Statement*, in which it sought dismissal of the Game Commission's *Amended Complaint* and all of the claims asserted therein, because, *inter alia*, the Game Commission failed to state a claim upon which relief may be granted.  The Game Commission failed to plead any facts establishing that it and the Trust did not possess the premises's coal, oil, gas, petroleum, and minerals at the time the Game Commission filed its *Amended Complaint*.  This failure meant that the Game Commission failed to establish a jurisdictional prerequisite for and element of its alleged Rule 1061(b)(2) quiet-title action.

In its *Brief in Opposition to Defendant's Motion to Dismiss and Motion for a More Definite Statement*, the Game Commission contends that "possession" is not a jurisdictional prerequisite and element of a quiet-title action under Rule 1061(b)(2).  (Doc. 18, 6-9).

Despite the Game Commission's arguments to the contrary, the Court must grant the Trust's *Motion to Dismiss and Motion for More Definite Statement*.  The Game Commission's and the Trust's possession of the premises's coal, oil, gas, petroleum, and minerals is a jurisdictional prerequisite and element of the Game Commission's Rule 1061(b)(2) quiet-title action.  Consequently, the Game Commission was required to plead facts establishing that it and the Trust did not possess the premises's coal, oil, gas, petroleum, and minerals at the time the Game

Case 1:12-cv-01567-JKM   Document 20   Filed 09/30/13   Page 3 of 9

Commission filed its *Amended Complaint*. The Game Commission failed to do this.

## 2. Reply Argument.

### A. Determining possession of the property at issue is a jurisdictional prerequisite for and element of a Rule 1061(b)(2) quiet-title action, because the determination is necessary to establish that an action in ejectment will not lie.

Under Pennsylvania Rule of Civil Procedure 1061(b)(2), a quiet-title action may only be brought "when an action in ejectment will not lie. ...." Pa.R.C.P. No. 1061(b)(2).

In *Siskos v. Britz*, the Pennsylvania Supreme Court held that "a court can only entertain a [Rule 1061](b)(2) claim where it first determines that the plaintiff is not in possession," because "a determination of possession is a jurisdictional prerequisite to a ruling on the merits pursuant to ... [Rule 1061](b)(2)." 567 Pa. 689, 701, 790 A.2d 1000, 1008 (2002). In arriving at this holding, that Court stated:

> This Court promulgated Rule 1061 in 1947 to 'unify into one single procedure all of the diverse procedures by which clouds on title were formerly tried' [(citation omitted)]. Prior to 1947, 12 P.S. § 1543 governed situations where a plaintiff sought to force a defendant to file an ejectment action and 12 P.S. § 1545 controlled an Action to Quiet Title. This Court suspended the application of 12 P.S. §§ 1543 and 1545 with the

3

> enactment of Rule 1061. Accordingly, Rule 1061 neither creates a new action nor changes the substantive rights of the parties or jurisdiction of the courts.

*Id.* at 699-700, 790 A.2d at 1006-07. The Court continued:

> When a plaintiff requests an Order to compel an adverse party to bring an Action in Ejectment, '[t]he existence of possession on the part of the [plaintiff] at the time of the institution of the proceeding is an essential jurisdictional fact.' [(citation omitted)] Where there is a dispute regarding possession, the trial court cannot proceed to the merits of the action without first determining whether the plaintiff is in possession. [(citation omitted]). Thus, clearly, possession is a jurisdictional prerequisite for Rule 1061(b)(1).
>
> Likewise, the court must rule upon possession before entertaining an Action to Quiet Title under Rule 1061 (b)(2).
>
> Possession of the land in dispute is the condition upon which an issue may be asked for under [12 P.S. § 1545] to have title settled. Jurisdictional averment of possession must appear in the petition, and the issue is to be granted only if, upon the hearing of the rule to show cause why it should not be granted, it shall appear to the court that the facts set forth in such petition are true. As there must be possession to give the court its purely statutory jurisdiction, it cannot acquire jurisdiction where there is a mere contest, however substantial as to the fact of possession in the petitioner. In such a case the remedy is still trespass or ejectment under the common law. [(citation omitted)].
>
> We have held that the issue of possession is inextricably linked to jurisdiction in an Action in Ejectment. In *Brennan*, *supra*, this court held that, where an Action in Ejectment would lie, an action filed pursuant to Rule 1061(b)(2) would not be proper. 'Ejectment is a

4

> possessory action only, and can succeed only if the plaintiff is out of possession, and if he has a present right to immediate possession.' [(citation omitted)]. Likewise, where the plaintiff is not in possession and an Action in Ejectment brought by the defendant will not lie, a (b)(2) action would be appropriate. *Grossman v. Hill*, 384 Pa. 590, 122 A.2d 69 (1956). *Taken together, Brennan and Grossman stand for the proposition that a court can only entertain a (b)(2) claim where it first determines that the plaintiff is not in possession. Accordingly, a determination of possession is a jurisdictional prerequisite to a ruling on the merits pursuant to either (b)(1) or (b)(2).*

*Id.* at 700-01, 790 A.2d at 1007-08. (emphasis added).

A plaintiff must also establish that the defendant is not in possession of the disputed property. "[W]here an Action in Ejectment would lie, an action filed pursuant to Rule 1061(b)(2) would not be proper." *Siskos*, 567 Pa. at 701, 790 A.2d at 1008. If the defendant is in possession, then an action would lie. In that scenario, a plaintiff could bring an ejectment action against the defendant if he was out-of-possession and had an immediate right to possession. *Id.*; *see also Billing v. Skvorla*, 2004 PA Super. 234, 853 A.2d 1042, 1049 (2004) (quoting *Soffer v. Beech*, 487 Pa. 255, 409 A.2d 337 (1979)) ("'Ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession.'"). Therefore, to be entitled to bring a Rule 1061(b)(2) quiet-title action and establish that an ejectment action will not lie, a

plaintiff must establish that: (1) he is not in possession of the property and (2) the defendant is not in possession of the property.[1]

Contrary to the Game Commission's assertion, oil, gas, and minerals may be possessed while still in the ground. To possess property means to exercise dominion over it. *Watkins v. Watkins*, 2001 PA Super. 128, 775 A.2d 841, 846 (2001); *Moore v. Duran*, 455 Pa. Super. 124, 134, 687 A.2d 822, 827 (1996), *app. denied*, 549 Pa. 703, 700 A.2d 442 (1997). Pennsylvania courts have recognized that dominion may be exercised over oil, gas, and minerals while still in the ground. To do so, a party must make an actual entry upon the underlying mineral. *Delaware & H. Canal Co. v. Hughes*, 183 Pa. 66, 70, 38 A. 568, 569 (1897); *Caldwell v. Copeland*, 37 Pa. 427, 1860 WL 8418, *4, *5 (1860). That is, a party possesses a mineral when he actively removes it from the land. *Hess v. Jacobs*, 201 Pa. 145, 158, 59 A. 991, 995 (1904); *see also Hicks v. Am. Natural Gas Co.*,

---

[1]   In its *Brief in Opposition*, the Game Commission cites *McCullough v. Main Line Federal Savings and Loan Association*, 75 Pa. D. & C.2d 442 (Delaware Cty. 1976), to support its statement that: "Rule 1061(b)(2) authorizes a quiet title action without regard to possession." (Doc. 18, 6). *McCullough* involved a quiet-title action challenging the validity of a sheriff's deed issued subsequent to a mortgage-foreclosure action. 75 Pa. D. & C.2d at 443, 444. The trial court denied the defendant's preliminary objection that an action to quiet title was not an appropriate remedy to challenge the deed. *Id.* at 445. The *McCullough* court cited to Pennsylvania Rule of Civil Procedure 1061(b)(3), which stated that an action to quiet title may be brought "'to compel an adverse party to file, record … or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien or interest in land.'" *Id.* at 444 (quoting Pa.R.C.P. No. 1061(b)(3)). The trial court then went on to state: "A former owner of property whose rights in said property were sold at a tax or judicial sale may attack the validity of such a sale by an action to quiet title under Rule 1061(b)(3)." *Id.* at 445. Accordingly, *McCullough* applies to a Rule 1061(b)(3) quiet-title action, not a Rule 1061(b)(2) quiet-title action.

57 A. 55, 58 (Pa. 1904) ("And equally so as between lessor and lessee … the one who controls the gas—has it in his grasp, so to speak—is the one who has possession in the legal as well as in the ordinary sense of the word.").

The Game Commission has failed to plead any facts establishing that it and the Trust were not in possession of the property's coal, oil, gas, petroleum, or minerals at the time it filed its *Amended Complaint*. The *Amended Complaint* contains no factual allegations stating that the Game Commission or the Trust were actively engaged in efforts to extract or were extracting coal, oil, gas, petroleum, or minerals from the premises. The *Amended Complaint* also does not contain any allegations that the Game Commission or the Trust were not engaged in such efforts. Because possession is a jurisdictional prerequisite and element of a Rule 1061(b)(2) quiet-title action, the *Amended Complaint* must plead facts from which possession or lack thereof may be determined. Silence is insufficient. The *Amended Complaint* does not contain any facts from which it may be determined—one way or the other—if the Game Commission or the Trust possessed the premises's coal, oil, gas, petroleum, or minerals. Therefore, the Game Commission has failed to establish the jurisdictional prerequisite for and element of its Rule 1061(b)(2) quiet-title action.

### 3.   Conclusion.

The Court must grant the Trust's *Motion to Dismiss and Motion for a More Definite Statement*. To establish its Rule 1061(b)(2) quiet-title action, the Game Commission must plead facts demonstrating that it and the Trust did not possess the premises's coal, oil, gas, petroleum, and minerals at the time the Game Commission filed its *Amended Complaint*. The Game Commission has failed to plead any facts establishing this. Therefore, the Game Commission has failed to state a claim upon which relief may be granted. Accordingly, for this reason and for the reasons set forth in the Trust's *Brief in Support of Motion to Dismiss and Motion for a More Definite Statement*, the Court must dismiss with prejudice the Game Commission's *Amended Complaint* and all of the claims asserted therein.

Respectfully submitted:

RIEDERS, TRAVIS, HUMPHREY, HARRIS,
WATERS, WAFFENSCHMIDT & DOHRMANN

*s/Thomas Waffenschmidt*
Thomas Waffenschmidt, Esquire
PA ID # 59214
Attorney for Defendant
161 W. Third St., PO Box 215
Williamsport, PA  17703-0215
Tel:  (570) 323-8711
Fax:  (570) 323-4192

Date: September 30, 2013    E-Mail: twaffenschmidt@riederstravis.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH of PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, | : : : : | CIVIL ACTION—LAW |
| Plaintiff | : : | CASE NO.  1:12-CV-1567 |
| vs. | : : | JUDGE: Christopher C. Conner |
| THOMAS E. PROCTOR HEIRS TRUST, | : : : | |
| Defendant | : : | [ELECTRONICALLY FILED] |

# Certificate of Service

    I, Thomas Waffenschmidt, Esquire, hereby certify that on September 30, 2013 the foregoing *Thomas E. Proctor Heirs Trust's Reply Brief to Plaintiff's Brief in Opposition to Motion to Dismiss and Motion for a More Definite Statement* was filed with the Court's ECF System and served via the ECF System.

                         Respectfully submitted:

                         RIEDERS, TRAVIS, HUMPHREY, HARRIS, WATERS, WAFFENSCHMIDT & DOHRMANN

                         *s/Thomas Waffenschmidt*
                         Thomas Waffenschmidt, Esquire
                         PA ID # 59214
                         Attorney for Defendant
                         161 W. Third St., PO Box 215
                         Williamsport, PA  17703-0215
                         Tel:  (570) 323-8711
                         Fax:  (570) 323-4192
Date: September 30, 2013      E-Mail: twaffenschmidt@riederstravis.com