IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH of PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, | : : : : | CIVIL ACTION—LAW |
| Plaintiff | : : | CASE NO. 1:12-CV-1567 |
| vs. | : : | JUDGE: Christopher C. Conner |
| THOMAS E. PROCTOR HEIRS TRUST, | : : : | [ELECTRONICALLY FILED] |
| Defendant | : : | |

## Defendant Thomas E. Proctor Trust's Objections to the April 10, 2014 Report and Recommendation of the Honorable Susan E. Schwab

AND NOW, Defendant Thomas E. Proctor Heirs Trust, by and through its attorney, Thomas Waffenschmidt, Esquire, presents these *Objections to the April 10, 2014 Report and Recommendation of the Honorable Susan E. Schwab* and represents as follows:

1. On July 18, 2013, the Commonwealth of Pennsylvania, acting through the Pennsylvania Game Commission, filed an *Amended Complaint* asserting an action to quiet title, under Pennsylvania Rules of Civil Procedure 1061(b)(2), (b)(3), and (b)(4), against the Thomas E. Proctor Heirs Trust. (Doc. 12, 9, 10).

2. On August 1, 2013, the Trust filed a *Motion to Dismiss and Motion for a More Definite Statement* with respect to the *Amended Complaint*.

3. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Trust sought dismissal of the Game Commission's *Amended Complaint* and all of the claims asserted therein.

4. Since it was pursuing a quiet-title action under Pennsylvania Rule of Civil Procedure 1061(b)(2), the Game Commission had to plead facts establishing that neither it nor the Trust possessed the premises's coal, oil, gas, petroleum, and minerals at the time the Game Commission filed its *Amended Complaint*.

5. The Game Commission failed to do this, which meant that it had failed to establish a jurisdictional prerequisite for and element of its Rule 1061(b)(2) quiet-title action. *See Siskos v. Britz*, 567 Pa. 689, 701, 790 A.2d 1000, 1008 (2002).

6. The Trust also sought dismissal of the Game Commission's quiet-title actions brought under Rules 1061(b)(2), (b)(3), and (b)(4), because the *Amended Complaint* failed to plead facts establishing the Game Commission's *prima facie* title to the premises's coal, oil, gas, petroleum, and mineral rights.

7. On April 10, 2014, Magistrate Judge Susan E. Schwab issued a *Report and Recommendation* recommending that the Trust's *Motion to Dismiss and Motion for a More Definite Statement* be granted in part and denied in part. (Doc. 24, 2, 17).

8.  Magistrate Judge Schwab concluded that the Game Commission failed to plead sufficient facts establishing that neither it nor the Trust possessed the premises's coal, oil, gas, petroleum, and minerals. (Id. at 12).

9. Because of this, Magistrate Judge Schwab concluded that the Game Commission's Rule 1061(b)(2) quiet-title action should be dismissed. (Id.).

10. As to the Game Commission's Rule 1061(b)(3) and (b)(4) quiet-title actions, Magistrate Judge Schwab found that the Game Commission pled sufficient facts to establish its *prima facie* title.

11. Magistrate Judge Schwab stated:

> In this regard, Pennsylvania law is clear that a lien for unpaid taxes attaches only to the estate assessed, 'and that estate, but no more, passes at a public sale ....' *Babcock v. Faust*, 39 A.2d 298, 301-02 (Pa. Super. Ct. 1944). At the same time, in a case that recognized and was predicated upon the previously mentioned rule, the Supreme Court of Pennsylvania held that where there is a severance of the surface from the subsurface, the mineral owner has a duty to notify the county commissioners of this fact, and 'if he fails to do so, and thereafter the lands are assessed as to the entire estate as unseated lands, and are sold as such at a tax sale, the owner of the surface may purchase at such sale, and acquire good title to the minerals.' *Hutchison v. Kline*, 49 A. 312 (Pa. 1901).
>
> In this matter, [the Game Commission] traces its title to the mineral estate to a tax sale that occurred when the Premises was assessed as, and considered, unseated. Moreover, [the Game Commission] clearly alleges that at the time of the tax sale, the Trust did not have the mineral estate separately assessed, even though, based on Proctor's alleged conveyances, the mineral estate was

> intended to be separated from the surface estate (i.e. the Premises). Thus, it is reasonable to infer from the amended complaint that the Trust, through Proctor's heirs, failed in its duty to inform the assessor that the mineral estate should have been separately assessed. Accordingly, taking the allegations in the amended complaint as true, it is plausible to conclude that [the Game Commission] may have a valid title in the mineral estate based on its allegations coupled with the holding in *Hutchison*. Consequently, I find that [the Game Commission] has stated a valid claim for relief under both 1061(b)(3) and (4); thus, the Trust's dismissal motion should be dismissed on the claim brought under these subparts.

(Id. at 15-16).

12. Magistrate Judge Schwab erred in finding that the Game Commission pled sufficient facts to establish its *prima facie* title to the premises's coal, oil, gas, petroleum, and mineral rights.

13. The *Amended Complaint* lacks the necessary facts to establish the Game Commission's *prima facie* title to the premises's coal, oil, gas, petroleum, and mineral rights.

    a. The Game Commission must allege facts giving rise to a duty to notify under the Act of 1806.

    b. The Game Commission must allege facts establishing a failure to comply with the duty to notify.

    c. The Game Commission must allege facts establishing that the tax assessments included the oil and natural gas rights.

      d. The Game Commission must allege the contents of the treasurer's deeds.

WHEREFORE, Defendant Thomas E. Proctor Heirs Trust respectfully requests that this Honorable Court decline to follow Magistrate Judge Schwab's recommendations concerning the Game Commission's pleading of sufficient facts to establish its *prima facie* title. Instead, the Court must dismiss with prejudice the Game Commission's *Amended Complaint* and all of the claims asserted therein, because the Game Commission failed to plead sufficient facts to establish its *prima facie* title, thereby failing to establish its quiet-title actions brought under Rules 1061(b)(2), (b)(3), and (b)(4).

                                     Respectfully submitted:

                                     RIEDERS, TRAVIS, HUMPHREY, HARRIS,
                                     WATERS, WAFFENSCHMIDT & DOHRMANN

                                     *s/Thomas Waffenschmidt*
                                     Thomas Waffenschmidt, Esquire
                                     PA ID # 59214
                                     Attorney for Defendant
                                     161 W. Third St., PO Box 215
                                     Williamsport, PA  17703-0215
                                     Tel:  (570) 323-8711
                                     Fax:  (570) 323-4192
Date: April 24, 2014                E-Mail: twaffenschmidt@riederstravis.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH of PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, | : : : : : | CIVIL ACTION—LAW |
| Plaintiff | : : | CASE NO.  1:12-CV-1567 |
| vs. | : : | JUDGE: Christopher C. Conner |
| THOMAS E. PROCTOR HEIRS TRUST, | : : : | |
| | : | [ELECTRONICALLY FILED] |
| Defendant | : | |

## Certificate of Service

I, Thomas Waffenschmidt, Esquire, hereby certify that on April 24, 2012 the foregoing *Defendant Thomas E. Proctor Heirs Trust's Objections to the April 10, 2014 Report and Recommendation of the Honorable Susan E. Schwab* was filed with the Court's ECF System and served via the ECF System.

Respectfully submitted:

RIEDERS, TRAVIS, HUMPHREY, HARRIS, WATERS, WAFFENSCHMIDT & DOHRMANN

*s/Thomas Waffenschmidt*
Thomas Waffenschmidt, Esquire
PA ID # 59214
Attorney for Defendant
161 W. Third St., PO Box 215
Williamsport, PA  17703-0215
Tel:  (570) 323-8711
Fax:  (570) 323-4192

Date: April 24, 2012        E-Mail: twaffenschmidt@riederstravis.com