UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF PENNSYLVANNIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION<br>    Plaintiff,<br>    vs.<br><br>Thomas E. Proctor Heirs Trust under Declaration of Trust dated October 28, 1980, which is recorded in Sullivan County in Book 106, at page 879, its successors and assigns;<br>    Defendant. | :<br>:<br>:<br>:<br>:<br>: Civil Action No. 1:12-CV-1567<br>:<br>:<br>: (Judge Christopher C. Connor)<br>:<br>: [Electronically filed]<br>:<br>:<br>:<br>: |

**THE COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION'S RESPONSE TO DEFENDANT'S RULE 72 OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE HONORABLE SUSAN E. SCHWAB**

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the Commonwealth of Pennsylvania, Pennsylvania Game Commission, by and through its undersigned counsel, respectfully submits this response to defendant's (the Trust) Objection to Magistrate Judge Schwab's Report and Recommendation.

## **ARGUMENT**

In her Report and Recommendation, Judge Schwab recommended that this Court deny the Trust's motion to dismiss with respect to its request of PGC's quiet title claim under Rule 1061(b)(3) and 1061(b)(4). Judge Schwab correctly rejected the Trust's contention that the PGC failed to state a claim upon which relief can be granted. This Court should adopt Judge Schwab's Report and Recommendation. The facts and legal arguments of the PGC are set out in detail in the Reply Brief of the PGC, which is attached hereto and incorporated herein by reference. (Doc. 18.). As Judge Schwab rightly concluded, the PGC has met its pleading burden with respect to the quiet-title claim brought under Rule 1061(b)(3) and (4). (Doc. 24, p. 14)

The purpose of an action to quiet title is to resolve a conflict over an interest in property." National Christian Conference Center v. Schuylkill Township, 152 Pa.Cmwlth. 308, 597 A.2d 248 (1991), see Pa. R.C.P. No. 1061. "To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210. In order to prevail in an action to quiet title, plaintiff must establish title by a fair preponderance of the evidence. Kaiser Energy v. Department of Environmental Resources, 113 Pa. Cmwlth. 6, 535 A.2d 1255 (1988). "The initial burden is to

establish a *prima facie* case by showing title sufficient to base a right of recovery." Id. at 1257.

The Trust's argument in its Objection to Judge Schwab's Recommendation and Report that the PGC has a different burden with respect to establishing *prima facie* title is unpersuasive. The element required under Pennsylvania Law in a Quiet Title action is *prima facia* title. The current deed is attached to the Amended Complaint, showing a description. An Abstract of Title is attached to the Amended Complaint describing the chain of title to the PGC. There is no requirement that each and every document of record in a chain of title be copied and attached to a Complaint.

Furthermore, the Trust's interpretation of the law is incorrect. Applying Hutchinson to this case, the duty to notify would have been triggered when the oil, gas, and mineral estate was severed by Thomas E. and Emma H. Proctor in 1894. When an owner of lands conveys the surface and reserves the minerals, it is his duty to notify the county commissioners of this fact; and if he fails to do so, and thereafter the lands are assessed as a whole as unseated lands, in the name of the grantee of the surface, and are sold at such tax sale, the sale is valid, and the owner of the surface, by purchasing at the sale, will acquire a good title to the minerals. Roaring Creek Water Co. v. Northumberland County Commissioners, 6 C.C. 473, 1 Northumb. 181 (1889); Hutchinson v. Kline, 49 A. 312, 199 Pa. 564 (1901).

3

"The tax laws as to unseated lands treat them entirely in reference to the original warrants, *when not otherwise directed by the owners.*" Id. Because plaintiff's failed to notify the commissioners or the assessor that the mineral estate had been excepted and reserved, it was proper for the assessor to assess the tract of land in its entirety as the recorded deed effectuating the reservation of the mineral estate was not notice to the assessor or the commissioners when they were not duty-bound to search or examine the records. Id. The severance of the oil, gas, and minerals by the Proctors would have created a duty on the owners to notify the assessors which would have altered the description of the tract in the assessment records to include something more than the warrantee name. In this case, the Treasurer's Deeds reference the tracts as unseated lands and describe the tracts by the original warrantees. Without other evidence to the contrary, the facts show that Defendant's predecessor in title failed to comply with their duty to notify the commissioners or the assessor that the mineral estate had been excepted and reserved and the subsequent sheriff sale would have resulted in a transfer in fee, free and clear of all restrictions, exceptions, and reservations.

The Trust ignores the presumption of validity of a tax sale. Defendant's argument that the PGC must allege facts establishing that oil and gas existed in known and taxable quantities at the time of and in the immediate area of the subject tax sales is putting the cart before the horse. Whether and to what extent an

4

assessment valuation would or could be placed on the excepted minerals, after notification to the county commissioners/assessors by the owner, would have been the result of many relevant factors, including development in the neighborhood, sales of oil or gas interests in close proximity to the tracts at issue, or any other element of value which would allow tax assessment to form a basis of valuation. The duty to notify is not triggered by the value of the severed estate, but rather by the creation of it. In any event, if the Trust now believes the 1908 tax sales were defective, it would be the Trust's burden to overcome the presumption of validity and to show irregularities.

Nevertheless, "while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Judge Schwab correctly found that the PGC pled sufficient facts to establish its prima facie title to the premises' oil and gas estate. As Judge Schwab noted in her Report and Recommendation, the "PGC traces its interest and title in the Premises from a treasurer's sale of the premises for unpaid taxes." (Doc. 24, p. 14). PGC further asserts in its Amended Complaint that at the time of the treasurer's sales, the real property was unseated and that Defendant's predecessor in title did not have the oil, gas or mineral estate separately assessed. (Doc. 12, p. 8; Doc. 24, pp. 14-15). The six treasurer's deeds were duly recorded and acknowledged in open court with

a record of the acknowledgment being made upon the minutes of the Court. (Doc. 12, pp. 5-6). Furthermore, in its Amended Complaint, the PGC also averred that the existence of various documents creates, "a cloud upon the title of the PGC." (Doc. 12, p. 8). Where a case involves "a cloud" on plaintiff's property but does not involve a possessory interest, action may be maintained under Rule 1061(b)(3). Kean v. Forman, 752 A.2d 906, 908 (Pa.Super.2000). Pa.R.C.P 1061(b)(4) is solely based on the substantive rights given to a purchase at tax or judicial sale. Hanson v. Berenfield, 24 Pa. D. & C.2d 361,375, 1961 WL 6394, 10 (Pa.ComPl).

The PGC's production of evidence shows a direct line of title to the oil and gas estate from the treasurer's sales that occurred when the premises were assessed as, and considered, unseated. This establishes prima facie title and the Trust should now be called upon to prove its alleged title, if it wishes to defeat the PGC's apparent ownership. The Commission has clearly met its burden under both Pa.R.C.P(b)(3) and (4).

## **CONCLUSION**

This Court should adopt Judge Schwab's Report and Recommendation and rule that the PGC has stated a valid claim for relief under Rule 1061(b)(3) and (4). This Court should also order the defendant to file a written Answer to the PGC's Amended Complaint.

                                        Respectfully submitted,
                                        PENNSYLVANIA GAME COMMISSION

                                        *Bradley C. Bechtel*, Chief Counsel
                                        I.D. #49681
                                        brbechtel@pa.gov

                                        *Audrey J. Broucek*, Assistant Counsel
                                        I.D. #208483
                                        abroucek@pa.gov
                                        2001 Elmerton Avenue
                                        Harrisburg, PA  17110-9797
                                        (717)783-4250, ext. 3617

## CERTIFICATE OF SERVICE

We, Bradley C. Bechtel, Esquire, Chief Counsel of the Pennsylvania Game Commission, and Audrey J. Broucek, Assistant Counsel for the Pennsylvania Game Commission, hereby certify the foregoing THE COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION'S RESPONSE TO DEFENDANT'S RULE 72 OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE HONORABLE SUSAN E. SCHWAB was served by depositing same in the United States First Class Mail, the 7th day of May, 2014, upon the following:

> Rieders, Travis, Humphrey, Harris Waters & Waffenschmidt
> ATTN: Thomas Waffenschmidt, Esquire
> 161 West Third Street
> P.O. Box 215
> Williamsport, PA  17703-0215

Respectfully submitted,
PENNSYLVANIA GAME COMMISSION

DATE:  May 7, 2014

*s/ Bradley C. Bechtel*
Bradley C. Bechtel, Chief Counsel
I.D. #49681
2001 Elmerton Avenue
Harrisburg, PA  17110-9797
FAX:  (717)772-0502
(717)783-6530
brbechtel@pa.gov

DATE:  May 7, 2014

*s/ Audrey J. Broucek*
Audrey J. Broucek, Assistant Counsel
I.D. #208483
 (717)783-4250, ext. 3617
abroucek@pa.gov