IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION,** | : : : | **CIVIL ACTION NO. 1:12-CV-1567** |
| Plaintiff | : : | **(Chief Judge Conner)** |
| v. | : : | |
| **THOMAS E. PROCTOR HEIRS TRUST**, | : : | |
| Defendant | : | |

# **ORDER**

AND NOW, this 24th day of July, 2014, upon consideration of the report (Doc. 24) of Magistrate Judge Susan E. Schwab, recommending the court grant in part and deny in part defendant's motion (Doc. 14) to dismiss for failure to state a claim or, in the alternative, for a more definite statement, and, after an independent review of the record, and noting that defendant filed objections[1] (Doc. 25) to the report on April 24, 2014, and that plaintiff filed a response (Doc. 27) to defendant's objections on May 7, 2014, and the court finding Judge Schwab's analysis to be thorough, well reasoned, and fully supported by the record, and the court further finding defendant's objections to be

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

without merit[2] and squarely addressed by Judge Schwab's report, it is hereby

ORDERED that:

1. The report (Doc. 24) of Magistrate Judge Schwab is ADOPTED in its entirety.

2. Defendant's motion (Doc. 14) is GRANTED to the extent it seeks dismissal of plaintiff's claim to quiet title pursuant to Pennsylvania Rule of Civil Procedure 1061(b)(2).

3. Plaintiff's claim pursuant to Pennsylvania Rule of Civil Procedure 1061(b)(2) is DISMISSED with prejudice.

4. The motion is DENIED in all other respects.

5. This case is REMANDED to Magistrate Judge Schwab for pretrial management.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] Defendant contends that plaintiff has failed to plead sufficient facts to establish *prima facie* title to the subsurface mineral rights at issue in this quiet title action. (See Doc. 25 at 4-5). Defendant attempts to impose a more onerous burden on plaintiff than Rule 12(b)(6) demands. When considering a motion to dismiss, the court accepts all factual allegations as true, construes the pleading in a light most favorable to the non-moving party, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Gelman v. State Farm Mutual Auto. Ins., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). As Judge Schwab correctly notes, the facts alleged in plaintiff's amended complaint, if accepted as true, establish a plausible claim for relief under both Pennsylvania Rule of Civil Procedure 1061(b)(3) and 1061(b)(4). (See Doc. 24 at 13-16); see also Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (noting that a complaint that states a plausible claim for relief will survive a 12(b)(6) motion). Thus, the court will overrule defendant's objections and adopt Judge Schwab's report in its entirety.