UNITED STATES DICSTRICT COURT
for the
MIDDLE DISTRICT OF PENNSYLVANNIA

COMMONWEALTH OF        :
PENNSYLVANIA,            :
PENNSYLVANIA GAME      :
COMMISSION               :
          Plaintiff,           :
          vs.                  :     Civil Action No.:
                            :     1:12-CV-01567

Thomas E. Proctor Heirs Trust under :
Declaration of Trust dated        :
October 28, 1980, which is recorded   :
in Sullivan County in Book 1106,     :
at page 879, its successors and assigns;:
and the MARGARET PROCTOR     :
TRUST;                      :
          Defendants       :

To:    Margaret Proctor Trust:


**NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS**

      A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

      This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal services of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within 20 days from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date waiver is filed, but no summons will be served on you and you will have 60 days from the this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside and judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on December 1, 2014.

UNITED STATES DICSTRICT COURT
for the
MIDDLE DISTRICT OF PENNSYLVANNIA

COMMONWEALTH OF PENNSYLVANIA,  :
PENNSYLVANIA GAME COMMISSION   :
        Plaintiff,              :
        vs.                    :      Civil Action No._____
                :      1:12-CV-01567
Thomas E. Proctor Heirs Trust under Declaration  :
of Trust dated October 28, 1980, which is recorded  :
 in Sullivan County in Book 1106, at page 879, its  :
successors and assigns; and the Margaret Proctor  :
Trust                                :
        Defendants.             :

To:   Margaret Proctor Trust, **Defendant.**

## WAIVER OF THE SERVICE OF SUMMONS

      I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this wavier form, and a prepaid means of returning one signed copy of the form to you.

      I, or the entity I represent, agree to save the expense of a serving a summons and complaint in this case.

      I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

      I also understand that I, or the entity I represent, must file an serve an answer or a motion under Rule 12 with 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will entered against me or the entity I represent.

_____

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant show good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# UNITED STATES DICSTRICT COURT
### for the
## MIDDLE DISTRICT OF PENNSYLVANNIA

COMMONWEALTH OF PENNSYLVANIA,    :
PENNSYLVANIA GAME COMMISSION     :
          Plaintiff,              :
           vs.                 :
                         :        **Civil Action No.**_____
                         :        1:12-CV-01567
Thomas E. Proctor Heirs Trust under Declaration :
of Trust dated October 28, 1980, which is recorded :
in Sullivan County in Book 1106, at page 879, its :
successors and assigns; and the Margaret Proctor :
Trust                                            :
          **Defendants.**           :

To:    Margaret Proctor Trust, **Defendant.**

## WAIVER OF THE SERVICE OF SUMMONS

      I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this wavier form, and a prepaid means of returning one signed copy of the form to you.

      I, or the entity I represent, agree to save the expense of a serving a summons and complaint in this case.

      I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

      I also understand that I, or the entity I represent, must file an serve an answer or a motion under Rule 12 with 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will entered against me or the entity I represent.

_____

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant show good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF PENNSYLVANNIA

COMMONWEALTH OF                    :
PENNSYLVANIA,                      :
PENNSYLVANIA GAME                  :
COMMISSION                         :
      Plaintiff,     :
      vs.            :     Civil Action No.:
                     :     1:12-CV-01567
Thomas E. Proctor Heirs Trust under :
Declaration of Trust dated         :
October 28, 1980, which is recorded :
in Sullivan County in Book 1106,   :
at page 879, its successors and assigns;:
and the MARGARET PROCTOR           :
TRUST;                             :
      Defendants     :

## SECOND AMENDED COMPLAINT

NOW, this _1st_ day of _December_, 2014, comes the Plaintiff,

Commonwealth of Pennsylvania, Pennsylvania Game Commission, by and

1

through its counsel, and makes this Second Amended Complaint for Action
to Quiet Title against the above Defendant and makes the following
allegations in support thereof:

## THE PARTIES

1.      Plaintiff is the Commonwealth of Pennsylvania, Pennsylvania
Game Commission, (hereinafter, PGC) an independent Commonwealth
administrative agency with its principal offices located at 2001 Elmerton
Avenue, Harrisburg, PA 17110.

2.      Defendants, its successors, assigns, are:

a.      Thomas E. Proctor Heirs Trust, a Massachusetts Trust, and
unknown persons claiming any right, lien, title or interest by, through
or under them, or any of them, are natural persons, not known to be
living or dead, and whose whereabouts are unknown to the Plaintiff.

b.      Margaret Proctor Trust, a trust which, upon information and
belief, is a trust held in benefit for the heirs of Thomas E. Proctor and
Emma H. Proctor, which maintains a mailing address of c/o McGuire
Woods, EQT Plaza, 625 Liberty Avenue, 23rd Floor, Pittsburgh, PA
15222-3142.

The Defendants are named in this litigation due to the fact that the
trusts believe and/or have asserted that they have an interest in the real

property interests which are the subject of this action.

## JURISDICTION

3.    The plaintiff is an independent state commission of the Commonwealth of Pennsylvania existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 2001 Elmerton Avenue, Harrisburg, PA 17110. One of the Defendants is a Massachusetts trust, of which none of the beneficiaries are citizens of Pennsylvania. The amount in controversy, without interest and costs, exceeds $75,000.00, being the sum or value specified by 28 U.S.C. §1332.

## APPLICABLE LAW

4.    This is a complaint involving title to real property located in Davidson and Laporte Townships, Sullivan County, Pennsylvania, so the applicable substantive law is the real property law of the Commonwealth of Pennsylvania.

## THE PREMISES

5.    The property which is the subject of this dispute (the "Premises") is approximately 2,481 acres, more or less in Davidson and Laporte Townships, Sullivan County, Pennsylvania.

6.    The Premises are comprised of six warrants in the Warrantee names of Robert Irwin, Francis Nichols, John Brady, Thomas Hamilton,

Charles Irwin and William Meylert (No. 2).

7.     The Commonwealth of Pennsylvania acquired its ownership interest to the Premises under and by virtue of a certain deed by and between the Central Pennsylvania Lumber Company and the PGC, dated December 31, 1924 and recorded on June 6, 1925 in Sullivan County Deed Book 42, at page 538 which did except, however,

> "from the operation of th[e] covenant of warranty, all liability of the Central Pennsylvania Lumber Company as to any existing or outstanding mineral reservations."

A true and correct copy of this deed, including a description of the property at issue in this case, is incorporated herein by reference as if fully set forth and marked Exhibit A.

8.     The PGC designates the Premises as part of contract number L-44, and it is part of State Game Lands No. 13.

## THE TITLES

9.     Abstracts of titles of the Premises from the Land Office and into the Plaintiff and showing Defendant's exception and reservation is attached hereto, incorporated herein by reference as if fully set forth and marked Exhibit B.

10.     The PGC claims its interest in, *inter alia*, the coal, oil, gas or petroleum, and minerals, as well as the surface and surface support rights in

4

and to the Premises by virtue of the deed recited in Paragraph 7 hereof.

11.    The titles to the aforementioned L-44 contain the following conveyances:

a.    A certain deed by and between Thomas E. Proctor and Emma H. Proctor, his wife, to Union Tanning Company, dated October 30, 1894 and recorded January 23, 1895 in Sullivan County Deed Book 24, at page 53, in which Thomas E. and Emma H. Proctor did,

> "reserve and save to himself, his heirs and assigns all the minerals, coal, oil, gas or petroleum found in or under the surface of the land described in each of the above mentioned divisions."

A true and correct copy of this document is incorporated herein by reference as if fully set forth and marked Exhibit C.

b.    A quitclaim deed from O. B. Grant and Sarah M. Grant, his wife, dated September 17, 1897 and recorded June 13, 1898 in Sullivan County Deed Book 24, at page 790, to Emma H. Proctor, widow, James H. Proctor, Anne P. Rice, Emily W. Proctor, Thomas E. Proctor, heirs at law of Thomas E. Proctor, deceased, quitclaiming, *inter alia*,

> "all the right, title, interest and estate acquired by the parties of the first part hereto under and by virtue of forty-two several treasurer's Deeds from A. L. Smith, Treasurer of Sullivan County, Pennsylvania to O. B. Grant, dated September 21, 1896, of, in and to the minerals, coal, oil, gas or petroleum found on or under the surface of the lands described in said Treasurer's deeds."

A true and correct copy of this document is incorporated herein by reference as if fully set forth and marked Exhibit D.

12.   After the reservation and conveyance to the Proctors mentioned in Paragraph 11, the Premises were unseated land sold by Sullivan County Treasurer, Frank H. Farrell to C.H. McCauley, Jr. at Treasurer's sale dated June 8, 1908, as follows:

a.    Charles Irwin Warrant Treasurer's Sale Book 1, Page 260, acknowledged December 16, 1908, referenced in Minute Book 7, page 242, Treasurer's Deed dated December 1, 1908;

b.    William Meylert Warrant Treasurer's Sale Book 1, Page 261, acknowledged December 16, 1908, referenced in Minute Book 7, page 244, Treasurer's Deed dated December 1, 1908;

c.    John Brady Warrant Treasurer's Sale Book 1, Page 259, acknowledged December 16, 1908, referenced in Minute Book 7, page 242, Treasurer's Deed dated December 1, 1908;

d.    Thomas Hamilton Warrant Treasurer's Sale Book 1, Page 260, acknowledged December 16, 1908, referenced in Minute Book 7, page 242, Treasurer's Deed dated December 1, 1908;

e.    Frances Nichols Warrant Treasurer's Sale Book 1, Page 261,

acknowledged December 16, 1908, referenced in Minute Book 7, page 244,

Treasurer's Deed dated December 1, 1908;

     f.     Robert Irwin Warrant Treasurer's Sale Book 1, Page 260,

acknowledged December 16, 1908, referenced in Minute Book 7, page 242,

Treasurer's Deed dated December 1, 1908.

     13.    C.H. McCauley, Jr. and Florence M. McCauley, his wife, by

their deed dated December 6, 1910, and recorded in Sullivan County Deed

Book 36 at page 223, granted and conveyed the said Premises to Central

Pennsylvania Lumber Company.

     14.    According to Affidavit of Ann P. Hochberg, Esq., recorded on

December 9, 2009 to instrument number 20097573 in Bradford County,

Pennsylvania, Thomas E. Proctor , Sr. (named in Paragraph 11) died on or

about December 7, 1895, a resident of Boston Massachusetts. A true and

correct copy of this Affidavit is hereby incorporated herein by reference,

attached hereto and marked Exhibit E.

     15.    Thomas E. Proctor, Sr. was survived by his widow, Emma

Howe Proctor and four children: James Howe Proctor, Anne Steele Proctor

Rice, Emily Water Proctor Mandell and Thomas Emerson Proctor, Jr.

     16.    A close reading of the Affidavit, Exhibit E, sets out the chain of

title for the Proctor family and indicates that ultimately, a majority of the

heirs of Thomas E. Proctor, Sr., conveyed their allegedly owned mineral

interests in Pennsylvania, which derived from Thomas E. Proctor, Sr. to the

Thomas E. Proctor Heirs Trust under Declaration of Trust dated October 28,

1980, which is recorded in Sullivan County in Book 1106, at page 879. A

true and correct copy of this Declaration of Trust is incorporated herein by

reference, attached hereto and marked, Exhibit F.

17.   At the time of the sales for unpaid taxes referenced in

Paragraph 12, the Defendants did not have the oil, gas and mineral estates

separately assessed.

18.   At the time of the sale for unpaid taxes, the real property was

unseated.

19.   Pursuant to the principles espoused in *Hutchinson V. Kline*, 199

Pa. 564 (1901); *F.H. Rockwell & Co. v. Warren County*, 228 Pa. 430

(1910); and *Proctor v. Sagamore Big Game Club*, 155 F.Supp. 465 (W.D.

Pa, 1958), a tax sale of the unseated land passed all title of the real estate

fairly chargeable with the taxes and not separately assessed.

20.   Various Acts of the General Assembly have ratified prior tax

sales.

21.   The PGC acquired its interests in the Premises from or through the purchasers at the tax sales.

22.   The PGC acquired all interests in the Premises including, but not limited to, those rights allegedly severed previously, by the conveyance listed in Paragraph 7.

23.   The existence of the documents set out in Paragraph 11 and 16 cause a cloud upon the title of the PGC.

24.   The Defendants have made claims to ownership or have tried to convey rights, specifically with regard to oil and gas.

WHEREFORE, the PGC respectfully requests this Honorable Court to issue and order:

1.   Pursuant to Pa.R.C.P. 1061(b)(3) against the Defendants to admit the invalidity of any right, title or interest Defendant, or any of them claim in the oil and gas estate in, on and under the Premises consisting of approximately 2,481 acres, more or less in Davidson and Laporte Townships, Sullivan County, Pennsylvania, most particularly admit the invalidity of any interest, right or claim pursuant to the Thomas E. Proctor Heirs Trust under Declaration of Trust dated October 28, 1980, which is recorded in Sullivan County in Book 1106, at page 879; or in the

alternative,

2.    Pursuant to Pa.R.C.P. 1061(b)(4) to grant possession of the oil and gas estate in, on and under the Premises consisting of approximately 2,481 acres, more or less in Davidson and Laporte Townships, Sullivan County, Pennsylvania, which was sold at tax sales June 1, 1908, and for which various deeds were dated December 1, 1908, as set forth in the Amended Complaint, to the PGC;  and

3.    Such other relief as this Honorable Court may find just and reasonable.

Respectfully submitted,
PENNSYLVANIA GAME COMMISSION

DATE: 12/1/2014

Bradley C. Bechtel, Chief Counsel
I.D. #49681
2001 Elmerton Avenue
Harrisburg, PA  17110-9797
FAX:  (717)772-0502
(717)783-6530
brbechtel@pa.gov

10

## CERTIFICATE OF SERVICE

I, Bradley C. Bechtel, Esquire, Chief Counsel of the Pennsylvania Game Commission, hereby certify I served a copy of the foregoing AMENDED COMPLAINT in accordance with F.R.C.P. 5 upon Plaintiffs by depositing same in the United States First Class Mail, on December 1, 2014, addressed as follows:

The Waffenschmidt Law Firm, LLC
ATTN:  Thomas Waffenschmidt, Esquire
Attorney for Defendant
811 S. Market Street
South Williamsport, PA  17702

By: _____
Bradley C. Bechtel, Chief Counsel

## TABLE OF CONTENTS TO EXHIBITS

Exhibit A    A deed from Central Pennsylvania Lumber Company to the PGC, dated December 31, 1924 and recorded on June 6, 1925 in Sullivan County Deed Book 42 at page 538. (3 Pages.)

Exhibit B    Abstracts of titles of the Premises from the Land Office and into the Plaintiff and showing Defendant's exception and reservation. (3 Pages.)

Exhibit C    A deed from Thomas E. Proctor and Emma H. Proctor, his wife, to Union Tanning Company, dated October 30, 1894 and recorded January 23, 1895 in Sullivan County Deed Book 24, at page 53. (6 Pages.)

Exhibit D    A quitclaim deed from O. B. Grant and Sarah M. Grant, his wife, dated September 17, 1897 and recorded June 13, 1898 in Sullivan County Deed Book 24, at page 790, to Emma H. Proctor, widow, James H. Proctor, Anne P. Rice, Emily W. Proctor, Thomas E. Proctor, heirs at law of Thomas E. Proctor, deceased. (6 Pages.)

Exhibit E    Affidavit of Ann P. Hochberg, Esq., recorded on December 9, 2009 to instrument number 20097573 in Bradford County, Pennsylvania. (12 Pages.)

Exhibit F    A Declaration of Trust dated October 28, 1980, recorded in

Sullivan County in Book 1106, at page 879.  (11 Pages.)