**Attorneys for Plaintiff**
Bradley C. Bechtel, Esquire
PA I.D. #49681
W. Creigh Martson Esquire
PA I.D. # 94759
Commonwealth of Pennsylvania,
Pennsylvania Game Commission
2001 Elmerton Avenue
Harrisburg, PA 17110-9797
Tel: (717) 783-6530
Fax: (717) 772-0502
Email: brbechtel@pa.gov
      wmartson@pa.gov

**Attorneys for Defendants**
Laura A. Lange
Pa. Id. No. 310733
Paul K. Stockman *(pro hac vice)*
Pa. Id. No. 66951
McGuireWoods LLP
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
llange@mcguirewoods.com
pstockman@mcguirewoods.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS E. PROCTOR HEIRS TRUST and the MARGARET PROCTOR TRUST,<br><br>    Defendants. | CASE NO. 1:12-CV-1567<br><br>Chief Judge Conner |

# Joint Case Management Plan

Instructions: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1.0 Principal Issues.**

    1.1 Separately for each party, please give a statement summarizing this case:

    By Plaintiff:

    This case involves the ownership of and title to the coal, oil, gas, petroleum, and mineral rights pertaining to approximately 2,481 acres, more or less, located in Davidson and Laporte Townships, Sullivan County, Pennsylvania. Through the October 30, 1894 Proctor-Union Tanning Company Deed's exception and reservation (Sullivan County Deed Book 24, Page 53)—in which Thomas E. Proctor, Sr. and his wife, Emma H. Proctor, excepted and reserved to themselves, their heirs, and assigns all of the property's coal, oil, gas, petroleum, and mineral rights—the September 17, 1897 Grant-Proctor Quitclaim Deed (Sullivan County Deed Book 24, Page 790), and a majority of the Proctor heirs and assigns' assignment to the Thomas E. Proctor Heirs Trust ("the Thomas Proctor Heirs Trust") of their beneficial interest in and to the coal, oil, gas, petroleum, and mineral rights, the Trust claims to own and have title to a majority of the property's coal, oil, gas, petroleum, and mineral rights. The Thomas Proctor Heirs Trust is not the only entity whose interest in the property's coal, oil, gas, petroleum, and mineral rights will be jeopardized by the Game Commission's quiet-title actions. A second, separate trust, the Margaret O.F. Proctor Trust, holds property for the benefit of certain heirs of Thomas E. Proctor, Sr. and Emma H.

2

Proctor. On December 7, 1894, Thomas E. Proctor, Sr. died testate. He was survived by his widow, Emma H. Proctor, and four children: James Howe Proctor, Anne Steele Proctor Rice, Emily Waters Proctor Mandell, and Thomas Emerson Proctor, Jr. In 1946, James Howe Proctor died testate. He was survived by four children: Thomas Emerson Proctor II; John Riker Proctor; May Jackson Proctor Shiverick Case; and Esther Benedict-Proctor. James Howe Proctor's daughter, Martha Moore Proctor, predeceased him without any issue. In 1973, Thomas Emerson Proctor II died testate. He was survived by his wife Margaret Olivia Flint Proctor and no issue. In his will, Thomas Emerson Proctor II left everything to his wife Margaret O.F. Proctor. Upon her death on November 26, 1978, Margaret O.F. Proctor's residuary trust was funded through her will, thereby creating the Margaret O.F. Proctor Trust ("the MPT"). The MPT was funded with all of the assets Margaret O.F. Proctor inherited from Thomas Emerson Proctor II, including but not limited to, a fractional interest in the oil, gas, and mineral rights owned by Thomas E. Proctor, Sr. and Emma H. Proctor.

The MPT and the Thomas Proctor Heirs Trust are two separate entities, as the MPT has not assigned its rights to nor become part of the Thomas Proctor Heirs Trust. The MPT claims title to 6.25% of the oil, gas, and mineral rights formerly held by Thomas E. Proctor, Sr. and Emma H. Proctor, while the Thomas Proctor Heirs Trust claims title to 93.75% of those rights.

The Commonwealth of Pennsylvania, acting through the Pennsylvania Game Commission ("the Game Commission"), has asserted a contrary ownership claim to these rights and has brought quiet-title actions against the Thomas Proctor Heirs Trust and the MPT concerning the property's oil, gas, and mineral estate.

The effect of tax sales occurring on June 1, 1908 and of treasurer's deeds issued on December 1, 1908 are the central questions in the Game Commission's ownership claim and its quiet-title actions. The Game Commission contends that one of its predecessor-in-title acquired title to the property's coal, oil, gas, petroleum, and mineral rights through the tax sales and treasurer's deeds pursuant to the principles put forth in *Hutchinson v. Kline*, 199 Pa. 564 (1901); *F.H. Rockwell & Co. v. Warren County*, 228 Pa. 430 (1910); *Proctor v. Sagamore Big Game Club*, 155 F.Supp. 465 (W.D. Pa, 1958), and *Herder Spring Hunting*

3

*Club v. Keller*, 143 A.3d 358 (Sup. Ct. Pa. 2016) a tax sale of the unseated land passed all title of the real estate fairly chargeable with the taxes and not separately assessed.

By Defendants:

This case involves a dispute regarding the ownership of and title to the coal, oil, gas, petroleum, and mineral rights of approximately 2,481 acres, more or less, located in Davidson and Laporte Townships, Sullivan County, Pennsylvania.

In 1893, Thomas E. Proctor purchased the entirety of the property (surface and subsurface). On October 30, 1894, Proctor and Emma H. Proctor, his wife, conveyed the surface of the property to the Union Tanning Company, excepting and reserving unto themselves, their heirs and assigns "all the natural gas, coal, coal oil, petroleum, marble and all minerals of every kind and character in, upon, or under the said land," (the "Proctor Subsurface Estate"). Following a tax sale in 1896 (for the prior owner's purported failure to pay taxes on the entire property), the tax sale purchaser, O.B. Grant conveyed the Proctor Subsurface Estate to Emma H. Proctor and Proctor's heirs and conveyed the surface estate to Union Tanning Company. A majority of the Proctor heirs have assigned their respective interests in the Proctor Subsurface Estate to the Thomas E. Proctor Heirs Trust (the "PHT"). The PHT owns 15/16 (93.75%) of the Proctor Subsurface Estate. The remaining 1/16 (6.25%) interest in the Proctor Subsurface Estate is owned by the Margaret O.F. Proctor Trust (the "MPT").

The Commonwealth of Pennsylvania, acting through the Pennsylvania Game Commission ("the Game Commission"), claims ownership of the entire property, including the Proctor Subsurface Estate, by virtue of certain tax sales of the surface estate on June 1, 1908 and tax deeds dated December 1, 1908. The properties involved in the tax sales were assessed in the name of the Central Pennsylvania Lumber Company ("CPLC"), the owner of the surface estate. The purchaser at the tax sales was Calvin H. McCauley, Jr., an attorney and real estate agent for CPLC. On or about December 6, 1910, McCauley re-conveyed the very same

interests back to CPLC via a quit-claim deed.  In 1924, CPLC conveyed its interests to the Game Commission.

The alleged June 1, 1908 tax sales and December 1, 1908 treasurer's deeds did not include or convey the Proctor Subsurface Estate because, among other issues, (1) the tax sales and treasurer's deeds did not include the Proctor Subsurface Estate as it was severed from the surface estate, the taxing authorities were duly notified of the severance, and only the surface estate was assessed and sold; (2) McCauley, as an agent of CPLC, had a legal and moral obligation to pay the taxes for CPLC, and therefore, his purchase of the property at the June 8, 1908 tax sales served as payment of the deficient taxes and/or a redemption; (3) CPLC and McCauley are estopped from acquiring a greater interest in the property as a result of CPLC's own failure to register its ownership of the surface estate to the taxing authorities and failure to pay the assessed taxes; and (4) the notice provisions of the Act of 1815 (on their face or as applied) violate the due process rights of the heirs of Thomas E. Proctor, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

Accordingly, the alleged June 8, 1908 tax sales and December 1, 1908 treasurer's deeds did not divest the Proctor heirs and assigns—and subsequently the PHT and MPT—of their ownership of and title to the property's coal, oil, gas petroleum, and mineral rights.

1.2 The facts the parties dispute are as follows:

All facts not admitted in a responsive pleading or agreed upon in Section 1.2 in this *Joint Case Management Plan* are disputed.

agree upon are as follows:

(1) The Commonwealth of Pennsylvania, Pennsylvania Game Commission owns and has title to the surface estate pertaining to the approximately 2,481 acres, more or less, located in Davidson and Laporte Townships, Sullivan County, Pennsylvania.

5

(2) Prior to the 1908 tax sales, the heirs of Thomas E. Proctor owned and had title to the certain estate of the subject property as reserved by Thomas E. Proctor by a deed dated October 30, 1894 and recorded in Sullivan County Deed Book 24 at page 53.

(3) Prior to the 1908 tax sales, the Central Pennsylvania Lumber Company owned and had title to the other estates associated with the subject property that were conveyed by Union Tanning by deed dated May 25, 1903 and recorded in Sullivan County Deed Book 29 at page 613.

1.3 The legal issues the parties <u>dispute</u> are set forth in number one (1) below. Additional issues important to the consideration of the case and which are disputed are set forth as (2) through (6), as follows:

(1) Who owns and has title to the property's coal, oil, gas, petroleum and mineral rights?

(2) Whether the taxing authorities were notified of the Proctor Subsurface Estate?

(3) Whether the tax assessments, sales and deeds included only the surface estate of the subject property?

(4) Whether McCauley, as an agent of CPLC, had a legal and moral obligation to pay the taxes for CPLC, and therefore, his purchase of the property at the June 8, 1908 tax sales served as payment of the deficient taxes and/or a redemption?

(5) Whether CPLC and McCauley, and any party claiming through them, are estopped from acquiring a greater interest in the property as a result of CPLC's own failure to register its ownership of the surface estate to the taxing authorities and failure to pay the assessed taxes?

(6) Whether the notice provisions of the Act of 1815 (on their face or as applied) violate the due process rights of the heirs of Thomas E. Proctor, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution?

<u>agree</u> upon are as follows:

(1) The Court has jurisdiction over the action and all claims raised in the pleadings.

(2) This Court is the proper venue for this action and all claims raised in the pleadings.

(3) Pennsylvania substantive law, with the exception of the law applicable to the issue of whether the notice provisions of the Act of 1815 violated the due process rights of the Proctor heirs as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, applies to this case.

1.4 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None at this time.

1.5 Identify any named parties that have not yet been served:

None.

1.6 Identify any additional parties that:

Plaintiff intends to join:

None.

Defendant intends to join:

None.

1.7 Identify any additional claims that:

Plaintiff intends to add:

None.

Defendants intend to add:

Defendants intend to amend their respective answers to the operative complaint to conform their defenses and may also seek to add a counterclaim against the Game Commission to clarify and resolve all issues between the parties. The Game Commission has indicated that it will not oppose any such motion to amend the answer and to add a counterclaim.

**2.0 Disclosures.**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rules of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1 Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by Plaintiff:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| None. | |

Disclosed by Defendant:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Custodian of Records, Thomas E. Proctor Heirs Trust | |

**3.0 Early Motions.**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|

At the present time, the parties are not aware of any such motions. The parties, however, reserve the right to file such motions in accordance with the Federal Rules of Civil Procedure and the deadlines set forth by this Court. At the conclusion of discovery, it may be possible to resolve the matter via cross-motions for summary judgment or on a stipulated record.

**4.0 Discovery.**

    4.1 Briefly describe any discovery that has been completed or is in progress:

        By Plaintiff:

        None.

        By Defendant:

        None.

    4.2 Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

        The parties will serve interrogatories, requests for the production of documents, and requests for admission on each other to obtain information and documents supporting their respective positions.

    4.3 Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

        At this time, the parties are not aware of any objectionable discovery that either wishes to conduct. This response may change as discovery proceeds.

4.4 Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

At this time, the parties are not aware of any subject area limitations on discovery that either wishes imposed. This response may change as discovery proceeds.

4.5 For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

    4.5.1 Depositions (excluding experts) to be taken by:

        Plaintiff: 5        Defendant: 5

    4.5.2 Interrogatories to be served by:

        Plaintiff: 30        Defendant: 30

    4.5.3 Document production requests to be served by:

        Plaintiff: 50        Defendant: 50

    4.5.4 Requests for admission to be served by:

        Plaintiff: 30*        Defendant: 30*

* This limitation does not count towards requests related to the authenticity and/or admissibility of written documents.

4.6 Discovery of electronically-stored information.

    _X_ Counsel certify that they have conferred about the matters addressed in M.D.Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

    __ Counsel certify that they have conferred about the matters addressed in M.D.Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

## 5.0 Protective Order.

    5.1 If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

        N/A.

    5.2 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

        N/A.

## 6.0 Scheduling.

    6.1 Final date for joining additional parties:

        Plaintiff: November 30, 2016

        Defendant: November 30, 2016.

    6.2 Final date for amending pleadings:

        Plaintiff: November 30, 2016.

        Defendant: November 30, 2016.

    6.3 All fact discovery commenced in time to be completed by: April 28, 2017.

6.4 All potential dispositive motions should be filed by: July 14, 2017.

6.5 Reports from retained experts due:

    From Plaintiff by: April 13, 2017.

    From Defendant by: May 13, 2017.

6.6 Supplementations due: June 12, 2017.

6.7 All expert discovery commenced in time to be completed by: June 30, 2017.

6.8 This case may be appropriate for trial in approximately :

    __ 240 days from the filing of the action in this court.

    __ 365 days from the filing of the action in this court.

    __ days from the filing of the action in this court.

    <u>445</u> days from the initial case management conference.

6.9 Suggested Date for the final Pretrial Conference:

    October 2017 (month/year)

6.10 Trial

    6.10.1 Suggested Date for Trial
        November 2017 (month/year)

**7.0 Certification of Settlement Authority.**

I hereby certify that the following individual(s) have settlement authority.

For Plaintiff:

Bradley C. Bechtel
Chief Counsel
2001 Elmerton Avenue
Harrisburg, PA  17110
(717)783-6530 Daytime Telephone

For Defendant:

Ann P. Hochberg
Trustee for the Thomas E. Proctor Heirs Trust
c/o Counsel for Defendants

Charles R. Kendall
Trustee for the Thomas E. Proctor Heirs Trust
c/o Counsel for Defendants

Bank of America, N.A.
Trustee of the Margaret O. F. Proctor Trust
c/o Counsel for Defendants

John J. Slocum, Jr.
Trustee of the Margaret O. F. Proctor Trust
c/o Counsel for Defendants

## 8.0 Alternative Dispute Resolution ("ADR").

8.1 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure: None at this time.

Date ADR to be commenced: N/A.

Date ADR to be completed: N/A.

8.2 If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure,

identify the party or parties that recommend ADR and the specific ADR process recommended:

N/A.

8.3 If all parties share the view that no ADR procedure should be used in this case set forth the basis for that view:

This case involves the determination of ownership of and title to the property's coal, oil, gas, petroleum, and mineral rights. That determination will require the resolution of complex legal and factual issues that the Court is better equipped to handle.

## 9.0 Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: __Y   _X_ N.

If parties agree to proceed before a magistrate judge, please indicate below, which location is desired for the proceedings:

____ Scranton/Wilkes-Barre

____ Harrisburg

## 10.0  Other Matters.

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

None.

**11.0  Identification of Counsel.**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.  The Chief Judge may grant or deny such request.

Identify by name, address and telephone number lead counsel for each party.  Also please indicate ECF User status below.

Dated: October 11, 2016        *s/Bradley C. Bechtel*
                                              Bradley C. Bechtel, Esquire
                                              PA I.D. #49681
                                              W. Creigh Martson Esquire
                                              PA I.D. # 94759
                                              Attorneys for Plaintiff Commonwealth of
                                              Pennsylvania, Pennsylvania Game Commission
                                              Commonwealth of Pennsylvania, Pennsylvania
                                                    Game Commission
                                              2001 Elmerton Avenue
                                              Harrisburg, PA 17110-9797
                                              Tel:  (717) 783-6530
                                              Fax:  (717) 772-0502
                                              E-Mail: brbechtel@pa.gov
                                              _X_ ECF User
                                              ___Waiver requested (as separate document)
                                              ___Fed.R.Civ.P. 7.1 (statement filed if necessary)*


Dated: October 11, 2016        *s/Paul K. Stockman*
                                              Laura A. Lange
                                              Pa. Id. No. 310733
                                              Paul K. Stockman *(pro hac vice)*
                                              Pa. Id. No. 66951
                                              McGuireWoods LLP
                                              625 Liberty Avenue, 23rd Floor

Pittsburgh, PA 15222
llange@mcguirewoods.com
pstockman@mcguirewoods.com

_X  ECF User
___Waiver requested (as separate document)
_X__Fed.R.Civ.P. 7.1 (statement filed)*

*Fed.R.Civ.P. 7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.