# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, | : CIVIL ACTION – LAW :  : CASE NO. 1:12-CV-1567 : |
| Plaintiff, | : Hon. Christopher C. Conner : United States District Judge |
| v. | : : Hon. Susan E. Schwab |
| THOMAS E. PROCTOR HEIRS TRUST and the MARGARET PROCTOR TRUST, | : United States District Judge : : [ELECTRONICALLY FILED] : |
| Defendants. | : |

### PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM OR IN THE ALTERNATIVE ORDER A MORE DEFENINTE STATEMENT OR STRIKE

AND NOW this 20th day of December, 2016, comes the Plaintiff, Commonwealth of Pennsylvania, Pennsylvania Game Commission, and makes these MOTIONS with respect to the Defendant's Counterclaim, as follows:

**A.     LACK OF SUBJECT MATTER JURISDICTION**

1.     Exclusive jurisdiction of cases involving the title to land or interests therein brought by persons who claim an interest in the title to lands occupied or claimed by the Commonwealth is vested in the Board of Property.  Section 1207 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, as amended, 71

1

P.S. §337; <u>Stair v. Pennsylvania Game Commission</u>, 368 A.2d 1347 (Pa. Cmwlth. 1977).

    2.    The Counterclaim(s) by Defendants are claims brought by persons who assert an interest in the title to lands occupied or claimed by the Commonwealth and, as such, exclusive jurisdiction is in the Board of Property.

    3.    There is no waiver of sovereign immunity for conversion, unjust enrichment or punitive damages.

**B.    FAILURE TO STATE A CLAIM**

    4.    The Counterclaims of Defendants fail to state a claim upon which relief can be granted.

    5.    All claims, or discussions or objections to the form or manner of the tax sales are outside the Statute of Limitations set forth in the Act of March 28, 1806, the various Acts ratifying the sales, or the general current law with regard to challenges to tax sales.

**C.    FAILURE TO STATE A CLAIM, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITIVE STATEMENT OR, IN THE ALTERNATIVE, TO STRIKE**

    6.    The counterclaim names thirty-nine (39) warrants in Paragraph 2, twenty-three (23) warrants in Paragraph 3, and three (3) warrants in Paragraph 4.

    7.    The counterclaim does not identify these by County, Township, acreage, Patent book, metes and bounds, or any other reasonable method.

8. The deed references in Paragraphs 2-4 of the counterclaim include portions of State Game Lands 12, 13 and 36, which are unidentifiable by just the warrantee names themselves.

9. Paragraphs 2 and 3 of the Counterclaim state the Defendants only claim an interest in portions of the named warrants, with no further description of what portions.

10. Defendants define the Disputed Property in Paragraph 5 of the Counterclaim as all of State Game Lands Nos. 12, 13 and 36, and in the Prayer for Relief request an order declaring Defendants are the owners of certain interests in, upon, or under the Disputed Property and together with compensatory and punitive damages as a result of production of gas from the Disputed Property.

11. The Counterclaim should be dismissed as it fails to make a prima facia case for title, as the property itself is not identified.

12. In the alternative, there should be a more definitive statement of what property is claimed with, at least, a chain of title identifying the actual warrants involved by more than just the alleged warrantee's name, as well as an indication of what "parts" the Defendants claim.

13. In the alternative, the counterclaim should be stricken as insufficient.

**D. INSUFFICIENT, IMMATERIAL, IRRELEVANT OR SCANDALOUS ALLEGATIONS**

14. There is no cause of action supported by Paragraphs 38 – 48 and 59

with respect to the "beliefs" of the Central Pennsylvania Lumber Company and the Commonwealth, Pennsylvania Game Commission.

15. To the extent government agencies and corporations can hold "beliefs," "belief" in title does not confer title and "disbelief" does not divest title.

16. Allegations and averments of "belief" are insufficient, immaterial, impertinent or scandalous.

17. Allegations and averments of what long dead persons or corporate entities "believed," however that could be defined or proven, are factual contentions that have no evidentiary support and are not specifically identified as likely to have evidentiary support after a reasonable opportunity for further investigation or discovery as required by F.R.C.P. 11(b)(3).

18. Paragraph 56 alleges fraud.

19. Fraud is required to be plead with particularity and there is no evidentiary basis to support fraud, nor is it identified who is alleged to committed fraud or how that is material to anything else in the Counterclaim.

20. An unsubstantiated vague allegation of fraud is a factual contention that has no evidentiary support and is not specifically identified as likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

21. Paragraph 60 avers that CPLC and its successors are estopped from

claiming title to the oil, gas and minerals.

22.   Paragraph 61 states that CPLC and McCauley are estopped from acquiring a greater interest in the property because of their actions.

23.   Paragraph 62 states CPLC and its successors are estopped from applying the law to the facts of what the assessor's did or did not do.

24.   The Defendants misapply the doctrine of estoppel as a matter of fact and law.

25.   Defendants allegations are the application of legal principles as to what someone could, or could not, acquire, but cannot create an estoppel as to the application of law to the facts.

26.   As a matter of fact, CPLC and its successors in interest cannot be estopped because of the actions or non-actions of a third party (the Assessor), but rather, are obligated to accept the facts as they are and to act accordingly.

27.   As a matter of law, there is no duty, act or omission flowing from CPLC, the Plaintiff Game Commission or McCauley that is alleged such that any of these entities would be estopped from claiming application of the principles in Herder Spring Hunting Club to the transaction in question.

28.   The non-pleading of the requisite elements of estoppel is insufficient, immaterial and impertinent to the case at hand.

29.   The factual pleading of the prior reservations and the tax sales are

both of record in the counterclaim such that Defendants are clearly aware that the law does not "estop" CPLC nor its successors in interest to claiming a "title wash" pursuant to <u>Hutchinson v. Kline</u>, 199 Pa. 564, 49 a. 312 (Pa.Sup. 1901), <u>F. H. Rockwell & Co. v. Warren County</u>, 77 A. 665, 666, 228 Pa. 430, 433 (Pa. May 24, 1910), <u>Proctor v. Sagamore Big Game Club</u>, 265 F.2d 196, 203, 1 Fed.R.Serv.2d 829, 829 (3rd Cir.(Pa.) Mar 24, 1959) (NO. 12715) and <u>Herder Spring Hunting Club v. Keller</u>, 143 A,3d 358 (2016).

     30.    The Defendants aver that CPLC did, in fact, register its ownership (Paragraph 17 of the Counterclaim) such that its claim that CPLC and McCauley are estopped because of their failure to register ownership is not based on evidence either plead, or likely to be discovered.

     31.    Paragraphs 38-48, 56, 59 and 60-62 should be stricken under either F.R.C.P. 12(f) or F.R.C.P. 11(b)(3).

**E.**    **FAILURE TO JOIN INDISPENSABLE PARTIES**

     32.    Defendants have not joined all persons who may have interests in the warrants that have been named.

        a.    Defendants failed to join other entities who have purchased lands within the named warrants from Central Pennsylvania Lumber Company.

        b.    Defendants failed to join the Lessee of the Commission (and the Defendants themselves), despite Defendants assertion the Commission has

recently entered into a lease to permit the drilling of wells in (presumably) the named warrants on State Game Lands Nos. 12 and 36, prompting the counterclaim.

    c.    Defendants failed to join the other Lessors of the above-referenced (but unnamed) Lessee, who have also entered a lease to permit the drilling of wells in the named warrants.

33.    In the absence of such persons, the Court cannot accord complete relief.

34.    Those other persons claim an interest relating to the property in the counterclaim and are so situated that disposing of the action in the person's absence will:

    a.    As a practical matter impair or impede the person's ability to protect the interest; and,

    b.    leave the PGC and Defendants subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

WHEREFORE, the Commonwealth of Pennsylvania, Pennsylvania Game Commission respectfully requests this Honorable Court to dismiss, with prejudice, Defendant's Counterclaim for lack of jurisdiction; or, in the alternative, to dismiss with prejudice (in whole or in part) for failure to state a claim; or, in the alternative, dismiss for lack of specificity with leave to amend; or, in the

alternative, to strike Paragraphs 38-48, 56, 59 and 60-62 under either F.R.C.P. 12(f) or F.R.C.P. 11(b)(3); or, in the alternative, to dismiss the counterclaim for failure to join indispensable parties, with leave to join indispensable parties once identified.

The PGC respectfully requests oral argument with respect to this motion.

Respectfully submitted,

Dated: December 20, 2016

/s/ Bradley C. Bechtel
Bradley C. Bechtel, Chief Counsel
PA No. 49681
W. Creigh Martson, Assistant Counsel
PA No. 94759
Pennsylvania Game Commission
2001 Elmerton Avenue
Harrisburg, PA  17110-9797
FAX:  (717)772-0502
(717)783-6530
brbechtel@pa.gov
wmartson@pa.gov

## **CERTIFICATE OF SERVICE**

I, Bradley C. Bechtel, Esquire, Chief Counsel of the Pennsylvania Game Commission, hereby certify I served a copy of the foregoing via the Court's CM/ECF system, on December 20, 2016, addressed as follows:

>Paul K. Stockman, Esquire
>Laura A. Lange, Esquire
>McGuire Woods LLP
>625 Liberty Avenue, 23rd Floor
>Pittsburgh, PA 15222
>*Attorneys for Defendants*

>Thomas Waffenschmidt, Esquire
>Rieders, Travis, Humphrey, Harris, Waters & Waffenschmidt
>161 W. Third Street, P.O. Box 215
>Williamsport, PA  17703-0215
>*Attorney for Defendant*

                             /s/ Bradley C. Bechtel
                             Bradley C. Bechtel, Chief Counsel