IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, | : CIVIL ACTION – LAW :<br>: CASE NO. 1:12-CV-1567 : |
| Plaintiff, | : Hon. Christopher C. Conner<br>: United States District Judge |
| v. | : |
| THOMAS E. PROCTOR HEIRS TRUST and the MARGARET PROCTOR TRUST, | : Hon. Susan E. Schwab<br>: United States District Judge :<br>: [ELECTRONICALLY FILED] : |
| Defendants. | : |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM OR IN THE ALTERNATIVE ORDER A MORE DEFINTE STATEMENT OR STRIKE**

AND NOW this 20th day of December, 2016, comes the Plaintiff, Commonwealth of Pennsylvania, Pennsylvania Game Commission, and makes this BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM OR IN THE ALTERNATIVE ORDER A MORE DEFINITE STATEMENT OR STRIKE.

**PROCEDURAL HISTORY OF THE CASE**

The Plaintiff, Pennsylvania Game Commission, (PGC), brought a state law claim with regard to certain warrants located within State Game Lands No. 13 (SGL 13). This Complaint was filed August 10, 2012. After Preliminary

1

Objections, the joinder of additional identified Defendants, a Final Second Amended Complaint was filed December 24, 2014. This case was stayed pending decision on a Pennsylvania Supreme Court case which was decided and reported as Herder Spring Hunting Club v. Keller, 143 A.3d 358 (2016). Thereafter, the stay was lifted and the case proceeded with an Answer, Affirmative Defenses and Counterclaim being filed by Defendant Heirs on December 1, 2016. This Motion to Dismiss is to the Counterclaim.

## STATEMENT OF FACTS

The warrants in question on SGL 13, the title to which the PGC sought to quiet, were owned at one time by Thomas E. Proctor and Jonathan A. Hill. They were transferred and Proctor and Hill reserved, inter alia, the oil and gas. Thereafter, the warrants went through a tax sale as unseated land and the purchaser at the tax sale transferred the warrants to the PGC. Pursuant to the principles set forth in Hutchinson v. Kline, 199 Pa. 564, 49 a. 312 (Pa.Sup. 1901), F. H. Rockwell & Co. v. Warren County, 77 A. 665, 666, 228 Pa. 430, 433 (Pa. May 24, 1910), Proctor v. Sagamore Big Game Club, 265 F.2d 196, 203, 1 Fed.R.Serv.2d 829, 829 (3rd Cir.(Pa.) Mar 24, 1959) (NO. 12715) and Herder Spring Hunting Club v. Keller, 143 A.3d 358 (2016), the PGC requested this Honorable Court to Quiet Title to the allegedly reserved interests in favor of the PGC.

Defendant Heirs are the successors in interest to Proctor and Hill who, by

way of Counterclaim, raised numerous issues with respect to a wide range of properties over an undetermined amount of acreage. It is unclear what portions of warrants are involved, what parts of Game Lands are involved, or even if the circumstances truly are similar (a footnote indicates some of the warrants do not involve tax sales of any kind).

The PGC objects to the Counterclaim and this Brief supports that objection.

## STATEMENT OF QUESTIONS PRESENTED

1. Whether this Court lacks jurisdiction to entertain the Counterclaim? (Suggested answer: YES.)

2. Whether the Counterclaim is barred as an untimely collateral attack on the involved tax sales and assessments? (Suggested answer: YES.)

3. Whether the description of the property involved is inadequate so as to fail to make a prima facia case? (Suggested answer: YES.)

4. Whether paragraphs 38-48, 56, 59, 60, 61 and 62 are immaterial, insufficient, and impertinent to the case? (Suggested answer: YES.)

5. Whether the Counterclaim fails to join indispensable parties? (Suggested answer: YES.)

## ARGUMENT

**1. THE COUNTERCLAIM SHOULD BE DISMISSED PURSUANT TO F.R.C.P. 12(b)(1) FOR LACK OF JURISDICTION.**

The PGC is an independent administrative commission of the

Commonwealth of Pennsylvania that exists by virtue of the Act of April 9, 1929, P.L. 177, art. II, §201, as amended (71 P.S. §61) and operates primarily under the Game and Wildlife Code, 34 Pa. C.S. §101 et. seq.

Suits may only be brought against the Commonwealth in the manner and in such courts and cases as directed by the Legislature. Pa. Const. Art.1, §11. The Commonwealth enjoys sovereign immunity pursuant to 1 Pa.C.S.A. §2310. This immunity is subject to certain enumerated exceptions set out in 42 P.S. §8521(b). None of these exceptions deal with quieting titles or the tort of conversion or the theory of unjust enrichment. As for conversion, unjust enrichment and punitive damages, there is no specific waiver of sovereign immunity.

However, exclusive jurisdiction of cases involving the title to land or interests therein brought by persons who claim an interest in the title to lands occupied or claimed by the Commonwealth is vested in the Board of Property. Section 1207 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, as amended, 71 P.S. §337; Stair v. Pennsylvania Game Commission, 368 A.2d 1347 (Pa. Cmwlth. 1977).

The Counterclaim(s) by Defendants are claims brought by persons who assert an interest in the title to lands occupied or claimed by the Commonwealth and, as such, exclusive jurisdiction is in the Board of Property.

2.  **THE COUNTERCLAIM SHOULD BE DISMISSED PURSUANT TO F.R.C.P. 12(b)(6) BECAUSE IT IS BARRED AS A COLLATERAL ATTACK ON INVOLVED TAX SALES.**

All claims, or discussions or objections to the form or manner of the tax sales are outside the Statute of Limitations set forth in the Act of March 28, 1806, the various Acts ratifying the sales, or the general current law with regard to challenges to tax sales. This type of collateral attack was specifically discussed in the case of Herder Spring Hunting Club v. Keller, 143 A.3d 358 (2016).

To protect the delinquent owner while also providing finality for the purchaser, the legislature provided a two year redemption period. Act of 1815, § 4, set forth at 72 P.S. § 6091. If the owner paid the taxes and costs plus twenty-five percent (later reduced to fifteen percent), then the "owner or owners shall be entitled to recover the same [lands sold] by due course of law…" *Id.* The Act of 1815, however, specified that after the two-year period:

> in no other case and on no other plea, shall an action be sustained ... [and] no alleged irregularity in the assessment, or in the process or otherwise, shall be construed or taken to affect the title of the purchaser, but the same shall be declared to be good and legal.

*Id.* If no purchaser bid a price sufficient to pay the outstanding taxes, the Act of 1815 required the county commissioners to purchase the property. Act of 1815, § 5, set forth at 72 P.S. § 6131. In the event of a purchase by the county commissioner, the owner had a period of five years (rather than two years) to redeem the property upon payment of all taxes and interest. Act of 1815, § 6, set

5

forth at 72 P.S. § 6132. If the property was not redeemed by the owner during the five years, the commissioners could sell the land. Act of 1815, § 7, set forth at 72 P.S. §§ 6134, 6135. Pennsylvania Courts have repeatedly noted that any contests to the tax assessment must be brought within the statutory period and cannot be collaterally attacked over a hundred years later. Herder Spring, at 366.

The Defendant Heirs' Counterclaim is inextricably intertwined with challenges to the validity of the underlying assessments or tax sales and are time barred. This does not affect the ability of the Defendant Heirs to argue the effect of the sales. However, the Counterclaim is so interwoven with challenges to the sales and assessments, as well as implied challenges, that it cannot state a cause of action.

3. **THE COUNTERCLAIM SHOULD BE DISMISSED PURSUANT TO F.R.C.P. 12(b)(6) BECAUSE THE DESCRIPTION OF THE PROPERTY INVOLVED IS INADEQUATE, OR, IN THE ALTERNATIVE, PURSUANT TO F.R.C.P. 12(e), A MORE DEFINITIVE STATEMENT SHOULD BE REQUIRED OR, IN THE ALTERNATIVE, THE COUNTERCLAIM SHOULD BE STRICKEN PURSUANT TO F.R.C.P. 12(f).**

The counterclaim names thirty-nine (39) warrants in Paragraph 2, twenty-three (23) warrants in Paragraph 3, and three (3) warrants in Paragraph 4. However, the counterclaim does not identify these by County, Township, acreage, Patent book, metes and bounds, or any other reasonable method.

The deed references in Paragraphs 2-4 of the counterclaim include, at best,

portions of State Game Lands 12, 13 and 36, which are wholly unidentifiable by just the warrantee names themselves.  Paragraphs 2 and 3 of the Counterclaim state the Defendants only claim an interest in portions of the named warrants, with no further description of what portions.

Despite the failure to identify what portions of lands are actually claimed by Defendants, Defendants define the Disputed Property in Paragraph 5 of the Counterclaim as all of State Game Lands Nos. 12, 13 and 36, and in the Prayer for Relief request an order declaring Defendants are the owners of all the natural gas, coal, oil, petroleum, marble and all minerals of every kind and character in, upon, or under the Disputed Property.

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim. <u>Zaloga v. Provident Life and Accident Insurance Company of America</u>, 671 F.Supp.2d 623 (USDC, M.D. Pa. 2009).

The Counterclaim should be dismissed as it fails to make a prima facia case for title, a necessary element, as the property itself is not identified.  It does not provide fair notice of the actual scope of the claim.  In the alternative, there should be a more definitive statement of what property is claimed with, at least, a chain of title identifying the actual warrants involved by more than just the alleged

warrantee's name, as well as an indication of what "parts" the Defendants claim. In the alternative, the counterclaim should be stricken as insufficient.

4.     **PARAGRAPHS 38-48, 56, 59, 60, 61 AND 62 ARE IMMATERIAL, INSUFFICIENT AND IMPERTINENT TO THE CASE AND SHOULD BE STRICKEN PURSUANT TO F.R.C.P. 12(f) and F.R.C.P. 11(b)(3).**

For the foregoing reasons alone, the Counterclaim should be dismissed. However, in the alternative, several sections of the Counterclaim should be stricken.

With respect to a Rule 12(b)(6) motion to dismiss, all factual allegations must be accepted as true. The issue is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. The Rule 8 pleading standard calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of a necessary element. <u>Zaloga v. Provident Life and Accident Insurance Company of America</u>, 671 F.Supp.2d 623 (USDC, M.D. Pa. 2009).

There is no cause of action supported by Paragraphs 38 – 48 and 59 with respect to the "beliefs" of the Central Pennsylvania Lumber Company and the Commonwealth, Pennsylvania Game Commission.  To the extent government agencies and corporations can hold "beliefs," "belief" in title does not confer title and "disbelief" does not divest title.

Allegations and averments of "belief" are insufficient, immaterial or

impertinent. Allegations and averments of what long dead persons or corporate entities "believed," have no evidentiary support and are not specifically identified as likely to have evidentiary support after a reasonable opportunity for further investigation or discovery as required by F.R.C.P. 11(b)(3). A complaint does not need detailed factual allegations, but a plaintiff's obligation is to provide the 'grounds' of his 'entitlement to relief and requires more than labels and conclusions. A court need not accept unsupported inferences, nor legal conclusions, cast as factual allegations. Zaloga, at 628.

Paragraph 56 alleges fraud. Fraud is required to be plead with particularity and there is no evidentiary basis to support fraud, nor is it identified who is alleged to committed fraud or how that is material to anything else in the Counterclaim. An unsubstantiated vague allegation of fraud is a factual contention that has no evidentiary support and is not specifically identified as likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Paragraph 60 avers that CPLC and its successors are estopped from claiming title to the oil, gas and minerals. Paragraph 61 states that CPLC and McCauley are estopped from acquiring a greater interest in the property because of their actions. Paragraph 62 states CPLC and its successors are estopped from applying the law to the facts of what the assessor's did or did not do.

The Defendants misapply the doctrine of estoppel as a matter of fact and

law. As a matter of fact, none of the parties should be estopped from applying the law to the facts. As a matter of fact, CPLC and its successors in interest cannot be estopped because of the actions or non-actions of a third party (the Assessor), but rather, are obligated to accept the facts as they are and to act accordingly. As a matter of law, there is no duty, act or omission flowing from CPLC, the Plaintiff Game Commission or McCauley that is alleged such that any of these entities would be estopped from claiming application of the principles in Herder Spring Hunting Club to the transaction in question.

The non-pleading of the requisite elements of estoppel is insufficient, immaterial and impertinent to the case at hand. The factual pleading of the prior reservations and the tax sales are both of record in the counterclaim such that Defendants know, or should know, that the law does not "estop" CPLC nor its successors in interest from claiming a "title wash" pursuant to Herder Spring Hunting Club v. Keller, 143 A.3d 358 (2016). The Defendants aver that CPLC did, in fact, register its ownership (Paragraph 17 of the Counterclaim) such that its claim that CPLC and McCauley are estopped because of their failure to register ownership is not based on evidence either plead, or likely to be discovered. Paragraphs 38-48, 56, 59 and 60-62 should be stricken under either F.R.C.P. 12(f) or F.R.C.P. 11(b)(3).

The onus is on the plaintiff to provide a well-drafted complaint that alleges

factual support for its claims.  Zaloga, at 628.  The crux of the matter is that none of the allegations or averments about belief, fraud or estoppel supports any cognizable claims or advances arguments of the Defendant Heirs.  Spending the parties' and the Court's time on these allegations will only serve to obscure the issues and increase complexity.

**5.     THE COUNTERCLAIM SHOULD BE DISMISSED PURSUANT TO F.R.C.P. 12(b)(7) FOR FAILURE TO JOIN INDISPENSABLE PARTIES.**

Defendants have not joined all persons who may have interests in the warrants that have been named.  Defendants failed to join other entities who have purchased lands within the named warrants from Central Pennsylvania Lumber Company.  The Lessee of the Commission (the Defendant Heirs assert the Commission has recently entered into a lease with regard to SGL Nos. 12 and 36) prompted the counterclaim and is not named.  The other Lessors of the above-referenced (but unnamed) Lessee, who have also entered a lease to permit the drilling of wells in the named warrants are not named.   Unless these would defeat diversity, such persons are indispensable as the Counterclaim facially seeks to affect their interests.  General Refractories Co. v. First State Ins. Co., 500 F.3d 306 (3rd Cir. 2007).  See generally 22 A.L.R. Fed. 765 (Originally published in 1975) for a discussion of real property cases concerning indispensable parties.

In the absence of such persons, the Court cannot accord complete relief.

11

Persons claiming an interest relating to the property in the counterclaim are so situated that disposing of the action in their absence will impair or impede their ability to protect their interests. Additionally, a decision that does not join these unnamed defendants leaves the PGC and Defendants subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

## CONCLUSION

This Honorable Court should dismiss, with prejudice, Defendants' Counterclaim for lack of jurisdiction; or, in the alternative, to dismiss with prejudice (in whole or in part) for failure to state a claim; or, in the alternative, dismiss for lack of specificity with leave to amend; or, in the alternative, to strike Paragraphs 38-48, 56, 59 and 60-62 under either F.R.C.P. 12(f) or F.R.C.P. 11(b)(3); or, in the alternative, to dismiss the counterclaim for failure to join indispensable parties, with leave to join indispensable parties once identified.

Respectfully submitted,

Dated: December 20, 2016

/s/ Bradley C. Bechtel
Bradley C. Bechtel, Chief Counsel
PA No. 49681
W. Creigh Martson, Assistant Counsel
PA No. 94759
Pennsylvania Game Commission
2001 Elmerton Avenue
Harrisburg, PA  17110-9797

FAX:  (717)772-0502  
(717)783-6530  
brbechtel@pa.gov  
wmartson@pa.gov

## CERTIFICATE OF SERVICE

    I, Bradley C. Bechtel, Esquire, Chief Counsel of the Pennsylvania Game Commission, hereby certify I served a copy of the foregoing via the Court's CM/ECF system, on December 20, 2016, addressed as follows:

Paul K. Stockman, Esquire
Laura A. Lange, Esquire
McGuireWoods LLP
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
*Attorneys for Defendants*

Thomas Waffenschmidt, Esquire
Rieders, Travis, Humphrey, Harris, Waters & Waffenschmidt
161 W. Third Street, P.O. Box 215
Williamsport, PA  17703-0215
*Attorney for Defendant*

                                              /s/ Bradley C. Bechtel
                                              Bradley C. Bechtel, Chief Counsel