IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNYSLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, | : CIVIL ACTION – LAW :  : CASE NO. 1:12-CV-1567 : |
| Plaintiff, | : JUDGE: Christopher C. Conner : |
| v. | : CHIEF MAGISTRATE JUDGE: : Hon. Susan E. Schwab |
| THOMAS E. PROCTOR HEIRS TRUST and the MARGARET PROCTOR TRUST, | : : [ELECTRONICALLY FILED] : |
| Defendants. | : |

**THE COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE HONORABLE SUSAN E. SCHWAB**

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the Commonwealth of Pennsylvania, Pennsylvania Game Commission, ("PGC") respectfully submits these objections to Chief Magistrate Judge Schwab's Report and Recommendation dated August 11, 2017 (the "Report"), in the above captioned case.

**ARGUMENT**

The Report recommends that this Court deny the PGC's Rule 12 motion in its entirety. While the PGC does not withdraw any parts of its motion, these objections only discuss three discrete issues. These objections are based on the best available research currently available to the PGC with respect to the respective

titles of the PGC and Defendant-Heirs ("Heirs").

1. **<u>The Report misapprehends the nature of the PGC's Motion for Failure to State a Claim.</u>**

The Heirs have not made a prima facie case as to title. "To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." <u>Fowler v. UPMC Shadyside</u>, *578 F.3d 203, 210*. In order to prevail in an action to quiet title, plaintiff must establish title by a fair preponderance of the evidence. <u>Kaiser Energy v. Department of Environmental Resources</u>, *113 Pa. Cmwlth. 6, 535 A.2d 1255 (Pa. Cmwlth. 1988)*. "The initial burden is to establish a *prima facie* case by showing title sufficient to base a right of recovery." <u>Id.</u> *at 1257*. This requirement is a substantive requirement that a prima facie case is made as to title.

The Heirs name 39 warrants, then refine that recitation to deed references which encompass 126 warrants, *Doc. No. 66 at p. 15-16, ¶¶ 2-4*. The deeds referenced in those paragraphs, while not attached to the Heirs' pleading, are of record and do not show title into Thomas E. Proctor, but rather into (1) Thomas E. Proctor, (2) Thomas E. Proctor and Jonathan A. Hill, (3) Proctor and Hill, or (4) simply Jonathan A. Hill. There is no exposition how Thomas E. Proctor becomes the sole owner, in fee, of those properties. The Heirs' pleading, on its face, shows title in persons other than Thomas E. Proctor. The Heirs' assertion that a deed to Jonathan A. Hill is evidence of title to Thomas E. Proctor fails to make-out a prima

facie case for title into Thomas E. Proctor.

The issue cannot be resolved by looking to the other references to deeds in the Counterclaim. The warrants named and referenced in the deeds to Union Tanning, *Doc. No. 66 at p. 17, ¶¶ 7-8*, are not the same as those in the original paragraphs and are not all the warrants in the original paragraphs. Just as importantly, the deeds to Union Tanning also include Jonathan A. Hill and a reservation in his favor. Nor can the issue be resolved by conveyance by O.B. Grant to Thomas E. Proctor. At best, that conveyance was only for a portion of the warrants "named" and "referenced." Taking the averments of the Counterclaim as true, Jonathan A. Hill reserved a 50% interest, *Doc. No. 66 at p. 17, ¶ 8*, and O.B. Grants' conveyance back to the Proctor Heirs operated as a redemption "returning all interests as they were prior to the tax sale". *Doc. No. 66 at p. 18, ¶ 12*. Which would include the Hill interest. Finally, the Heirs' references to State Game Lands 12, 13 and 36 as the "Disputed Property," is simply wrong. State Game Lands 12, 13 and 36 contain a total of 92,995.15 acres and the claim here, at best, is less than 30,000 acres. The simple fact is prima facia title to all the property is not pled, nor is it evident on the face of the Complaint.

The Heirs inextricably and unconditionally request relief with respect to 100% ownership of oil and gas under the "Disputed Property". *Doc. No. 66, at p. 29*. This request is made without regard to whether the Disputed Property is

owned, or ever was owned, by the Heirs or their predecessors. The Heirs assert their ownership without regard to their co-owner, Jonathan A. Hill, and what happened to his interest. Further, the Heirs make their claims without regard to whether there even is a case or controversy with respect to any individual warrant. "[W]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Ashcroft v. Iqbal</u>, *556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).*

The nature of the motion for failure to state a claim is not that the legal foundation of the claim is not ascertainable; it is that the facts pled, as sparse as they are, do not support the Heirs' claim(s).

2. **The Report misapprehends the nature of the PGC's Motion for a More Definitive Statement.**

The motion for a more definitive statement was not meant to require a different "description." Rather, the seminal question of whether the Heirs actually claim the "Proctor Reservation," or the "Proctor Subsurface Estate" or the whole of the "Disputed Property," should be determined. The refined references to warrants by deed references are further fractionated into definitions of the "Disputed Property," the "Proctor Reservation," and the "Proctor Subsurface Estate." These fractions are then used interchangeably with more general terms such as "the property at issue," (*Doc No. 66 at p. 4, ¶ 7; p. 5, ¶¶ 9-10; p. 6, ¶¶ 12-13; p. 7, ¶ 16; p. 8, ¶17; p. 9, ¶¶ 21, 24; p. 10, ¶¶ 26, 30-31; p. 12, ¶ 36*), the "subject

4

property" (*Doc. No. 66 at p. 12, ¶ 39; p. 26, ¶57*), the "entire property" (*Doc. No. 66 at p. 18, ¶11*), or even simply "the property," (*Doc. No. 66 at p. 12, ¶¶ 35, 38; p. 13, ¶¶ 39-41, 43; p. 18, ¶¶ 10, 12; p. 20, ¶ 26; p. 26, ¶ 61; p. 27, ¶¶ 62-63*). It is impossible to sniff out one individual constituent part in most allegations to know whether the allegation applies to the whole, a refined product, or a fraction of a refined product.

The description must be sufficient to enable a court to fashion a remedy. <u>Grace Building Co., Inc. v. Parchinski</u>, 78 Pa. Cmwlth. 187, 467 A.2d 94 (Pa. Cmwlth. 1983). Here, this Court will have to decide what property is at issue with respect to any given allegation to begin to know what remedy might be appropriate.

### 3. **The Report misapprehends what Additional Defendants are indispensable.**

The Report suggests that no additional defendants are necessary. Respectfully, the Heirs' Counterclaim reveals the existence of Jonathan A. Hill. The successors, heirs and assigns to Hill have – according to the Counterclaim – a 50% claim to most of the Named Warrants and a 100% prima facie interest to some. Given the "Disputed Property," is identified as over 92,000 acres, the PGC can affirmatively represent there are numerous other claimants to the ownership of oil, gas and minerals under the "Disputed Property," including, but not limited to, Jonathan A. Hill, International Development Corporation, Mobil, and the Innes

Heirs.

Pursuant to *Gen. Refractories Co. v. First State Ins. Co.,* 500 F.3d 306,(3d Cir. 2007) there is a two-step analysis with regard to joinder. The first step is if joinder of another party is compulsory under Rule 19(a). The second step is whether joinder would not be "feasible".

The heirs of Jonathan A. Hill (at the very least) meet the first step in this test, by the very terms of the Heirs Counterclaim. A decision consistent with the Heirs claim that they are 100% owners of the oil, gas, and minerals under the "Disputed Property," would make the successors of Jonathan A. Hill necessary parties. Likewise, a decision in favor of the PGC would sustain law affecting the absent co-owner. There would necessarily be multiple litigations as the interest of Jonathan A. Hill's heirs would need to be addressed. Jonathan A. Hill's heirs are – according to the Counterclaim – co-owners. A co-owner of real property has rights that should be protected by joinder. *Silverstein v. Percudani, et al*, 2005 WL 1252199 (M.D. PA, 2005). Here, the co-owner is identified only tangentially and no reason was given for not joining the co-owner. This creates a situation where joinder of a party necessary (on the face of the pleading) is not "feasible" such that the Counterclaim should be dismissed.

The party advocating joinder has the initial burden of demonstrating that a missing party is necessary. *Hood ex rel. Mississippi v. City of Memphis, Tenn.,*

*570 F.3d 625 (C.A. 5, 2009), Cert. den. 130 S.Ct. 1319, 175 L.Ed.2d 1074.* The PGC contends the face of the Counterclaim itself demonstrates the need of joining the co-owner. Once the initial appraisal of the facts indicates a possibly necessary party is absent, the burden of disputing this appraisal falls on the party opposing joinder. Id. This makes sense in light of F.R.C.P. 19(c). The party asserting a claim for relief (which are the Heirs in the Counterclaim), must state the name of any person who is required to be joined if feasible, and then the reasons for not joining that person. F.R.C.P. 19(c). It is difficult to identify all other interests from the face of the pleading. However, the pleading clearly shows prima facie title to Jonathan A. Hill. The Heirs completely ignore their burden under Rule 19(c) to identify this co-owner and state the reason for not joining him.

Opinions differ on whether co-tenants are indispensable parties with respect to division or accounting, <u>Grisso v. U.S.</u>, *138 F.2d 996 (C.C.A. 10, 1943)* (co-tenants are indispensable parties); <u>Crowling v. Deep Vein Coal Co.</u>, *183 F.2d 652 (C.A. 7, 1950)* (action for injunction and accounting could proceed without presence of other co-tenants). However, when property rights themselves are involved (as in partition or quiet title) the PGC submits co-tenants are necessary. <u>Read v. Phillips Petroleum Co.</u>, 441 F.Supp. 1184 (E.D.La. 1977); <u>Horne v. Lewis</u>, 206 F.Supp. 691 (S.D. Miss. 1962); <u>Grisso, supra.</u> See also, <u>Silverstein v. Percudani, et al</u>, 2005 WL 1252199 (M.D. PA, 2005). The PGC submits joinder of

7

co-tenants is necessary in this case where a decision in favor of the PGC will adjudicate the validity and meaning of tax sales, including the Constitutionality of the effects of the tax sales, in which the co-tenant's rights would be intertwined.

The Heirs should be required to either plead why the identified co-owner does not have an interest, or why joinder is not feasible. In the alternative, the Heirs should join those persons who have an interest in the Disputed Property.

## CONCLUSION

For the foregoing reasons, this Honorable Court should decline to adopt the Chief Magistrate Judge's Report and Recommendation in its entirety.

Respectfully submitted,

PENNSYLVANIA GAME COMMISSION

DATE: August 25, 2017

/s/ *Bradley C. Bechtel*
Bradley C. Bechtel, Chief Counsel
PA No. 49681
W. Creigh Martson, Assistant Counsel
PA No. 94759
Pennsylvania Game Commission
2001 Elmerton Ave
Harrisburg, PA 17110-9797
(717) 783-6530
brbechtel@pa.gov
wmartson@pa.gov
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Bradley C. Bechtel, Esquire, Chief Counsel of the Pennsylvania Game Commission, hereby certify the foregoing Objections to the Report and Recommendation of the Honorable Susan E. Schwab were served upon the following via the Court's CM/ECF system this 25th day of August 2017:

Thomas Waffenschmidt, Esquire
The Waffenschmidt Law Firm, LLC
811 S. Market Street
South Williamsport, PA 17701
tom@waffenlaw.com


Paul K. Stockman, Esquire
Laura A. Lange, Esquire
McGuireWoods LLP
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
llange@mcguirewoods.com
pstockman@mcguirewoods.com

Served electronically upon:

**Chief Magistrate Judge Susan E. Schwab**
magistrate_judge_schwab@pamd.uscourts.gov

                                        /s/ *Bradley C. Bechtel*
                                        Chief Counsel