IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS E. PROCTOR HEIRS TRUST and the MARGARET PROCTOR TRUST,<br><br>Defendants. | CASE NO. 1:12-CV-1567<br><br>Hon. Christopher C. Conner<br>United States District Judge<br><br>Hon. Susan E. Schwab<br>United States Magistrate Judge |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION ON THE MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

**Introduction and Summary:**

Plaintiff's Objections to the Report and Recommendation of Magistrate Judge Susan E. Schwab on the Motion to Dismiss Defendants' Counterclaims fail to meaningfully challenge Magistrate Judge Schwab's well-reasoned Report and Recommendation ("the Report"). As an initial matter, the Game Commission's Objections attempt to modify retroactively its Motion to Dismiss, presumably in an attempt to circumvent the Report's holdings. Such an effort at "revisionist history" is not only improper, but is ultimately unavailing, because the Report, after thorough analysis, correctly held that:

- By bringing suit here and invoking this forum, the Game Commission waived any entitlement to sovereign immunity or claim that the Pennsylvania Board of Property has exclusive jurisdiction over the dispute.

- The counterclaims asserted by Defendants Thomas E. Proctor Heirs Trust and Margaret O.F. Proctor Trust (collectively, the Proctor Trusts) seek rulings on the legal effect of the underlying tax sales in order to resolve a current dispute, and are not barred as a collateral attack on the tax sales.

- The Proctor Trusts' counterclaims provide sufficient notice of the properties placed at issue, satisfying Rule 8's requirements.

- The Game Commission has not met its burden to demonstrate that any allegations are impertinent, immaterial or scandalous.

- Finally, this action seeks to obtain a determination of who owns the oil and gas rights beneath the properties at issue as between the Proctor Trusts and the Game Commission. Because no other parties are necessary to make that determination, all indispensable parties have been properly joined.[1]

---

[1] The Game Commission does not even raise objections to the Report's findings under Rule 12(b)(1) with respect to sovereign immunity and exclusive jurisdiction, its conclusions under Rule 12(b)(6) with respect to the alleged

Nor do any of the Game Commission's new challenges warrant dismissal of any claims.  Indeed, the focus of the Game Commission's Objections appears principally to be the role of the heirs of Jonathan A. Hill, a co-tenant of some of the subsurface rights along with the Proctor Trusts.  The Proctor Trusts properly pled their co-ownership with the Hill heirs, and the Game Commission did not raise any concerns regarding the Hill heirs in the Motion to Dismiss. Regardless, as set forth below, the counterclaims properly set forth the Proctor Trusts' claims to title in the subsurface rights, adequately describe the property at issue, and seek only a determination of who owns the oil and gas rights beneath the properties at issue as between the Proctor Trusts and the Game Commission.

Put simply, Magistrate Judge Schwab properly recommended denying Plaintiff's motion to dismiss the Proctor Trusts' counterclaims, in a well-reasoned, carefully considered, forty-two page Report and Recommendation.  Therefore, Plaintiff's Objections should be overruled and the Motion to Dismiss denied.

**Argument: The Game Commission's Objections Should Be Overruled.**

A party that files a timely objection is entitled to a *de novo* determination only of "those portions of the report to which objections are made." *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000); *Sample v. Diecks,* 885 F.2d

---

"collateral attack," or the motion to strike under Rule 12(f).  Accordingly, those issues need not detain the Court.

1099, 1106 n. 3 (3d Cir.1989).  Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Zilich v. Doll*, No. CV 3:13-2814, 2016 WL 108119, at *1 (M.D. Pa. Jan. 11, 2016) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).  Here, Magistrate Judge Schwab properly concluded that the Proctor Trusts stated cognizable claims for relief in their counterclaims, and that the Motion to Dismiss should therefore be denied.

    **A.**    **The Report Correctly Held that the Counterclaim Provides Sufficient Notice under Rule 8 and States a Claim for Relief.**

Magistrate Judge Schwab correctly held that the counterclaims satisfied Rule 8 of the Federal Rules of Civil Procedure in that the allegations include the warrantee names, counties, the deeds through which the Proctor Trusts claim an interest in the subsurface estates, the chain of deeds through which the Game Commission acquired an interest in the surface estates and the associated State Game Lands in which the properties sit.  (Report, ECF No. 77 at 35-36).  This is more than sufficient to constitute the "short and plain statement" required by Rule 8.

The Game Commission's motion and their objections attempt to create confusion where no confusion lies by comparing the entire acreage of the State Game Lands 12, 13 and 36 with the acreage of the lands encompassed by the

warrants actually at issue, to which the Proctor Trusts claim the subsurface rights. But the counterclaims do not seek rulings as to the entirety of State Game Lands 12, 13, and 36. Instead, the property at issue includes only the warrantee names set forth in the Counterclaim with the legal descriptions recited in the Proctor Trust source deeds. Regardless, the Game Commission is on notice of the claims and property at issue, and it can pursue whatever further clarification it believes is necessary through discovery.

The Game Commission raises, for the first time in its objections to the Report, a concern that prima facie title has not been pled because some of the properties include co-ownership between the Proctor Trusts and heirs of Jonathan A. Hill. (Objection, ECF No. 3, at 2-3). Although the Court should disregard this argument as it was not raised in the Motion to Dismiss, a review of the Counterclaim and applicable caselaw make clear that the co-tenancy with Hill has no impact on the Proctor Trusts' claims against the Game Commission. Indeed, the Counterclaim clearly sets out the properties and deeds that involve Hill and his co-tenancy. As set forth below, "Pennsylvania state law permits one co-tenant to act without the involvement of other co-tenants to protect his/her rights." *Harper v. Glob. Geophysical Servs., Inc.*, No. 10CV1540, 2011 WL 94210, at *7 (W.D. Pa. Jan. 11, 2011) (citing *A.J. Hayes v. R.N. Stephenson,* 161 A.2d 900, 902 (Pa.Super. 1960) ("a tenant in common can enforce his claim to the extent of his

interest without the joinder of the other."). Thus, the fact that some of the properties involve a co-tenancy does not impact the Proctor Trusts' ability to allege prima facie title.

### B. The Report Correctly Held that the Game Commission Failed to Identify any Indispensable Parties.

In the Report, Magistrate Judge Schwab correctly held that the Game commission failed to meet its burden of showing that dismissal of the Counterclaim was warranted under Rule 12(b)(7). Specifically, the Report noted that "the Game Commission has not substantiated its basis for dismissal, in any meaningful way, on the specific facts of this case." (Report, ECF No. 77, at 41.)

Now, tacitly conceding that Magistrate Judge Schwab was correct, the Game Commission attempts to modify its motion to dismiss by way of its Objections. In its Motion, the Game Commission generically referenced purportedly indispensable parties, without identifying a single person or entity, and without even referencing Rule 19's analysis. Now, the Game Commission focuses on the heirs of Jonathan A. Hill—cotenants of the Proctor Trusts with respect to two of the properties at issue—and adds argument not raised or even hinted at in its Motion to Dismiss.

As an initial matter, the Hill heirs would not be added as defendants to the Proctor Trusts' counterclaim as the Trusts do not seek any relief against the Hill heirs. If an independent basis of liability is not asserted by or against the party

seeking to be joined, and the remaining parties may obtain complete relief without that other party's presence, and otherwise would not suffer any prejudice, the other party is not indispensable. *Second State Enters. v. Mid-Atlantic Invs., LLC*, No. 1:14-CV-00433, 2014 WL 4091846, at *4-5 (M.D. Pa. Aug. 18, 2014). The Proctor Trusts are not seeking a division or accounting of the co-tenant property. Instead, the Counterclaim seeks to put to rest the Game Commission's claim to title in the subsurface rights. The Hill heirs, as co-tenants of two properties, have interests that are aligned with the Proctor Trusts in this action.

Under the law of this Circuit, co-tenants are not required parties under Rule 19. *Chidester v. City of Newark,* 162 F.2d 598, 601 (3d Cir. 1947). As the Third Circuit has explained, "tenants in common not joined are not indispensable parties, for while they may be interested in the outcome of this action, their interests are not joint' and would not be affected by the judgment herein…." *Chidester,* 162 F.2d at 601. Indeed, "Pennsylvania state law permits one co-tenant to act without the involvement of other co-tenants to protect his/her rights." *Harper*, 2011 WL 94210, at *7; *see also A.J. Hayes*, 161 A.2d at 902 ("a tenant in common can enforce his claim to the extent of his interest without the joinder of the other."). This rule has been followed uniformly in federal courts. *See Hook v. Hook & Ackerman*, 187 F.2d 52, 59 n.7 (3d Cir. 1951) (explaining that "[t]enants-in-common are not indispensable parties to an action for ejectment, although they are

7

interested in the outcome of the action"); *Kentucky Nat. Gas Corp. v. Duggins*, 165 F.2d 1011, 1015–16 (6th Cir. 1948) (collecting cases and explaining the "well settled" rule "that one tenant in common may sue in ejectment in order to recover his interest in land without joining the other tenants in common.").

The Game Commission does not even acknowledge these cases and the binding Third Circuit opinion with respect to co-tenants right to sue independent of each other. Instead, the Game Commission focuses on actions involving division or accounting of the property—claims not at issue here. Further, the only decision within this Circuit that the Game Commission cites to involved whether a spouse, whose interest is a tenancy by the entirety (not a tenant in common), was obligated to be joined in an action against a mortgage company. *See Silverstein v. Percudani*, No. 3:04CV1262, 2005 WL 1252199, at *5 (M.D. Pa. May 26, 2005). These cases have no application to the counterclaims raised by the Proctor Trusts.

The Court can make a determination as to rights to the property of the parties presently before the Court without joining any additional parties. Here, the only request for judgment involves the Game Commission and the Proctor Trusts and a determination ***as between those two parties*** of who owns the oil and gas rights beneath the properties at issue. Thus, as Magistrate Judge Schwab correctly held, the Game Commission failed to demonstrate that any indispensable party was not joined in the counterclaims.

## **CONCLUSION**

For the foregoing reasons, the Proctor Trusts respectfully request that the Court adopt the Report and Recommendation, enter an order denying the motion to dismiss the counterclaims, and grant such other and further relief as the Court deems just and proper.

Dated:  September 8, 2017                                  Respectfully submitted,

                                                                                    */s/ Laura A. Lange*
                                                                                    Laura A. Lange (Pa. ID No. 310733)
                                                                                    Paul K. Stockman (*pro hac vice*;
                                                                                         Pa. ID No. 66951)
                                                                                    McGuireWoods LLP
                                                                                    260 Forbes Avenue, Suite 1800
                                                                                    Pittsburgh, PA  15222
                                                                                    llange@mcguirewoods.com
                                                                                    pstockman@mcguirewoods.com

                                                                                    *Attorneys for The Thomas E. Proctor Heirs Trust*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that today a true and correct copy of the foregoing document has been served via email upon:

Bradley C. Bechtel, Esq.
2001 Elmerton Avenue
Harrisburg, PA  17110-9797
(brbechtel@pa.gov)

Thomas Waffenschidt, Esq.
The Waffenschmidt Law Firm, LLC
811 S. Market Street
South Williamsport, PA  17701


Dated:  September 8, 2017                           */s/ Laura A. Lange*