# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS E. PROCTOR HEIRS TRUST and the MARGARET PROCTOR TRUST,<br><br>Defendants. | CASE NO. 1:12-CV-1567<br><br>Hon. Christopher C. Conner<br>United States District Judge<br><br>Hon. Susan E. Schwab<br>United States Magistrate Judge |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PENNSYLVANIA GAME COMMISSION'S COUNTERCLAIM

Defendants Charles Rice Kendall and Ann P. Hochberg, Trustees of the Thomas E. Proctor Heirs Trust, and Bank of America, N.A. and John J. Slocum, Jr., Trustees of the Margaret O.F. Proctor Trust (collectively the "Proctor Trusts"), for their Answer and Affirmative Defenses to the Counterclaim of Commonwealth of Pennsylvania, Pennsylvania Game Commission ("Game Commission"), state the following:

### COUNTERCLAIM

87. The Proctor Trusts hereby incorporate by reference their responses and allegations set forth in their Answer and Counterclaim as though fully set forth herein.

88. The Proctor Trusts admit only that, upon information and belief, the Game Commission has entered into an agreement with a third party to permit the drilling of wells on portions of State Game Lands Nos. 12 and 36. The Proctor Trusts deny the remaining allegations of this paragraph.

89. After reasonable investigation, the Proctor Trusts are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89 and they therefore are denied.

90. After reasonable investigation, the Proctor Trusts are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90 and they therefore are denied.

91. Denied.

92. The Proctor Trusts admit only that, upon information and belief, the Game Commission entered into an agreement with a third party to permit the drilling of wells on portions of State Game Lands Nos. 12 and 36. The Proctor Trusts deny the remaining allegations of this paragraph.

93. Denied as stated. The facts and legal theories underlying the Game Commission's and Proctor Trusts' claims to title for State Game Lands 12, 13 and 36 are the same or substantially similar. Responding further, the Proctor trusts incorporate by reference the allegations set forth in their Counterclaim.

94. Denied as stated. Responding further, the Proctor Trusts incorporate by reference the allegations set forth in their Counterclaim and response to Paragraph 93.

95. Denied. Responding further, the Proctor Trusts incorporate by reference the allegations set forth in their Counterclaim and response to Paragraph 93.

96. Denied as stated. Responding further, the Proctor Trusts incorporate by reference their response to Paragraph 93.

97. Denied.

98. The Proctor Trusts are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and they therefore are denied. Responding further, expending time and resources is the normal course in litigation.

99. The Proctor Trusts are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and they therefore are denied. Responding further, expending time and resources is the normal course in litigation.

100. Denied. The Proctor Trusts specifically deny any inference that the properties identified in their Counterclaims are unidentified or unripe. The Proctor Trusts further deny this unclear statement to the extent it purports to assert a legal

conclusion. Responding further, statements made in pleadings in judicial proceedings are absolutely privileged from any claim of tortious interference with prospective business relations. *See Ginsburg v. Halpern*, 383 Pa. 178, 118 A.2d 201 (1955).

101. The Proctor Trusts are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and they therefore are denied.

The Proctor Trusts deny the unnumbered "Wherefore" clause and request for relief.

## AFFIRMATIVE DEFENSES

Without conceding any applicable burden of proof, the Proctor Trusts allege the following as defenses to the claims in the Game Commission's Counterclaim to the Proctor Trusts' Counterclaim:

102. The Proctor Trusts' Counterclaim and statements made in therein are privileged under Pennsylvania law and cannot form the basis for any claim of tortious interference with prospective business relations. *See Ginsburg v. Halpern*, 383 Pa. 178, 118 A.2d 201 (1955).

103. Any time, resources or costs incurred by the Game Commission in defending the Proctor Trusts' Counterclaim was a result of the Game

Commission's failure to investigate title prior to asserting an adverse claim to the Proctor Trusts' property.

104. The Game Commission's Counterclaim fails to state a claim upon which relief can be granted.

105. The Game Commission's Counterclaim is barred because the Proctor Trusts' claims are justified.

106. The Game Commission's Counterclaim is barred by the doctrine of estoppel.

107. The Game Commission's Counterclaim is barred by the doctrine of laches.

108. The Game Commission's Counterclaim is barred by the doctrine of waiver.

109. The Proctor Trusts reserve the right to amend these affirmative defenses to the extent new defenses arise through discovery.

WHEREFORE, the Proctor Trusts request that the Court dismiss the Game Commission's Counterclaims with prejudice and enter judgment in the Proctor Trusts' favor and against the Game Commission as follows:

(i) That the Court enter an order declaring that the Proctor Trusts are the rightful owners of all the natural gas, coal, oil, petroleum, marble and all minerals of every kind and character in, upon, or under the Disputed Property;

(ii) That the Court enter judgment against the Game Commission and in favor of the Proctor Trusts for all compensatory and punitive damages incurred as a result of the Game Commission's actions, including, without limitation, the total amount of all benefits which have accrued to the Game Commission and/or which inured in any manner to the Game Commission as a result of the production of gas from the Disputed Property;

(iii) That the Court enter judgment against the Game Commission for prejudgment interest and costs; and

(iv) That the Court grant such other relief as it shall deem just and equitable under the circumstances.

The Proctor Trusts demand a jury trial on all claims so triable.

Dated:  November 3, 2016                                Respectfully submitted,

/s/ Laura A. Lange
Laura A. Lange
Pa. Id. No. 310733
Paul K. Stockman *(pro hac vice)*
Pa. Id. No. 66951
MCGUIREWOODS LLP
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
llange@mcguirewoods.com
pstockman@mcguirewoods.com

*Attorneys for Defendants/Counter-Claimants Charles Rice Kendall and Ann P. Hochberg, Trustees of the Thomas E. Proctor Heirs Trust and Bank of America, N.A. and John J. Slocum, Jr., Trustees of the Margaret O.F. Proctor Trust*

Thomas Waffenschmidt, Esq.
THE WAFFENSCHMIDT LAW FIRM, LLC
811 S. Market Street
South Williamsport, PA 17702
tom@waffenlaw.com

*Attorney for Defendants/Counter-Claimants Charles Rice Kendall and Ann P. Hochberg, Trustees of the Thomas E. Proctor Heirs Trust*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served upon the following via the Court's CM/ECF system, this 3rd day of November 2017:

Bradley C. Bechtel, Esq.
W. Creigh Marston, Esq.
2001 Elmerton Avenue
Harrisburg, PA 17110-9797
Harrisburg, PA 17110
brbechtel@pa.gov
wmartson@pa.gov

/s/ *Laura A. Lange*