# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS E. PROCTOR HEIRS TRUST and the MARGARET O.F. PROCTOR TRUST, <br><br> Defendants. | Case No. 1:12-CV-1567 <br><br> Chief Judge Conner / <br> Chief Magistrate Judge Schwab |

### DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiffs Trustees of the Thomas E. Proctor Heirs Trust and Trustees of the Margaret O.F. Proctor Trust (collectively, the "Proctor Trusts") hereby move the Court for a partial summary judgment declaring that the Proctor Trusts have an interest in the oil, gas and mineral interests (the "Subsurface Estate") beneath a tract of land in LeRoy Township, Bradford County known as the Josiah Haines Warrant, and that a June 8, 1908 tax sale of unseated lands did not divest the heirs of Thomas E. Proctor of the Subsurface Estate. In support of this Motion, the Proctor Trusts state the following:

1.  On December 1, 2016, the Proctor Trusts filed their Amended Answer and Affirmative Defenses to the Second Amended Complaint with Counterclaims (ECF No. 66) (the "Counterclaim").

2. Through their Counterclaim, the Proctor Trusts sought, *inter alia,* to quiet title to the Subsurface Estate associated with certain disputed properties located in Bradford and Sullivan Counties, including the Josiah Haines Warrant, an approximately 407¾-acre parcel in LeRoy Township, Bradford County. *See* Counterclaim ¶ 2.

3. Thomas E. Proctor and Jonathan A. Hill acquired the Josiah Haines Warrant in June 1893.

4. By deed dated October 27, 1894, Thomas E. Proctor and his wife Emma H. Proctor, and Jonathan A. Hill and his wife Lucy M. Hill, conveyed certain interests with respect to the Josiah Haines Warrant to Union Tanning Company, but excepted and reserved "all the minerals, coal, oil, gas, or petroleum."

5. By deed dated May 5, 1903, the Union Tanning Company conveyed certain interests with respect to the Josiah Haines Warrant to Central Pennsylvania Lumber Company ("CPLC"), but this deed conveyed "no greater" an interest "than is now held and owned by the Union Tanning Company," and was made "subject to all the exceptions, reservations, covenants, stipulations, agreements and conditions" set forth in prior deeds.

6. Between 1905 and 1907, tanbark and lumber were harvested from the entirety of the Josiah Haines Warrant.

7. For 1907, the interests in the Josiah Haines Warrant attributed to CPLC were assessed by Bradford County as unseated land, but these taxes were not paid prior to June 8, 1908.

8. On June 8, 1908, the interest in the Josiah Haines Warrant attributable to CPLC was sold by the Treasurer of Bradford County at a tax sale. The only advance notice of this tax sale given to any persons claiming an interest in the Josiah Haines Warrant were advertisements in Bradford County newspapers.

9. The purchaser at the June 8, 1908 tax sale was Calvin H. McCauley, Jr. ("McCauley"). At the time, McCauley was an officer and agent of, and attorney for, CPLC. There is no evidence that McCauley renounced his status as an agent of CPLC prior to June 8, 1908.

10. From June 6, 1908 through December 6, 1910, CPLC acted as though it retained ownership of the Josiah Haines Warrant, paying taxes on the property and later averring that it had retained continuous and exclusive possession of CPLC properties.

11. By deed dated December 6, 1910, Calvin H. McCauley, Jr. and his wife, in consideration of a payment of $1.00, quitclaimed their rights in the Josiah Haines Warrant back to CPLC.

12. By deed dated December 14, 1920, CPLC conveyed its interest in the Josiah Haines Warrant to the Commonwealth of Pennsylvania "subject to all the minerals, coal, oil, gas or petroleum . . . as fully as the said minerals and rights were excepted and reserved in deed dated Oct. 27, 1894 from Thomas E. Proctor et al to the Union Tanning Company" and "subject to all the reservations, exceptions, covenants and stipulations contained in said recited deed from Thomas E. Proctor et al to the Union Tanning Company . . . ."

13. The Josiah Haines Warrant is now part of State Game Land 12.

14. The Thomas E. Proctor Heirs Trust and Margaret O.F. Proctor Trust are the heirs of Thomas E. Proctor.

15. Both Defendant (the "PGC") and the Proctor Trusts claim ownership of the Subsurface Estate associated with the Josiah Haines Warrant. *See* Stipulation (ECF No. 89) ¶ 2; *id.* Ex. A (ECF 89-1), at 1. Upon information and belief, the PGC claims that the June 8, 1908 tax sale reunited the surface and previously-severed Subsurface Estate associated with the Josiah Haines Warrants, such that the PGC acquired all of the ownership rights when it purchased the property in 1920.

16. The June 8, 1908 tax sale did not divest the heirs of Thomas E. Proctor of their ownership of the Subsurface Estate associated with the Josiah Haines Warrant for the following reasons:

   a. Because there was no attempt to provide personal notice of any sort to persons claiming an interest in the Josiah Haines Warrant through recorded instruments prior to the June 8, 1908 tax sale, any effort to expropriate property at the June 8, 1908 tax sale deprived the Proctor Trusts of property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

   b. Because timber and tanbark were harvested from the Josiah Haines Warrant prior to the June 8, 1908 tax sale, causing profits to be drawn from the land, the Josiah Haines Warrant was thereby "seated," and the tax sale, purporting to sell "unseated land" for unpaid taxes, is void.

  c. Because McCauley was an agent of CPLC, the June 8, 1908 tax sale effectuates a legal "redemption," restoring the *status quo ante* and thereby confirming that the heirs of Thomas E. Proctor continued to own the Subsurface Estate. CPLC confirmed that it shared this understanding, by treating the Josiah Haines Warrant as though it remained the property of CPLC throughout the time that record title was nominally in McCauley's name.

  d. The interests of Thomas E. Proctor and his heirs (as well as the interests of Union Tanning Company and CPLC) were reported to the Bradford County Commissioners pursuant to the Act of March 28, 1806, P.L. 644. Accordingly, the June 8, 1908 tax sale did not convey the previously-reserved Subsurface Estate.

  e. Alternatively, CPLC was under a legal obligation to notify the Bradford County Commissioners of its interest in the Josiah Haines Warrant, and to do so correctly. Accordingly, if CPLC failed to provide notice of its ownership interest in the Josiah Haines Warrant to the Bradford County Commissioners, CPLC and its successors-in-title, including the PGC, are estopped from benefiting from that failure to comply with the law. Alternatively, if CPLC reported falsely that it owned both the surface and the Subsurface Estate of the Josiah Haines Warrant, CPLC and its successors-in-title, including the PGC, are estopped from benefiting from that misstatement.

  g. CPLC and its successors-in-title, including the PGC, are bound by the prior reservations in the chain of title, and are estopped from claiming title to the Subsurface Estate.

  h. CPLC was under a legal obligation to pay taxes when due on properties that it owned. Accordingly, CPLC and its successors-in-title, including the PGC, are estopped from using from their failure to comply with their legal obligation to acquire additional property to which they had no rightful claim.

WHEREFORE, the Proctor Trusts request that the Court GRANT their motion, and enter a partial summary judgment on Count I of their Counterclaim as to the Josiah Haines Warrant, declaring that the Proctor Trusts are the rightful owners of all the minerals, coal, oil, gas, or petroleum in, upon, or under the Josiah Haines Warrant.

Dated: April 17, 2018   Respectfully submitted,

           */s/ Paul K. Stockman*
           Paul K. Stockman (admitted *pro hac vice*)
            Pa. ID No. 66951
           KAZMAREK MOWREY CLOUD LASETER LLP
           One PPG Place, Suite 3100
           Pittsburgh, PA 15222
           Telephone: (404) 333-0572
           Fax: (404) 812-0845
           pstockman@kmcllaw.com

           Laura A. Lange
            Pa. ID No. 310733
           MCGUIREWOODS LLP
           260 Forbes Avenue, Suite 1800

Pittsburgh, PA 15222  
Telephone: (412) 667-6000  
Fax: (412) 667-6050  
llange@mcguirewoods.com

## CERTIFICATE OF NON-CONCURRENCE:

      I hereby certify that I contacted counsel for Plaintiff via electronic mail on April 16, 2018, to determine whether Plaintiff consents to the relief sought herein, and counsel for Plaintiff indicated that he did not concur.

Dated:  April 17, 2018            /s/ *Paul K. Stockman*

## CERTIFICATE OF SERVICE:

      I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of Court today via the Court's CM/ECF, and that, pursuant to Local Civil Rule 5.7, participants in the case who are registered ECF users will be served by the ECF system. Any persons so designated on the ECF receipt will be served by first class mail.

Dated:  April 17, 2018            /s/ *Paul K. Stockman*