IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNYSLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, | : CIVIL ACTION – LAW : : CASE NO. 1:12-CV-1567 : |
| Plaintiff, | : : JUDGE: Christopher C. Conner : |
| v. | : MAGISTRATE JUDGE: : Hon.  Susan E. Schwab |
| THOMAS E. PROCTOR HEIRS TRUST and the MARGARET PROCTOR TRUST, | : : [ELECTRONICALLY FILED] : |
| Defendants. | : |

## STATUS REPORT APRIL 18, 2018

Pursuant to this Court's February 9, 2018 Order (ECF No. 92), Plaintiff Commonwealth of Pennsylvania, Pennsylvania Game Commission (the "PGC") files this status report as follows:

1. The PGC has obtained eight additional title reports:  Peter Seeley, Bernard Gratz, Hyman Gratz, James Hardy, Robert Erwin, Thomas Hiltzheimer, James Shoemaker and William Biddle.  The title examiner's conclusion upon searching the title is that the PGC owns 100% of the oil gas and minerals under these properties because of a title wash or washes; the PGC agrees with this conclusion and the PHT and MPT do not agree with this conclusion.  The acreages are significantly different

than their warranted and patented acreages, so there are discrepancies in description such that the PGC is currently unable to form an opinion as to where these are located or what they look like.

2. Discovery has been proceeding, with the provision of over 7,000 pages from PHT and MPT. If discovery is to continue, the parties will need to discuss certain issues related to discovery, including the form and content of the PHT's and MPT's document production and the scheduling of the deposition of Charles Rice Kendall. All of these items would take longer than the current discovery schedule to be resolved. For instance, the earliest date the parties can work toward for a deposition is May 31, which is after the current close of fact discovery.

3. The most important development is the filing of a Motion for Partial Summary Judgment by PHT and MPT The PGC is generally in agreement that the approach of seeking a dispositive decision on one property at issue with respect to the key issues in this case, but also believes the focus on this particular dispositive decision and the work it will entail will have an impact on discovery timetables. The PGC will request at the Status Conference that the Court consider staying discovery or modifying the discovery schedule, as discovery cannot be completed within the timeframes given. Working on a dispositive motion (and

possibly a cross motion) at the same time as discovery will be impracticable.

4. The PGC was unable to obtain concurrence.

    Respectfully submitted,

    PENNSYLVANIA GAME COMMISSION

DATE: April 18, 2018    /s/ Bradley C. Bechtel
    Bradley C. Bechtel, Chief Counsel
    PA No. 49681
    W. Creigh Martson, Assistant Counsel
    PA No. 94759
    Pennsylvania Game Commission
    2001 Elmerton Ave
    Harrisburg, PA 17110-9797
    (717) 783-6530
    brbechtel@pa.gov
    wmartson@pa.gov
    *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I, Bradley C. Bechtel, Esquire, Chief Counsel of the Pennsylvania Game Commission, hereby certify the foregoing Joint Status Report was served upon the following via the Court's CM/ECF system this 18th day of April, 2018:

Thomas Waffenschmidt, Esquire
The Waffenschmidt Law Firm, LLC
811 S. Market Street
South Williamsport, PA 17701
tom@waffenlaw.com


Laura A. Lange, Esquire
McGuireWoods LLP
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
llange@mcguirewoods.com
pstockman@mcguirewoods.com

Paul K. Stockman (admitted pro hac vice)
Kazmarek Mowrey Cloud Laseter LLP
One PPG Place, Suite 3100
Pittsburgh, PA  15222
pstockman@kmcllaw.com



/s/ *Bradley C. Bechtel*
Chief Counsel