# Paul Stockman

| | |
|---|---|
| **From:** | Christopher Nestor <christopher.nestor@palawgroup.com> |
| **Sent:** | Wednesday, December 12, 2018 8:32 AM |
| **To:** | Lange, Laura A.; Paul Stockman |
| **Cc:** | David Overstreet; Martson, W |
| **Subject:** | RE: [External] Commonwealth of Pa. v. Proctor Trusts, No. 493 MD 207 (State Game Land 133) - Discovery Dispute |
| **Attachments:** | Supplemental Discovery Responses.pdf; PGC1-278.zip |

Laura –

We have reviewed the list of contract numbers and state game lands provided in your e-mail below.  The following SGLs do not, to the Commission's knowledge, involve CPLC: SGL Nos. 37, 68, 89, 114, 134, 208, 268, and 335.  We are providing the requested records for L-36, L-44, L-174, L-198, L-199, L-200 (SGL57), L-203 (SGL 66), L-205 (SGL 64), and L-360 (SGL 75), subject to the objections set forth in our supplemental response, attached.  Those documents are labeled PGC1-278 and are included in the attached .zip file.

```
Fkulvwrskhu#U1#Qhvwru#
R)Q#¡#Ryhuvwuhhw#)#Qhvwru/#OOF#
4758#Furrnhg#Kloo#Urdg#&95399#
Kduulvexuj/#SD#4:4390;5399#
:4:168318<6<#
fkulvwrskhu1qhvwuC sdodz jurxs1frp#
zzz1sdodz jurxs1frp#
```

---

**From:** Lange, Laura A. [mailto:llange@mcguirewoods.com]
**Sent:** Tuesday, December 4, 2018 1:16 PM
**To:** Christopher Nestor <christopher.nestor@palawgroup.com>; Martson, W <wmartson@pa.gov>; David Overstreet <david.overstreet@palawgroup.com>
**Cc:** 'Paul Stockman' <pstockman@kmcllaw.com>
**Subject:** RE: [External] Commonwealth of Pa. v. Proctor Trusts, No. 493 MD 207 (State Game Land 133) - Discovery Dispute

Chris,

We acknowledge that the Game Commission will supplement its responses by 12/12 and, as such, we will delay filing any motion with the hope that the supplementation will resolve the deficiencies in the responses.  However, to the extent it does not, we reserve the right to file a motion to compel.

Thanks,
Laura

## Laura A. Lange
T: +1 412 667 7941

---

**From:** Christopher Nestor <christopher.nestor@palawgroup.com>
**Sent:** Tuesday, December 04, 2018 11:15 AM

1

**To:** Lange, Laura A. <llange@mcguirewoods.com>; Martson, W <wmartson@pa.gov>; David Overstreet <david.overstreet@palawgroup.com>
**Cc:** 'Paul Stockman' <pstockman@kmcllaw.com>
**Subject:** RE: [External] Commonwealth of Pa. v. Proctor Trusts, No. 493 MD 207 (State Game Land 133) - Discovery Dispute

Laura –

The Commission is reviewing the information you provided below. We anticipate being in position to provide a supplemental response to the Trusts by 12/12.

Fkulvwrskhu#U1#Qhvwru#
R)Q#¡#Ryhuvwuhhw#)#Qhvwru/#OOF#
4758#Furrnhg#Kloo#Urdg#&95399#
Kdulvexuj/#SD#14390.5399#
:4:168.318<6<#
fkulvwrskhu1qhvwruCsdodzjurxs1frp #
zzz1sdodzjurxs1frp #

**From:** Lange, Laura A. [mailto:llange@mcguirewoods.com]
**Sent:** Friday, November 30, 2018 12:42 PM
**To:** Martson, W <wmartson@pa.gov>; Christopher Nestor <christopher.nestor@palawgroup.com>; David Overstreet <david.overstreet@palawgroup.com>
**Cc:** 'Paul Stockman' <pstockman@kmcllaw.com>
**Subject:** RE: [External] Commonwealth of Pa. v. Proctor Trusts, No. 493 MD 207 (State Game Land 133) - Discovery Dispute

Creigh and Chris,

To follow-up on our discussion from yesterday, here are the list of contract numbers and state game lands that (to the best of our knowledge) involved purchases of CPLC land during the relevant time period. For the state game land numbers listed below we do not have the associated contract number, but the obligation to review would extend to the CPLC lands within those game lands, not any contracts for lands unaffiliated with CPLC.

Contract Nos.
- L-174
- L-198
- L-200
- L-203

SGL Nos.
- 37
- 57
- 64
- 66
- 68
- 75
- 89
- 114
- 134

2

- 208
- 268
- 335

Also, it is our position that the PGC needs to amend its interrogatory responses to provide the requested information and to the extent the PGC is relying upon documents, refer to the specific documents responsive to the request. Please let us know by early next week how you intend to address the issues we discussed and identified below.

**Laura A. Lange**
T: +1 412 667 7941

---

**From:** Lange, Laura A.
**Sent:** Tuesday, November 27, 2018 10:26 AM
**To:** Martson, W <wmartson@pa.gov>; Christopher Nestor <christopher.nestor@palawgroup.com>; David Overstreet <david.overstreet@palawgroup.com>
**Cc:** 'Paul Stockman' <pstockman@kmcllaw.com>
**Subject:** RE: [External] Commonwealth of Pa. v. Proctor Trusts, No. 493 MD 207 (State Game Land 133) - Discovery Dispute

Creigh and Chris,

The call-in number for Thursday at 9:30 is 804-775-1800, access code 992 848 378 #.

**Laura A. Lange**
T: +1 412 667 7941

---

**From:** Martson, W <wmartson@pa.gov>
**Sent:** Tuesday, November 27, 2018 8:49 AM
**To:** Christopher Nestor <christopher.nestor@palawgroup.com>; Lange, Laura A. <llange@mcguirewoods.com>; David Overstreet <david.overstreet@palawgroup.com>
**Cc:** 'Paul Stockman' <pstockman@kmcllaw.com>
**Subject:** RE: [External] RE: Commonwealth of Pa. v. Proctor Trusts, No. 493 MD 207 (State Game Land 133) - Discovery Dispute

Laura,

    The dates mentioned by Chris below also work for me. Thanks.

W. Creigh Martson
Assistant Counsel
Pennsylvania Game Commission
717.783.6530



**From:** Christopher Nestor <christopher.nestor@palawgroup.com>
**Sent:** Tuesday, November 27, 2018 7:18 AM
**To:** Lange, Laura A. <llange@mcguirewoods.com>; Martson, W <wmartson@pa.gov>; David Overstreet <david.overstreet@palawgroup.com>
**Cc:** 'Paul Stockman' <pstockman@kmcllaw.com>
**Subject:** [External] RE: Commonwealth of Pa. v. Proctor Trusts, No. 493 MD 207 (State Game Land 133) - Discovery Dispute


*ATTENTION:This email message is from an external sender. Do not open links or attachments from unknown sources. To report suspicious email, forward the message as an attachment to CWOPA_SPAM@pa.gov.*

Laura –

I can be available to discuss Thursday before noon or Monday before noon.  Please let me know if either of those windows works.

Christopher R. Nestor
O'N, Overstreet & Nestor, LLC
4125 Crooked Hill Road 26300
Harrisburg, PA 17110-6300
717-525-7969
christopher.nestor@palawgroup.com
www.palawgroup.com


**From:** Lange, Laura A. [mailto:llange@mcguirewoods.com]
**Sent:** Monday, November 26, 2018 2:10 PM
**To:** Christopher Nestor <christopher.nestor@palawgroup.com>; wmartson@pa.gov; David Overstreet <david.overstreet@palawgroup.com>
**Cc:** 'Paul Stockman' <pstockman@kmcllaw.com>
**Subject:** Commonwealth of Pa. v. Proctor Trusts, No. 493 MD 207 (State Game Land 133) - Discovery Dispute

Counsel,

     We have reviewed the Pennsylvania Game Commission's ("Commission") responses to the Proctor Trusts' Interrogatories, Requests for Production of Documents, and Requests for Admissions and we believe that the responses are deficient, as further explained below.  Please contact me to set up a call to discuss the responses at your earliest convenience.  If we are unable to resolve the issue, then the Proctor Trusts will be forced to move to compel more complete responses.  The Commission's responses are deficient in the following ways as outlined below:

**Responses to Interrogatories**

     The Commission's responses to the Interrogatories can be categorized as follows:  (1) objections based on the Commission's contention that the "Trusts have produced no evidence" regarding the subject of the interrogatory (Responses to Interrogatories # 7, 16, 17, 19); (2) objections based on the Commission's contention that the Interrogatories "assume" certain facts (Responses to Interrogatories 7, 16, 17, 26, 27); and (3) responses directing the Proctor Trusts generally to the Commission's pending summary judgment motion,

the Trusts' Answer to the Complaint, or to the Trusts' discovery responses (Responses to Interrogatories # 2, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 20, 22, 24, 26, 27).

The Commission's responses are deficient because it is immaterial for discovery purposes which party has the burden of proof. Interrogatories 7, 16, 17, and 19 seek information that is relevant to the subject matter of the current lawsuit and, thus, the Commission must either provide a valid objection or respond appropriately to the Interrogatories.

The objection that an Interrogatory assumes facts not in evidence is generally improper in responding to discovery requests. Interrogatories 7, 16, 17, 26, and 27 seek information that is relevant to the subject matter of the current lawsuit and, thus, the Commission must either provide a valid objection or respond appropriately to the Interrogatories.

The Commission's responses directing the Trusts to its motion for summary judgment, the Trusts' Answer to the Complaint, and/or to the Trusts' discovery responses are improper. Although Pa.R.C.P. 4006(b) provides that a responding party may, under certain circumstances, respond to an interrogatory by exercising an option to permit the propounding party to inspect and copy writings, and/or to make compilations, abstracts, or summaries of them, the rule is subject to requirements that were not met by the Commission's responses. First, the responding party must aver that the only information available to the party is contained in the records referred to and that it adopts the information contained within the records. Second, the responding party must specify the records from which the responding party may derive the information, not just point to a large volume of records. Third, the responding party must include factual information to establish that the burden of deriving or ascertaining the answers would be substantially the same for both parties. The Commission's responses to Interrogatories 2, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 20, 22, 24, 26, and 27 are therefore deficient.

**Requests for Productions**

The Commission's responses to the Trusts' Requests for Productions ("RFPs") can be categorized as follows: (1) responses directing the Trusts to the Commission's pending summary judgment motion (Responses to RFP # 1-10, 12, 14-19, 21-48); (2) responses directing the Trusts to their own discovery responses (Responses to RFP # 4, 6, 7, 16, 17, 18, 23, 24) ; and (3) objections that the Trusts have produced no evidence regarding the subject matter of the RFP (Responses to RFP # 32, 33).

The Commission's responses to RFP # 1-10, 12, 14-19, and 21-48 are deficient because they generally point to the Commission's pending motion for summary judgment. The motion for summary judgment does not constitute evidence in this case. Moreover, the Commission fails to identify which parts of the pending motion are responsive to the RFPS. The Commission's responses to RFP # 4, 6, 7, 16, 17, 18, 23, and 24 fail to identify which documents the Commission is identifying as being responsive to the RFP; thus, they are deficient as well. Finally, the Commission's responses to RFP # 32 and 33 are deficient because it is immaterial for discovery purposes which party has the burden of proof.

Please contact me to discuss the above at your earliest convenience.


**Laura A. Lange**
Associate
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142

T:  +1 412 667 7941
F:  +1 412 667 7961
llange@mcguirewoods.com
Bio | VCard | www.mcguirewoods.com

---

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*