**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | CIVIL ACTION – LAW |
| PENNSYLVANIA GAME COMMISSION, | : | |
| | : | CASE NO. 1:12-CV-1567 |
| Plaintiff, | : | |
| | : | JUDGE: Christopher C. Conner |
| v. | : | |
| | : | |
| THOMAS E. PROCTOR HEIRS TRUST, | : | |
| | : | |
| Defendant. | : | [Electronically Filed] |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO CERTIFY THIS
COURT'S DECEMBER 3, 2021 ORDER FOR INTERLOCUTORY
APPEAL UNDER 28 U.S.C. § 1292(b) AND TO STAY PROCEEDINGS**

The Commission requests that the Court certify for appeal its December 3,

2021 order (Doc. 223) and stay proceedings in this case pending resolution of the

appeal.  It is respectfully submitted that the Court's December 3, 2021 order decided

dispositive issues of state law contrary to the Pennsylvania Supreme Court's

1

decisions in *Herder Spring v. Keller*, 143 A.3d 358 (Pa. 2016) and *Powell v. Lantzy*,
34 A. 450 (Pa. 1896), and contrary to two prior decisions by Pennsylvania appellate
courts *against* the Proctor Trust.  *See Keta Gas & Oil Co. v. Proctor*, 2019 WL
6652174 (Pa. Super. Dec. 6, 2019), *appeal denied by*, 239 A.3d 23 (Pa. 2020), *cert.
denied*, 141 S.Ct. 2598 (May 3, 2021); *Pennsylvania Game Comm'n v. Thomas E.
Proctor Heirs Tr.*, 493 M.D. 2017, Jan. 26, 2021 Memorandum Opinion, *vacated on
other grounds by*, 2021 WL 5346728, at *1 (Pa. Nov. 17, 2021).

The Court's novel application of state law to the parties' quiet title claims
meets all the requirements for certification under 28 U.S.C. § 1292(b) and merits
prompt appellate review.  The order involves controlling questions of law, and an
appeal may materially advance the ultimate termination of the litigation.  Indeed, the
Court's December 3, 2021 memorandum expressly recognized that its decision has
"ramifications" for other disputes in the Commonwealth, including undoing
hundreds of century-old tax sales and well-settled expectations. Doc. 222 at 37.
Accordingly, the Commission moves this Court to certify its order for interlocutory
appeal under 28 U.S.C. § 1292(b) and to stay proceedings pending resolution of the
appeal.

## QUESTION PRESENTED

Whether the Court should certify its December 3, 2021 order (Doc. 223) for
interlocutory appeal under 28 U.S.C. § 1292(b) and stay proceedings pending

resolution of the appeal.

## ARGUMENT

The Court may certify an order for immediate appeal if (1) "such order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court's December 3, 2021 order meets these requirements, and the Court should exercise its discretion to certify the order for immediate review and stay proceedings pending resolution of the appeal.

## I.    THE ORDER INVOLVES CONTROLLING QUESTIONS OF LAW

"A question of law is controlling if: (1) an incorrect disposition would constitute reversible error; or (2) it is serious to the conduct of the litigation, either practically or legally." *Sayles v. Allstate Ins. Co.*, 2017 WL 2985402, at *2 (M.D. Pa. July 13, 2017); *see Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) ("A controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal"); *see also In re Cargill Meat Sols. Wage & Hour Litig.*, 2008 WL 11366373, at *5 (M.D. Pa. July 11, 2008) ("An issue involving a dispositive defense is controlling."); 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed. Oct. 2020 update) ("There is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment

… for a dismissal that might have been ordered without the ensuing district-court proceedings.").

There are two controlling questions of Pennsylvania law that were decided by the Court's December 3, 2021 order.  They are:

(A)    Whether, under Pennsylvania law, a 1908 tax sale of unseated land that was statutorily authorized, conducted by the proper authorities, and held in response to unpaid taxes can be collaterally attacked, over a century after the statutorily authorized time to challenge the tax sale has run, on the purported basis that the separate surface and subsurface estates were reported to the County Commissioners and should have been separately assessed by them prior to the tax sale (decided affirmatively by the Court); and

(B)    Whether, under Pennsylvania law, there was a duty obligating the surface owner to pay the taxes on unseated land that would transform a 1908 tax-sale purchase of unseated land by the owner's purported agent into a redemption (decided affirmatively by the Court).

These issues of Pennsylvania law are central to the Court's order and the parties' litigation. If the Third Circuit were to reverse this Court's determinations on Pennsylvania law, that the 1908 tax sale operated as a "title wash," and the failure of the Proctor Trust to timely challenge that sale forecloses it from attacking the sale now, then the Court would be required to enter judgment in favor of the Commission

4

on its quiet title claims and against the Proctor Trusts on its counterclaims, respectively.  Practically, if an immediate appeal resulted in a different decision, this would have the effect of "saving of time of the district court and of expense to the litigants." *Katz.*, 496 F.2d at 755.

Further, as evident from the Court's order, the questions of Pennsylvania law presented do not hinge on the resolution of any purported disputed factual questions. Nor would it require the appellate court to wade into the now-voluminous factual record.  *See Ahrenholz v. Board of Trustees of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000) (a question of law is one "the court of appeals could decide quickly and cleanly without having to study the record"). To the contrary, the dispositive questions of Pennsylvania law decided by the Court's December 3, 2021 order are precisely the types of controlling legal issues for which interlocutory review is warranted.  *See*, *e.g.*, *Pace v. Vaughn*, 2002 WL 485689, at *15 (E.D. Pa. Mar. 29, 2002) (certifying question whether certain enumerated "factors constitute 'extraordinary circumstances' for purposes of equitably tolling AEDPA's one year statute of limitations").

## II.   THERE ARE SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION.

A substantial ground for difference of opinion exists when the issue is "contestable." *Ahrenholz*, 219 F.3d at 675. This factor is certainly satisfied when the movant can "adduce a sufficient number of 'conflicting and contradictory opinions'

which have considered the issue." *Oysters v. Johns -Manville Corp.*, 568 F. Supp. 83, 88 (E.D. Pa. 1983), quoting *Dorwood v. Consolidated Rail Corp.*, 505 F. Supp. 58, 59 (E.D. Pa. 1980); *see also Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (noting that substantial ground factor "does not turn on a prior court's having reached a conclusion adverse to that from which appellants seek relief," rather it is enough if reasonable jurists might disagree on an issue's resolution). Such opinions contradicting, respectfully, this Court's order exist here.

Two of those opinions, from Pennsylvania's intermediate appellate courts, ruling *against* the Proctor Trusts, are *Keta Gas & Oil Co. v. Proctor*, 2019 WL 6652174 (Pa. Super. Dec. 6, 2019), *appeal denied by*, 239 A.3d 23 (Pa. 2020), *cert. denied*, 141 S.Ct. 2598 (May 3, 2021), and  *Pennsylvania Game Comm'n v. Thomas E. Proctor Heirs Tr.*, 493 M.D. 2017, Jan. 26, 2021 Memorandum Opinion (Doc. 219-2), *vacated on other grounds by*, 2021 WL 5346728, at *1 (Pa. Nov. 17, 2021).[1]

This Court, respectfully, made the following conclusions of law, which are

---

[1] The Pennsylvania Supreme Court vacated Judge Ellen Ceisler's memorandum opinion because she had impermissibly overturned the ruling of the *en banc* Commonwealth Court finding a disputed issue of fact on whether a severance had been reported to the County Commissioners. 2021 WL 5346728, *2-3. That vacatur, however, does not speak to Judge Ceisler's analysis of the governing law.  Thus, in addition to the other Pennsylvania authority discussed, Judge Ceisler's reading of the relevant Pennsylvania law provides a "substantial *ground* for difference of opinion." 28 U.S.C. 1292(b) (emphasis added). In other words, there need not be a division of authority (although there is that here, too). The substantial grounds element is met when, again, the issue is "contestable." *Ahrenholz*, 219 F.3d at 675.

contrary to Pennsylvania law.:

This Court determined that mere ownership of unseated land creates an obligation on the owner of the unseated land to pay the assessed taxes. Doc. 222 at 30-33. Pennsylvania law, however, is to the contrary. Mere ownership creates "no duty to pay taxes on those unseated lands, because the land itself was the only source of enforcing payment of delinquent taxes." *Pa. Game Comm'n*, Doc. 219-2, at 13 (Ceisler, J.); *see Herder Spring Hunting Club v. Keller*, 143 A.3d 358, 367 (Pa. 2016). Indeed, there is no duty, legal, contractual, equitable, or otherwise, obligating the owner of unseated land to pay the taxes on unseated land that would transform a tax-sale purchase by a purported agent of the owner into a redemption. *See Herder Spring*, 143 A.3d at 367; *Powell*, 34 A. at 452; *see Keta Gas*, 2019 WL 6652174, *6 (rejecting Proctor's argument that CPLC was precluded from obtaining superior title by failing to pay its taxes).

This Court concluded that even though the Proctor Trust raised no challenge to any alleged irregularity in the 1908 tax sales regarding McCauley's alleged fiduciary status or otherwise during the two-year statutory period, the Proctor Trust could void that sale over a century later. Again, respectfully, this is contrary to Pennsylvania law. The Superior Court has reaffirmed, most recently in *Keta Gas*, "that a challenge to a tax sale post the two-year statutory period . . . is untenable, as long as the property was properly unseated at the time of its assessment, the tax at

issue was assessed by the proper authorities, and the tax went unpaid for over a year."
2019 WL 6652174, *6, citing *Cornwall Mountain Investments, L.P. v. Proctor*, 158
A.3d 148, 162, (Pa. Super. 2017). All of those conditions were met here. And, once
those conditions are met, improper motives on the part of the purchaser "are not a
sufficient reason to void the sale." *Id.* So, the Proctor Trust should have been
estopped from challenging the tax sale here, just as it was in *Keta Gas*. *Id.*

The time for the Proctor Trust to act was during the two-year statutory period,
not more than a century later. *Pa. Game Comm'n*, Doc. 219-2, at 16 (excepting for
tax sales that were void, a tax sale may not be collaterally attacked after two years).
Had the Proctor Trust acted in a timely fashion, it could have disputed the county
commissioner's failure to assess its subsurface estate separately from the surface
estate. *Id.* at 15-16, citing *Herder Spring*, 143 A.3d at 374 (any failure of
commissioners to separately assess subsurface estate should have been contested
within two-year period). But it did not, which ultimately renders the issue of whether
the severance of the surface and subsurface was reported to the county
commissioners and should have been separately assessed prior to the 1908 tax sales
immaterial as a matter of law. *See Pa. Game Comm'n*, Doc. 219-2, at 15-16.

The foregoing Pennsylvania cases directly conflict with this Court's
December 3, 2021 decision on these issues of law, and, therefore, demonstrate that
there is substantial ground for difference of opinion.

8

## III.   AN APPEAL MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION.

It is also clear that an appeal may materially advance the ultimate termination of the litigation. This requirement "is closely tied to the requirement that the order involve a controlling question of law." 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.). "[A] § 1292(b) certification 'materially advances the ultimate termination of the litigation' where the interlocutory appeal eliminates … the need for trial." *Pa v. Navient Corp.*, 2019 WL 1052014, at *2 (M.D. Pa., March 5, 2019). Section 1292(b) "requires the court to analyze whether an immediate appeal may materially advance the termination of the litigation, not whether an immediate appeal definitively will advance the termination of the litigation." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 2013 WL 6506570, at *3 (M.D. Pa. Dec. 12, 2013) (holding requirement met where an immediate appeal "may materially advance the ultimate termination of this litigation if plaintiffs are successful on appeal" (emphasis added)).

Both the Magistrate Judge and this Court have considered that, "[t]he Josiah Haines Warrant was selected as a bellwether tract for the dozens of tracts at issue in this case." *See* Doc. 183 at 4 (Schwab, M.J., R&R); Doc. 222 at 1 (also referring to Josiah Haines Warrant as "bellwether"). If the Third Circuit were to reverse this Court's December 3, 2021 order, the Commission would have superior title as to the subsurface rights of the Josiah Haines Warrant. But a reversal would not only be

dispositive as to that tract, reversal would also be dispositive as to the remaining tracts and so eliminate the need for trials on those tracts. *See Ahrenholz*, 219 F.3d at 675 (materially advance requirement met when resolution of appeal "promise[s] to speed up the litigation"); *Tenn. Gas Pipeline Co., L.L.C. v. Permanent Easement for 7.053 Acres*, 2017 WL 4954093, at *3 (M.D. Pa. Nov. 1, 2017) (requirement met where an appeal might "alleviat[e] the potential need for a second trial and the costs, particularly the multiple, duplicative expert witness fees that would accompany same"); *Steven I. v. Cent. Bucks Sch. Dist.*, 2009 WL 839055, at *3 (E.D. Pa. Mar. 27, 2009) (holding requirement met because, "if the Third Circuit finds that the statute of limitations applies …, this action will be terminated").

While a reversal would affirm a dispositive legal principle in favor of the PGC, the converse is not necessarily true. Each tract has a unique chain of title and set of circumstances which would necessitate factual findings. At the very least, the documents and records forming a factual basis for the court's findings would be different in both Bradford and Sullivan Counties. Therefore, there is no way to extend the Court's order without further trials or factual findings as to other warrants. The Court should also be aware of a decision currently on appeal to the Commonwealth Court from the Board of Property, *International Development Corp., et al, v. Pennsylvania Game Commission*, Case No. 497 CD 2021 (Pa. Commonwealth, 2021). That case involves six warrants in Bradford County, two of

which -John Barron and James Shoemaker – are named in the Counterclaim in the federal litigation, and the other four of which are listed in the deeds referenced in the counterclaim in the federal litigation.  The Board of Property has decided that the title to those (and other) warrants "washed", but that the PGC does not have ultimate ownership of those warrants.  When these six warrants come to trial in this federal case, there will be legal and factual considerations regarding these six warrants different from Josiah Haines.  In short, an appeal may materially advance the termination of litigation while denying an appeal will of necessity prolong litigation.

## IV.    THE COURT SHOULD EXERCISE ITS DISCRETION TO CERTIFY THE ORDER AND STAY PROCEEDINGS IN THE CASE.

This Court should exercise its discretion to certify the order for immediate appeal and stay proceedings pending resolution of the Commission's interlocutory appeal.  Numerous factors weigh in favor of certification. The order, which determines issues of Pennsylvania state law, is of extraordinary importance. *See In re Cargill Meat Sols. Wage & Hour Litig.*, 2008 WL 11366373, at *4 (M.D. Pa. July 11, 2008) (considering the "uniqueness, exceptionality, or extraordinary importance of the question of law involved, and the magnitude of [the] case itself" (alteration in original)).  The issues are also of statewide significance.  *Navient Corp.*, 2019 WL 1052014, at *2.  As the Court recognized in its ruling, its decision has "ramifications" for other disputes in the Commonwealth, including undoing hundreds of century-old tax sales and well-settled expectations.  And, certifying this

order for appeal will not result in "'piecemeal' appellate review," *Courtney v. La Salle Univ.*, 1996 WL 363910, at *2 (E.D. Pa. June 28, 1996), as the legal issues presented are largely dispositive of the parties' respective positions.

The Court should also grant a stay pending resolution of the interlocutory appeal, as courts in this circuit routinely do when certifying orders under § 1292(b). *See United States ex rel. Brown v. Pfizer, Inc.*, 2017 WL 2691927, at *5 (E.D. Pa. June 22, 2017) ("Each court has the inherent power to control its own docket to promote fair and efficient adjudication."). Because a contrary decision will end this action, not staying proceedings could result in a wasteful and unnecessary use of the Court's time. *See Lupian v. Joseph Cory Holdings, LLC*, 2017 WL 1483313, at *3 (D.N.J. Apr. 24, 2017) ("In light of § 1292(b)'s purpose to avoid 'wasted trial time and litigation expense,' … the Court finds that a stay of the district court proceedings pending the outcome of Defendant's petition for an interlocutory appeal is warranted."); *Pub. Interest Research Grp. of N.J., Inc. v. Hercules, Inc.*, 830 F. Supp. 1549, 1551 (D.N.J. 1993) (certifying question under § 1292(b) and "stay[ing] this litigation, which is otherwise trial-ready upon the remaining claims"). Moreover, staying proceedings will not interrupt further pretrial work by the parties or delay an impending trial on remaining parcels, the date of which has not yet been set.

## CONCLUSION

The Commission, for these reasons, respectfully request that this Court certify

its December 3, 2021 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b)

and stay proceedings in this case pending resolution of the appeal.


Respectfully Submitted,


PENNSYLVANIA GAME COMMISSION


Dated: December 29, 2021          By:   s/Bradley C. Bechtel
                                  Bradley C. Bechtel
                                  PA No. 49681
                                  William Creigh Martson
                                  PA No. 94759
                                  2001 Elmerton Avenue
                                  Harrisburg, PA 17110
                                  717-787-4250
                                  brbechtel@pa.gov
                                  wmartson@pa.gov

                                  *Attorneys for Plaintiff,*
                                  *Pennsylvania Game Commission*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 29, 2021, I filed the attached document with the

Court's ECF system such that all counsel of record will be served automatically.


<u>s/Bradley C. Bechtel</u>
Bradley C. Bechtel