# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF
PENNSYLVANIA, PENNSYLVANIA
GAME COMMISSION,

      Plaintiff,

    v.

THOMAS E. PROCTOR HEIRS
TRUST,

      Defendant.

Case No. 1:12-CV-1567

Judge Christopher C. Conner

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY THIS COURT'S DECEMBER 3, 2021 ORDER FOR INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS

Defendant, the Thomas E. Proctor Heirs Trust (the "Proctor Trust"), hereby submits the following response to the Motion for Certification of Interlocutory Appeal filed by Plaintiff the Commonwealth of Pennsylvania, Pennsylvania Game Commission (the "Game Commission") and states the following:

## INTRODUCTION

"Congress intended that [S]ection 1292(b) should be sparingly applied. It is to be used only in *exceptional* cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Milbert v.*

1

*Bison Labs., Inc.*, 260 F.2d 431, 433 (3d Cir. 1958) (emphasis added).  This is not such an exceptional case.

The Game Commission is requesting certification for interlocutory appeal where the Court has already held a trial on the bellwether tract and that decision dictates the result for the remaining tracts.  The purpose of Section 1292(b) is to avoid "a wasted protracted trial if it could early be determined that there might be no liability." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (citing legislative history of Section 1292(b)).  In this case, substantial discovery has already been completed in this decades' long case and trial has already occurred.  The Court's ruling eliminates the need for further discovery on the quiet title claims and final judgment can be reached in a few short months.  There is no need to seek interlocutory appeal where final judgment and the attendant automatic right of appeal is within reach.   Instead of certifying the ruling for an interlocutory appeal, the Court should set a short schedule as proposed in Section I to conclude this matter which will then permit an appeal as of right.

Therefore, the Game Commission's motion to certify the Court's bench trial ruling for interlocutory appeal should be denied.

## ARGUMENT

### I.    Interlocutory Appeal Will Not Materially Advance the Ultimate Termination of the Litigation.

For a district court to properly grant a certificate of appealability under § 1292(b), "the order must: (1) involve a 'controlling question of law,' (2) offer 'substantial grounds for difference of opinion' as to its correctness, and (3) if immediately appealed, 'materially advance the ultimate termination of the litigation.'" *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 754 (3d Cir. 1974). "[T]he burden rests with the moving party to persuade the court that exceptional circumstances exist that justify a departure from the basic policy of postponing appellate review until after the entry of the final judgment." *Scott v. Lackey*, No. 1:02-CV-1586, 2012 WL 1004911, at *5 (M.D. Pa. Mar. 23, 2012) (internal alterations omitted).

Critically, the Game Commission cannot establish that certification will materially advance the ultimate termination of the litigation.  For an appeal to "materially advance the ultimate termination of the litigation," § 1292(b), the court must determine that "the appeal will eliminate the need for a trial, simplify a case by foreclosing complex issues, or enable the parties to complete discovery more quickly or at less expense." *Principal Life Ins. Co. v. DeRose*, No. 1:08-CV-2294, 2012 WL 1655870, at *1 (M.D. Pa. May 10, 2012); *Scott*, 2012 WL 1004911, at

\*5.  Cases advanced into discovery or nearing trial are generally inappropriate for interlocutory appeal.  *Scott*, 2012 WL 1004911, at \*5.

Here, trial has already occurred and the nature of this Court's ruling eliminates the need for further discovery or trial on the remaining tracts.  The parties' filed cross-motions for summary judgment on the bellwether tract – the Josiah Haines warrant – to streamline the litigation by reaching potentially dispositive issues and eliminating the need for further discovery.  The Game Commission agreed with this approach stating in its April 2018 status report that it "is generally in agreement with the approach of seeking a dispositive decision on one property at issue with respect to the key issues in this case…."  (Status Report April 18, 2018, Doc. 111 at ¶ 3.)

The Court held a trial to resolve these key issues and ultimately held that Calvin H. McCauley, Jr. "was acting as CPLC's agent at the 1908 tax sale," and "CPLC's purchase through McCauley effectuated nothing more than a redemption of its surface interest."  (Memorandum, Doc. 222, at 43.)  Notably, the Game Commission's claims to title to the subsurface of all the properties involved in this case rest on CPLC tax sale purchases by its agents.  (Second Am. Compl., Doc. 37, ¶ 12 ("After the reservation and conveyance to the Proctors…the Premises were unseated land sold by Sullivan County Treasurer, Frank H. Farrell to C.H. McCauley, Jr. at Treasurer's sale dated June 8, 1908."); *id.* at ¶ 13 (C.H.

McCauley, Jr. and Florence M. McCauley, his wife, by their deed dated December 6, 1910, and recorded in Sullivan County Deed Book 36 at page 223, granted and conveyed the said Premises to Central Pennsylvania Lumber Company."); *see also* Defendants' Counterclaims, Doc. 66, at ¶¶ 26-30 (alleging that the disputed properties went through tax sales purchased by McCauley and quitclaimed back to CPLC).) Indeed, the Game Commission has never claimed, nor could it claim, that they acquired the subsurface estate of the properties absent a CPLC tax sale.[1] Thus, this Court's ruling on the bellwether tract applies uniformly to the remaining tracts in this case.

On December 14, 2017, the parties filed a stipulation identifying the properties at issue in this case. (Stipulation, Doc. 89). Exhibit A hereto is the stipulated list of properties annotated to include the corresponding post-tax sale quitclaim deed. The Game Commission's claims to the subsurface estate for these

---

[1] The Game Commission contends that there is no way to extend this Court's ruling without further trials or factual findings as to the other warrants. (Pl.'s Mot. at 10). That is simply not the case. The Game Commission does not even support this assertion or provide an example of how this Court's ruling on the effect of CPLC's tax sale purchase through its agent does not extend to all of the properties. Whether the tax sales occurred in Bradford County or Sullivan County, the essential facts remain the same – (1) CPLC was the owner of the surface estate; (2) CPLC failed to pay the taxes; (3) CPLC's agent purchased the properties at tax sales and quitclaimed the properties back to CPLC. As such, the Court's ruling on the effect of McCauley's tax sale purchase applies and will be ripe to be decided on a forthcoming motion for summary judgment.

properties hinge on tax sale purchases by CPLC's agents with 80 McCauley tax sales evidenced by three quitclaim deeds and 6 A.F. Jones tax sales evidenced by one quitclaim deed.[2]   The remaining tracts are duplicative or did not go through any tax sale.[3]   Therefore, the quiet title claims for the remaining properties can be resolved through a summary judgment motion.[4]

With respect to the two remaining counterclaims – conversion and unjust enrichment – the Game Commission has informed the Proctor Trust that the Commission has not received any royalties relating to the production of natural gas from the disputed properties.   The Proctor Trust has already served limited written discovery in the form of requests for admissions and interrogatories to confirm this information and then expects to be able to withdraw those claims.   Accordingly,

---

[2] The undisputed evidence, including the Game Commission's land contract records, shows that A.F. Jones was the general solicitor of CPLC at the time of his 1926 tax sale purchases.

[3] There are 13 warrants or portions of warrants that did not go through any tax sales (11 of which the Game Commission previously stipulated to) (Doc. 89 at ¶ 2).   There are 13 descriptive tracts that are duplicative of properties identified by warrant name.   The Proctor Trust does not claim an interest in one of the two remaining warrants and the last warrant was never conveyed to the Game Commission.

[4] If the Game Commission is unwilling to voluntarily dismiss its counter-counterclaim of tortious interference, the Proctor Trust would include that claim in its motion for summary judgment on the grounds that statements made in litigation cannot form the basis for a claim for tortious interference.   *See Ginsburg v. Halpern*, 118 A.2d 201 (Pa. 1955).

the Proctor Trust proposes the following schedule to reach final judgment in this case:

- March 15, 2022 – close of discovery on remaining claims

- March 25, 2022 – deadline for Proctor Trust to file motion for summary judgment on remaining claims

Therefore, the Court can reach final judgment in this action in short order and with minimal time and expense on the part of the parties. Simply put, the Game Commission has failed to establish that an interlocutory appeal would materially advance the litigation towards its final termination, especially when there is short path to a final judgment.[5]

## II.    The Court Should Exercise Its Discretion To Deny Certification.

"[E]ven if a party has satisfied all elements enumerated in the statute," the Court "may decline to certify an order" in its discretion. *Scott*, 2012 WL 1004911. "District courts should exercise the discretion to certify an order for interlocutory appeal 'sparingly.'" *Id.* (quoting *Sabree v. Williams,* No. 06–CV–2164, 2008 WL

---

[5] The Game Commission raises an action before the state Board of Property involving a dispute with the International Development Corporation ("IDC"). The Proctor Trust became apprised of this case during the Court's status call on December 22, 2021. That dispute does not impact this case or this Court's ruling on the quiet title claims between the Proctor Trust and the Game Commission. At most, it simply means that the Proctor Trust may have to bring a separate action against IDC.

4534076, at *1 (D.N.J. Oct. 2, 2008)).  The burden rests with the moving party to "persuad[e] the court that exceptional circumstances exist that justify a departure from the basic policy of postponing appellate review until after the entry of the final judgment." *Morgan v. Ford Motor Co.,* Civ. A. No. 06–1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007).

This case has been pending since 2012.  Proceeding to final judgment will promote fair and efficient adjudication.  This is particularly true where the Game Commission is requesting a stay of the proceedings.  "To stay this matter, as [the Game Commission] requests, pending an appeal to the Third Circuit (which will likely take over one year) will needlessly extend this already protracted litigation." *Scott*, 2012 WL 1004911, at *4.  Final judgment is well within reach and would avoid the necessity of obtaining certification from the Third Circuit (and the potential waste of time if certification is denied).  "Judicial administration and economy weigh heavily in favor of bringing this decade old litigation to a conclusion." *Id.* at *6.

Therefore, the Court should deny the Game Commission's motion to certify this Court's December 3, 2021 Order for interlocutory appeal and to stay proceedings.

## CONCLUSION

Wherefore, the Thomas E. Proctor Trust respectfully requests that the Court deny the Game Commission's motion to certify this Court's December 3, 2021 Order for interlocutory appeal under 28 U.S.C. § 1292(b) and to stay proceedings.

Dated: January 12, 2022

Respectfully submitted,

/s/ *Laura A. Lange*
Laura A. Lange (PA 310733)
1670 Sturbridge Drive
Sewickley, PA 15143
lange@proctortrust.com

Justin G. Weber (PA 89266)
TROUTMAN PEPPER
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
717.255.1155
717.238.0575 (fax)
Justin.Weber@troutman.com

*Attorneys for the Thomas E. Proctor Heirs Trust*

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of Court today via the Court's CM/ECF, and that, pursuant to Local Civil Rule 5.7, participants in the case who are registered ECF users will be served by the ECF system.

Dated:  January 12, 2022          /s/ *Laura A. Lange*