IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION,** : : : : **Plaintiff** : : v. : : **THOMAS E. PROCTOR HEIRS TRUST,** : : : **Defendant** : | CIVIL ACTION NO. 1:12-CV-1567 (Judge Conner) |

## ORDER

AND NOW, this 28th day of January, 2022, upon consideration of the motion (Doc. 225) for certification of interlocutory appeal by plaintiff the Commonwealth of Pennsylvania, Pennsylvania Game Commission ("Game Commission"), wherein the Game Commission requests immediate appellate review of the court's December 3, 2021 order and to stay proceedings during said appeal, (see id. at 1), and the parties' respective briefs in support of and opposition to said motion, and the court noting that interlocutory appeal is appropriate when the movant establishes that the relevant issue involves a "controlling question of law" over which there is "substantial ground for difference of opinion" and appeal of which "may materially advance the ultimate termination of the litigation,"[1] see 28 U.S.C. § 1292(b), and that

---

[1] The Trust does not dispute that the court's December 3, 2021 opinion and order contains a controlling question of law over which there is substantial ground for difference of opinion, and argues only that "the Game Commission cannot establish that certification will materially advance the ultimate termination of the litigation." (See Doc. 227 at 3-7).

the court should exercise its discretion to certify an interlocutory appeal only in "exceptional cases," see Caterpillar Inc. v. Lewis, 519 U.S. 61, 74 (1996) (internal quotation marks omitted); Vicky M. v. Ne. Educ. Intermediate Unit, No. 3:06-cv-1898, 2009 WL 4044711, at *4 (M.D. Pa. Nov. 20, 2009) (citing Link v. Mercedes-Benz of N. Am., 550 F.2d 860, 863 (3d Cir. 1997)), and the court further noting that there may be "substantial ground[s] for difference of opinion" when there is no controlling precedent—or there is conflicting precedent—regarding the relevant question of law, see In re Chocolate, 607 F. Supp. 2d at 705-06 (citations omitted); Juice Entm't, LLC v. Live Nation Entm't, Inc., 353 F. Supp. 3d 309, 313 (D.N.J. 2018) (citation omitted), and that interlocutory appeal may be appropriate when the issue is novel or highly complex, see In re Frascella Enters., No. 08-100, 2008 WL 4155676, at *3 (E.D. Pa. Sept. 10, 2008) (citation omitted), and the court observing that in the matter *sub judice*, our December 3, 2021 order (Doc. 223) rests in part upon the legal conclusion that the Central Pennsylvania Lumber Company ("CPLC") had a preexisting duty to pay taxes on its unseated surface estate, and therefore could not use an agent (here, Calvin H. McCauley, Jr.) to acquire better title to that land at a tax sale prompted by CPLC's default on such taxes, (see Doc. 222 at 34-44); that the court's conclusion on this issue constitutes a "controlling question of law," see 28 U.S.C. § 1292(b); and that the Game Commission cites to Pennsylvania state-court decisions that provide "substantial ground for difference of opinion," see 28 U.S.C. § 1292(b); (see also Doc. 226 at 5-8; Doc. 228 at 2-5), and the court further observing that we have ruled on the ownership of a single tract, the bellwether Josiah Haines warrant, in our December 3, 2021 opinion and order,

but this litigation involves dozens of similar tracts that would each be subject to the same controlling legal question involving the preexisting duty to pay taxes on unseated lands, (see Docs. 89, 227-1), and therefore that resolution of this question "may materially advance the ultimate termination of the litigation," see 28 U.S.C. § 1292(b), and the court finding that the instant quiet title dispute qualifies as an "exceptional case," due to the scope of the court's December ruling, the number of other tracts that it would apply to, and resources that will be conserved if we refrain from taking this this case to conclusion before receiving an appellate court ruling on this common, threshold question, see Caterpillar Inc., 519 U.S. at 74, and the court thus concluding that interlocutory appeal is warranted in this matter, it is hereby ORDERED that:

1. The Game Commission's motion (Doc. 225) to certify an interlocutory appeal is GRANTED. Part IV.C of the memorandum and order of court (Docs. 222, 223) dated December 3, 2021 is CERTIFIED for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

2. The following question is further CERTIFIED pursuant to 28 U.S.C. § 1292(b):

   > Under Pennsylvania law in effect at all times relevant to the instant quiet title dispute, did the owner of an unseated surface estate have a legal duty to pay taxes assessed on said surface estate, thereby preventing the owner—or the owner's agent—from acquiring better title to the land at a tax sale induced by the unseated surface owner's default?

3. Proceedings in this matter are STAYED pending appeal.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania